# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **HOUSTON REAL ESTATE PROPERTIES,** | § | **CASE NO. 22-32998** |
| **LLC,** | § | **(Chapter 7)** |
| Debtor. | § | |
| | § | |
| **JOHN QUINLAN, OMAR KHAWAJA,** | § | |
| **AND OSAMA ABDULLATIF,** | § | |
| Movants, | § | **ADVERSARY NO.** _____ |
| | § | |
| v. | § | |
| | § | |
| **HOUSTON REAL ESTATE PROPERTIES,** | § | |
| **LLC, et al.,** | § | |
| Respondents. | § | |

## JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF'S ORIGINAL COMPLAINT

Plaintiffs, John Quinlan, Omar Khawaja, and Osama Abdullatif, file this Original Complaint against, Jetall Companies, Inc., Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Texas REIT LLC, Dalio Holdings I, LLC, Dalio Holdings II, LLC, Houston Real Estate Properties, LLC *[Debtor]*[1], Shahnaz Choudhri, Ali Choudhri, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, and Galleria Loop Note Holder LLC.

## Summary Of Action

1. This lawsuit shall prove that Jetall Companies, Inc., Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Texas REIT LLC, Dalio Holdings I, LLC, Dalio Holdings II, LLC, Houston Real Estate Properties, LLC, Shahnaz Choudhri, Ali Choudhri,

---

[1] The Court lifted the stay to allow pursuit of this action via ECF Document Number 132 in this case.

Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, and Galleria Loop Note Holder LLC, (collectively the "Choudhri Defendants") are alter egos of each other and intentionally acting in a manner to defraud creditors and evade legal obligations through a series of fraudulent transfers. The evidence will demonstrate that Ali Choudhri is the puppeteer controlling his web of business entities, which hold his various properties and other assets. This web includes Houston Real Estate Properties, LLC and Jetall Companies, Inc., as well as the other named defendants.

**Parties**

2. Plaintiff, John Quinlan ("Quinlan"), is an individual, who resides in Houston, Texas.

3. Plaintiff, Omar Khawaja ("Khawaja"), is an individual, who resides in Houston, Texas.

4. Plaintiff, Osama Abdullatif ("Abdullatif"), is an individual, who resides in Houston, Texas.

5. Defendant, Jetall Companies, Inc. ("Jetall"), is a domestic corporation, that may be served with process by serving its registered agent, Legal Registered Agent Services, Inc., at its place of business located at 5900 Balcones Drive, Suite 100, Austin, Texas 78731 or wherever it is located.

6. Defendant, Arabella PH 3201 LLC ("Arabella"), is a domestic limited liability company, that may be served with process by serving its registered agent, Linda Day, at her place of business located at 114 E. Louisiana Street, McKinney, Texas 75069 or wherever she is located.

7. Defendant, 9201 Memorial Dr. LLC ("Memorial"), is a Wyoming limited liability company, that may be served with process through the Secretary of State by serving its registered agent, Mountain Business Center LLC, at its place of business located at 960 Alpine Lane 4, P.O.

2

Box 12200, Jackson, Wyoming 83001 or wherever it is located.

8. Defendant, 2727 Kirby 26L LLC ("Kirby"), is a foreign limited liability company, that may be served with process by serving its registered agent, TXRA Services, LLC, at its place of business located at 25688 Magnolia Pines Drive, Magnolia, Texas 77355 or wherever it is located.

9. Defendant, Texas REIT LLC ("REIT"), is a domestic limited liability company, that may be served with process by serving its registered agent, Legal Registered Agent Services, Inc., at its place of business located at 5900 Balcones Drive, Suite 100, Austin, Texas 78731 or wherever it is located.

10. Defendant, Dalio Holdings I, LLC ("Dalio I"), is a Delaware limited liability company, that may be served with process through the Secretary of State by serving its registered agent, Capitol Services, Inc., at its place of business located at 3139 W. Holcombe Blvd., Suite 845, Houston, Texas 77025 or wherever it is located.

11. Defendant, Dalio Holdings II, LLC ("Dalio II"), is a Delaware limited liability company, that may be served with process through the Secretary of State by serving its registered agent, Capitol Services, Inc., at its place of business located at 3139 W. Holcombe Blvd., Suite 845, Houston, Texas 77025 or wherever it is located.

12. Defendant, Houston Real Estate Properties, LLC ("HREP"), is a domestic limited liability company and debtor in this cause, that may be served by agreement through Tim Wentworth, who is legal counsel on behalf of Chapter 7 Trustee Randy W. Williams for debtor.

13. Defendant, Shahnaz Choudhri, is an individual residing in Harris County, Texas and may be served with process by personal service at 1001 West Loop South, Suite 700, Houston, Texas 77027 or 2500 West Loop South, #255, Houston, Texas 77027 or 11511 Gallant Lane, Houston, Texas 77082 or 4521 San Felipe St., Unit 3201, Houston, Texas 77027 or wherever she may be

3

found.

14.     Defendant, Ali Choudhri ("Choudhri"), is an individual residing in Harris County, Texas and may be served with process by personal service at 1001 West Loop South, Suite 700, Houston, Texas 77027 or 2500 West Loop South, #255, Houston, Texas 77027 or 11511 Gallant Lane, Houston, Texas 77082 or 4521 San Felipe St., Unit 3201, Houston, Texas 77027 or wherever he may be found.

15.     Defendant, Shepherd-Huldy Development I, LLC ("Shepherd I"), is a domestic limited liability company, that may be served with process by serving its registered agent, Registered Agents Inc., at its place of business located at 5900 Balcones Drive, Suite 100, Austin, Texas 78731 or wherever it is located.

16.     Defendant, Shepherd-Huldy Development II, LLC ("Shepherd II"), is a domestic limited liability company, that may be served with process by serving its registered agent, Registered Agents Inc., at its place of business located at 5900 Balcones Drive, Suite 100, Austin, Texas 78731 or wherever it is located.

17.     Defendant, Galleria Loop Note Holder LLC ("Galleria Loop"), is a domestic limited liability company, that may be served with process by serving its registered agent, Registered Agents Inc., at its place of business located at 5900 Balcones Drive, Suite 100, Austin, Texas 78731 or wherever it is located.

### Jurisdiction And Venue

18.     This Court maintains jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334(b) in that this action arises under, arises in, and or relates to, cases pending under Chapter 7 of the Bankruptcy Code.

19.     All of the Defendants are subject to personal jurisdiction in this Court.  This action

is, in part, a core proceeding and, in part, a non-core proceeding. To the extent it is a core proceeding, this Court may enter final orders and judgments under 28 U.S.C. § 157. To the extent it is a non-core proceeding, the Chapter 7 Trustee consents to the Court's entry of final orders and judgments.

20.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and or 1409, because the above-captioned bankruptcy cases are pending in this district.

21.     The Court has authority to grant the relief requested in this Complaint pursuant to Bankruptcy Code §§ 105, 541, 544 and 550 and other applicable statutes and state law.

## Preliminary Statement

22.     Choudhri utilizes Jetall and other business entities to hide assets, evade creditors and or shield his identity and involvement, in business dealings.  He organizes, creates and operates, these sham business entities as an extension of himself and Jetall but attempts to hide this truth through corporate fiction.  Additionally, Choudhri and Jetall have complete control over these sham business entities irrespective of what the corporate documents state.  The Choudhri Defendants also commingle funds.  More specifically, Choudhri, Jetall and his other business entities, use and access multiple bank accounts as a personal piggy bank to pay for whatever debt or expense that becomes due—irrespective of whether those funds used to pay such debt belong to the particular entity that owes the debt (or not) and without like consideration. Choudhri views HREP, Jetall, and himself, as well as the other named defendants, as one and the same and utilizes them in such fashion.  In other words, there is unity between Choudhri, HREP, Jetall, and his other business entities such that the separateness of the business entities has ceased, and thus this Court should treat the Choudhri Defendants accordingly to protect Plaintiffs/the creditors.  And this is where this lawsuit begins.

**Background**

23.     Plaintiffs are upstanding, honest, and respectable, businessmen, real estate developers, attorneys, and or a combination of all.  Collectively, Plaintiffs hold three judgements and stand in the shoes of four different judgment-creditors against Jetall, Choudhri, and or HREP.

   a.  On November 21, 2022, Plaintiff, Osama Abdullatif, obtained a final judgment in Cause No. 2013-41273, *Osama Abdullatif and Abdullatif & Company, LLC v. Ali Choudhri and Houston Real Estate Properties, LLC*; filed in the 334th Judicial District Court of Harris County ("Lawsuit 1").  In that case, HREP and Choudhri were found liable for statutory fraud and fraud in a real estate transaction, and Osama Abdullatif and Abdullatif & Company, LLC are the judgment holders.

   b.  On February 17, 2023, Plaintiffs, John Quinlan, Omar Khawaja, and Osama Abdullatif, obtained an assignment of the judgment rendered on June 23, 2020, in Cause No. 2017-10832, *Jetall Companies, Inc. and Declaration Title Company, LLC v. Allan B. Daughtry, Attorney at Law, Richard Heil, Todd Oakum and Renee Davy f/k/a Renee Oakum*; filed in the 152nd Judicial District Court of Harris County, Texas ("Lawsuit 2").[2]  In this cause, Plaintiffs received assignments from both judgment-creditors against judgment-debtor, Jetall.

   c.  Also on February 17, 2023, Plaintiffs, John Quinlan, Omar Khawaja, and Osama Abdullatif, obtained an assignment of the judgment rendered on October 31, 2020, in Cause No. 2020-38738, *Jetall Companies, Inc. v. Hoover Slovacek LLP*; filed in the 164th Judicial District Court of Harris County, Texas ("Lawsuit 3").[3]  In this cause, Plaintiffs received an assignment from the judgment-creditor against judgment-debtor, Jetall.

The aforementioned judgments, whether against HREP, Choudhri, or Jetall, should be found jointly and severally collectible through any and all of the Choudhri Defendants, because they are all alter egos of each other.  Further, these judgments are ripe and unpaid, because the Choudhri Defendants have made numerous fraudulent transfers to avoid payment.

---

[2] Attached as Exhibit 1 is a true and correct copy of both Assignments for the two judgment-creditors of Lawsuit 2.
[3] Attached as Exhibit 2 is a true and correct copy of the Assignment for Lawsuit 3.

**Facts**

24.     Choudhri is a self-proclaimed businessman in the Houston community, who took over his father's company, Jetall, and promptly caused it to become embroiled in numerous and substantial legal troubles and litigation.  Choudhri is well-known throughout the legal community for engaging in repugnant and unethical conduct, including perjury, which has led to sanctions and other similar findings being levied against him or Jetall or other companies he creates or controls.  However, for purposes of this lawsuit, Plaintiffs direct the Court to the year 2013.[4]

25.     On or about April 16, 2013, Choudhri falsified the existence of a promissory note and lien.  This act, inter alia, forced the filing of Lawsuit 1, styled Cause No. 2013-41273, *Osama Abdullatif and Abdullatif & Company, LLC v. Ali Choudhri and Houston Real Estate Properties, LLC*, filed in the 334th Judicial District Court of Harris County.  Ultimately, on November 21, 2022, after a jury trial, judgment was entered against Choudhri and HREP finding, inter alia, that Choudhri and HREP committed fraud, filed a fraudulent lien, and that there was no promissory note as Choudhri and HREP alleged.[5]

26.     On or about February 16, 2017, Jetall, at the behest of Choudhri, filed a frivolous lawsuit wherein he falsified the existence of two different agreements, which would purport to transfer, to Jetall, ownership of a title company.  This filing is Lawsuit 2, styled Cause No. 2017-10832, *Jetall Companies, Inc. and Declaration Title Company, LLC v. Allan B. Daughtry, Attorney at Law, Richard Heil, Todd Oakum and Renee Davy f/k/a Renee Oakum*; filed in the 152nd Judicial District Court of Harris County, Texas.  Ultimately, on June 23, 2020, after a jury trial, judgment

---

[4] Please note that this lawsuit only discusses a small sampling of the Choudhri Defendants' bad acts and that there are numerous and additional examples that can be found in the public record describing these other bad acts, which are not addresses in this matter.
[5] Attached as Exhibit 3 is a true and correct copy of the Judgment in Lawsuit 1.

was entered against Jetall finding, inter alia, that neither of the alleged agreements were valid as Jetall falsely claimed.[6]

27.     Six (6) days after losing Lawsuit 2—on June 29, 2020—Jetall, at the behest of Choudhri, filed another frivolous lawsuit—out of spite this time, against his opposing counsel's law firm in Lawsuit 2.  This filing is Lawsuit 3, styled Cause No. 2020-38738, *Jetall Companies, Inc. v. Hoover Slovacek LLP*; filed in the 164th Judicial District Court of Harris County, Texas.  On October 31, 2020, the Court dismissed Lawsuit 3 and found, inter alia, in its judgment that, Jetall has [i] sued its opposing counsel in past matters, on multiple occasions,[7] [ii] been sanctioned multiple times in past litigation for engaging in improper and repugnant actions, and [iii] brought this lawsuit *[Lawsuit 3]* for an improper purpose, which was to harass and increase the cost of litigation and to cause opposing counsel to personally incur unnecessary expenses so as to dissuade its opposing counsel from representing parties adverse to Jetall.[8]   Jetall was also sanctioned $90,000.00 for pursuing yet another meritless lawsuit.

28.     The judgments from Lawsuit 1, Lawsuit 2, and Lawsuit 3, resulted in monetary damages, attorneys' fees, and or sanctions, against Choudhri, Jetall, and or HREP.  The judgments are owned by one or all of Plaintiffs and wholly unpaid.  Each of these lawsuits were caused by either a blatant misrepresentation, lie, or anger, on the part of either Choudhri, Jetall, and or HREP.  And finally, Choudhri, Jetall, and or HREP, knew or should have known that an adverse judgment

---

[6] Attached as Exhibit 4 is a true and correct copy of the Judgment in Lawsuit 2.

[7] It should be mentioned that in 2018, Jetall filed suit against two different attorneys, personally, who were representing different parties/defendants, in Lawsuit 2, in an effort to intimidate them from continued representation of parties adverse to Jetall.  It did not work, and that particular lawsuit resulted in a dismissal and significant monetary sanctions, of more than $120,000.00 in total, levied against Jetall. *See* Cause No. 2018-59629; *Jetall v. Mike Johanson and Michael Ballases*; In the 333rd Judicial District Court of Harris County, Texas.

[8] Attached as Exhibit 5 is a true and correct copy of the Judgment in Lawsuit 3.

would be taken against Choudhri, Jetall, and or HREP, since those lawsuits were based solely upon lies and misrepresentations.

**The Choudhri Defendants operate as alter egos of one another.**

29.     Jetall, Arabella, Memorial, Kirby, REIT, Dalio I, Dalio II, HREP, Shahnaz Choudhri, Choudhri, Shepherd I, Shepherd II, and Galleria Loop, are one and the same acting as alter egos of one another. Generally, proving alter ego involves two elements: (i) that such unity between the corporation and individual that the separateness of the corporation has ceased; and (ii) a finding that holding only the corporation liable would result in injustice. *Lifshutz v. Lifshutz*, 61 S.W.3d 511, 516 (Tex. App.—San Antonio 2001, pet. denied). These requirements stem from the rationale that if the owner or owners of the entity themselves disregard the legal separation, distinct properties, or proper formalities of the different corporate entities, then the law will likewise disregard them too so far as is necessary to protect individual and corporate creditors. *Hideca Petroleum Corp. v. Tampimex Oil Int'l, Ltd., 740 S.W.2d 838, 843 (Tex. App.—Houston [1st Dist.] 1987, no writ)*. Unity between an entity and its alter ego is often established by evidence showing a blending of identities or blurring of lines of distinction. *Id.* When determining the question of alter ego, a court may consider: [i] the payment of alleged corporate debts with personal checks or other commingling of funds; [ii] representations that the individual will financially back the corporation; [iii] the diversion of company profits to the individual for his personal use; [iv] inadequate capitalization; and [v] other failures to keep corporate and personal assets separate. *Sparks v. Booth, 232 S.W.3d 853, 865-68 (Tex. App.—Dallas 2007, no pet.)*.

30.     The Choudhri Defendants have blended identities and blurred lines of distinction such that they should be found to be alter egos of each other. Without the benefit of discovery, Plaintiffs identify the following support for their claims.

9

31.     The Choudhri Defendants commingle funds, pay the debts of the other, and divert company profits.[9]  On or about July 10, 2020, Galleria Loop paid the personal income taxes to the Internal Revenue Service of Shahnaz Choudhri.[10]  On or about January 31, 2022, Jetall paid the real property taxes for real property owned by Kirby.[11]  Also on January 31, 2022, Jetall paid the real property taxes for real property owned by Memorial.[12]  Also on January 31, 2022, Jetall paid the real property taxes for real property owned by Arabella.[13]  Further, on August 16, 2022, Jetall paid the real property taxes for real property owned by Kirby.[14]  Additionally, on October 26, 2022, Galleria Loop paid the real property taxes for real property owned by Arabella.[15]  Plaintiffs aver that discovery will yield a plethora of other similar transactions in support of their claims and causes of action.

32.     Choudhri routinely tries to sway juries by making representations that he financially backs Jetall or HREP or whichever one of his business entities is in litigation then.  Choudhri testified that he is HREP and that HREP is him, as detailed below.[16]

> Q.     And you're the manager of HREP, correct?
> A.     Correct, yes.
> Q.     And you don't know whether or not you have a company agreement, correct?  Is strike that.  You don't know what's in your company agreement, do you?
> A.     Not as I sit here because it's really 100% my entity so it's whatever.

---

[9] Attached as Exhibit 6 is a Declaration from a former Jetall employee and whistleblower, who notes that Jetall comingles funds and pays the debts of another without consideration and disregards corporate formalities.

[10] Attached as Exhibit 7 is a check from Galleria Loop to pay the personal income taxes of Shahnaz Choudhri.

[11] Attached as Exhibit 8 is a check from Jetall for the benefit of Kirby to pay the property taxes.

[12] Attached as Exhibit 9 is a check from Jetall for the benefit of Memorial to pay the property taxes.

[13] Attached as Exhibit 10 is a check from Jetall for the benefit of Arabella to pay the property taxes.

[14] Attached as Exhibit 11 is another check from Jetall for the benefit of Kirby to pay the property taxes.

[15] Attached as Exhibit 12 is a check from Galleria Loop for the benefit of Arabella to pay the property taxes.

[16] Attached as Exhibit 13 is testimony of Choudhri in Cause No. 2013-41273; *Osama Abdullatif, et al, v. Ali Choudhri;* In the Judicial District Court, Trial Testimony, page 121 from the 8-11-22 transcript and page 42 from the 8-15-22 transcript.

Q. Look, I want you to so we can avoid this, be when I say you, if it's either HREP your you I'm talking about the same thing?

A. It's the same, yeah.

Q. Okay. You consider yourself, you mentioned this pass through concept. When I say you, do you understand I'm talking either HREP or you?

A. I do, yes.

Q. You meaning Ali Choudhri?

A. Yes, that's right.

Choudhri also testified that he is the 100% owner of Jetall and implied that he is responsible for the debts of Jetall. Here is an excerpt of such testimony wherein Choudhri is claiming that he would be responsible for the debts of Jetall.[17]

So the plan was to settle it, negotiate it or fight it. Take it on;

Q. And what happened -- what happened if -- if you lost the verdict or you lost the appeal?

A. I would be responsible, I would have to pay for it, whatever it cost,

---

[17] Attached as Exhibit 14 is testimony of Choudhri in Case No. 2017-10832; *Jetall Companies, Inc. v. Alan B. Daughtry, Richard Heil, Todd Oakum, and Renee Davy;* In the 152nd Judicial District Court. The first excerpt is from the Trial Testimony of Ali Choudhri dated March 12, 2020, Reporter's Record, Vol. 1 of 1, page 32. The second excerpt is from the Trial Testimony of Ali Choudhri dated March 16, 2020, Reporter's Record, Vol. 5 of 11, page 170.

Q. (MR. JOHANSON) Do you remember testifying last Thursday that, if you lost the Verdict or lost the appeal, that you -- "I would be responsible and would have to pay for it whatever the cost," you remember saying that?

A. Yes.

Q. That was an absolute lie, wasn't it?

A. No.

In that same trial Choudhri later testified that he is obligated to financially back Jetall.[18]

Q. Okay. And this draft, by the way, it doesn't obligate Jetall to put a penny into Declaration Title, does it?

A. Incorrect.

Q. Okay. And that's where -- where are they obligated to put a penny to the Company?

A. Well, I'm taking on the Verdict and the claims and I'm stepping in the shoes of the firing line where you're firing on Todd and Renee and Declaration. I'm stepping in the shoes of that. So, that obligated me to put money in the Company and fight you and your Verdict.

Q. You're not obligated to pay any of it, do you see?

A. I disagree.

---

[18] *See* Exhibit 14, testimony of Choudhri in Case No. 2017-10832; *Jetall Companies, Inc. v. Alan B. Daughtry, Richard Heil, Todd Oakum, and Renee Davy;* In the 152nd Judicial District Court. This excerpt is from the Trial Testimony of Ali Choudhri dated March 16, 2020, Reporter's Record, Vol. 5 of 11, page 192.

Choudhri further claimed that he financially backed Jetall again later in the same trial.[19]

> Q. Did you tell Renee on the phone that you — that Jetall would guarantee that she wouldn't have any future liability? That you would cover any potential liability arising out of the Heil matter?
>
> Did you tell her that?
>
> A. I told her that I would take care of the Heil matter. It was my responsibility. My obligation.

It is Choudhri's pattern and practice to tell juries that he is personally responsible for his various business entities simply because he is the owner. Choudhri has also admitted to diverting profits. In fact, Choudhri testified that funds received by HREP were actually his funds.[20]

> MR. DRINNON: Oh, I'm sorry, I didn't complete -- it's line 22 through 25. It says: So we didn't read 20 through 25. 20 through 25 -- so HREP, when I say you, of course I mean HREP got the money and your answer was, I mean, it's a pass through. It's my company. It's a passthrough through me so I got the money.
>
> Did I read that correctly?
>
> A. Yeah.
>
> Q. (BY MR. DRINNON) Okay. Thank you, sir.
>
> So at the time of the transaction, then, you got $552,000, correct? We just went through this. At the time of the transaction you got $552,000 -- $552,970, correct?
>
> A. Correct.

---

[19] *See* <u>Exhibit 14</u>, testimony of Choudhri in Case No. 2017-10832; *Jetall Companies, Inc. v. Alan B. Daughtry, Richard Heil, Todd Oakum, and Renee Davy;* In the 152nd Judicial District Court. This excerpt is from the Trial Testimony of Ali Choudhri dated March 16, 2020, Reporter's Record, Vol. 5 of 11, page 226.

[20] *See* <u>Exhibit 13</u>, testimony of Choudhri in Cause No. 2013-41273; *Osama Abdullatif, et al, v. Ali Choudhri;* In the Judicial District Court, Trial Testimony, pages 110-111 from the 8-10-22 transcript.

33. Further evidence of the Choudhri Defendants being alter egos of each other is demonstrated by the documents they submit themselves to the government, which further blend their identities and blur any lines of distinction. On or about August 15, 2017, Jetall filed a Texas Franchise Tax Report for the year ended December 31, 2016. In the report, Jetall identifies a slew of business entities that Jetall claims are each an "affiliate" of Jetall when in fact there is no legal connection between the companies.[21] Two of the companies identified as "affiliates" of Jetall are REIT and HREP. Additionally, Choudhri filed documents with the State of Texas claiming that he is the President, manager, and member, of HREP,[22] but this assertion is inconsistent with the HREP's sworn Schedules in this case.

34. All of these acts were intentional and completed in an effort to feign the appearance that these entities are distinct and separate when in fact they are not. In short, all of the Choudhri Defendants are either owned or controlled by Choudhri and are also insiders as well alter egos of him.

**Choudhri through Jetall, HREP, and the other Choudhri Defendants, fraudulently transferred assets to avoid liabilities.**

35. Jetall, Arabella, Memorial, Kirby, REIT, Dalio I, Dalio II, HREP, Shahnaz Choudhri, Choudhri, Shepherd I, Shepherd II, and Galleria Loop, are alter egos of each other and have all made intentional fraudulent transfers to avoid paying their creditors. The purpose of the Fraudulent Transfer Act is to prevent fraudulent transfers of property by a debtor who intends to defraud creditors by placing assets beyond their reach. *Mladenka v. Mladenka*, 130 S.W.3d 397,404 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Fraudulent transfer causes of action are statutory. They are governed by Chapter 24 of the Texas Business and Commerce Code (the Texas Statute)

---

[21] Attached as <u>Exhibit 15</u> is Jetall's Texas Franchise Tax Report for the year ended December 31, 2016.
[22] Attached as <u>Exhibit 16</u> is the Texas governmental documents for HREP.

and Section 548 of the United States Bankruptcy Code, though other laws and principles of equity supplement the Texas statutory cause of action. TEX. BUS. & COM. CODE § 24.011. The Texas statute is modeled on the Uniform Fraudulent Transfer Act ("UFTA") and should be applied so as "to make uniform the law with respect to the subject of this chapter among states enacting it." Id. Both the Texas and federal statutes allow the plaintiff creditor to avoid both intentional and constructive fraudulent transfers or obligations. The Texas statute identifies multiple "badges of fraud", which can be utilized as circumstantial evidence to prove intent to hinder, delay, or defraud. *Johnston v. Crook*, 93 S.W.3d 263, 273 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); TEX. BUS. & COM. CODE § 24.005(b). Some of those badges include, inter alia, [i] transferring assets to an insider, [ii] retaining control or possession of an asset after an alleged transfer, [iii] concealing the transfer, [iv] not receiving like or reasonable value for the transferred asset, [v] encumbering the asset with debt or liabilities, and [vi] making the transfer around the time the bad actor knew or should have known the bad actor was about to incur debt or liability.

36. The Choudhri Defendants have committed numerous fraudulent transfers in order to prevent creditors from collection. Without the benefit of discovery, Plaintiffs identify the following support for their claims.

37. Choudhri reserved ownership interests in certain alter ego companies and concealed transfers through the utilization of agency agreements despite making it appear as though he was no longer an owner or involved. These include, *at least*,[23] REIT, Dalio I, Dalio II[24], Shepherd I, Shepherd II.[25] The purpose of these agency agreements was to allow Choudhri to hide his

---

[23] Plaintiffs aver that there are numerous other agency agreements applicable to this lawsuit and the Choudhri Defendants.
[24] Attached as Exhibit 17 is an Agency Agreement involving Choudhri, REIT, Dalio I, and Dalio II.
[25] Attached as Exhibit 18 is an Agency Agreement involving Choudhri, Shepherd I, and Shepherd II.

ownership interest, involvement, and control of the assets, as well as conceal his assets from creditors. For example, the Choudhri Defendants use of the agency agreements was noted by a Commercial Arbitration Tribunal from the American Arbitration Association, that found, inter alia, that Choudhri [i] lied under oath about the existence of the agency agreements, [ii] refused to produce the agency agreements (which had to be obtained from third-parties), [iii] intentionally hid his involvement in certain transactions by use of the agency agreements, [iv] was not credible as a witness, [v] acted improper, wrongful, and not in good faith, [vi] knowingly and intentionally, with malice, committed fraud, and [vii] awarded substantial exemplary damages ($250,000.00) for fraud and breach of fiduciary duty, against Choudhri and some of the other Choudhri Defendants noted herein.[26]

38.      Choudhri made fraudulent transfers of personal property (i.e., cash), as previously shown in paragraph 31 hereinabove, to deprive his creditors from collection.[27] Moreover, those transfer were not for like or reasonable value and were after the time the Choudhri Defendants knew or should have known that a debt and or liability (and now judgments held by Plaintiffs) would be incurred. Plaintiffs aver that the Choudhri Defendants have made numerous and additional other fraudulent transfers, which will be exposed in the discovery process in this matter.

39.      Choudhri falsified and misrepresented his net worth. On December 7, 2022, to avoid paying an appeal bond equal to the sum of compensatory damages and interest awarded to one of the Plaintiffs herein in Lawsuit 1, Choudhri filed a fraudulent Net Worth Affidavit[28] claiming a personal net worth of [–$67,951,728.25]. However, shortly thereafter, documents were receipted from a third-party showing that in November 2021—approximately one year before

---

[26] Attached as Exhibit 19 is the Arbitration Award.
[27] See Exhibit 6 – Exhibit 12.
[28] Attached as Exhibit 20 is Choudhri's fraudulent Net Worth Affidavit filed in Lawsuit 1.

16

Choudhri signed his fraudulent Net Worth Affidavit—Choudhri provided a Personal Financial Statement asserting that his personal net worth was $246,440,100.00.[29] A comparison of this Personal Financial Statement and the fraudulent Net Worth Affidavit represents an alleged decrease in net worth by a total of $314,391,828.25 in a single year.

40. The Choudhri Defendants are also encumbering assets with liabilities to dissuade creditors from collection, which further supports a fraudulent transfer finding. On the last page of Exhibit 21, Choudhri's November 2021, Financial Statement[30] is a list of properties allegedly owned by Choudhri along with the liabilities associated with each.[31] Seven (7) of those properties were unencumbered by any "liabilities."[32] Keep in mind that this is Choudhri's own document. But since that time, Choudhri has systematically encumbered the properties with debt for no apparent business purpose and absconding with the cash. Some of the properties allegedly encumbered or transferred by the Choudhri Defendants include: [i] **9201 Memorial Drive.** On November 2, 2022, Choudhri obtained a loan for $2,760,000.00 from Cypress BridgeCo, LLC, another "mezzanine" or "hard money" lender, pledging the previously unencumbered 9201 Memorial Dr. property as collateral; [ii] **2727 Kirby 26L.** Also on November 2, 2022, Choudhri obtained another loan for $2,079,000.00 from Cypress BridgeCo, LLC pledging the previously unencumbered 2727 Kirby 26L property as collateral; [iii] Memorial Glen Cove, LLC is a Texas limited liability company owned and or controlled by Choudhri. Pursuant to the Texas Secretary of State, Memorial Glen Cove LLC is managed by Memorial Park LLC. A Texas limited liability company also owned and or controlled by Choudhri.[33] VGRP Holdings LLC allegedly obtained a

---

[29] Attached as Exhibit 21 is Choudhri's November 2021, Personal Financial Statement, first page.
[30] *See* Exhibit 21, last page.
[31] Id.
[32] Id.
[33] Curiously, Memorial Park LLC is managed by Memorial Glen Cove LLC. Choudhri often uses circular member-manager schemes to hide his ownership in various "pass-through" entities.

deed of trust in its favor after presumably loaning money to Choudhri secured by properties that he owned individually but then placed into Memorial Glen Cove LLC. Memorial Glen Cove LLC, Memorial Park LLC, and VGRP Holdings LLC, are Texas limited liability companies all owned and or controlled by Choudhri. Note that, at least, the first two aforementioned debts were allegedly incurred a mere nineteen (19) days before the final judgment in Lawsuit 1 was rendered.

41. Choudhri also made fraudulent transfers of real property too. The following real properties were deeded from Choudhri to Memorial Glen Cove LLC (another entity Choudhri owns or controls) just before the judgment in Lawsuit 1 was rendered against Choudhri and HREP. [i] **402 Terrace Dr.** On November 15, 2022, Choudhri allegedly transferred a property identified as 402 Terrace Dr., Houston, Texas 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."; [ii] **3550 Charleston St.** Also, on November 15, 2022, Choudhri transferred a property identified as 3550 Charleston St., Houston, Texas 70021 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."; [iii] **6531 Rodrigo St.** Again, on November 15, 2022, Choudhri transferred a property identified as 6531 Rodrigo St., Houston, Texas 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."; [iv] **5803 Blossom St.** Again, on November 15, 2022, Choudhri transferred a property identified as 5803 Blossom Street, Houston, Texas 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."; [v] **207 Malone St.** Again, on November 15, 2022, Choudhri transferred a property identified as 207 Malone Street, Houston, Texas 77007 to the entity coined Memorial Glen Cove, LLC for "[c]ash

18

and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged."; and [vi] **4401 Schurmier Road.** Again, on November 15, 2022, Choudhri transferred a property identified as 4401 Schurmier Road, Houston, Texas 77048 to the entity coined Memorial Glen Cove, LLC for "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged." Upon information and belief, Choudhri has been transferring properties like these and the others, between himself and other business entities that he owns or controls or to various third parties (not for reasonable value) in an effort to hinder and delay Plaintiffs efforts of collecting their judgment. As a reminder—*each and every one of these aforementioned transfers occurred exactly six (6) days before the judgment was rendered in Lawsuit 1*.

42. All of these acts are intentional, fraudulent, and completed in an effort to place assets beyond the reach of creditors. As a result, Plaintiffs are left with no choice but to pursue these claims.

## Causes Of Action

43. Jetall, Arabella, Memorial, Kirby, REIT, Dalio I, Dalio II, HREP, Shahnaz Choudhri, Choudhri, Shepherd I, Shepherd II, and Galleria Loop, act as alter egos of one another to defraud creditors by placing assets beyond the creditor's reach, transferring assets for less than value, and or causing the incurrence of debt upon those assets.

**Fraudulent Transfer (All Defendants)**

44. The Choudhri Defendants committed fraudulent transfers. Under the Texas Uniform Fraudulent Transfers Act, a judgment creditor may bring a claim for fraudulent transfer if debtor's conveyances were made with actual intent to hinder, delay, or defraud any creditor of the debtor; or without receiving a reasonably equivalent value in exchange for the transfer or

19

obligation. TEX. BUS. & COM. CODE § 24.005. The Choudhri Defendants' concealment and facilitation of certain transactions, only some of which are discussed herein, constitute fraudulent conveyances under TEX. BUS. & COM. CODE §§ 24.005 and 24.006.

45. The Choudhri Defendants fraudulent conveyances of these properties are the latest in a long history of obfuscation of justice and attempts at evasion, as he seeks to hinder, delay, and defraud Plaintiffs as judgment creditors. Further, Choudhri desires to devalue his personal assets and, upon information and belief, has not received a reasonably equivalent value in return for these transfers, to discourage his creditors from seizing assets. Pursuant to TEX. BUS. & COM. CODE § 24.008, Plaintiffs seek: [i] an avoidance of the transfer or obligation to the extent necessary to satisfy their claim; [ii] an injunction and injunctive relief against further disposition by the Choudhri Defendants, or a transferee, or both, of the asset transferred or of other property; [iii] their reasonable and necessary attorneys' fees and court costs; [iv] that a constructive trust be imposed for the assets fraudulently transferred; and [v] after obtaining a judgment against the Choudhri Defendants for their violations, Plaintiffs ask that they be authorized to levy execution on the assets found to have been fraudulently transferred or their proceeds as well as any other relief the circumstances may require.

**Fraud (Choudhri).**

46. Choudhri committed fraud. The elements of a fraud claim are: (a) that a material representation was made; (b) the representation was false; (c) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (d) the speaker made the representation with the intent that the other party should act upon it; (e) the party acted in reliance on the representation; and (f) the party thereby suffered injury. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009).

Choudhri's misrepresentations regarding his net worth, fraudulent conveyances, attempts to transfer assets between the Choudhri Defendants and others, and efforts to preclude Plaintiffs from collecting upon their debts, have damaged not only the Plaintiffs, but the court as well, and constitute fraud.

**Alter Ego (All Defendants).**

47.     Plaintiffs allege that the Choudhri Defendants are all alter egos of each other.  The Choudhri Defendants have utilized their corporate fiction for an illegitimate purpose, meaning "actual or constructive fraud, a sham to perpetrate a fraud, or other similar theory." TEX. BUS. ORG. CODE §§ 21.223(a)-(b). *SSP Partners v. Gladstrong Inv. (USA) Corp.*, 275 S.W.3d 444, 451-52 (Tex. 2007). Plaintiffs aver that various business entities, including the Choudhri Defendants, are alter egos of each other and being used to conceal assets and therefore are all liable for the full judgment amounts in Lawsuit 1, Lawsuit 2, and Lawsuit 3.

**Joint Enterprise Liability (All Defendants).**

48.     The Choudhri Defendants were engaged in a joint enterprise because they had an understanding or common purpose to be carried out by the enterprise, a community of pecuniary interest in that common purpose and an equal right to direct and control the enterprise.   The Choudhri Defendants also committed one or more torts against Plaintiffs while acting within the scope of the enterprise.  Plaintiffs have been damaged as a result.

**Exemplary Damages**

49.     Plaintiffs are entitled to exemplary damages.  Under Texas law, a plaintiff suing for fraud may recover exemplary damages. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 304 (Tex. 2006). Plaintiffs further seek exemplary damages as a result of the Choudhri Defendants'

actions pursuant to TEX. CIV. PRAC. & REM. CODE §§ 41.003 and § 41.008, which state that in an action in which a claimant seeks recovery of damages, the trier of fact shall determine the amount of economic damages separately from the amount of other compensatory damages.

### Attorneys' Fees

50.     Plaintiffs seek recovery of all their attorneys' fees.  Plaintiffs are entitled to an award of their attorneys' fees through section 24.013 of the Texas Business and Commerce Code as well as any other applicable legal or equitable authority.

### Conclusion

Plaintiffs, John Quinlan, Omar Khawaja, and Osama Abdullatif, request that all defendants, Jetall Companies, Inc., Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Texas REIT LLC, Dalio Holdings I, LLC, Dalio Holdings II, LLC, Houston Real Estate Properties, LLC *[Debtor]*, Shahnaz Choudhri, Ali Choudhri, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, and Galleria Loop Note Holder LLC, be cited to appear and answer, and that on final trial, Plaintiffs have the following relief against all defendants, jointly and severally:

    a)    Judgment against all defendants for actual, economic, and consequential damages in an amount within the jurisdictional limits of the court;

    b)    Exemplary damages;

    c)    Pre- and post-judgment interest on the damages awarded as provided by law;

    d)    Reasonable and necessary attorneys' fees for trial, and if necessary, appeal;

    e)    Costs of Court and Suit;

    f)    Avoidance of the transfers or obligations to the extent necessary to satisfy Plaintiffs' claims;

g) An injunction against further disposition by defendants, or a transferee, or both, of the assets transferred or of other property;

h) A constructive trust be imposed for the assets fraudulently transferred;

i) After obtaining a judgment against defendants for their violations, Plaintiffs ask that they be authorized to levy execution on the assets found to have been fraudulently transferred or their proceeds as well as any other relief the circumstances may require; and

j) All other relief, at law or in equity, to which Plaintiffs are or may be justly entitled.

DATED:     July 28, 2023

Respectfully submitted,

**HOOVER SLOVACEK LLP**



By: _____

T. Michael Ballases
State Bar No. 24036179
ballases@hooverslovacek.com
Steve A. Leyh
State Bar No. 12318300
leyh@hooverslovacek.com
Angeline V. Kell
State Bar No. 24040009
kell@hooverslovacek.com
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: (713) 977-8686
Facsimile: (713) 977-5395

**ATTORNEYS FOR MOVANTS, JOHN QUINLAN, OMAR KHAWAJA, AND OSAMA ABDULLATIF**

23

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 28, 2023, a true and correct copy of John Quinlan, Omar Khawaja, and Osama Abdullatif's Original Complaint was served electronically via the Court's CM/ECF system.

T. Michael Ballases

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>John Quinlan, Omar Khawaja, and Osama Abdullatif | **DEFENDANTS**<br>Jetall Companies, Inc., Arabella PH 3201 LLC, 9201 Memorial Dr LLC, 2727 Kirby 26L LLC, Texas REIT LLC, Dalio Holdings I, LLC, Dalio Holdings II, LLC, Houston Real Estate Properties, LLC, Shahnaz Choudhri, Ali Choudhri, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC and Galleria Loop Note Holder LLC |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>T. Michael Ballases and Steven A. Leyh<br>Hoover Slovacek, LLP<br>5051 Westheimer, Suite 1200<br>Houston, TX 77056<br>713-977-8686 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    ■ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    ■ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiffs/Movants assert causes of action seeking, inter alia, avoidance and recovery of various fraudulent transfers made to and for the benefit of defendants and recovery of damages resulting therefrom defendants' fraudulent transfers, fraud, alter ego, and joint enterprise liability, as well as violations of 11 U.S.C. § 548 and 550. A more detailed description is noted in Movants' live complaint, which is incorporated by reference herein.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
☑ 13-Recovery of money/property - §548 fraudulent transfer
☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☑ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ■ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $   See the 3 attached judgments |

**Other Relief Sought**

Judgment against all defendants for actual, economic, consequential, exemplary damages, pre- and post-judgment interest as provided by law, reasonable and necessary attorneys' fees for trial and if necessary to satisfy Movants' claims, injunction against further disposition by defendants or transferees, constructive trust to be imposed for the assets fraudulently transferred; and all other relief, at law or in equity, to which Movants are or may be justed entitled.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Houston Real Estate Properties, LLC | BANKRUPTCY CASE NO.<br>22-32998 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of Texas | DIVISION OFFICE<br>Houston Division | NAME OF JUDGE<br>Jeffrey P. Norman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br>August 1, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>T. Michael Ballases |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

CAUSE NO. 2017-10832

| | | |
|---|---|---|
| JETALL COMPANIES, INC. AND | § | IN THE DISTRICT COURT OF |
| DECLARATION TITLE COMPANY, LLC, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALAN B. DAUGHTRY, ATTORNEY AT | § | |
| LAW, RICHARD HEIL, TODD OAKUM | § | |
| AND RENEE DAVY F/K/A RENEE | § | |
| OAKUM, | § | |
| Defendants. | § | 152nd JUDICIAL DISTRICT |

## ASSIGNMENT OF JUDGMENT

On June 23, 2020, a judgment (the "Judgment") was rendered in the above-referenced cause in favor of Renee Davy and Richard Heil against Jetall Companies, Inc.

**WHEREAS**, on August 16, 2022, the Houston Court of Appeals, First District, affirmed the Judgment, in Cause No. 01-20-00615-CV.

**WHEREAS**, on December 16, 2022, the Houston Court of Appeals, First District, issued its mandate, in Cause No. 01-20-00615-CV.

**WHEREAS**, Richard Heil (the "Assignor") assigns, as stated herein, all of his rights, title, and interest, to the Judgment against Jetall Companies, Inc.; and

**WHEREAS**, the Assignor and John Quinlan, Osama Adullatif, and Omar Khawaja, (collectively, the "Assignees") desire to place of record this assignment and acknowledge that the Judgment, in favor of the Assignor now belongs to the Assignees, in an equal and undivided interest.

**IT IS, THEREFORE, AGREED AS FOLLOWS**:

The Assignor, in consideration for good and valuable consideration in hand paid by the Assignees, the receipt and sufficiency of which is hereby acknowledged, hereby assigns, sets over,

911114\00002\01651358.WPD 1

**HREP/Jetall, et al.     174**

**<u>Exhibit 1</u>**

and conveys, without recourse, representation or warranty of any kind, express or implied, as is, to the Assignees, and or their successors and or assigns, all of the Assignor's rights, title and interest in the Judgment rendered in this cause on June 23, 2020.

The Effective Date of this assignment is February 17, 2023.

**RICHARD HEIL**

Print: RICHARD HEIL

**JOHN QUINLAN**                                      **OSAMA ADULLATIF**

Print: _____                              Print: _____

**OMAR KHAWAJA**

Print: _____

911114\00002\01651358 WPD 1

**Exhibit 1**

Exhibit 1

and conveys, without recourse, representation or warranty of any kind, express or implied, as is, to the Assignees, and or their successors and or assigns, all of the Assignor's rights, title and interest in the Judgment rendered in this cause on June 23, 2020.

The Effective Date of this assignment is February 17, 2023.

**RICHARD HEIL**

Print: RICHARD HEIL

**JOHN QUINLAN**

Print: JOHN QUINLAN

**OSAMA ADULLATIF**

Print: _____

**OMAR KHAWAJA**

Print: _____

911114 DOC 20165135 WPD 1

**HREP/Jetall, et al.    176**

**Exhibit 1**

Exhibit 1

and conveys, without recourse, representation or warranty of any kind, express or implied, as is, to the Assignees, and or their successors and or assigns, all of the Assignor's rights, title and interest in the Judgment rendered in this cause on June 23, 2020.

The Effective Date of this assignment is February 17, 2023.

RICHARD HEIL

Print: RICHARN HEIL

JOHN QUINLAN

Print: _____

OSAMA ADULLATIF

Print: 2/22/2023

OMAR KHAWAJA

Print: _____

911114-00002-01651358 WPD 1

**HREP/Jetall, et al.     177**

**Exhibit 1**

and conveys, without recourse, representation or warranty of any kind, express or implied, as is, to the Assignees, and or their successors and or assigns, all of the Assignor's rights, title and interest in the Judgment rendered in this cause on June 23, 2020.

The Effective Date of this assignment is February 17, 2023.

RICHARD HEIL

Print: RICHARD HEIL

JOHN QUINLAN

Print: _____

OSAMA ADULLATIF

Print: _____

OMAR KHAWAJA

Print: OMar Khawaja

911114 00002 01651358 WPD 1

**Exhibit 1**

CAUSE NO. 2017-10832

| | | |
|---|---|---|
| JETALL COMPANIES, INC. AND | § | IN THE DISTRICT COURT OF |
| DECLARATION TITLE COMPANY, LLC, | § | |
|     Plaintiffs, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALAN B. DAUGHTRY, ATTORNEY AT | § | |
| LAW, RICHARD HEIL, TODD OAKUM | § | |
| AND RENEE DAVY F/K/A RENEE | § | |
| OAKUM, | § | |
|     Defendants. | § | 152nd JUDICIAL DISTRICT |

## ASSIGNMENT OF JUDGMENT

On June 23, 2020, a judgment (the "Judgment") was rendered in the above-referenced cause in favor of Renee Davy and Richard Heil against Jetall Companies, Inc.

**WHEREAS**, on August 16, 2022, the Houston Court of Appeals, First District, affirmed the Judgment, in Cause No. 01-20-00615-CV.

**WHEREAS**, on December 16, 2022, the Houston Court of Appeals, First District, issued its mandate, in Cause No. 01-20-00615-CV.

**WHEREAS**, Renee Davy f/k/a Renee Oakum (the "Assignor") assigns, as stated herein, all of her rights, title, and interest, to the Judgment against Jetall Companies, Inc.; and

**WHEREAS,** the Assignor and John Quinlan, Osama Adullatif, and Omar Khawaja, (collectively, the "Assignees") desire to place of record this assignment and acknowledge that the Judgment, in favor of the Assignor now belongs to the Assignees, in an equal and undivided interest.

**IT IS, THEREFORE, AGREED AS FOLLOWS:**

The Assignor, in consideration for good and valuable consideration in hand paid by the Assignees, the receipt and sufficiency of which is hereby acknowledged, hereby assigns, sets over,

911114\00002\01648001.WPD 1

**HREP/Jetall, et al.**     **169**

**Exhibit 1**

and conveys, without recourse, representation or warranty of any kind, express or implied, as is, to the Assignees, and or their successors and or assigns, all of the Assignor's rights, title and interest in the Judgment rendered in this cause on June 23, 2020.

The Effective Date of this assignment is February 17, 2023.

**RENEE DAVY F/K/A RENEE OAKUM**

Print: _____Renee' Davy_____

**JOHN QUINLAN**                          **OSAMA ADULLATIF**

_____                   _____

Print: _____                  Print: _____

**OMAR KHAWAJA**

_____

Print: _____

911114\00002\01648001.WPD 1

2

**HREP/Jetall, et al.     170**

**Exhibit 1**

and conveys, without recourse, representation or warranty of any kind, express or implied, as is, to

the Assignees, and or their successors and or assigns, all of the Assignor's rights, title and interest

in the Judgment rendered in this cause on June 23, 2020.

The Effective Date of this assignment is February 17, 2023.

**RENEE DAVY F/K/A RENEE OAKUM**

Print: _____Renee' Davy_____

**JOHN QUINLAN**

Print: ___JOHN QUINLAN___

**OSAMA ADULLATIF**

Print: _____

**OMAR KHAWAJA**

Print: _____

911114-00002-01648001-WPD-1

2

**Exhibit 1**

Exhibit 1

and conveys, without recourse, representation or warranty of any kind, express or implied, as is, to the Assignees, and or their successors and or assigns, all of the Assignor's rights, title and interest in the Judgment rendered in this cause on June 23, 2020.

The Effective Date of this assignment is February 17, 2023.

**RENEE DAVY F/K/A RENEE OAKUM**

Print: _____Renee' Davy_____

**JOHN QUINLAN**                          **OSAMA ADULLATIF**

Print: _____       Print: _7-23-2023_

**OMAR KHAWAJA**

Print: _____

911114\00002\01648001.WPD 1

2

**HREP/Jetall, et al.     172**

**Exhibit 1**

and conveys, without recourse, representation or warranty of any kind, express or implied, as is, to

the Assignees, and or their successors and or assigns, all of the Assignor's rights, title and interest

in the Judgment rendered in this cause on  June 23, 2020.

The Effective Date of this assignment is February 17, 2023.

**RENEE DAVY F/K/A RENEE OAKUM**

Print: _____Renee' Davy_____

**JOHN QUINLAN**

Print: _____

**OSAMA ADULLATIF**

Print: _____

**OMAR KHAWAJA**

Print: _____OMar Khawaja_____

911114\00002\01648001.WPD 1

2

**HREP/Jetall, et al.     173**

**Exhibit 1**

CAUSE NO. 2020-38738

| | | |
|---|---|---|
| JETALL COMPANIES, INC., | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HOOVER SLOVACEK LLP, | § | |
| Defendant. | § | 164th JUDICIAL DISTRICT |

## ASSIGNMENT OF JUDGMENT

On October 31, 2020, judgment (the "Judgment") was rendered in the above-referenced cause in favor of Hoover Slovacek LLP against Jetall Companies, Inc. Additionally, this Court found, in the Judgment, inter alia, that:

Jetall has sued opposing attorneys, who represent parties adverse to Jetall, on multiple occasions in the past;

Jetall has been sanctioned multiple times in past litigation for engaging in improper and repugnant actions, in courts of law;

Jetall brought this lawsuit for an improper purpose, which was to harass and increase the cost of litigation and to cause opposing counsel to personally incur unnecessary expenses so as to dissuade its opposing counsel from representing parties adverse to Jetall; and,

**WHEREAS**, on March 29, 2022, the Houston Court of Appeals, Fourteenth District, affirmed the Judgment, in Cause No. 14-20-00691-CV.

**WHEREAS**, on September 23, 2022, the Supreme Court of Texas, denied Jetall Companies, Inc.'s petition for review, in Cause No. 22-0553.

**WHEREAS**, on November 1, 2022, the Houston Court of Appeals, Fourteenth District, issued its mandate, in Cause No. 14-20-00691-CV.

**WHEREAS**, Hoover Slovacek LLP assigns, as stated herein, all of their rights, title and interest to the Judgment against Jetall Companies, Inc.; and

911114\00002\01648000.WPD 1

WHEREAS, Hoover Slovacek LLP and John Quinlan, Osama Adullatif, and Omar Khawaja (the "Assignees") desire to place of record the assignment and acknowledge that the Judgment, in favor of Hoover Slovacek LLP belongs to the Assignees, in an equal and undivided interest.

**IT IS, THEREFORE, AGREED AS FOLLOWS:**

Hoover Slovacek LLP, in consideration for good and valuable consideration in hand paid by the Assignees, the receipt and sufficiency of which is hereby acknowledged, hereby assigns, sets over, and conveys, without recourse, representation or warranty of any kind, express or implied, as is, to the Assignees, and or their successors and or assigns, all of the Hoover Slovacek LLP's rights, title, and interest, in the Judgment rendered in this cause on October 31, 2020.

The Effective Date of this assignment is February 17, 2023.

**HOOVER SLOVACEK LLP**                    **OMAR KHAWAJA**

Print:  T. Michael Ballases                      Print: _____

It's:  Partner  

**JOHN QUINLAN**                           **OSAMA ADULLATIF**

Print: _____               Print: _____

911114\00002\01648000.WPD 1                    2

**HREP/Jetall et al.     180          Exhibit 2**

WHEREAS, Hoover Slovacek LLP and John Quinlan, Osama Adullatif, and Omar Khawaja (the "Assignees") desire to place of record the assignment and acknowledge that the Judgment, in favor of Hoover Slovacek LLP belongs to the Assignees, in an equal and undivided interest.

**IT IS, THEREFORE, AGREED AS FOLLOWS:**

Hoover Slovacek LLP, in consideration for good and valuable consideration in hand paid by the Assignees, the receipt and sufficiency of which is hereby acknowledged, hereby assigns, sets over, and conveys, without recourse, representation or warranty of any kind, express or implied, as is, to the Assignees, and or their successors and or assigns, all of the Hoover Slovacek LLP's rights, title, and interest, in the Judgment rendered in this cause on October 31, 2020.

The Effective Date of this assignment is February 17, 2023.

**HOOVER SLOVACEK LLP**

Print: T. Michael Ballases

It's: Partner

**OMAR KHAWAJA**

Print:

**JOHN QUINLAN**

Print: JOHN QUINLAN

**OSAMA ADULLATIF**

Print:

HREP/Jetall et al.    181    Exhibit 2

WHEREAS, Hoover Slovacek LLP and John Quinlan, Osama Abdullatif, and Omar Khawaja (the "Assignees") desire to place of record the assignment and acknowledge that the Judgment, in favor of Hoover Slovacek LLP belongs to the Assignees, in an equal and undivided interest.

IT IS, THEREFORE, AGREED AS FOLLOWS:

Hoover Slovacek L.L.P, in consideration for good and valuable consideration in hand paid by the Assignees, the receipt and sufficiency of which is hereby acknowledged, hereby assigns, sets over, and conveys, without recourse, representation or warranty of any kind, express or implied, as is, to the Assignees, and or their successors and or assigns, all of the Hoover Slovacek LLP's rights, title, and interest, in the Judgment rendered in this cause on October 31, 2020.

The Effective Date of this assignment is February 17, 2023.

**HOOVER SLOVACEK LLP**

_____

Print: T. Michael Ballases

it's: Partner

**OMAR KHAWAJA**

_____

Print: _____

**JOHN QUINLAN**

_____

Print: _____

**OSAMA ABDULLATIF**

_____

Print: 2-22-2023

HREP/Jetall et al.     182     **Exhibit 2**

WHEREAS, Hoover Slovacek LLP and John Quinlan, Osama Adullatif, and Omar Khawaja (the "Assignees") desire to place of record the assignment and acknowledge that the Judgment, in favor of Hoover Slovacek LLP belongs to the Assignees, in an equal and undivided interest.

IT IS, THEREFORE, AGREED AS FOLLOWS:

Hoover Slovacek LLP, in consideration for good and valuable consideration in hand paid by the Assignees, the receipt and sufficiency of which is hereby acknowledged, hereby assigns, sets over, and conveys, without recourse, representation or warranty of any kind, express or implied, as is, to the Assignees, and or their successors and or assigns, all of the Hoover Slovacek LLP's rights, title, and interest, in the Judgment rendered in this cause on October 31, 2020.

The Effective Date of this assignment is February 17, 2023.

**HOOVER SLOVACEK LLP**

_____

Print: T. Michael Ballases

It's: Partner

**OMAR KHAWAJA**

_____

Print: Omar Khawaja

**JOHN QUINLAN**

_____

Print: _____

**OSAMA ADULLATIF**

_____

Print: _____

911114\00002\01648000.WPD 1

2

**HREP/Jetall et al.      183            Exhibit 2**

11/10/2022 4:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 70086319
By: Jennifer Ochoa
Filed: 11/10/2022 4:50 PM

CAUSE NO. 2013-41273

| | | |
|---|---|---|
| OSAMA ABDULLATIF, Individually, | § | IN THE DISTRICT COURT OF |
| and ABDULLATIF & COMPANY, LLC | § | |
| | § | |
| *Plaintiffs,* | § | *P. 6* |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | *AMFJX* |
| | § | |
| ALI CHOUDHRI and HOUSTON | § | |
| REAL ESTATE PROPERTIES, LLC | § | |
| | § | |
| *Defendants.* | § | 334th DISTRICT COURT |

## **FINAL JUDGMENT**

On January 6, 2020, the Court in this Cause entered an Order Granting Plaintiffs' Motion to Sell Properties Free of Lien as to the nine (9) properties owned by Plaintiff Abdullatif[1] and described as Tracts 1-9 as set forth in the Affidavit of Lien filed by Choudhri in the real property records of Harris County, Texas on April 16, 2013, under Clerk's File No. 20130178411 ("Lien Affidavit"). Pursuant to the January 6, 2020 Order the monies realized from the subsequent sale of seven (7) of the Properties was placed into the registry of the Court. As of August 19, 2022, the monies in the registry of the Court totaled $1,796,960.76 and continues to accrue interest daily.

On August 8, 2022, this cause came on to be heard and Osama Abdullatif ("Abdullatif") and Abdullatif & Company LLC ("ACLLC"), Plaintiffs, appeared in person and by its representative and by attorney of record and announced ready for trial. Defendants, Ali Choudhri ("Choudhri") and Houston Real Estate Properties, LLC ("HREP") appeared in person and by its representative and by and through attorney of record. A jury having been previously demanded, consisting of twelve (12) qualified jurors, was duly empaneled and the case proceeded to trial.

---

[1] The nine (9) properties described in the Motion to Sell Properties Free of Lien are hereinafter referred to as the "Properties".

**Exhibit 3**


RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Following an eight (8) day trial, on August 19, 2022 the jury returned an eleven to one (11-1) verdict in the favor of Plaintiffs Abdullatif and ACLLC and against Defendants Choudhri and HREP finding that: (1) Choudhri had committed fraud against Abdullatif; (2) HREP had committed fraud against Abdullatif; (3) Choudhri had filed a fraudulent lien or claim against The Properties; (4) Choudhri had filed a fraudulent lien against a property owned by ACLLC (the "ACLLC Property");[2] (5) Abdullatif and Choudhri did not enter into a promissory note dated February 10, 2010 in the principle amount of $1,500,000.00, an annual interest rate of 8%, a maturity date of February 9, 2012, and an annual interest rate of 18% on matured, unpaid amounts as asserted in Defendants' counterclaim.

In accordance with the Court's Order dated January 6, 2020 and the jury's verdict, the Court enters the following Final Judgment:

It is ORDERED, ADJUDGED, AND DECREED that Abdullatif shall have and recover judgment from Choudhri and HREP, jointly and severally, the sum of $1,678,000.00 for Choudhri and HREP's fraud committed against Abdullatif, together with prejudgment interest at the statutory rate of five percent (5%) interest, calculated based on when the actual damages were incurred as of July 15, 2013, and continuing on a bi-annual basis beginning December 31, 2013 and continuing up to and including the day preceding the Final Judgment as of September 15, 2022, is $533,155.42 with a per diem interest amount of $229.86.

---

[2] The ACLLC Property was identified as Tract 10 in the Lien Affidavit and is known by the street address of 5445 Almeda Road in Houston, Texas.

**Exhibit 3**

| Period End Date | Amt of Damages as of Period End Date | 1 year of Interest at 5% | Per Day Interest for the Year | # days in this Period | Total Prejudment Interest for this 6 months period |
|---|---|---|---|---|---|
| July 15, 2013 | $ 298,039.81 | | | | |
| 12/31/2013 | $ 473,100.13 | S 23,655.01 | S 64.81 | 168 | S 10,887.78 |
| 6/30/2014 | $ 533,303.14 | S 26,665.16 | S 73.06 | 181 | S 13,223.00 |
| 12/31/2014 | $ 644,770.74 | S 32,238.54 | S 88.32 | 184 | S 16,251.76 |
| 6/30/2015 | $ 696,450.85 | S 34,822.54 | S 95.40 | 181 | S 17,268.16 |
| 12/31/2015 | $ 747,125.85 | S 37,356.29 | S 102.35 | 184 | S 18,831.67 |
| 6/30/2016 | $ 857,932.02 | S 42,896.60 | S 117.52 | 181 | S 21,272.01 |
| 12/31/2016 | $ 957,196.75 | S 47,859.84 | S 131.12 | 184 | S 24,126.60 |
| 6/30/2017 | $ 1,013,739.75 | S 50,686.99 | S 138.87 | 181 | S 25,135.19 |
| 12/31/2017 | $ 1,129,729.38 | S 56,486.47 | S 154.76 | 184 | S 28,475.37 |
| 6/30/2018 | $ 1,178,804.38 | S 58,940.22 | S 161.48 | 181 | S 29,227.89 |
| 12/31/2018 | $ 1,291,623.03 | S 64,581.15 | S 176.93 | 184 | S 32,555.98 |
| 6/30/2019 | $ 1,374,931.29 | S 68,746.56 | S 188.35 | 181 | S 34,090.76 |
| 12/31/2019 | $ 1,513,165.31 | S 75,658.27 | S 207.28 | 184 | S 38,140.06 |
| 6/30/2020 | $ 1,587,770.98 | S 79,388.55 | S 217.50 | 181 | S 39,368.02 |
| 12/31/2020 | $ 1,658,478.58 | S 82,923.93 | S 227.19 | 184 | S 41,802.75 |
| 6/30/2021 | $ 1,661,884.96 | S 83,094.25 | S 227.66 | 181 | S 41,205.64 |
| 12/31/2021 | $ 1,665,842.53 | S 83,292.13 | S 228.20 | 184 | S 41,988.36 |
| 6/30/2022 | $ 1,678,000.00 | S 83,900.00 | S 229.86 | 181 | S 41,605.21 |
| 7-1 to 9-15 | $ 1,678,000.00 | S 83,900.00 | S 229.86 | 77 | S 17,699.22 |
| TOTAL PREJUDGEMENT INTEREST | | | | | S 533,155.42 |

It is further ORDERED, ADJUDGED, AND DECREED that Abdullatif shall have and recover judgment from Choudhri the sum of $1,739,655.50 plus any accrued interest for Choudhri's filing of a fraudulent lien against the Properties, together with prejudgment interest at the statutory rate of five percent (5%) interest, beginning on July 15, 2013, and up to and including the day preceding the signing of a Final Judgment in this case. As of September 15, 2022, prejudgment interest is $801,198.22 with a per diem interest amount of $238.31.

It is further ORDERED, ADJUDGED, AND DECREED that ACLLC shall have and recover judgment from Choudhri the sum of $10,000.00 constituting the statutory damages as set forth by TEX. CIV. PRAC. & REM. CODE § 12.002(b)(1)(A) arising from Choudhri's filing a fraudulent lien against the ACLLC Properties, together with prejudgment interest at the statutory rate of five percent (5%) interest, beginning on July 15, 2013, and up to and including the day preceding the signing of a Final Judgment in this case. As of September 15, 2022, prejudgment interest is $4,584.94 with a per diem interest amount of $1.37.

**Exhibit 3**

It is further ORDERED, ADJUDGED, AND DECREED that Abdullatif shall have and recover judgment from Choudhri the sum of $455,359.00 in attorney's fees and costs expended in successfully prosecuting his claims for statutory fraud and filing a fraudulent lien. In addition, Abdullatif shall have and recover judgment from Choudhri in the following amounts for post-trial motion practice and appeal:

- $60,000 for representation in responding to a Motion for a New Trial;

- $100,000 for representation through Defendants' unsuccessful appeal to the Texas Court of Appeals;

- $50,000 for representation at the petition for review stage in the Supreme Court of Texas;

- $100,000 for representation at the merits briefing stage in the Supreme Court of Texas; and

- $60,000 for representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

It is further ORDERED, ADJUDGED, AND DECREED that ACLLC shall have and recover judgment from Choudhri the sum of $291,550.00 in attorney's fees and costs expended in successfully prosecuting its claims for filing a fraudulent lien. In addition, ACLLC shall have and recover judgment from Choudhri in the following amounts for post-trial motion practice and appeal:

- $60,000 for representation in responding to a Motion for a New Trial;

- $100,000 for representation through Defendants' unsuccessful appeal to the Texas Court of Appeals;

- $50,000 for representation at the petition for review stage in the Supreme Court of Texas;

- $100,000 for representation at the merits briefing stage in the Supreme Court of Texas; and

- $60,000 for representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

**Exhibit 3**

It is further ORDERED, ADJUDGED, AND DECREED that Choudhri shall take nothing on his Counterclaim for breach of promissory note claim.

It is further ORDERED, ADJUDGED, and DECREED that Abdullatif is entitled to immediate receipt of all of the funds in the registry of the Court, including but not limited to any accrued interest on said funds representing the proceeds from the sale of seven (7) of the Properties and the Harris County District Clerk is hereby ORDERED to pay all of the money in the registry of the Court plus any accrued interest to Abdullatif within three (3) days from the entry of this Final Judgment notwithstanding any filed or anticipated appeals;

It is further ORDERED, ADJUDGED, and DECREED that as a result of the jury verdict and this Judgment the procedures and restrictions for sale of the Properties as set forth in the January 6, 2020 Order, is no longer necessary and therefore the January 6, 2020 Order is no longer enforceable and is hereby rescinded. Abdullatif may sell the remaining two (2) of the Properties in the normal course of business without any restriction imposed by the January 6, 2020 Order.

It is further ORDERED, ADJUDGED, and DECREED that any and all liens, encumbrances, or claims against the real property and improvements identified in that certain Lien Affidavit, are hereby invalidated, nullified, unenforceable and declared void *ab initio*.

It is further, ORDERED, ADJUDGED AND DECREED that any claim to title, lien or encumbrance against the Properties by Choudhri or HREP is of no force and effect; and title to the Properties is quieted in favor of Abdullatif against any claim of Choudhri or HREP.

It is further ORDERED, ADJUDGED, and DECREED that any claim to title, lien or encumbrance against the ACLLC Property by Choudhri or HREP is of no force and effect; and title to the ACLLC property is quieted in favor of ACLLC against any claim of Choudhri or HREP.

**Exhibit 3**

It is further ORDERED, ADJUDGED, and DECREED that, upon the signing of this Final Judgment, Choudhri shall immediately prepare and file a full and complete release of the Lien Affidavit in the real property records of Harris County, Texas for the purpose of removing any and all liens, encumbrances, or claims against the Properties and the ACLLC Property and, for every day Choudhri fails to file such release or releases, ~~he shall be fined in an amount of no less than $5,000 dollars a day beginning the day following the signing of this Final Judgment.~~

It is further ORDERED, ADJUDGED, AND DECREED that Abdullatif and ACLLC shall have and recover judgment in the form of post-judgment interest at the maximum rate permitted under the law from Choudhri and HREP.

This is a final, appealable judgment.

SIGNED September __, 2022.

Signed:
11/21/2022
1:48 PM

_____
The Honorable Judge Dawn Rogers
334th Judicial District Court of Harris County

**AGREED AS TO FORM:**

Amended on 12/30/22

Judge Presiding

**McCATHERN HOUSTON**

By: */s/ Rodney Drinnon*
**Rodney L. Drinnon**
Texas Bar No. 24047841
rdrinnon@mccathernlaw.com
2000 West Loop S., Suite 1850
Houston, Texas 77027
Tel. (832) 533-8689
Fax (832) 213-4842

**ATTORNEY FOR PLAINTIFF
ABDULLATIF & COMPANY, LLC**

**Exhibit 3**

5/11/2020 11:34 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42874093
By: KATINA WILLIAMS
Filed: 5/11/2020 11:34 AM

CAUSE NO. 2017-10832

| | | |
|---|---|---|
| JETALL COMPANIES, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | |
| | § | 152ND JUDICIAL DISTRICT |
| RICHARD HEIL, TODD OAKUM, and | § | |
| RENEE DAVY f/k/a RENEE DAVY f/k/a | § | |
| RENEE OAKUM | § | HARRIS COUNTY, TEXAS |

# FINAL JUDGMENT

On March 9, 2020, this case was called for trial. Plaintiff, Jetall Companies, Inc., ("Plaintiff" or "Jetall") appeared with its representative and through its attorneys and announced ready for trial. Defendants Richard Heil and Renee Davy f/k/a Renee Oakum appeared in person and through their attorneys announced ready for trial. Defendant Julio Fernandez appeared through his attorneys and announced ready for trial. Defendant Todd Oakum did not appear. Defendant Alan Daughtry was nonsuited on August 1, 2019.

The Parties stipulated prior to jury selection that the issue of attorneys' fees, including the reasonableness of same, would be submitted to this Court to decide after the conclusion of the trial. After a jury was impaneled and sworn, it heard the evidence and arguments of counsel. On March 17, 2020, Plaintiff announced that it was non-suiting its aiding and abetting claims against all Defendants.

On March 18, 2020, the Court charged the jury and the jury returned its verdict in favor of all Defendants, finding that:

Unofficial Copy Office of Marilyn Burgess District Clerk

-2-

- Todd Oakum did not agree to assign his interest in Declaration Title Company, LLC to Jetall in the Memorandum of Understanding dated June 24, 2016;

- Renee Davy did not agree to assign her interest in Declaration Title Company, LLC to Jetall in the Memorandum of Understanding dated June 24, 2016;

- Renee Davy and Jetall did not agree to the June 29, 2016 proposal; and

- Renee Davy did not commit fraud against Jetall.

A true and correct copy of the Charge of the Court and Verdict Certificate is attached hereto as *Exhibit A* and incorporated by reference.

Pursuant to the jury's findings, it is hereby ORDERED, ADJUDGED AND DECREED that

1. Jetall take and recover nothing, on all its claims, against all Defendants, Todd Oakum, Renee Davy, Richard Heil and Julio Fernandez;

2. Jetall owns no interest in Declaration Title Company, LLC, whatsoever;

3. Defendants Richard Heil and Julio Fernandez, collectively, are and have been the true and lawful owners of 100% of Declaration Title Company, LLC since August 2, 2016;

4. Pursuant to the Uniform Declaratory Judgment Act (TEX. CIV. PRAC. & REM. CODE, 37.001, *et seq.*), Defendant **Richard Heil** shall hereby recover from and against Jetall his reasonable and necessary attorneys' fees incurred in the prosecution and defense of this matter in the following amounts:

   A. In the trial court: $__157,324.68__; and

   B. If an appeal by Jetall is unsuccessful, then **Richard Heil** shall recover these sums from and against Jetall:

      1) **$22,500.00** for an appellee's brief to the Court of Appeals,

      2) **$7,500.00** if oral argument is conducted at the Court of Appeals,

      3) **$9,000.00** for a response to each motion for hearing at the Court of Appeals,

-2-

Unofficial Copy Office on Marilyn Burgess District Clerk

HREP/Jetall, et al.     9          **Exhibit 4**

4) **$9,000.00** for a response to a petition for review to the Supreme Court of Texas,

5) **$12,000.00** for a response brief on the merits to the Supreme Court of Texas,

6) **$6,000.00** for oral argument conducted before the Supreme Court of Texas, and

7) **$9,000.00** for each response to motion for rehearing to the Supreme Court of Texas, whether at the petition stage or a rehearing of a cause;

5. Pursuant to the Uniform Declaratory Judgment Act (TEX. CIV. PRAC. & REM. CODE, 37.001, *et seq.*), Defendant **Renee Davy** shall hereby recover from and against Jetall her reasonable and necessary attorneys' fees incurred in the prosecution and defense of this matter in the following amounts:

A. In the trial court: **$**___186,705.21___; and

B. If an appeal by Jetall is unsuccessful, then **Renee Davy** shall recover these sums from and against Jetall:

1) **$22,800.00** for an appellee's brief to the Court of Appeals,

2) **$7,600.00** if oral argument is conducted at the Court of Appeals,

3) **$11,400.00** for a response to each motion for hearing at the Court of Appeals,

4) **$11,400.00** for a response to a petition for review to the Supreme Court of Texas,

5) **$15,200.00** for a response brief on the merits to the Supreme Court of Texas,

6) **$7,600.00** for oral argument conducted before the Supreme Court of Texas, and

7) **$11,400.00** for each response to motion for rehearing to the Supreme Court of Texas, whether at the petition stage or a rehearing of a cause;

6. Defendants Richard Heil, Julio Fernandez, and Renee Davy shall hereby recover from and against Jetall their costs of court.

-3-

**HREP/Jetall, et al.    10    <u>Exhibit 4</u>**

Unofficial Copy Office of Marilyn Burgess District Clerk

7. Defendants, Richard Heil and Renee Davy, are entitled to and shall recover from and against Jetall post-judgment interest in the amount of five percent (5%) per year, as required by the Texas Finance Code (TEX. FIN. CODE § 304.003). Such post-judgment interest shall begin to accrue on the date this Judgment is signed and rendered by the Court;

8. Defendants shall have all appropriate and necessary writs, executions and process, as many and as often as are necessary, for enforcement and collection of this order; and

9. Defendants shall recover from Plaintiff, Jetall Companies, Inc., any and all reasonable and necessary attorneys' fees incurred in connection with the enforcement and collection of this judgment.

All other relief that is not expressly granted herein is denied. This Judgment is final and disposes of all claims and all parties.

SIGNED this the _____ day of _____, 2020.

Signed:
6/23/2020 _____
JUDGE PRESIDING

**JOHANSON & FAIRLESS, L.L.P.**

BY: _____
Mike Johanson, #10670400
Jocelyn A. Holland, #24059965
1456 First Colony Blvd.
Sugar Land, TX 77479
281-340-5000 Phone

*Attorneys for Defendant Richard Heil*

**HOOVER SLOVACEK, LLP**

BY: _____
Paul Pilibosian, #20728300
Michael Ballases, #24036179
5051 Westheimer Ste 1200
Houston, TX 77056
713-977-8686 Phone

*Attorneys for Defendant Renee Davy*

-4-

HREP/Jetall, et al.     11        **Exhibit 4**



# JUDGMENT

# Court of Appeals

# First District of Texas

NO. 01-20-00615-CV

JETALL COMPANIES, INC., Appellant

V.

RICHARD HEIL, TODD OAKUM, AND RENEE DAVY F/K/A RENEE DAVY F/K/A
RENEE OAKUM, Appellees

Appeal from the 152nd District Court of Harris County.  (Tr. Ct. No. 2017-10832).

This case is an appeal from the final judgment signed by the trial court on June 23, 2020.  After submitting the case on the appellate record and the arguments properly raised by the parties, the Court holds that the trial court's judgment contains no reversible error. Accordingly, the Court **affirms** the trial court's judgment.

The Court orders that the appellant, Jetall Companies, Inc., pay all appellate costs.

The Court **orders** that this decision be certified below for observance.

Judgment rendered August 16, 2022.

Panel consists of Justices Landau, Guerra, and Farris. Opinion delivered by Justice Guerra.

**HREP/Jetall, et al.    12         Exhibit 4**

Filed 20 November 02 P2:02
Marilyn Burgess - District Clerk
Harris County

CAUSE NO. 2020-38738

Pgs-3

ATFEX 7

| | | |
|---|---|---|
| JETALL COMPANIES INC, | § | IN THE DISTRICT COURT OF |
| *Plaintiff(s)* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HOOVER SLOVACEK LLP, | § | 164th JUDICIAL DISTRICT |
| *Defendant(s)* | § | |

## **FINAL JUDGMENT**

On October 30, 2020 a hearing was held to consider *Defendant Hoover Slovacek, LLP's Motion for Relief Pursuant to Section 27.09(A) of the Texas Citizen Participation Act and Motion for Summary Judgment as to Plaintiff's Sole Remaining Claim,* filed October 9, 2020. All parties appeared and a record was made. In consideration of the said motion, Plaintiff's response, the Court's prior Order, the Court's file, argument of counsel and relevant authority, the Court finds:

In its Order signed September 17, 2020, the Court dismissed, with prejudice, Jetall Companies, Inc.'s, causes of action for breach of contract and breach of fiduciary duty under authority of Section 27.007 of the Texas Citizen Participation Act;

Hoover Slovacek LLP has, in past actions, represented parties adverse to Jetall Companies, Inc., in multiple legal matters;

Jetall Companies, Inc. previously sued a Hoover Slovacek LLP partner and attorney related                                                                                       to similar or the same subject matter as this lawsuit;

Jetall Companies, Inc.'s previous lawsuit was dismissed by a different court pursuant to the Act and Jetall Companies, Inc. was sanctioned in that matter;

Jetall has sued opposing attorneys, who represent parties adverse to Jetall, on multiple occasions in the past;

Jetall has been sanctioned multiple times in past litigation for engaging in improper and repugnant actions, in courts of law;

Jetall brought this lawsuit for an improper purpose, which was to harass and increase the cost of litigation and to cause opposing counsel to personally incur unnecessary expenses so as to dissuade its opposing counsel from representing parties adverse to Jetall; and,

1

sanctions are justified in the present matter pursuant to Section 27.005(b) and Section 27.009(a) of the Texas Citizens Participation Act.

It is therefore:

Ordered that, pursuant to Section 27.009(a)(l) of the Texas Citizens Participation Act, Hoover Slovacek, LLP shall have and recover from Plaintiff, Jetall Companies, Inc., the amount of $35,891 .00 as reasonable attorneys' fees and court costs. It is further,

Ordered that pursuant to Section 27.009(a)(2) of the Texas Citizens Participation Act, Hoover Slovacek LLP is awarded as a sanction against Jetall Companies, Inc., the sum of $90,000.00, which the Court finds is sufficient to likely deter Jetall Companies, Inc., from bringing similar actions that violate the Texas Citizens Participation Act. It is further,

Ordered that Jetall Companies, Inc., shall pay all sums listed above, to Hoover Slovacek LLP, within ten (10) days of the signing of this order and that execution shall issue for all other amounts and all relief awarded herein, consistent with Texas law. It is further,

Ordered that, in the event an appeal of this judgment in favor of Hoover Slovacek, LLP is taken to the Court of Appeals and this judgment is affirmed (and in that event only), Hoover Slovacek, LLP shall recover the additional sum of $36,000.00 from Jetall Companies, Inc., as reasonable attorney fees on appeal. It is further

Ordered that, in the event this judgment in favor of Hoover Slovacek, LLP is affirmed by the Court of Appeals and is subsequently the subject of a petition for review in the Texas Supreme Court and such petition is denied or dismissed, Hoover Slovacek, LLP shall recover the additional sum of $15,000.00 from Jetall Companies, Inc., as reasonable attorney fees incurred in defending against the petition for review filed in the Supreme Court. It is further

Ordered that, in the event this judgment in favor of Hoover Slovacek, LLP is affirmed by the Court of Appeals the Texas Supreme Court calls for briefing on the merits, Hoover Slovacek, LLP shall recover the additional sum of $25,000.00 from Jetall Companies, Inc., as reasonable attorney fees incurred before the Supreme Court. It is further

2

Ordered that, in the event this judgment in favor of Hoover Slovacek, LLP is affirmed by the Court of Appeals and is affirmed following the grant of a petition for review in the Texas Supreme Court, Hoover Slovacek, LLP shall recover the additional sum of $10,000.00 from Jetall Companies, Inc., as reasonable attorney fees incurred in the completion of representation before the Supreme Court. It is further

Ordered that, Hoover Slovacek LLP's Motion for Summary Judgment as to Jetall Companies, Inc.'s, sole remaining cause of action for fraud is hereby granted and said fraud claim is dismissed with prejudice. It is further

Ordered that interest shall accrue on the amounts awarded in this judgment at the rate of five per cent (5%) per annum per Tex. Fin. Code §304.003 (c). Such post-judgment interest shall accrue on the amount awarded from the date of judgment until paid. It is further

Ordered that costs of court are taxed against Jetall Companies, Inc.

All claims and causes of action not expressly disposed of herein are dismissed. This judgment disposes of all claims and all parties, and it is final and appealable.

Signed October 31, 2020

_____

Hon. MICHAEL LANDRUM
Judge, 164th District Court

Unofficial Copy Office of Marilyn Burgess District Clerk

3

**HREP/Jetall, et al.    3          Exhibit 5**

March 29, 2022



# JUDGMENT

# The Fourteenth Court of Appeals

JETALL COMPANIES, INC., Appellant

NO. 14-20-00691-CV                          V.

HOOVER SLOVACEK LLP, Appellee

_____

     This cause, an appeal from the judgment in favor of appellee, Hoover Slovacek LLP, signed October 31, 2020, was heard on the appellate record. We have inspected the record and find no error in the judgment. We order the judgment of the court below **AFFIRMED**.

     We order appellant, Jetall Companies, Inc., to pay all costs incurred in this appeal.

     We further order this decision certified below for observance.

Judgment Rendered March 29, 2022.

Panel Consists of Justices Jewell, Bourliot, and Poissant. Memorandum Opinion delivered by Justice Jewell.

**HREP/Jetall, et al.**    **4**       **Exhibit 5**



# THE SUPREME COURT OF TEXAS

Orders Pronounced September 23, 2022

**ORDERS ON CAUSES**

21-0652   THREE ACES TOWING, INC. D/B/A THREE ACES STORAGE v. CASSIE LANDRUM, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JEFFREY LANDRUM; from Chambers County; 14th Court of Appeals District (14-19-00409-CV, 628 SW3d 346, 06-24-21)

Pursuant to Texas Rule of Appellate Procedure 59.1, after granting the petition for review and without hearing oral argument, the Court reverses the court of appeals' judgment and renders judgment.

Per Curiam Opinion

22-0078   IN RE MARIAM AYAD; from Collin County; 5th Court of Appeals District (05-21-00216-CV, ___ SW3d ___, 01-05-22)

stay order issued February 22, 2022, lifted

Pursuant to Texas Rule of Appellate Procedure 52.8(c), without hearing oral argument, the Court conditionally grants the petition for writ of mandamus.

Per Curiam Opinion

**ORDERS ON PETITIONS FOR REVIEW**

**THE FOLLOWING PETITIONS FOR REVIEW ARE DENIED:**

21-0497   DIAMONDBACK E & P LLC AND MAGNOLIA, LLC v. RIDGEFIELD PERMIAN, LLC AND ALBERT JEFFRYES GRIFFITHS, AS TRUSTEE OF THE ALBERT JEFFRYES GRIFFITHS TRUST; from Reeves County; 8th Court of Appeals District (08-19-00156-CV, 626 SW3d 357, 05-05-21)
2 petitions

22-0364   JOE ERVIN LOCKRIDGE v. STEPHANIE MARTIN; from Dallas County; 5th Court of Appeals District (05-21-00717-CV, ___ SW3d ___, 04-05-22)

22-0539   WEST LOOP HOSPITALITY, LLC, JETALL COMPANIES, INC., AND ALI CHOUDHRI v. HOUSTON GALLERIA LODGING ASSOCIATES, LLC, RAYMOND MANAGEMENT CO., INC., THE ESTATE OF C.J. RAYMOND, AND BARRY PERKEL; from Harris County; 1st Court of Appeals District (01-19-00885-CV, 649 SW3d 461, 03-03-22)
(Justice Young not participating)

22-0553   JETALL COMPANIES, INC. v. HOOVER SLOVACEK LLP; from Harris County; 14th Court of Appeals District (14-20-00691-CV, ___ SW3d ___, 03-29-22)
(Justice Young not participating)

22-0766   C. G. v. TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; from Travis County; 3rd Court of Appeals District (03-22-00098-CV, ___ SW3d ___, 07-22-22)
counsel's motion to withdraw granted

**MISCELLANEOUS**

THE FOLLOWING PETITION FOR WRIT OF MANDAMUS IS DENIED:

22-0700   IN RE BRENDA L. CADDELL; from Dallas County; 5th Court of Appeals
District (05-22-00435-CV, 649 SW3d 857, 07-05-22)

THE FOLLOWING PETITION FOR WRIT OF PROHIBITION IS DENIED:

22-0695   IN RE RJR VAPOR CO., LLC; from Travis County; 3rd Court of Appeals
District (03-22-00361-CV, ___ SW3d ___, 06-30-22)

**HREP/Jetall, et al.    7                    Exhibit 5**

## UNSWORN DECLARATION OF CHRISTOPHER WYATT

THE STATE OF TEXAS         §
COUNTY OF HARRIS        §

Christopher Wyatt makes this unsworn declaration pursuant to CPRC 132.001 and states as follows:

1. "My name is Christopher Wyatt. My date of birth is November 30, 1961. My address is 406 Spring Lakes Haven, Spring, Texas 77373. I have personal knowledge of all the facts stated in this declaration. I am in all respects qualified to make this declaration. Further, the contents of this declaration are true and correct. I declare under penalty of perjury that the following is true and correct.

2. I began working for or with Jetall Companies, Inc. ("Jetall") through my employment with Oasis Outsourcing VI, Inc., on or about July of 2019. Jetall is owned and controlled by Ali Choudhri ("Choudhri"). At some point thereafter, I became the Chief Operating Officer of Jetall. Choudhri occasionally asked me to perform favors for him outside my scope of work, personally, or for other companies owned and or controlled by Choudhri. I ceased working for or with Jetall and Choudhri in any capacity in late 2020.

3. I became familiar with the workings of Jetall and Choudhri. I personally witnessed Choudhri frequently transfer money between various entities he owns or operates or controls in disregard of their corporate formalities or without consideration between the entities, and how he used company assets to pay for his and other's personal expenses, as well as transactions that took place regarding the various Naissance business entities and the 2425 West Loop South property (the "Property").

4. I believe that the document titled "Assignment of Naissance Galleria, LLC and Naissance Capital Real Estate LTD", attached hereto as Exhibit A, is a falsified document. My belief is based upon the following reasons:

i. I was familiar with transactions that that took place regarding various the Naissance business entities and the Property due to my direct interactions with Choudhri and Azeemeh Zaheer. While it may have been Choudhri's desire to take over management and control of the Naissance entities, Azeemeh Zaheer never agreed to make Choudhri the managing member of any Naissance entity.

ii. Choudhri has a reputation for and is known to falsify, alter, and manipulate documents. I am personally aware of at least one occasion where Choudhri sought to falsify, alter, or manipulate documents. Choudhri also has a reputation for being dishonest and untruthful.

iii.    It was Choudhri's pattern and practice to have all signatories initial those documents he intended to preserve as true and accurate, unmodified documents in one of the bottom corners. Exhibit A contains no such initials.

iv.    Due to my familiarity with the transactions involving the Property and Azeemeh Zaheer, I became familiar with her signature. The signatures on Exhibit A do not appear to be Azeemeh Zaheer's signature."

_____
Christopher Wyatt

Executed in Harris County, Texas, on August 25th, 2022.

ASSIGNMENT OF NAISSANCE GALLERIA, LLC
AND NAISSANCE CAPITAL REAL ESTATE LTD

By means of this ASSIGNMENT, Naissance Capital Real Estate, Ltd., as Managing Member of Naissance Galleria, LLC, hereby irrevocably assigns the authority herein described to Ali Choudhri on the following terms and conditions:

1.     All of the powers, rights, privileges, duties, and discretion vested in the Managing Member in the Amended and Restated Limited Liability Company Agreement of Naissance Galleria, LLC and Naissance Capital Real Estate Ltd. (a copy of which is attached hereto as **Exhibit A**).

2.     The effective date of this assignment is July ____, 2020. The assignment shall be irrevocable.

3.     The assignment in this document shall not be sub-delegated.

4.     For clarity purposes, this assignment relates to properties within the United States and does not include any properties or assets in the United Kingdom.


Naissance Capital Real Estate, Ltd.
Azeemeh Zaheer
Authorized Signatory

Date: _July 3 2020_


Naissance Galleria, LLC
Azeemeh Zaheer
Authorized Signatory

Date: _July 3 2020_


**Exhibit A to Christopher Wyatt Declaration**

**HREP/Jetall, et al.      21            Exhibit 6**

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

**Galleria Loop Note Holder LLC**
1001 West Loop S, Suite 700
Houston, TX 77027

Bank of Houston
4400 Post Oak Parkway,
Suite 250, 77027

10010357

**** TWO HUNDRED FOUR THOUSAND ONE HUNDRED SIXTY EIGHT AND 00/100 DOLLARS

TO THE
ORDER OF

UNITED STATES TREASURY    07/10/2020    $204,168.00*

United States Treasury
P.O. Box  1214
Charlotte, NC    28201

FOR OFFER #100631442
SHAHNAZ CHOUDRI    SSN 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



SECURITY FEATURES INCLUDED. DETAILS ON BACK.

Authorized Signature

⑈10010357 ⑆111903591⑆ 403147    ⑈00204 16800⑈

DATE:07/10/2020   CK#:10010357   TOTAL:$204,168.00*   BANK:Galleria Loop Note Holder LLC(100)



0059177000?
083120

091000022  08312020
E 3816 10 600 PKT 01
577495961

CHOUB9217244160050670314201790178
200712 07142020

1539...
US BANK...CA
20-09...
D/R IRSC
CREDIT TO
...

**HREP/Jetall, et al.     57          Exhibit 7**

2021

PLEASE CUT AT THE DOTTED LINE AND RETURN THIS PORTION WITH YOUR PAYMENT.

**PAYMENT COUPON**

* 1 3 1 6 1 2 0 2 6 0 0 0 2 *

**2727 KIRBY 26L LLC**
**2727 KIRBY DR # 26L**
HOUSTON TX 77098-1171

| Account Number |
| --- |
| 131-612-026-0002 |
| Amount Enclosed |
| $_____ . ___ |

Make check payable to:

IF YOU ARE 65 YEARS OF AGE OR OLDER OR
ARE DISABLED AND THE PROPERTY
DESCRIBED IN THIS DOCUMENT IS YOUR
RESIDENCE HOMESTEAD, YOU SHOULD
CONTACT THE APPRAISAL DISTRICT
REGARDING ANY ENTITLEMENT YOU MAY
HAVE TO A POSTPONEMENT IN THE
PAYMENT OF THESE TAXES

**ANN HARRIS BENNETT**
**TAX ASSESSOR-COLLECTOR**
P.O. BOX 4622
HOUSTON, TEXAS 77210-4622

Web Statement - Date Printed: 12-17-2021

02/10/22 Recvd  2/8/2022
02/09/22 Recvd  2/8/2022

13161202600024 2021 006253591 006691344 006816415 006941487

---

THIS DOCUMENT HAS A GRADUATED BACKGROUND, DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

**Jetall Companies Inc**                                    Bank of Houston          2445
1001 West Loop S, Suite 700                                 4400 Post Oak
Houston, TX 77027                                           Suite 200
                                                            Houston TX 77027

**** SIXTY TWO THOUSAND FIVE HUNDRED THIRTY FIVE AND 91/100 DOLLARS

TO THE
ORDER OF                                         01/31/22              $62,535.91**

**Ann Harris Bennett**
Harris County Tax Assessor-Collector
22 Recvd  2/6/2022
02/09/22 Recvd . 2/8/2022
Houston, TX  77210-4622                          Authorized Signature

⑆002445⑆ ⑈111903591⑈ 403774⑆

DATE.01/31/22  CK# 2445  TOTAL $62,535 91**  BANK Jetall Bank of Houston(jetc-boh)

**2021**

PLEASE CUT AT THE DOTTED LINE AND RETURN THIS PORTION WITH YOUR PAYMENT.

PAYMENT COUPON

| Account Number |
|---|
| 045-175-003-0015 |
| Amount Enclosed |

**9201 MEMORIAL DR LLC**
**9201 MEMORIAL DR**
HOUSTON TX 77024-5816

$ _____._____

Web Statement - Date Printed: 12-17-2021

Make check payable to:

IF YOU ARE 65 YEARS OF AGE OR OLDER OR
ARE DISABLED AND THE PROPERTY
DESCRIBED IN THIS DOCUMENT IS YOUR
RESIDENCE HOMESTEAD, YOU SHOULD
CONTACT THE APPRAISAL DISTRICT
REGARDING ANY ENTITLEMENT YOU MAY
HAVE TO A POSTPONEMENT IN THE
PAYMENT OF THESE TAXES

**ANN HARRIS BENNETT**
**TAX ASSESSOR-COLLECTOR**
P.O. BOX 4622
HOUSTON, TEXAS 77210-4622

02/09/22 Recvd 2/8/2022

04517500300156 2021 002097421 002244240 002286189 002328138

---

THIS DOCUMENT HAS A GRADUATED BACKGROUND, DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

**Jetall Companies Inc**
1001 West Loop S, Suite 700
Houston, TX 77027

Bank of Houston
4400 Post Oak
Suite 200
Houston TX 77027

2444

**** TWENTY THOUSAND NINE HUNDRED SEVENTY FOUR AND 21/100 DOLLARS

TO THE
ORDER OF

01/31/22          $20,974.21**

**Ann Harris Bennett**
**Harris County Tax Assessor-Collector**
#622 Recvd 2/8/2022
Houston, TX  77210-4622

Authorized Signature

00 2444   :          :          0

DATE.01/31/22  CK#.2444  TOTAL $20,974 21**  BANK.Jetall Bank of Houston(jeto-boh)

2021

PLEASE CUT AT THE DOTTED LINE AND RETURN THIS PORTION WITH YOUR PAYMENT.

PAYMENT COUPON

**AHMED ANOSH**
**4521 SAN FELIPE UNIT 3201**
**HOUSTON TX 77027-3388**

| Account Number |
|---|
| 140-440-023-0001 |
| Amount Enclosed |

$_____._____

Web Statement - Date Printed: 12-17-2021

Make check payable to:

IF YOU ARE 65 YEARS OF AGE OR OLDER OR ARE DISABLED AND THE PROPERTY DESCRIBED IN THIS DOCUMENT IS YOUR RESIDENCE HOMESTEAD, YOU SHOULD CONTACT THE APPRAISAL DISTRICT REGARDING ANY ENTITLEMENT YOU MAY HAVE TO A POSTPONEMENT IN THE PAYMENT OF THESE TAXES

**ANN HARRIS BENNETT**
**TAX ASSESSOR-COLLECTOR**
P.O. BOX 4622
HOUSTON, TEXAS 77210-4622

02/10/22 Recvd 2/8/2022
02/09/22 Recvd 2/8/2022
14044002300012 2021 005694338 006092942 006206830 006320716

THIS DOCUMENT HAS A GRADUATED BACKGROUND, DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

**Jetall Companies Inc**
1001 West Loop S, Suite 700
Houston, TX 77027

Bank of Houston
4400 Post Oak
Suite 200
Houston TX 77027

2446

**** FIFTY SIX THOUSAND NINE HUNDRED FORTY THREE AND 38/100 DOLLARS

TO THE
ORDER OF

01/31/22          $56,943.38**

**Ann Harris Bennett**
**Harris County Tax Assessor-Collector**
02/10/22 Recvd 2/8/2022
02/09/22 Recvd 2/8/2022
Houston, TX 77210-4622

Authorized Signature

⑈002446⑈ ⑆          ⑈:          ⑈

DATE 01/31/22 CK# 2446 TOTAL $56,943 38** BANK Jetall Bank of Houston(jsto-boh)

**2021**





Detach at the perforation and return this coupon with your payment. Keep top part for your records.
* See reverse side for additional information *

ARivera-HCTOACCT33505

**Account Number**

**140-440-023-0001**

**Amount Enclosed**

**$5.382.23**

10

**PAYMENT COUPON**

**ARABELLA PH 3201 LLC**
PO BOX 10219
JACKSON, WY 83002-0219

Make check payable to:

Print Date - November 4, 2022

Statement Date - November 4, 2022

**Ann Harris Bennett**
**Tax Assessor-Collector**
P. O. Box 4622
Houston, Texas 77210-4622

14044002300012 2021 000538223 000000000 000000000 000000000

CSI REV 9/15

5708-TAX STMT

---

THIS DOCUMENT HAS A GRADUATED BACKGROUND. DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

10874

**Galleria Loop Note Holder -**
**1001 West Loop South**
**Suite 700**
**Houston, TX 77027**

Bank of Houston
4400 Post Oak Parkway
Houston, TX 77027

**Date:** 10/26/2022

Pay to the
order of: **ANN HARRIS BENNETT**

This amount **FIVE THOUSAND, THREE HUNDRED EIGHTY-TWO AND 23/100 DOLLARS**

**$5,382.23**

**Ann Harris Bennett**
**Harris County Tax Assessor-Collector**
P.O. Box 4576
Houston, TX 77210 CS01

MEMO

⑈108740⑈ ⑆⬛⬛⬛⬛⬛⑆ ⬛⬛⬛⬛ ⑈

HREP/Jetall, et al.    60    **Exhibit 12**

DRAFT-1

EXHIBIT
1

\*\*\* UNCERTIFIED ROUGH DRAFT \*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNEDITED ROUGH DRAFT OF TESTIMONY OF ALI CHOUDHRI

VOLUME 4

TAKEN ON 08/15/2022

\* \* \* \* \* \* \* \* \* \* \*

NOTICE:  PLEASE DO NOT PREPARE VIDEO CUTS OR TRIAL CITES FROM THIS DRAFT RECORD.  IF YOU NEED AN EXPEDITED FINAL CERTIFIED TRANSCRIPT FOR HEARING OR TRIAL PURPOSES, PLEASE NOTIFY ME IMMEDIATELY VIA E-MAIL TO Susan_Scott@justex.net and PLEASE CC Susan@StenoPro.com

\* \* \* \* \* \* \* \* \* \* \* \*

This UNEDITED DRAFT TRANSCRIPT was produced in realtime instant form and IS NOT CERTIFIED.  This record cannot be used in any way to rebut or contradict a final certified transcript.  Bench conferences, offers of proof, and other proceedings held outside the presence of a jury may not be contained in this DRAFT TRANSCRIPT.

There will be some discrepancies, especially differing page and line numbers, between this record and the final certified transcript.  This record may also contain blank spaces, extra or missing punctuation, edit and check marks, words spelled out phonetically and/or in all-caps, misspelled proper names, or nonsensical English word combinations.  Edit and check marks (*e.g.*,

Sue Perry Scott, CSR, RDR, CRR
Official Court Reporter

334th District Court
Harris County, Texas

HREP/Jetall, et al.    22    Exhibit 13

**DRAFT-1**

*** UNCERTIFIED ROUGH DRAFT ***

*********************************************

UNEDITED ROUGH DRAFT OF TESTIMONY OF ALI CHOUDHRI

VOLUME 2, CONTINUED DIRECT BY MR. GOLDSTEIN and

DIRECT BY MR. DRINNON

TAKEN ON 08/10/2022

***********

NOTICE:  PLEASE DO NOT PREPARE VIDEO CUTS OR TRIAL CITES FROM THIS DRAFT RECORD.  IF YOU NEED AN EXPEDITED FINAL CERTIFIED TRANSCRIPT FOR HEARING OR TRIAL PURPOSES, PLEASE NOTIFY ME IMMEDIATELY VIA E-MAIL TO Susan_Scott@justex.net and PLEASE CC Susan@StenoPro.com

************

This UNEDITED DRAFT TRANSCRIPT was produced in realtime instant form and IS NOT CERTIFIED.  This record cannot be used in any way to rebut or contradict a final certified transcript.  Bench conferences, offers of proof, and other proceedings held outside the presence of a jury may not be contained in this DRAFT TRANSCRIPT.

There will be some discrepancies, especially differing page and line numbers, between this record and the final certified transcript.  This record may also contain blank spaces, extra or missing punctuation, edit and check marks, words spelled out phonetically and/or in all-caps, misspelled proper names, or nonsensical

**DRAFT-2**

*** UNCERTIFIED ROUGH DRAFT ***

English word combinations.  Edit and check marks (*e.g.*, << SPLG, /chk-exhbt/) are deliberate entries made to facilitate the transcription process and will not be present in the final certified transcript.

THIS IS AN UNEDITED DRAFT, and mistakes are unavoidable and inherent due to the complexity of the English language and the vast diversity of human speakers and speech patterns.  Realtime stenography, provided ONLY by highly trained individuals, has always been and still remains the most accurate and reliable method for taking a contemporaneous record.  Any errors in this DRAFT TRANSCRIPT will be corrected on the final certified transcript.  Thank you.

Sue Perry Scott, Texas CSR No. 4083, RDR, CRR, Official Court Reporter for the Honorable Dawn Rogers, Judge Presiding in the 334th Civil District Court of Harris County, Texas.

PLEASE NOTE:  This draft transcript DOES NOT contain any conference(s) held at the bench.

*****************************************

(Beginning of excerpt, 9:23 a.m.)

(The jury is present.)

THE COURT:  Good morning, members of the

**DRAFT-3**

*** UNCERTIFIED ROUGH DRAFT ***

jury.

JURORS:  Good morning.

THE COURT:  So we're going to pick up where we left off yesterday.  Mr. Goldstein was asking Mr. Choudhri some questions and, Mr. Choudhri, I want to remind you you're still under oath, sir.

THE WITNESS:  Yes, ma'am.

THE COURT:  You may get started, Mr. Goldstein.

MR. GOLDSTEIN:  Thank you, Your Honor. May it please the Court, counsel, members of the jury.

CONTINUED DIRECT EXAMINATION

BY MR. GOLDSTEIN:

Q.  Mr. Choudhri, let me ask you to turn to the book in front of you, book 1, and ask you to review Plaintiff's Exhibit 1 -- excuse me, Plaintiff's Exhibit 42.  42.

Are you ready with Plaintiff's Exhibit 42, sir?

A.  Yes.

Q.  Okay.  And Plaintiff's Exhibit 42 is a special warranty deed signed by you, correct?

A.  Yes.

Q.  And it's the deed in which Houston Real Estate

**DRAFT-4**

*** UNCERTIFIED ROUGH DRAFT ***

Properties LLC conveyed the HREP properties to Mr. Abdullatif on February 10th, 2010, correct?

A.  Yes.

MR. GOLDSTEIN:  Your Honor, we would ask that Plaintiff's Exhibit 42 be admitted.

THE COURT:  Any objection?

MR. PIGG:  No objection, Judge.

THE COURT:  Plaintiff's Exhibit 42 is admitted.

Q.  And then would you turn the next tab over to Plaintiff's Exhibit 43, please.  Now, Plaintiff's Exhibit 43 is a document entitled special warranty deed with vendor's lien from Jetall Investment & Realty, Inc. to Osama Abdullatif, and it is signed by you on February 10th, 2010.  Is that correct?

A.  Yes.

MR. GOLDSTEIN:  Your Honor, we would ask that Plaintiff's Exhibit 43 be admitted.

THE COURT:  Any objection?

MR. LEAVITT:  Judge, let me look at it real fast.

Your Honor, what I'm not clear of is I don't know this is a related -- I don't know the proper predicate has been laid and frankly looking at it

HREP/Jetall, et al. 23     Exhibit 13

**DRAFT-109**

*** UNCERTIFIED ROUGH DRAFT ***

jury all at one time the portion that Mr. Drinnon read and you read all of it. You don't have to have a back-and-forth with the witness.

MR. DRINNON: Okay, I'll do that.

THE COURT: And read the remainder that Mr. Leavitt has outlined. One at a time. One at a time.

MR. DRINNON: I want to make sure I get this right.

Here we go. So line 13, 156.

You say you received at closing -- did you receive a check from the title company of approximately $552,975.95?

I don't remember when I received it but it was sometime.

Question: Shortly thereafter?

Answer, yes.

Now you. 159, line 20.

Mr. Goldstein, you got $552,000, correct?

I would have to verify that, but approximately, yen.

And then you turned around and made a payment to 6565 Almeda LLC -- I can't remember the name exactly -- but an entity that Mr. Abdullatif controls,

**DRAFT-110**

*** UNCERTIFIED ROUGH DRAFT ***

of $500,000. Is that correct?

Right. Everything I did.

THE COURT: Okay. Thank you.

MR. DRINNON: Oh, I'm sorry, I didn't complete -- it's line 22 through 25. It says: So we didn't read 20 through 25. 20 through 25 -- so HREP, when I say you, of course I mean HREP got the money and your answer was, I mean, it's a pass through. It's my company. It's a passthrough through me so I got the money.

Did I read that correctly?

A. Yeah.

Q. (BY MR. DRINNON) Okay. Thank you, sir.

So at the time of the transaction, then, you got $552,000, correct? We just went through this. At the time of the transaction you got $552,000 -- $552,970, correct?

A. Correct.

Q. Okay. Now, when I say "you" got it, just like the deposition indicated, HREP got it. Right? In other words, the payment was to HREP or was the payment to you individually?

A. I believe it was to HREP.

Q. Right. So you didn't turn around and write a

**DRAFT-111**

*** UNCERTIFIED ROUGH DRAFT ***

$500,000 check, because that's HREP's money that got the 552,000, correct?

A. Well, it's an entity of mine that I'm 100% owner and it's a pass through, so --

Q. Well --

A. -- it's a single purpose entity that was called HREP, Houston Real Estate Properties.

Q. Right. So if you took $552,000 out of there, you would have to show a loss on your taxes of $552,000, HREP's taxes, and a gain on your taxes of $552,970, correct?

A. I don't understand the -- I don't handle the --

Q. I'm sorry, I can't hear you.

A. I don't understand your question, I'm sorry.

Q. Okay. I'll try to break it down for you. You've filed a few tax returns in your life, right?

A. Yes.

Q. Okay. In fact, you filed one and we're going to get into a little bit later for HREP in 2010, correct?

A. Okay.

Q. Okay what?

A. My accountants handle the returns.

**DRAFT-112**

*** UNCERTIFIED ROUGH DRAFT ***

Q. So your accountant would have signed, handled it, and sent the returns to the IRS, correct?

A. Correct. Correct.

Q. But you would have begin the authority to do that even if you didn't sign it, correct?

A. I would --

Q. You give your accountants pre-us?

A. I would let the accountants handle the documents.

Q. Will and you have accountants handle that it I think it was tax consultants, right?

A. Yes.

Q. Juan Frias?

A. Juan Frias?

Q. You don't recall Juan Frias?

A. I know who Juan Frias is.

Q. He works with Houston Tax Consultants, right? We've been through this a long time. Houston Tax Consultants, you know who that is? Really? You don't know who Houston Tax Consultants is.

A. Okay.

Q. Now you do. Juan Frias works for Houston Tax Consultants, right?

A. Again, I don't know who -- that was maybe 15

HREP/Jetall, et al. 24 Exhibit 13

```
                *** UNCERTIFIED ROUGH DRAFT ***
amount of money that I have above the debt on the

properties, the amount of equity that I have in the

properties.

        Q.     Sometimes we talk about equity in our house     11:29AM

versus what we owe the bank?

        A.     Correct.  That's exactly right.

        Q.     So you're giving me another value, equity.

        A.     Yes.

        Q.     What did you say that was?                       11:29AM

        A.     Equity would be like the amount of debt less

the value, like so if I was to -- so if I'm getting

let's say 1.5 million that's my equity in the property.

        Q.     All right.

        A.     So after the debt's paid I'm getting quiet for   11:29AM

the properties.  That's what I walk away with.

        Q.     Oh, okay.  So I may oh the bank a million but

my property is worth 2, I have a million in equity.

        A.     That is correct.

        Q.     Okay.  I got that.  All right.  So you're        11:29AM

looking to make sure you get your equity out of the

transaction?

        A.     Yes.

               MR. DRINNON:  Objection, Your Honor,

because that's leading and it asks for a yes or no         11:29AM
```

Sue Perry Scott, CSR, RDR, CRR                                 334th District Court
Official Court Reporter                                        Harris County, Texas

**HREP/Jetall, et al.    25         Exhibit 13**

*** UNCERTIFIED ROUGH DRAFT ***

answer.

THE COURT: The objection is overruled.

Q. And what did you believe to be -- at the time you're negotiating with Mr. Abdullatif, what did you believe your equity to be at least from your point of view as the owner.

A. I believe it was more than 1.5 million but we agreed it would be at least 1.5 million.

MR. DRINNON: Objection, Your Honor to the question. He said as the owner. I think HREP is the owner. Is he questioning him as a individual or clarification.

THE COURT: Stained. Stained. Your objection is stained. I need you to clarify.

Q. Look, I want you to so we can avoid this, be when I say you, if it's either HREP your you I'm talking about the same thing?

A. It's the same, yeah.

Q. Okay. You consider yourself, you mentioned this pass through concept. When I say you, do you understand I'm talking either HREP or you?

A. I do, yes.

Q. You meaning Ali Choudhri?

A. Yes, that's right.

*** UNCERTIFIED ROUGH DRAFT ***

Q.   Okay.  Going back to this, so you believe --
so at the time of this you guys are negotiating you owed
the bank how much?

A.   A million dollars.  About a million-30.

Q.   And you talked about equity.  How much equity
did you have above and beyond that?

A.   Over a million-five.

Q.   Okay.  So you're telling me you believe that
you owed -- you had more value in the properties than
what was owed to the bank?

A.   Yes.  Way more.

Q.   Okay.

A.   And that's why we wrote, for example, the
appraised the 900,000 for the seven acres.

MR. DRINNON:  Objection, this is beyond
the question.  He's going beyond the question with
regard to specifically what we object and we object to
the voluntariness of the answer or the narrative.

THE COURT:  Objection overruled.

Q.   I do want to keep it tight, okay?

A.   Sorry.  I'm sorry.

Q.   Okay.  Now, we talked about the CAD value that
you listed.  I want to focus on these other things that
you wrote.  Erick, could you bring the first one up?  It

11:30AM

11:31AM

11:31AM

11:31AM

11:31AM

Sue Perry Scott, CSR, RDR, CRR
Official Court Reporter

334th District Court
Harris County, Texas

**HREP/Jetall, et al.    27          Exhibit 13**

*** UNCERTIFIED ROUGH DRAFT ***

*********************************************

UNEDITED ROUGH DRAFT OF TESTIMONY OF ALI CHOUDHRI

VOLUME 3

TAKEN ON 08/11/2022

***********

NOTICE:  PLEASE DO NOT PREPARE VIDEO CUTS OR TRIAL CITES FROM THIS DRAFT RECORD.  IF YOU NEED AN EXPEDITED FINAL CERTIFIED TRANSCRIPT FOR HEARING OR TRIAL PURPOSES, PLEASE NOTIFY ME IMMEDIATELY VIA E-MAIL TO Susan_Scott@justex.net and PLEASE CC Susan@StenoPro.com

************

This UNEDITED DRAFT TRANSCRIPT was produced in realtime instant form and IS NOT CERTIFIED.  This record cannot be used in any way to rebut or contradict a final certified transcript.  Bench conferences, offers of proof, and other proceedings held outside the presence of a jury may not be contained in this DRAFT TRANSCRIPT.

There will be some discrepancies, especially differing page and line numbers, between this record and the final certified transcript.  This record may also contain blank spaces, extra or missing punctuation, edit and check marks, words spelled out phonetically and/or in all-caps, misspelled proper names, or nonsensical English word combinations.  Edit and check marks (*e.g.*,

*** UNCERTIFIED ROUGH DRAFT ***

100% of it it's like a pass through.

Q.   Right.

A.   Like you still get, you know, some benefits of liability protections and things of that sort but it's stuff that I rely on the experts to do that.

Q.   But you claim it's a passthrough entity, correct?

A.   I believe.  I believe -- I believe that's what I've been told.  I don't exactly understand all the accounting mechanics of it but that's generally my understanding, yes.

Q.   Okay.  Good.  So you believe it's a passthrough entity and you're sitting here today as the president of HREP, correct?

A.   Yes, so --

Q.   And you're the manager of HREP, correct?

A.   Correct, yes.

Q.   And you don't know whether or not you have a company agreement, correct?  Is strike that.  You don't know what's in your company agreement, do you?

A.   Not as I sit here because it's really 100% my entity so it's whatever.

Q.   Whatever you want it to be, right?

A.   I mean, I could appoint whoever I want to be

02:30PM
02:31PM
02:31PM
02:31PM
02:31PM

*** UNCERTIFIED ROUGH DRAFT ***

Estate Properties.  So it had the properties.

Q.    My point is, though, that Houston Real Estate Properties LLC did not pay any money to have the properties transferred in -- to have the HREP properties transferred into the LLC, correct?

A.    I don't know how to answer that.  I don't understand that, didn't pay any money.  It's my company. I'm taking properties from one individual individually and putting it into an entity for liability reasons, an LLC.  So I don't know what you mean by didn't pay any -- pay any money.  I don't understand that.  It's --

Q.    I mean the entity, the LLC, did not pay any money to any of the owners of the HREP properties when it was transferred into the LLC.  You agree with that?

A.    No.  No.  All of the value and equity went into Houston Real Estate Properties.  Those properties are still my properties that I'm transferring them into an entity and it's subject to the debt to Sterling Bank. The debt to the bank still exists on the properties. The debt doesn't go away.

Q.    So you think that if it assumed the liabilities, that's like paying money.  Is that what you're trying to say?  I'm asking you if it paid a thousand dollars, 10,000 dollars, $50,000, whatever, to

Case 22-32009   Document 176-14 Filed in TXSB on 10/02/23   Page 79 of 215

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
TRIAL COURT CAUSE NO. 2017-10832

JETALL COMPANIES, INC.      )IN THE DISTRICT COURT OF
AND DECLARATION TITLE       )
COMPANY, LLC,               )
     Plaintiffs             )
                            )
VS.                         )HARRIS COUNTY, T E X A S
                            )
ALAN B. DAUGHTRY,           )
ATTORNEY AT LAW, RICHARD    )
HEIL, TODD OAKUM AND RENEE  )
DAVY F/K/A RENEE OAKUM      )
     Defendants             )152ND JUDICIAL DISTRICT

_____

**TESTIMONY OF ALI CHOUDHRI**

_____

     On the 12th day of March, 2020, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable Robert K. Schaffer, Judge Presiding, held in Houston, Harris County, Texas.

     Proceedings reported by computerized stenotype machine.

**LETICIA TAFOLLA, DEPUTY COURT REPORTER**
**280TH DISTRICT COURT**

APPEARANCES

LLOYD E. KELLEY
SBOT NO. 11203180
The Kelley Law Firm
2726 Bissonnet St., Siute 240
Pmb 12
Houston, Texas 77005
Telephone:  281-492-7766
Counsel for Plaintiffs Jetall Companies, Inc., and
Declaration Title Company, LLC

PETE MAI
SBOT NO. 24029702
JOHN NA
SBOT NO. 24074786
Mai & Na, PLLC
6588 Corporate Drive, Suite 188
Houston, Texas 77036
Telephone:  713-505-1637
Counsel for Plaintiffs Jetall Companies, Inc., and
Declaration Title Company, LLC

JUSTICE DAVID MEDINA
Chamberlain Hrdlicka
Houston, Texas
Telephone:  210-253-8383
Counsel for Plaintiffs

MIKE JOHANSON
SBOT NO. 10670400
JOCELYN A. HOLLAND
SBOT NO. 24059965
Johanson & Fairless
1456 First Colony Boulevard
Sugar Land, Texas 77479
Telephone:  281-340-5109
Counsel for Defendant Richard Heil

PAUL A. PILIBOSIAN
SBOT NO. 24007846
T. MICHAEL BALLASES
SBOT NO. 24036179
Hoover Slovacek, LLP
5051 Westheimer Rd., Suite 1200
Houston, Texas 77056
Telephone:  713-977-8686
Counsel for Defendant Renee Davy

LETICIA TAFOLLA, DEPUTY COURT REPORTER
280TH DISTRICT COURT

Case 2:23-cv-00003   Document 17-14   Filed in TXSB on 07/28/23   Page 80 of 232

(OMISSIONS)

THE COURT:  Yes, sir.

Next witness, please.

MR. MAI:  Plaintiffs call Ali Choudhri.

THE COURT:  Do you swear or affirm that the testimony you'll give in this matter will be the truth, the whole truth and nothing but the truth?

THE WITNESS:  I do.

THE COURT:  Thank you, sir.  Have a seat, please.

Mr. Mai, you may continue.

ALI CHOUDHRI,

having been first duly sworn, testified as follows:

DIRECT EXAMINATION

Q.   (BY MR. MAI) Give us your full name.

A.   Ali Choudhri.

Q.   And where do you live, Ali?

A.   Houston.

Q.   And how long have you lived here?

A.   Since 1983.

Q.   And are you a U.S. citizen?

A.   I am.

Q.   And when did you became a U.S. citizen -- a

LETICIA TAFOLLA, DEPUTY COURT REPORTER
280TH DISTRICT COURT

Case 2:22-32000B  Document 1706-14 Filed in TXSB on 17/02/23  Page 14 of 252

help him stabilize these properties and, you know, lease them up, turn them around whether it's properties or surgery centers -- I mean, all kinds of -- petrochemical plants, whatever type of company there was, I would assist with being hands-on to turn these assets around.

Q.    Okay.  What did you learn from your dad?

A.    I had the best dad.  I learned -- I -- I learned business from him.  I learned that contracts are as good as the people you do business with.  I learned all about real estate.  He -- I -- I know about five percent of what he knew.

Q.    Okay.  And when did you form Jetall Companies, Inc.?

A.    I believe it was around 2004.  Around that time frame.

Q.    And who are the shareholders of Jetall?

A.    I am.

Q.    And what's the business of Jetall?

A.    Jetall is in the business of acquiring companies and properties and running things, running investments.  It's more of a family office basically.

Q.    All right.  I want to talk to you about Declaration Title.  Back in 2016, what was Declaration Title's connection to Jetall?

LETICIA TAFOLLA, DEPUTY COURT REPORTER
280TH DISTRICT COURT

**HREP/Jetall, et al.    37        Exhibit 14**

Case 2:22-cv-00008 Document 176-14 Filed in TXSB on 07/28/23 Page 82 of 252

engage counsel either to negotiate, settle the claim with them on the verdict which was not a judgment at that time. It never became a judgment and negotiate with them and paragraph two, at this latter part of two, the deal was that I would have -- Jetall would have complete authority to negotiate any agreements regarding the above-referenced lawsuit and claims, in its sole and absolute discretion.

So that way that -- that meant that it was, you know, one ranger. Just I was going to deal with it. They didn't have to worry about it and that was my responsibility and that's what I committed.

Q. And what was your intention regarding the limit of this lawsuit?

A. My intention was to settle -- negotiate or settle the lawsuit and if it couldn't be settled, for whatever reason, then my intention was to file or have hearings.

We had engaged counsel. The following day I met with Alan Daughtry to get a debriefing with my lawyer on -- on the situation because he tried the case.

There are claims of defamation where you can actually send a retraction letter and you can undo it and the judgment was entered.

HREP/Jetall, et al.    38        Exhibit 14

Case 2:22-cv-00098   Document 1736-14   Filed in TXSB on 07/28/23   Page 83 of 215

So the plan was to settle it, negotiate it or fight it.  Take it on.

Q.    And what happened -- what happened if -- if you lost the verdict or you lost the appeal?

A.    I would be responsible.  I would have to pay for it, whatever it cost.

Q.    And was that something that you and Todd discussed?

A.    Absolutely.

Q.    And was --

A.    Todd and Renee and myself.

Q.    Okay.  And was that something that was agreed between you and Todd?

A.    Yes, and Renee as well.

Q.    Now, paragraph 2 says:  Oakum hereby assigns up to -- to Jetall up to 100 percent of his and Renee Denese Davy Oakum's interest in Declaration Title?

A.    Yes.

Q.    Now, let's talk more about the language "hereby assigns".  What does that mean to you?

A.    It's absolute, like a deed.  It's done the minute it's signed.

Q.    Was that something that --

A.    The minute it's conveyed.

LETICIA TAFOLLA, DEPUTY COURT REPORTER
280TH DISTRICT COURT

HREP/Jetall, et al.     39     Exhibit 14

TRIAL ON THE MERITS
March 9, 2020 - March 18, 2020

REPORTER'S RECORD
VOLUME 5 OF 11 VOLUMES
TRIAL COURT CAUSE NO. 2017-10832

**APPELLATE NO. 01-20-00615-CV**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

1/25/2021 11:47:32 PM

CHRISTOPHER A. PRINE
Clerk

| | |
|---|---|
| JETALL COMPANIES, INC. | ) IN THE DISTRICT COURT |
| | ) |
| vs. | ) HARRIS COUNTY, TEXAS |
| | ) |
| RICHARD HEIL, TODD OAKUM and | ) |
| RENEE DAVY f/k/a RENEE OAKUM | ) 152ND JUDICIAL DISTRICT |

_____

**TRIAL ON THE MERITS - PRETRIAL**

_____

On March 16, 2020, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable ROBERT K. SCHAFFER, Judge Presiding, held in Houston, Harris County, Texas.

Proceedings reported by computerized stenotype machine.

Cynthia Martinez, CSR
152nd Civil District Court
(832) 927-2427
cynthiam@justex.net

TRIAL ON THE MERITS
March 9, 2020 - March 18, 2020

**A P P E A R A N C E S**

MR. PETE MAI
SBOT NO. 24029702
MR. JOHN J. NA
SBOT NO. 24074786
MAI & NA, PLLC
6588 Corporate Drive
Suite 188
Houston, Texas 77036
Telephone:  (713) 505-1637
Fax:  (713) 832-2689
E-mail: John@mnnlawfirm.com
ATTORNEY FOR PLAINTIFF


MR. MIKE JOHANSON
SBOT NO. 10670400
JOHANSON & FAIRLESS
1456 First Colony Boulevard
Sugar Land, Texas 77479
Telephone:  (281) 313-5000
Fax:  (281) 340-5100
E-mail:  Mjohanson@jandflaw.com
Counsel for DEFENDANT HEIL


MR. PAUL A. PILIBOSIAN
SBOT NO. 24007846
MR. T. MICHAEL BALLASES
SBOT NO. 24036179
HOOVER SLOVACEK
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone:  (713) 977-8686
Fax:  (713)  977-5395
E-mail:  Pilibosian@hooverslovacek.com
Counsel for MS. RENEE DAVY


**ALSO PRESENT FOR PLAINTIFF:**
        JUSTICE DAVID MEDINA
        MR. LLOYD KELLEY

Cynthia Martinez, CSR
152nd Civil District Court
(832) 927-2427
cynthiam@justex.net

**HREP/Jetall, et al.     41          Exhibit 14**

TRIAL ON THE MERITS
March 9, 2020 - March 18, 2020

**I N D E X**

**PAGE**

**VOLUME 5:  MARCH 16, 2020**

**WITNESS:  MR. ALI CHOUDHRI**

Direct Examination by Mr. Mai (continued)          5

Cross-Examination by Mr. Johanson                116

Court Reporter's Certification                   266

Cynthia Martinez, CSR
152nd Civil District Court
(832) 927-2427
cynthiam@justex.net

**HREP/Jetall, et al.    42          Exhibit 14**

MR. ALI CHOUDHRI - MARCH 16, 2020
Cross-Examination by *MR. JOHANSON*

an attempt to collect?  They wanted to protection from that, right?

MR. MAI:  Objection.  Speculation.  The lawyer's testifying, your Honor.

THE COURT:  Overruled.

Q.    (MR. JOHANSON) Right?

A.   They wanted protection from -- from you or from the Heil Verdict?

Q.   Right.  Right.

A.   Yes.  Yes.

Q.   They didn't want to have any downside liability if it went to Judgment?  I mean, that's why they're dealing with you, right?  You were going to give them that indemnity or that protection, right?  Right?

A.   Correct.  I was going to take care of your Verdict and the lawsuit --

Q.   Right.

A.   -- that you obtained -- or the Verdict and the lawsuit that you obtained against Todd, Renee and Declaration Title Company.

Q.   Yeah.

A.   That's the obligation I took on.

Q.   There you go.  And I think you told us on Thursday that you -- and you took on the obligation to -- to try to resolve the Verdict.  I think, you also said that you would be personally responsible if they went to Judgment and money had to be paid, right?  You would have to pay it?

Cynthia Martinez, CSR
152nd Civil District Court
(832) 927-2427
cynthiam@justex.net

HREP/Jetall, et al.    43    Exhibit 14

MR. ALI CHOUDHRI - MARCH 16, 2020
Cross-Examination by *MR. JOHANSON*

A.    I don't know that I would say I would be personally responsible. But, when I took it on, it was my obligation and it was my responsibility, Jetall's responsibility, Ali's responsibility to deal with your Verdict.  And I was very confident that I would be able to defeat your Verdict and your claim that you had against Renee and Todd and Declaration.

I was very, very concerned --

MR. JOHANSON:  Objection.  Nonresponsive, your Honor.

THE COURT:  Mr. Choudhri, you have a very competent lawyer. If it is necessary, he will ask you more questions to explain, if he thinks it is necessary.  But this is now the fourth time I've had to ask you to just listen to the question and only answer the question you're being asked.

That objection is sustained.

Q.    (MR. JOHANSON) Do you remember testifying last Thursday that, if you lost the Verdict or lost the appeal, that you -- "I would be responsible and would have to pay for it whatever the cost," you remember saying that?

A.    Yes.

Q.    That was an absolute lie, wasn't it?

A.    No.

Q.    It was an absolute untruth, wasn't it?

A.    No.  You're not --

Q.    Okay.  I'll tell you what.  I appreciate your answer is "no," right?  Right?  Yes?

**HREP/Jetall, et al.    44        Exhibit 14**

MR. ALI CHOUDHRI - MARCH 16, 2020
Cross-Examination by *MR. JOHANSON*

Q.   Okay.  So, even though he was no longer going to have an ownership interest, if he agreed to something like this, he would have to fund 50,000 out-of-pocket capital to moving the Company forward, right?

A.   If I required it, that is correct.

Q.   Okay.  Well, it actually says:  "Oakum will personally fund the first 50,000 of any required capital or operating cash infusions to meet short-term cash requirements within five days of receipt of written demand from Jetall Companies, Inc."

     Right?

A.   Correct.

Q.   Okay.  And this draft, by the way, it doesn't obligate Jetall to put a penny into Declaration Title, does it?

A.   Incorrect.

Q.   Okay.  And that's where -- where are they obligated to put a penny to the Company?

A.   Well, I'm taking on the Verdict and the claims and I'm stepping in the shoes of the firing line where you're firing on Todd and Renee and Declaration.  I'm stepping in the shoes of that.  So, that obligates me to put money in the Company and fight you and your Verdict.

Q.   You're not obligated to pay any of it, if you lose?

A.   I disagree.

Q.   Okay.  Well, good.  We'll keep talking about that.  All right.  Oh, all right.  So, No. 13:

Cynthia Martinez, CSR
152nd Civil District Court
(832) 927-2427
cynthiam@justex.net

MR. ALI CHOUDHRI - MARCH 16, 2020
Cross-Examination by *MR. JOHANSON*

Title?

> Do you remember telling me that?

A.   That's my understanding of what the deal did.  It assigned the causes and the claims of action.

Q.   Okay.

A.   And it gave me the absolute authority to negotiate and handle -- because I acquired the Company -- to handle the Rick-Heil-and-Declaration-Title matter.

MR. KELLEY:  Objection.  Nonresponsive.

Q.   (MR. JOHANSON) I'm going to use the word "indemnity."  I asked the question about indemnity.  You told us earlier that you believe that the MOU we're going to look at that you claim was signed on June 25th actually provided indemnity in favor of Todd, Renee and Declaration Title.

> Do you remember telling the jury that a little while ago?  Yes or no?

A.   That's the understanding that --

Q.   Okay.

A.   Can I finish?

Q.   If it's you understanding, then that's the answer.  Is that your understanding?

A.   My understanding is that I stepped into the shoes of Todd, Renee and Declaration Title to deal with your lawsuit and whatever the claims and causes of action, they were my responsibility.  And I was standing behind them.  I'm going to indemnify them.  That was

Cynthia Martinez, CSR
152nd Civil District Court
(832) 927-2427
cynthiam@justex.net

**HREP/Jetall, et al.    46        Exhibit 14**

MR. ALI CHOUDHRI - MARCH 16, 2020
Cross-Examination by *MR. JOHANSON*

my understanding.  That was the deal I made.

Q.   How many time have you told me that?  About ten?

A.   Okay.

Q.   Okay.  So, let me go to the next question.  Look at No. 5 -- well, actually back up.  Look at No. 3.  It says:

"Oakum and Renee Denise Davy Oakum shall resign as managers of Declaration Title in favor of Jetall upon written notice by/with Jetall becoming the sole manager of Declaration Title."

And Todd actually wrote in there "per the Department of Insurance."

Do you see that?

A.   Correct.

Q.   So, he crossed through his name?

A.   That is correct.

Q.   Okay.  And then let's go to -- let's go --

A.   Replaced it with "subject to Department of Insurance" --

Q.   Sure.

A.   -- in the fully executed MOU.

Q.   Okay.  We'll talk about later about all the things you did to get licenses.  All that is for a little bit later.  Let's keep going in this document.

Look at No. 4.  Okay.  By the way, you told the jury in response to Mr. Mai's questions Thursday that the quarter-of-million-dollar salary, which we shall talk about,

MR. ALI CHOUDHRI - MARCH 16, 2020
Cross-Examination by *MR. JOHANSON*

out of the Heil matter?  Yes or no?

A.   I don't know if I used those words.

Q.   Well, that's important whether you used those words.  I want to be clear.  Did you tell her -- so, you don't know if you said that Jetall would indemnify her, right?

A.   I know what I said.  If you'd allow me to tell you --

Q.   Well, actually I'm going to ask my questions.  Okay?

A.   Okay.

Q.   You don't word use the word "indemnity," right?

A.   Correct.

Q.   Did you tell Renee on the phone that you -- that Jetall would guarantee that she wouldn't have any future liability?  That you would cover any potential liability arising out of the Heil matter?

Did you tell her that?

A.   I told her that I would take care of the Heil matter.  It was my responsibility.  My obligation.

Q.   Okay.  So, did you lead Renee to believe on the phone -- and you heard her testimony, right?  You heard her testimony, right?

A.   Yes.

Q.   Did she agree that she had that phone call with you and Todd sitting in the -- sitting in your office about this MOU?  Did she agree with that?

A.   She went back and forth.  I would -- she said that Todd told her he sold his interest to me, and Todd had full authority.  She

Cynthia Martinez, CSR
152nd Civil District Court
(832) 927-2427
cynthiam@justex.net



Instructions for Filing
Form 05-169
Texas Franchise Tax EZ Computation Report
for the year ended December 31, 2016

The original return should be signed (using full name and title) and dated where indicated by an authorized officer of the corporation.

Texas Tax Code establishes certain electronic reporting and payment requirements that affect franchise taxpayers. Specifically, taxpayers who paid $10,000 or more in a payment category during the preceding state fiscal year are required by law to electronically transmit payments to the Comptroller's office.

If the amount reported and paid in the preceding fiscal year is $10,000 or more, but less than $100,000, the following EFT methods are acceptable: Web Electronic Funds Transfer (EFT) via WebFile, Credit Card via WebFile (American Express, Discover and MasterCard), Approved Electronic Submission Software Providers, or, TEXNET.

If the amount reported and paid in the preceding fiscal year is $100,000 or more, you are required to remit payment using TEXNET

The amount payable includes:

| | |
|---|---|
| Tax | $65,210.01 |
| Failure to pay pen | $6,521.00 |
| Interest due | $1,754.95 |
| Late filing penalty | $50.00 |
| **Total Amount Payable** | **$73,535.96** |

The original return should be filed on or before as soon as possible with the following:

Comptroller of Public Accounts
P.O. Box 149348
Austin, TX 78714-9348

This report is for the Report Year 2017.

To document the timely filing of your tax return(s), we suggest that you obtain and retain proof of mailing. Proof of mailing can be accomplished by sending the tax return(s) by registered or certified mail (metered by the U.S. Postal Service) or through the use of an IRS approved delivery method provided by an IRS designated private delivery service.

8D5235 2.000

TX2017    05-170
Ver. 8.0    (Rev.9-16/9)

# Texas Franchise Tax Payment Form

■Tcode 13050 ANNUAL

| ■ Taxpayer number | ■ Report year | Due date |
|---|---|---|
| 32015417366 | 2017 | 08/15/2017 |

Taxpayer name

JETALL COMPANIES INC

| | | | |
|---|---|---|---|
| 1. | **Total tax due on this report** <br> *(item 35 from Form 05-158-B or item 17 from Form 05-169)* | 1. | 65210.01 |
| 2. | **Enter prior payment** *(e.g. extension payment)* | 2. | 0.00 |
| 3. | **Net tax due** *(item 1 minus item 2)* | 3. | 65210.01 |
| 4. | **Penalty** *(see instructions)* | 4. | 6571.00 |
| 5. | **Interest** *(see instructions)* | 5. | 1754.95 |
| 6. | **TOTAL AMOUNT DUE AND PAYABLE** *(Add items 3, 4 and 5)* 6. ■ <br> Make amount payable to *TEXAS COMPTROLLER* | | 73535.96 |

Taxpayers who paid $10,000 or more during the preceding fiscal year (Sept. 1 thru Aug. 31) are required to electronically pay their franchise tax. For more information visit www.comptroller.texas.gov/taxes/franchise/filing-requirements.php

> **Mail original to:**
> Texas Comptroller of Public Accounts
> P.O. Box 149348
> Austin, TX 78714-9348

Instructions for each report year are online at www.comptroller.texas.gov/taxes/franchise/forms/. If you have any questions, call 1-800-252-1381.

Texas Comptroller Official Use Only

| VE/DE | ☐ |
|---|---|
| PM Date | |

7001

**HREP/Jetall, et al.**    **64**    **Exhibit 15**

6D52B8 3.000

TX2017  05-169
Ver. 8.0  (Rev.9-16/8)

**Texas Franchise Tax EZ Computation Report**

Annualized total revenue must be $20,000,000 or less to file this form

■Tcode  13252 ANNUAL

| ■Taxpayer number | ■Report year | Due date |
|---|---|---|
| 32015417366 | 2017 | 08/15/2017 |

| Taxpayer name | Secretary of State file number or Comptroller file number |
|---|---|
| JETALL COMPANIES INC | 0800364624 |

Mailing address  2500 WEST LOOP SOUTH, SUITE 255

| City | State | Country | ZIP code plus 4 | Blacken box if the address has changed  ■ ☐ |
|---|---|---|---|---|
| HOUSTON | TX | US | 77027 | |

Blacken box if this is a combined report  ■ ☒   Blacken box if Total Revenue is adjusted for Tiered Partnership Election, see Instructions  ■ ☐

Is this entity a corporation, limited liability company, professional association, limited partnership or financial institution?   ☒ Yes   ☐ No

| Accounting year begin date ** ■ | m m d d y y 010116 | Accounting year end date ■ | m m d d y y 123116 | NAICS code ■ 531120 |
|---|---|---|---|---|

**REVENUE** *(Whole dollars only, items 1 -12)*

| | | |
|---|---|---|
| 1. Gross receipts or sales | 1. ■ | 63072 .00 |
| 2. Dividends | 2. ■ | 0 .00 |
| 3. Interest | 3. ■ | 0 .00 |
| 4. Rents *(can be negative amount)* | 4. ■ | 19619838 .00 |
| 5. Royalties | 5. ■ | 0 .00 |
| 6. Gains/losses *(can be negative amount)* | 6. ■ | 0 .00 |
| 7. Other income *(can be negative amount)* | 7. ■ | 136033 .00 |
| 8. Total gross revenue *(Add items 1 thru 7)* | 8. ■ | 19818943 .00 |
| 9. Exclusions from gross revenue *(see instructions)* | 9. ■ | 118033 .00 |
| 10. TOTAL REVENUE *(item 8 minus item 9 if less than zero, enter 0)* | 10. ■ | 19700910 .00 |
| 11. Gross receipts in Texas | 11. ■ | 19700909 .00 |
| 12. Gross receipts everywhere | 12. ■ | 19700909 .00 |
| 13. Apportionment factor *(Divide item 11 by item 12) (Round to 4 decimal places)* | 13. ■ | 1.0000 |
| 14. Apportioned revenue *(Multiply item 10 by item 13) (Dollars and cents)* | 14. ■ | 19700910.00 |
| 15. Tax due before discount *(Multiply item 14 by 0.00331) (Dollars and cents)* | 15. ■ | 65210.01 |
| 16. Discount *(see instructions, applicable to report years 2008 and 2009)* | 16. ■ | 0.00 |
| 17. TOTAL TAX DUE *(item 15 minus item 16) (Do not include payment if this amount is less than $1,000)* | 17. ■ | 65210.01 |

Do not include payment if item 17 is less than $1,000 or if annualized total revenue is less than the no tax due threshold (see instructions).
If the entity makes a tiered partnership election, ANY amount in item 17 is due. Complete Form 05-170 if making a payment.

| Print or type name | Area code and phone number (713) 789-7654 |
|---|---|

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief.

| sign here ▶ | Date | **Mail original to:** Texas Comptroller of Public Accounts P.O. Box 149348 Austin, TX 78714-9348 |
|---|---|---|

Instructions for each report year are online at www.comptroller.texas.gov/taxes/franchise/forms/. If you have any questions, call 1-800-252-1381.
** If not 12 months, see Instructions for annualized revenue.

Texas Comptroller Official Use Only

| VE/DE | ☐ |
|---|---|
| PM Date | |

7001



**HREP/Jetall, et al.    65    Exhibit 15**

6D52B5 3.000
TX2017 05-164
Ver. 8.0 (Rev.9-16/9)

# Texas Franchise Tax Extension Request

■ Tcode 13258 ANNUAL

| ■ Taxpayer number | ■ Report year | Due date |
|---|---|---|
| 32015417366 | 2017 | 05/15/2017 |

| Taxpayer name  JETALL COMPANIES INC | | | | Secretary of State file number or Comptroller file number |
|---|---|---|---|---|
| Mailing address  2500 WEST LOOP SOUTH, SUITE 255 | | | | 0800364624 |
| City  HOUSTON | State  TX | Country  US | ZIP code plus 4  77027 | Blacken box if the address has changed ■ ☐ |

Blacken box if this is a combined report  ☒

**If this extension is for a combined group, you must also complete and submit Form 05-165.**

**Note to mandatory Electronic Fund Transfer(EFT) payers:**
**When requesting a second extension do not submit an Affiliate List Form 05-165.**

1. **Extension payment**  *(Dollars and cents)*        1. ■ [                    0.00 ]

| Print or type name  DAVID G BOLLIS, CPA. | Area code and phone number  (832) 463-4030 |
|---|---|
| I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief. | **Mail original to:**  Texas Comptroller of Public Accounts  P.O. Box 149348  Austin, TX 78714-9348 |
| sign here ▶ *[signature]*   Date  5-15-17 | |

Instructions for each report year are online at www.comptroller.texas.gov/taxes/franchise/forms. If you have any questions, call 1-800-252-1381.

Taxpayers who paid $10,000 or more during the preceding fiscal year (Sept. 1 thru Aug. 31) are required to electronically pay their franchise tax. For more information visit www.comptroller.texas.gov/taxes/franchise/filing-requirements.php.

Texas Comptroller Official Use Only

| VE/DE | |
|---|---|
| PM Date | |

7001

**HREP/Jetall, et al.      66      Exhibit 15**

6D52B4 3.000
TX2017   05-165
Ver. 8.0   (Rev.9-11/3)

**Tcode**   13298

## Texas Franchise Tax Extension Affiliate List

| Reporting entity taxpayer number | Report year | Reporting entity taxpayer name |
|---|---|---|
| 32015417366 | 2017 | JETALL COMPANIES INC |

| LEGAL NAME OF AFFILIATE | AFFILIATE'S TEXAS TAXPAYER NUMBER (If none, enter FEI number) | BLACKEN BOX IF AFFILIATE DOES NOT HAVE NEXUS IN TEXAS |
|---|---|---|
| 1. JETALL INVESTMENT AND REALTY, INC. | 32020516210 | ☐ |
| 2. 1001 WEST LOOP, LP | 32049629002 | ☐ |
| 3. 2425 WEST LOOP, LP | 32050166910 | ☐ |
| 4. TEXAS REIT LLC | 32020516301 | ☐ |
| 5. 1001 WL GP, LLC | 32049617916 | ☐ |
| 6. 2425 WL GP, LLC | 32050166795 | ☐ |
| 7. 411 NORTH BELT, LLC | 32044116401 | ☐ |
| 8. 50 BH, LLC | 32047992030 | ☐ |
| 9. 50 BRIAR HOLLOW, LLC | 32047991826 | ☐ |
| 10. 5700 THOUSAND OAKS, LLC | 32043146482 | ☐ |
| 11. AVONDALE LIVING, LLC | 32055878063 | ☐ |
| 12. BROAD ACRES VILLAS, LLC | 32048396819 | ☐ |
| 13. BROAD ACRES, LLC | 32048396835 | ☐ |
| 14. GREENVILLE TOWER MEDICAL INVESTORS, LLC | 32052513093 | ☐ |
| 15. HARWIN PLAZA INTERNATIONAL, LLC | 32055330917 | ☐ |
| 16. HOUSTON REAL ESTATE PROPERTIES, LLC | 32039199727 | ☐ |
| 17. INNER BELT HOLDINGS, LLC | 32046256999 | ☐ |
| 18. JETALL GP, LLC | 32014998200 | ☐ |
| 19. MEMORIAL GLEN COVE, LLC | 32055015757 | ☐ |
| 20. MEMORIAL PARK LLC | 32051592924 | ☐ |
| 21. OFFICE NORTH BELT, LLC | 32044234436 | ☐ |

Note: To file an extension request for a reporting entity and its affiliates, Form 05-164 (Texas Franchise Tax Extension Request)
must be submitted with this affiliate list. The filing of this list by itself does not constitute a properly filed Extension Request.
Do not file this form when requesting a second extension.

Texas Comptroller Official Use Only

| VE/DE | ☐ | FM | ☐ |

7001

**HREP/Jetall, et al.    67    Exhibit 15**

6D52B4 3.000
TX2017  05-165
Ver. 8.0  (Rev.9-11/3)

**Texas Franchise Tax Extension Affiliate List**

■Tcode  13298

■Reporting entity taxpayer number   ■Report year   Reporting entity taxpayer name

32015417366    2017    JETALL COMPANIES INC

| # | LEGAL NAME OF AFFILIATE | AFFILIATE'S TEXAS TAXPAYER NUMBER (If none, enter FEI number) | BLACKEN BOX IF AFFILIATE DOES NOT HAVE NEXUS IN TEXAS |
|---|---|---|---|
| 1. | WEST LOOP HOSPITALITY, LLC | 32051772450 | ☐ |
| 2. | WORLDWIDE LENDING FUND, LLC | 32047190478 | ☐ |
| 3. | WORLDWIDE LENDING ORGANIZATION, LLC | 32047190494 | ☐ |
| 4. | WORLDWIDE OFFICE MANAGEMENT, LLC | 32044234477 | ☐ |
| 5. | A.I.G.W.T., INC. | 32037492249 | ☐ |
| 6. | JETALL CONSTRUCTION & DEVELOPMENT GP, INC. | 32014213964 | ☐ |
| 7. | JETALL LENDING, INC. | 32020516186 | ☐ |
| 8. | OFFICE ENTERPRISES UNLIMITED, INC. | 32052499129 | ☐ |
| 9. | M EXEC S, LLC | 32052946509 | ☐ |
| 10. | HOUSTON METRO EXECUTIVE SUITES, LLC | 32052946517 | ☐ |
| 11. | OFFICE CONSTRUCTION SERVICES, LLC | 32054202026 | ☐ |
| 12. | NORTHPARK OFFICE TOWER GP, LLC | 32019268302 | ☐ |
| 13. | NORTHPARK OFFICE TOWER, LP | 32035218893 | ☐ |
| 14. | 2401 FOUNTAINVIEW HOUSTON GP, LLC | 32057692959 | ☐ |
| 15. | 2401 FOUNTAINVIEW HOUSTON, LP | 32057666284 | ☐ |
| 16. | 2401 FOUNTAINVIEW LIMITED PARTNER, LLC | 32057911995 | ☐ |
| 17. | STARTEX POWER, LLC | 32042157779 | ☐ |
| 18. | 1415 NLW, LLC | 32042866221 | ☐ |
| 19. | JETALL CONSTRUCTION & DEVELOPMENT, LP | 32035659856 | ☐ |
| 20. | UMBS GP, LLC | 32058398630 | ☐ |
| 21. | UNIFORM MEDICAL BILLING SOLUTIONS, LLC | 32058446413 | ☐ |

Note: To file an extension request for a reporting entity and its affiliates, Form 05-164 (Texas Franchise Tax Extension Request) must be submitted with this affiliate list. The filing of this list by itself does not constitute a properly filed Extension Request. Do not file this form when requesting a second extension.

Texas Comptroller Official Use Only

VE/DE ☐   FM ☐

7001

**HREP/Jetall, et al.    68    Exhibit 15**

05-164
(Rev.9-16/9)

## Texas Franchise Tax Extension Request

■ **Tcode** 13258 Annual Franchise

| ■ Taxpayer number | ■ Report year | Due date |
|---|---|---|
| 3 2 0 1 5 4 1 7 3 6 6 | 2 0 1 7 | 08/15/2017 |

| Taxpayer name | | Secretary of State file number or Comptroller file number |
|---|---|---|
| JETALL COMPANIES INC. | | |
| Mailing address | | 0800364624 |
| 2500 WEST LOOP SOUTH, SUITE 255 | | |

| City | State | Country | ZIP code plus 4 | Blacken circle if the address has changed ■ ○ |
|---|---|---|---|---|
| HOUSTON | TX | US | 77027 | |

Blacken circle if this is a combined report ●

**If this extension is for a combined group, you must also complete and submit Form 05-165.**

**Note to mandatory Electronic Fund Transfer(EFT) payers:**
**When requesting a second extension do not submit an Affiliate List Form 05-165.**

1. **Extension payment** *(Dollars and cents)*                         1. ■

| Print or type name | Area code and phone number |
|---|---|
| DAVID G BOLLIS, CPA ■ | ( 832 ) 463 - 4030 |

| I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief. | | Mail original to: Texas Comptroller of Public Accounts P.O. Box 149348 Austin, TX 78714-9348 |
|---|---|---|
| **sign here** ▶ [signature] | Date 5·14·17 | |

Instructions for each report year are online at www.comptroller.texas.gov/taxes/franchise/forms. If you have any questions, call 1-800-252-1381.

Taxpayers who paid $10,000 or more during the preceding fiscal year (Sept. 1 thru Aug. 31) are required to electronically pay their franchise tax. For more information visit www.comptroller.texas.gov/taxes/franchise/filing-requirements.php.

### Texas Comptroller Official Use Only

| VE/DE | ○ |
|---|---|
| PM Date | |

8D52B1 3.000

TX2017    05-166
Ver. 8.0  (Rev.9-16/7)

## Texas Franchise Tax Affiliate Schedule

■ **Tcode**   13253 ANNUAL

| ■ Reporting entity taxpayer number | ■ Report year | Reporting entity taxpayer name |
|---|---|---|
| 32015417366 | 2017 | JETALL COMPANIES INC |

Reporting entity must be included on Affiliate Schedule. Affiliate reporting period dates must be within combined group's accounting period dates.

| 1. Legal name of affiliate | ■ 2. Affiliate taxpayer number *(if none, use FEI number)* | ■ 3. Affiliate NAICS code |
|---|---|---|
| JETALL COMPANIES, INC. | 32015417366 | 531120 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■ 6. Affiliate reporting begin date m m d d y y   010116 | ■ 7. Affiliate reporting end date m m d d y y   123116 |
|---|---|---|---|

| ■ 8. Gross receipts subject to throwback in other states *(before eliminations)* | ■ 9. Gross receipts everywhere *(before eliminations)* |
|---|---|
| 0 .00 | 13072 .00 |

| ■ 10. Gross receipts in Texas *(before eliminations)* | ■ 11. Cost of goods sold or compensation *(before eliminations)* |
|---|---|
| 13072 .00 | 689349 .00 |

| 1. Legal name of affiliate | ■ 2. Affiliate taxpayer number *(if none, use FEI number)* | ■ 3. Affiliate NAICS code |
|---|---|---|
| JETALL INVESTMENT AND REALTY, INC. | 32020516210 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■ 6. Affiliate reporting begin date m m d d y y   010116 | ■ 7. Affiliate reporting end date m m d d y y   123116 |
|---|---|---|---|

| ■ 8. Gross receipts subject to throwback in other states *(before eliminations)* | ■ 9. Gross receipts everywhere *(before eliminations)* |
|---|---|
| 0 .00 | 114630 .00 |

| ■ 10. Gross receipts in Texas *(before eliminations)* | ■ 11. Cost of goods sold or compensation *(before eliminations)* |
|---|---|
| 114630 .00 | 0 .00 |

| 1. Legal name of affiliate | ■ 2. Affiliate taxpayer number *(if none, use FEI number)* | ■ 3. Affiliate NAICS code |
|---|---|---|
| 1001 WEST LOOP, LP | 32049629002 | 531120 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■ 6. Affiliate reporting begin date m m d d y y   010116 | ■ 7. Affiliate reporting end date m m d d y y   123116 |
|---|---|---|---|

| ■ 8. Gross receipts subject to throwback in other states *(before eliminations)* | ■ 9. Gross receipts everywhere *(before eliminations)* |
|---|---|
| 0 .00 | 4370220 .00 |

| ■ 10. Gross receipts in Texas *(before eliminations)* | ■ 11. Cost of goods sold or compensation *(before eliminations)* |
|---|---|
| 4370220 .00 | 196532 .00 |

The reporting entity of a combined group with a temporary credit for business loss carryforwards preserved for itself and/or affiliates must submit common owner information. This information must be provided to satisfy franchise tax reporting requirements. Learn more at www.comptroller.texas.gov/taxes/franchise/. An information report (Form 05-102 or Form 05-167) must be filed for each affiliate that is organized in Texas or that has a physical presence in Texas.

Texas Comptroller Official Use Only

| VE/DE | ☐ | FM | ☐ |
|---|---|---|---|

7001

**HREP/Jetall, et al.    70    <u>Exhibit 15</u>**

6D5282 3.000

TX2017 05-166
Ver. 8.0 (Rev.9-16/7)

## Texas Franchise Tax Affiliate Schedule

■Tcode  13253 ANNUAL

| ■ Reporting entity taxpayer number | ■ Report year | Reporting entity taxpayer name |
|---|---|---|
| 32015417366 | 2017 | JETALL COMPANIES INC |

Reporting entity must be included on Affiliate Schedule. Affiliate reporting period dates must be within combined group's accounting period dates.

| 1. Legal name of affiliate | ■ 2. Affiliate taxpayer number (If none, use FEI number) | ■ 3. Affiliate NAICS code |
|---|---|---|
| 2425 WEST LOOP, LP | 32050166910 | 531120 |

| 4. Blacken box if entity is disregarded for franchise tax ☐ | 5. Blacken box if this affiliate does NOT have NEXUS in Texas ☐ | ■ 6. Affiliate reporting begin date  m m  d d  y y  010116 | ■ 7. Affiliate reporting end date  m m  d d  y y  123116 |
|---|---|---|---|

| ■ 8. Gross receipts subject to throwback in other states (before eliminations)  0 .00 | ■ 9. Gross receipts everywhere (before eliminations)  6278548 .00 |
|---|---|

| ■ 10. Gross receipts in Texas (before eliminations)  6278548 .00 | ■ 11. Cost of goods sold or compensation (before eliminations)  347608 .00 |
|---|---|

| 1. Legal name of affiliate | ■ 2. Affiliate taxpayer number (If none, use FEI number) | ■ 3. Affiliate NAICS code |
|---|---|---|
| TEXAS REIT LLC | 32020516301 | 531120 |

| 4. Blacken box if entity is disregarded for franchise tax ☐ | 5. Blacken box if this affiliate does NOT have NEXUS in Texas ☐ | ■ 6. Affiliate reporting begin date  m m  d d  y y  010116 | ■ 7. Affiliate reporting end date  m m  d d  y y  123116 |
|---|---|---|---|

| ■ 8. Gross receipts subject to throwback in other states (before eliminations)  0 .00 | ■ 9. Gross receipts everywhere (before eliminations)  832565 .00 |
|---|---|

| ■ 10. Gross receipts in Texas (before eliminations)  832565 .00 | ■ 11. Cost of goods sold or compensation (before eliminations)  6000 .00 |
|---|---|

| 1. Legal name of affiliate | ■ 2. Affiliate taxpayer number (If none, use FEI number) | ■ 3. Affiliate NAICS code |
|---|---|---|
| 1001 WL GP, LLC | 32049617916 | 531120 |

| 4. Blacken box if entity is disregarded for franchise tax ☐ | 5. Blacken box if this affiliate does NOT have NEXUS in Texas ☐ | ■ 6. Affiliate reporting begin date  m m  d d  y y  010116 | ■ 7. Affiliate reporting end date  m m  d d  y y  123116 |
|---|---|---|---|

| ■ 8. Gross receipts subject to throwback in other states (before eliminations)  0 .00 | ■ 9. Gross receipts everywhere (before eliminations)  0 .00 |
|---|---|

| ■ 10. Gross receipts in Texas (before eliminations)  0 .00 | ■ 11. Cost of goods sold or compensation (before eliminations)  0 .00 |
|---|---|

The reporting entity of a combined group with a temporary credit for business loss carryforwards preserved for itself and/or affiliates must submit common owner information. This information must be provided to satisfy franchise tax reporting requirements. Learn more at www.comptroller.texas.gov/taxes/franchise/
An information report (Form 05-102 or Form 05-167) must be filed for each affiliate that is organized in Texas or that has a physical presence in Texas.

Texas Comptroller Official Use Only

| VE/DE | ☐ | FM | ☐ |
|---|---|---|---|

7001

**HREP/Jetall, et al.   71      Exhibit 15**

6D52B2 3.000

TX2017   05-166
Ver. 8.0   (Rev.9-16/7)

# Texas Franchise Tax Affiliate Schedule

■Tcode   13253 ANNUAL

| ■Reporting entity taxpayer number | ■Report year | Reporting entity taxpayer name |
|---|---|---|
| 32015417366 | 2017 | JETALL COMPANIES INC |

Reporting entity must be included on Affiliate Schedule. Affiliate reporting period dates must be within combined group's accounting period dates.

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number (If none, use FEI number) | ■3. Affiliate NAICS code |
|---|---|---|
| 2425 WL GP, LLC | 32050166795 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have NEXUS in Texas ■ ☐ | ■6. Affiliate reporting begin date  m m  d d  y y  010116 | ■7. Affiliate reporting end date  m m  d d  y y  123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states (before eliminations) | ■9. Gross receipts everywhere (before eliminations) |
|---|---|
| 0 .00 | 118033 .00 |

| ■10. Gross receipts in Texas (before eliminations) | ■11. Cost of goods sold or compensation (before eliminations) |
|---|---|
| 118033 .00 | 0 .00 |

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number (If none, use FEI number) | ■3. Affiliate NAICS code |
|---|---|---|
| 411 NORTH BELT, LLC | 32044116401 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have NEXUS in Texas ■ ☐ | ■6. Affiliate reporting begin date  m m  d d  y y  010116 | ■7. Affiliate reporting end date  m m  d d  y y  123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states (before eliminations) | ■9. Gross receipts everywhere (before eliminations) |
|---|---|
| 0 .00 | 0 .00 |

| ■10. Gross receipts in Texas (before eliminations) | ■11. Cost of goods sold or compensation (before eliminations) |
|---|---|
| 0 .00 | 0 .00 |

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number (If none, use FEI number) | ■3. Affiliate NAICS code |
|---|---|---|
| 50 BH, LLC | 32047992030 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have NEXUS in Texas ■ ☐ | ■6. Affiliate reporting begin date  m m  d d  y y  010116 | ■7. Affiliate reporting end date  m m  d d  y y  123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states (before eliminations) | ■9. Gross receipts everywhere (before eliminations) |
|---|---|
| 0 .00 | 0 .00 |

| ■10. Gross receipts in Texas (before eliminations) | ■11. Cost of goods sold or compensation (before eliminations) |
|---|---|
| 0 .00 | 0 .00 |

The reporting entity of a combined group with a temporary credit for business loss carryforwards preserved for itself and/or affiliates must submit common owner information. This information must be provided to satisfy franchise tax reporting requirements. Learn more at www.comptroller.texas.gov/taxes/franchise/. An information report (Form 05-102 or Form 05-167) must be filed for each affiliate that is organized in Texas or that has a physical presence in Texas.

Texas Comptroller Official Use Only

| VE/DE | ☐ FM | ☐ |
|---|---|---|

7001

**HREP/Jetall, et al.   72   Exhibit 15**

8D52B2 3.000

TX2017    05-166
Ver. 8.0    (Rev.9-16/7)

■Tcode   13253 ANNUAL

# Texas Franchise Tax Affiliate Schedule

| ■Reporting entity taxpayer number | ■Report year | Reporting entity taxpayer name |
|---|---|---|
| 32015417366 | 2017 | JETALL COMPANIES INC |

Reporting entity must be included on Affiliate Schedule. Affiliate reporting period dates must be within combined group's accounting period dates.

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number *(if none, use FEI number)* | ■3. Affiliate NAICS code |
|---|---|---|
| 50 BRIAR HOLLOW, LLC | 32047991826 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date  m m  d d  y y  010116 | ■7. Affiliate reporting end date  m m  d d  y y  123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states *(before eliminations)* | ■9. Gross receipts everywhere *(before eliminations)* |
|---|---|
| 0.00 | 3511305.00 |

| ■10. Gross receipts in Texas *(before eliminations)* | ■11. Cost of goods sold or compensation *(before eliminations)* |
|---|---|
| 3511305.00 | 230332.00 |

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number *(if none, use FEI number)* | ■3. Affiliate NAICS code |
|---|---|---|
| 5700 THOUSAND OAKS, LLC | 32043146482 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date  m m  d d  y y  010116 | ■7. Affiliate reporting end date  m m  d d  y y  123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states *(before eliminations)* | ■9. Gross receipts everywhere *(before eliminations)* |
|---|---|
| 0.00 | 0.00 |

| ■10. Gross receipts in Texas *(before eliminations)* | ■11. Cost of goods sold or compensation *(before eliminations)* |
|---|---|
| 0.00 | 0.00 |

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number *(if none, use FEI number)* | ■3. Affiliate NAICS code |
|---|---|---|
| AVONDALE LIVING, LLC | 32055878063 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date  m m  d d  y y  010116 | ■7. Affiliate reporting end date  m m  d d  y y  123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states *(before eliminations)* | ■9. Gross receipts everywhere *(before eliminations)* |
|---|---|
| 0.00 | 0.00 |

| ■10. Gross receipts in Texas *(before eliminations)* | ■11. Cost of goods sold or compensation *(before eliminations)* |
|---|---|
| 0.00 | 0.00 |

The reporting entity of a combined group with a temporary credit for business loss carryforwards preserved for itself and/or affiliates must submit common owner information. This information must be provided to satisfy franchise tax reporting requirements. Learn more at www.comptroller.texas.gov/taxes/franchise/. An information report (Form 05-102 or Form 05-167) must be filed for each affiliate that is organized in Texas or that has a physical presence in Texas.

Texas Comptroller Official Use Only

| VE/DE | ☐ | FM | ☐ |
|---|---|---|---|

7001

**HREP/Jetall, et al.**    **73**    **Exhibit 15**

6D52B2 3.000

TX2017  05-166
Ver. 8.0  (Rev.9-16/7)

## Texas Franchise Tax Affiliate Schedule

■Tcode  13253 ANNUAL

| ■Reporting entity taxpayer number. | ■Report year | Reporting entity taxpayer name |
|---|---|---|
| 32015417366 | 2017 | JETALL COMPANIES INC |

Reporting entity must be included on Affiliate Schedule. Affiliate reporting period dates must be within combined group's accounting period dates.

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number (If none, use FEI number) | ■3. Affiliate NAICS code |
|---|---|---|
| BROAD ACRES VILLAS, LLC | 32048396819 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■☐ | 5. Blacken box if this affiliate does NOT have NEXUS in Texas ■☐ | ■6. Affiliate reporting begin date  m m  d d  y y  010116 | ■7. Affiliate reporting end date  m m  d d  y y  123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states (before eliminations) | ■9. Gross receipts everywhere (before eliminations) |
|---|---|
| 0 .00 | 0 .00 |

| ■10. Gross receipts in Texas (before eliminations) | ■11. Cost of goods sold or compensation (before eliminations) |
|---|---|
| 0 .00 | 0 .00 |

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number (If none, use FEI number) | ■3. Affiliate NAICS code |
|---|---|---|
| BROAD ACRES, LLC | 32048396835 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■☐ | 5. Blacken box if this affiliate does NOT have NEXUS in Texas ■☐ | ■6. Affiliate reporting begin date  m m  d d  y y  010116 | ■7. Affiliate reporting end date  m m  d d  y y  123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states (before eliminations) | ■9. Gross receipts everywhere (before eliminations) |
|---|---|
| 0 .00 | 124924 .00 |

| ■10. Gross receipts in Texas (before eliminations) | ■11. Cost of goods sold or compensation (before eliminations) |
|---|---|
| 124924 .00 | 0 .00 |

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number (If none, use FEI number) | ■3. Affiliate NAICS code |
|---|---|---|
| GREENVILLE TOWER MEDICAL INVESTORS, LLC | 32052513093 | 531120 |

| 4. Blacken box if entity is disregarded for franchise tax ■☐ | 5. Blacken box if this affiliate does NOT have NEXUS in Texas ■☐ | ■6. Affiliate reporting begin date  m m  d d  y y  010116 | ■7. Affiliate reporting end date  m m  d d  y y  123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states (before eliminations) | ■9. Gross receipts everywhere (before eliminations) |
|---|---|
| 0 .00 | 1311235 .00 |

| ■10. Gross receipts in Texas (before eliminations) | ■11. Cost of goods sold or compensation (before eliminations) |
|---|---|
| 1311235 .00 | 219964 .00 |

The reporting entity of a combined group with a temporary credit for business loss carryforwards preserved for itself and/or affiliates must submit common owner information. This information must be provided to satisfy franchise tax reporting requirements. Learn more at www.comptroller.texas.gov/taxes/franchise/. An information report (Form 05-102 or Form 05-167) must be filed for each affiliate that is organized in Texas or that has a physical presence in Texas.

Texas Comptroller Official Use Only

| VE/DE | ☐ | FM | ☐ |
|---|---|---|---|

7001

**HREP/Jetall, et al.   74   Exhibit 15**

6D52B2 3.000

TX2017    05-166
Ver. 8.0    (Rev.9-16/7)

# Texas Franchise Tax Affiliate Schedule

■Tcode    13253 ANNUAL

| ■Reporting entity taxpayer number | ■ Report year | Reporting entity taxpayer name |
|---|---|---|
| 32015417366 | 2017 | JETALL COMPANIES INC |

Reporting entity must be included on Affiliate Schedule. Affiliate reporting period dates must be within combined group's accounting period dates.

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number (if none, use FEI number) | ■3. Affiliate NAICS code |
|---|---|---|
| HARWIN PLAZA INTERNATIONAL, LLC | 32055330917 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ☐ | 5. Blacken box if this affiliate does NOT have NEXUS in Texas ☐ | ■6. Affiliate reporting begin date m m d d y y 010116 | ■7. Affiliate reporting end date m m d d y y 123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states (before eliminations) | ■9. Gross receipts everywhere (before eliminations) |
|---|---|
| 0 .00 | 0 .00 |

| ■10. Gross receipts in Texas (before eliminations) | ■11. Cost of goods sold or compensation (before eliminations) |
|---|---|
| 0 .00 | 0 .00 |

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number (if none, use FEI number) | ■3. Affiliate NAICS code |
|---|---|---|
| HOUSTON REAL ESTATE PROPERTIES, LLC | 32039199727 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■☐ | 5. Blacken box if this affiliate does NOT have NEXUS in Texas ■☐ | ■6. Affiliate reporting begin date m m d d y y 010116 | ■7. Affiliate reporting end date m m d d y y 123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states (before eliminations) | ■9. Gross receipts everywhere (before eliminations) |
|---|---|
| 0 .00 | 23407 .00 |

| ■10. Gross receipts in Texas (before eliminations) | ■11. Cost of goods sold or compensation (before eliminations) |
|---|---|
| 23407 .00 | 0 .00 |

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number (if none, use FEI number) | ■3. Affiliate NAICS code |
|---|---|---|
| INNER BELT HOLDINGS, LLC | 32046256999 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■☐ | 5. Blacken box if this affiliate does NOT have NEXUS in Texas ■☐ | ■6. Affiliate reporting begin date m m d d y y 010116 | ■7. Affiliate reporting end date m m d d y y 123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states (before eliminations) | ■9. Gross receipts everywhere (before eliminations) |
|---|---|
| 0 .00 | 0 .00 |

| ■10. Gross receipts in Texas (before eliminations) | ■11. Cost of goods sold or compensation (before eliminations) |
|---|---|
| 0 .00 | 0 .00 |

The reporting entity of a combined group with a temporary credit for business loss carryforwards preserved for itself and/or affiliates must submit common owner information. This information must be provided to satisfy franchise tax reporting requirements. Learn more at www.comptroller.texas.gov/taxes/franchise/. An information report (Form 05-102 or Form 05-167) must be filed for each affiliate that is organized in Texas or that has a physical presence in Texas.

Texas Comptroller Official Use Only

| VE/DE | ☐ | FM | ☐ |
|---|---|---|---|

7001

**HREP/Jetall, et al.    75        Exhibit 15**

6D52B2 3.000

TX2017    05-166
Ver. 8.0    (Rev.9-16/7)

# Texas Franchise Tax Affiliate Schedule

■**Tcode**    13253 ANNUAL

| ■Reporting entity taxpayer number | ■Report year | Reporting entity taxpayer name |
|---|---|---|
| 32015417366 | 2017 | JETALL COMPANIES INC |

Reporting entity must be included on Affiliate Schedule. Affiliate reporting period dates must be within combined group's accounting period dates.

---

**1. Legal name of affiliate**

JETALL GP, LLC

**■2. Affiliate taxpayer number** *(if none, use FEI number)*    32014998200

**■3. Affiliate NAICS code**    531110

**4.** Blacken box if entity is disregarded for franchise tax    ■ ☐

**5.** Blacken box if this affiliate does NOT have **NEXUS** in Texas    ■ ☐

**■6. Affiliate reporting begin date**    m m d d y y    010116

**■7. Affiliate reporting end date**    m m d d y y    123116

**■8. Gross receipts subject to throwback in other states** *(before eliminations)*    0 .00

**■9. Gross receipts everywhere** *(before eliminations)*    0 .00

**■10. Gross receipts in Texas** *(before eliminations)*    0 .00

**■11. Cost of goods sold or compensation** *(before eliminations)*    0 .00

---

**1. Legal name of affiliate**

MEMORIAL GLEN COVE, LLC

**■2. Affiliate taxpayer number** *(if none, use FEI number)*    32055015757

**■3. Affiliate NAICS code**    531110

**4.** Blacken box if entity is disregarded for franchise tax    ■ ☐

**5.** Blacken box if this affiliate does NOT have **NEXUS** in Texas    ■ ☐

**■6. Affiliate reporting begin date**    m m d d y y    010116

**■7. Affiliate reporting end date**    m m d d y y    123116

**■8. Gross receipts subject to throwback in other states** *(before eliminations)*    0 .00

**■9. Gross receipts everywhere** *(before eliminations)*    0 .00

**■10. Gross receipts in Texas** *(before eliminations)*    0 .00

**■11. Cost of goods sold or compensation** *(before eliminations)*    0 .00

---

**1. Legal name of affiliate**

MEMORIAL PARK LLC

**■2. Affiliate taxpayer number** *(if none, use FEI number)*    32051592924

**■3. Affiliate NAICS code**    531110

**4.** Blacken box if entity is disregarded for franchise tax    ■ ☐

**5.** Blacken box if this affiliate does NOT have **NEXUS** in Texas    ■ ☐

**■6. Affiliate reporting begin date**    m m d d y y    010116

**■7. Affiliate reporting end date**    m m d d y y    123116

**■8. Gross receipts subject to throwback in other states** *(before eliminations)*    0 .00

**■9. Gross receipts everywhere** *(before eliminations)*    0 .00

**■10. Gross receipts in Texas** *(before eliminations)*    0 .00

**■11. Cost of goods sold or compensation** *(before eliminations)*    0 .00

---

The reporting entity of a combined group with a temporary credit for business loss carryforwards preserved for itself and/or affiliates must submit common owner information. This information must be provided to satisfy franchise tax reporting requirements. Learn more at www.comptroller.texas.gov/taxes/franchise/. An information report (Form 05-102 or Form 05-167) must be filed for each affiliate that is organized in Texas or that has a physical presence in Texas.

Texas Comptroller Official Use Only

| VE/DE | ☐ FM | ☐ |
|---|---|---|

7001

8D52B2 3.000

TX2017 05-166
Ver. 8.0 (Rev.9-16/7)

# Texas Franchise Tax Affiliate Schedule

■ **Tcode** 13253 ANNUAL

| ■Reporting entity taxpayer number | ■Report year | Reporting entity taxpayer name |
|---|---|---|
| 32015417366 | 2017 | JETALL COMPANIES INC |

Reporting entity must be included on Affiliate Schedule. Affiliate reporting period dates must be within combined group's accounting period dates.

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number (if none, use FEI number) | ■3. Affiliate NAICS code |
|---|---|---|
| OFFICE NORTH BELT, LLC | 32044234436 | 531120 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date m m d d y y  010116 | ■7. Affiliate reporting end date m m d d y y  123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states (before eliminations)  0.00 | ■9. Gross receipts everywhere (before eliminations)  507530 .00 |
|---|---|

| ■10. Gross receipts in Texas (before eliminations)  507530 .00 | ■11. Cost of goods sold or compensation (before eliminations)  57702 .00 |
|---|---|

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number (if none, use FEI number) | ■3. Affiliate NAICS code |
|---|---|---|
| WEST LOOP HOSPITALITY, LLC | 32051772450 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date m m d d y y  010116 | ■7. Affiliate reporting end date m m d d y y  123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states (before eliminations)  0 .00 | ■9. Gross receipts everywhere (before eliminations)  0 .00 |
|---|---|

| ■10. Gross receipts in Texas (before eliminations)  0 .00 | ■11. Cost of goods sold or compensation (before eliminations)  0 .00 |
|---|---|

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number (if none, use FEI number) | ■3. Affiliate NAICS code |
|---|---|---|
| WORLDWIDE LENDING FUND, LLC | 32047190478 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date m m d d y y  010116 | ■7. Affiliate reporting end date m m d d y y  123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states (before eliminations)  0 .00 | ■9. Gross receipts everywhere (before eliminations)  0 .00 |
|---|---|

| ■10. Gross receipts in Texas (before eliminations)  0 .00 | ■11. Cost of goods sold or compensation (before eliminations)  0 .00 |
|---|---|

The reporting entity of a combined group with a temporary credit for business loss carryforwards preserved for itself and/or affiliates must submit common owner information. This information must be provided to satisfy franchise tax reporting requirements. Learn more at www.comptroller.texas.gov/taxes/franchise/. An information report (Form 05-102 or Form 05-167) must be filed for each affiliate that is organized in Texas or that has a physical presence in Texas.

Texas Comptroller Official Use Only

| VE/DE | ☐ | FM | ☐ |
|---|---|---|---|

7001




**HREP/Jetall, et al.      77          Exhibit 15**

6D52B2 3.000
TX2017   05-166
Ver. 8.0   (Rev.9-16/7)

# Texas Franchise Tax Affiliate Schedule

■Tcode    13253 ANNUAL

| ■Reporting entity taxpayer number | ■Report year | Reporting entity taxpayer name |
|---|---|---|
| 32015417366 | 2017 | JETALL COMPANIES INC |

Reporting entity must be included on Affiliate Schedule. Affiliate reporting period dates must be within combined group's accounting period dates.

---

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number *(if none, use FEI number)* | ■3. Affiliate NAICS code |
|---|---|---|
| WORLDWIDE LENDING ORGANIZATION, LLC | 32047190494 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date   m m  d d  y y   010116 | ■7. Affiliate reporting end date   m m  d d  y y   123116 |

■8. Gross receipts subject to throwback in other states *(before eliminations)*          0 .00
■9. Gross receipts everywhere *(before eliminations)*          0 .00

■10. Gross receipts in Texas *(before eliminations)*          0 .00
■11. Cost of goods sold or compensation *(before eliminations)*          0 .00

---

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number *(if none, use FEI number)* | ■3. Affiliate NAICS code |
|---|---|---|
| WORLDWIDE OFFICE MANAGEMENT, LLC | 32044234477 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date   m m  d d  y y   010116 | ■7. Affiliate reporting end date   m m  d d  y y   123116 |

■8. Gross receipts subject to throwback in other states *(before eliminations)*          0 .00
■9. Gross receipts everywhere *(before eliminations)*          0 .00

■10. Gross receipts in Texas *(before eliminations)*          0 .00
■11. Cost of goods sold or compensation *(before eliminations)*          0 .00

---

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number *(if none, use FEI number)* | ■3. Affiliate NAICS code |
|---|---|---|
| A.I.G.W.T., INC. | 32037492249 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date   m m  d d  y y   010116 | ■7. Affiliate reporting end date   m m  d d  y y   123116 |

■8. Gross receipts subject to throwback in other states *(before eliminations)*          0 .00
■9. Gross receipts everywhere *(before eliminations)*          0 .00

■10. Gross receipts in Texas *(before eliminations)*          0 .00
■11. Cost of goods sold or compensation *(before eliminations)*          0 .00

---

The reporting entity of a combined group with a temporary credit for business loss carryforwards preserved for itself and/or affiliates must submit common owner information. This information must be provided to satisfy franchise tax reporting requirements. Learn more at www.comptroller.texas.gov/taxes/franchise/. An information report (Form 05-102 or Form 05-167) must be filed for each affiliate that is organized in Texas or that has a physical presence in Texas.

Texas Comptroller Official Use Only

| VE/DE | ☐ | FM | ☐ |

7001

**HREP/Jetall, et al.     78          Exhibit 15**

8D52B2 3.000

TX2017    05-166
Ver. 8.0    (Rev.9-16/7)

# Texas Franchise Tax Affiliate Schedule

■Tcode    13253 ANNUAL

| ■ Reporting entity taxpayer number | ■ Report year | Reporting entity taxpayer name |
|---|---|---|
| 32015417366 | 2017 | JETALL COMPANIES INC |

Reporting entity must be included on Affiliate Schedule. Affiliate reporting period dates must be within combined group's accounting period dates.

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number *(if none, use FEI number)* | ■3. Affiliate NAICS code |
|---|---|---|
| JETALL CONSTRUCTION & DEVELOPMENT GP, INC. | 32014213964 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date m m d d y y 010116 | ■7. Affiliate reporting end date m m d d y y 123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states *(before eliminations)* | ■9. Gross receipts everywhere *(before eliminations)* |
|---|---|
| 0 .00 | 0 .00 |

| ■10. Gross receipts in Texas *(before eliminations)* | ■11. Cost of goods sold or compensation *(before eliminations)* |
|---|---|
| 0 .00 | 0 .00 |

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number *(if none, use FEI number)* | ■3. Affiliate NAICS code |
|---|---|---|
| JETALL LENDING, INC. | 32020516186 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date m m d d y y 010116 | ■7. Affiliate reporting end date m m d d y y 123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states *(before eliminations)* | ■9. Gross receipts everywhere *(before eliminations)* |
|---|---|
| 0 .00 | 0 .00 |

| ■10. Gross receipts in Texas *(before eliminations)* | ■11. Cost of goods sold or compensation *(before eliminations)* |
|---|---|
| 0 .00 | 0 .00 |

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number *(if none, use FEI number)* | ■3. Affiliate NAICS code |
|---|---|---|
| OFFICE ENTERPRISES UNLIMITED, INC. | 32052499129 | 531120 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date m m d d y y 010116 | ■7. Affiliate reporting end date m m d d y y 123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states *(before eliminations)* | ■9. Gross receipts everywhere *(before eliminations)* |
|---|---|
| 0 .00 | 0 .00 |

| ■10. Gross receipts in Texas *(before eliminations)* | ■11. Cost of goods sold or compensation *(before eliminations)* |
|---|---|
| 0 .00 | 0 .00 |

The reporting entity of a combined group with a temporary credit for business loss carryforwards preserved for itself and/or affiliates must submit common owner information. This information must be provided to satisfy franchise tax reporting requirements. Learn more at www.comptroller.texas.gov/taxes/franchise/. An information report (Form 05-102 or Form 05-167) must be filed for each affiliate that is organized in Texas or that has a physical presence in Texas.

Texas Comptroller Official Use Only



| VE/DE | ☐ | FM | ☐ |
|---|---|---|---|

7001

**HREP/Jetall, et al.**     **79**     **Exhibit 15**

6D52B2 3.000
TX2017   05-166
Ver. 8.0   (Rev.9-16/7)

# Texas Franchise Tax Affiliate Schedule

■ **Tcode**   13253 ANNUAL

| ■ Reporting entity taxpayer number | ■ Report year | Reporting entity taxpayer name |
|---|---|---|
| 32015417366. | 2017 | JETALL COMPANIES INC |

Reporting entity must be included on Affiliate Schedule. Affiliate reporting period dates must be within combined group's accounting period dates.

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number *(if none, use FEI number)* | ■3. Affiliate NAICS code |
|---|---|---|
| M EXEC S, LLC | 32052946509 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas | ■6. Affiliate reporting begin date m m d d y y | ■7. Affiliate reporting end date m m d d y y |
|---|---|---|---|
| ■ ☐ | ■ ☐ | 010116 | 123116 |

| ■8. Gross receipts subject to throwback in other states *(before eliminations)* | ■9. Gross receipts everywhere *(before eliminations)* |
|---|---|
| 0.00 | 0.00 |

| ■10. Gross receipts in Texas *(before eliminations)* | ■11. Cost of goods sold or compensation *(before eliminations)* |
|---|---|
| 0.00 | 0.00 |

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number *(if none, use FEI number)* | ■3. Affiliate NAICS code |
|---|---|---|
| HOUSTON METRO EXECUTIVE SUITES, LLC | 32052946517 | 531120 |

| 4. Blacken box if entity is disregarded for franchise tax | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas | ■6. Affiliate reporting begin date m m d d y y | ■7. Affiliate reporting end date m m d d y y |
|---|---|---|---|
| ■ ☐ | ■ ☐ | 010116 | 123116 |

| ■8. Gross receipts subject to throwback in other states *(before eliminations)* | ■9. Gross receipts everywhere *(before eliminations)* |
|---|---|
| 0.00 | 0.00 |

| ■10. Gross receipts in Texas *(before eliminations)* | ■11. Cost of goods sold or compensation *(before eliminations)* |
|---|---|
| 0.00 | 0.00 |

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number *(if none, use FEI number)* | ■3. Affiliate NAICS code |
|---|---|---|
| OFFICE CONSTRUCTION SERVICES, LLC | 32054202026 | 531120 |

| 4. Blacken box if entity is disregarded for franchise tax | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas | ■6. Affiliate reporting begin date m m d d y y | ■7. Affiliate reporting end date m m d d y y |
|---|---|---|---|
| ■ ☐ | ■ ☐ | 010116 | 123116 |

| ■8. Gross receipts subject to throwback in other states *(before eliminations)* | ■9. Gross receipts everywhere *(before eliminations)* |
|---|---|
| 0.00 | 0.00 |

| ■10. Gross receipts in Texas *(before eliminations)* | ■11. Cost of goods sold or compensation *(before eliminations)* |
|---|---|
| 0.00 | 0.00 |

The reporting entity of a combined group with a temporary credit for business loss carryforwards preserved for itself and/or affiliates must submit common owner information. This information must be provided to satisfy franchise tax reporting requirements. Learn more at www.comptroller.texas.gov/taxes/franchise/. An information report (Form 05-102 or Form 05-167) must be filed for each affiliate that is organized in Texas or that has a physical presence in Texas.

Texas Comptroller Official Use Only

| VE/DE | ☐ | FM | ☐ |
|---|---|---|---|

7001

**HREP/Jetall, et al.    80    Exhibit 15**

6D52B2 3.000

TX2017 05-166
Ver. 8.0 (Rev.9-16/7)

# Texas Franchise Tax Affiliate Schedule

■Tcode  13253 ANNUAL

| ■Reporting entity taxpayer number | ■Report year | Reporting entity taxpayer name |
|---|---|---|
| 32015417366 | 2017 | JETALL COMPANIES INC |

Reporting entity must be included on Affiliate Schedule. Affiliate reporting period dates must be within combined group's accounting period dates.

---

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number (if none, use FEI number) | ■3. Affiliate NAICS code |
|---|---|---|
| NORTHPARK OFFICE TOWER GP, LLC | 32019268302 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have NEXUS in Texas ■ ☐ | ■6. Affiliate reporting begin date m m d d y y  010116 | ■7. Affiliate reporting end date m m d d y y  123116 |
|---|---|---|---|

■8. Gross receipts subject to throwback in other states (before eliminations)  0 .00

■9. Gross receipts everywhere (before eliminations)  0 .00

■10. Gross receipts in Texas (before eliminations)  0 .00

■11. Cost of goods sold or compensation (before eliminations)  0 .00

---

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number (if none, use FEI number) | ■3. Affiliate NAICS code |
|---|---|---|
| NORTHPARK OFFICE TOWER, LP | 32035218893 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have NEXUS in Texas ■ ☐ | ■6. Affiliate reporting begin date m m d d y y  010116 | ■7. Affiliate reporting end date m m d d y y  123116 |
|---|---|---|---|

■8. Gross receipts subject to throwback in other states (before eliminations)  0 .00

■9. Gross receipts everywhere (before eliminations)  0 .00

■10. Gross receipts in Texas (before eliminations)  0 .00

■11. Cost of goods sold or compensation (before eliminations)  0 .00

---

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number (if none, use FEI number) | ■3. Affiliate NAICS code |
|---|---|---|
| 2401 FOUNTAINVIEW HOUSTON GP, LLC | 32057692959 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have NEXUS in Texas ■ ☐ | ■6. Affiliate reporting begin date m m d d y y  010116 | ■7. Affiliate reporting end date m m d d y y  123116 |
|---|---|---|---|

■8. Gross receipts subject to throwback in other states (before eliminations)  0 .00

■9. Gross receipts everywhere (before eliminations)  0 .00

■10. Gross receipts in Texas (before eliminations)  0 .00

■11. Cost of goods sold or compensation (before eliminations)  0 .00

---

The reporting entity of a combined group with a temporary credit for business loss carryforwards preserved for itself and/or affiliates must submit common owner information. This information must be provided to satisfy franchise tax reporting requirements. Learn more at www.comptroller.texas.gov/taxes/franchise/. An information report (Form 05-102 or Form 05-167) must be filed for each affiliate that is organized in Texas or that has a physical presence in Texas.

Texas Comptroller Official Use Only

| VE/DE | ☐ FM | ☐ |
|---|---|---|

7001

**HREP/Jetall, et al.     81     Exhibit 15**

6D52B2 3.000

TX2017   05-166
Ver. 8.0   (Rev.9-16/7)

# Texas Franchise Tax Affiliate Schedule

■ **Tcode**   13253 ANNUAL

| ■ Reporting entity taxpayer number | ■ Report year | Reporting entity taxpayer name |
|---|---|---|
| 32015417366 | 2017 | JETALL COMPANIES INC |

Reporting entity must be included on Affiliate Schedule. Affiliate reporting period dates must be within combined group's accounting period dates.

---

**1. Legal name of affiliate**

2401 FOUNTAINVIEW HOUSTON, LP

■ **2. Affiliate taxpayer number** *(if none, use FEI number)*

32057666284

■ **3. Affiliate NAICS code**

531110

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date  m m  d d  y y  010116 | ■7. Affiliate reporting end date  m m  d d  y y  123116 |
|---|---|---|---|

■8. Gross receipts subject to throwback in other states *(before eliminations)*    0 .00

■9. Gross receipts everywhere *(before eliminations)*    2563474 .00

■10. Gross receipts in Texas *(before eliminations)*    2563474 .00

■11. Cost of goods sold or compensation *(before eliminations)*    205883 .00

---

**1. Legal name of affiliate**

2401 FOUNTAINVIEW LIMITED PARTNER, LLC

■ **2. Affiliate taxpayer number** *(if none, use FEI number)*

32057911995

■ **3. Affiliate NAICS code**

531110

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date  m m  d d  y y  010116 | ■7. Affiliate reporting end date  m m  d d  y y  123116 |
|---|---|---|---|

■8. Gross receipts subject to throwback in other states *(before eliminations)*    0 .00

■9. Gross receipts everywhere *(before eliminations)*    0 .00

■10. Gross receipts in Texas *(before eliminations)*    0 .00

■11. Cost of goods sold or compensation *(before eliminations)*    0 .00

---

**1. Legal name of affiliate**

STARTEX POWER, LLC

■ **2. Affiliate taxpayer number** *(if none, use FEI number)*

32042157779

■ **3. Affiliate NAICS code**

531110

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date  m m  d d  y y  010116 | ■7. Affiliate reporting end date  m m  d d  y y  123116 |
|---|---|---|---|

■8. Gross receipts subject to throwback in other states *(before eliminations)*    0 .00

■9. Gross receipts everywhere *(before eliminations)*    0 .00

■10. Gross receipts in Texas *(before eliminations)*    0 .00

■11. Cost of goods sold or compensation *(before eliminations)*    0 .00

---

The reporting entity of a combined group with a temporary credit for business loss carryforwards preserved for itself and/or affiliates must submit common owner information. This information must be provided to satisfy franchise tax reporting requirements. Learn more at www.comptroller.texas.gov/taxes/franchise/. An information report (Form 05-102 or Form 05-167) must be filed for each affiliate that is organized in Texas or that has a physical presence in Texas.

**Texas Comptroller Official Use Only**

| VE/DE | ☐ | FM | ☐ |
|---|---|---|---|

7001

6D5282 3.000

TX2017   05-166
Ver. 8.0   (Rev.9-16/7)

# Texas Franchise Tax Affiliate Schedule

■Tcode   13253 ANNUAL

| ■Reporting entity taxpayer number | ■Report year | Reporting entity taxpayer name |
|---|---|---|
| 32015417366 | 2017 | JETALL COMPANIES INC |

Reporting entity must be included on Affiliate Schedule. Affiliate reporting period dates must be within combined group's accounting period dates.

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number *(if none, use FEI number)* | ■3. Affiliate NAICS code |
|---|---|---|
| 1415 NLW, LLC | 32042866221 | 531110 |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date m m  d d  y y  010116 | ■7. Affiliate reporting end date m m  d d  y y  123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states *(before eliminations)* | ■9. Gross receipts everywhere *(before eliminations)* |
|---|---|
| 0 .00 | 0 .00 |

| ■10. Gross receipts in Texas *(before eliminations)* | ■11. Cost of goods sold or compensation *(before eliminations)* |
|---|---|
| 0 .00 | 0 .00 |

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number *(if none, use FEI number)* | ■3. Affiliate NAICS code |
|---|---|---|
| JETALL CONSTRUCTION & DEVELOPMENT, LP | 32035659856 | |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date m m  d d  y y  010116 | ■7. Affiliate reporting end date m m  d d  y y  123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states *(before eliminations)* | ■9. Gross receipts everywhere *(before eliminations)* |
|---|---|
| 0 .00 | 0 .00 |

| ■10. Gross receipts in Texas *(before eliminations)* | ■11. Cost of goods sold or compensation *(before eliminations)* |
|---|---|
| 0 .00 | 0 .00 |

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number *(if none, use FEI number)* | ■3. Affiliate NAICS code |
|---|---|---|
| UMBS GP, LLC | 32058398630 | |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date m m  d d  y y  010116 | ■7. Affiliate reporting end date m m  d d  y y  123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states *(before eliminations)* | ■9. Gross receipts everywhere *(before eliminations)* |
|---|---|
| 0 .00 | 0 .00 |

| ■10. Gross receipts in Texas *(before eliminations)* | ■11. Cost of goods sold or compensation *(before eliminations)* |
|---|---|
| 0 .00 | 0 .00 |

The reporting entity of a combined group with a temporary credit for business loss carryforwards preserved for itself and/or affiliates must submit common owner information. This information must be provided to satisfy franchise tax reporting requirements. Learn more at www.comptroller.texas.gov/taxes/franchise/. An information report (Form 05-102 or Form 05-167) must be filed for each affiliate that is organized in Texas or that has a physical presence in Texas.

Texas Comptroller Official Use Only

| VE/DE | ☐ | FM | ☐ |
|---|---|---|---|

7001

**HREP/Jetall, et al.**   **83**   <u>**Exhibit 15**</u>

6D52B2 3.000

TX2017   05-166
Ver. 8.0   (Rev.9-16/7)

# Texas Franchise Tax Affiliate Schedule

■Tcode   13253 ANNUAL

| ■Reporting entity taxpayer number | ■Report year | Reporting entity taxpayer name |
|---|---|---|
| 32015417366 | 2017 | JETALL COMPANIES INC |

Reporting entity must be included on Affiliate Schedule. Affiliate reporting period dates must be within combined group's accounting period dates.

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number *(if none, use FEI number)* | ■3. Affiliate NAICS code |
|---|---|---|
| UNIFORM MEDICAL BILLING SOLUTIONS, LLC | 32058446413 | |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date<br>m m  d d  y y<br>010116 | ■7. Affiliate reporting end date<br>m m  d d  y y<br>123116 |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states *(before eliminations)* | ■9. Gross receipts everywhere *(before eliminations)* |
|---|---|
| 0 .00 | 0 .00 |

| ■10. Gross receipts in Texas *(before eliminations)* | ■11. Cost of goods sold or compensation *(before eliminations)* |
|---|---|
| 0 .00 | 0 .00 |

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number *(if none, use FEI number)* | ■3. Affiliate NAICS code |
|---|---|---|
| | | |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date<br>m m  d d  y y | ■7. Affiliate reporting end date<br>m m  d d  y y |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states *(before eliminations)* | ■9. Gross receipts everywhere *(before eliminations)* |
|---|---|
| 0 .00 | 0 .00 |

| ■10. Gross receipts in Texas *(before eliminations)* | ■11. Cost of goods sold or compensation *(before eliminations)* |
|---|---|
| 0 .00 | 0 .00 |

| 1. Legal name of affiliate | ■2. Affiliate taxpayer number *(if none, use FEI number)* | ■3. Affiliate NAICS code |
|---|---|---|
| | | |

| 4. Blacken box if entity is disregarded for franchise tax ■ ☐ | 5. Blacken box if this affiliate does NOT have **NEXUS** in Texas ■ ☐ | ■6. Affiliate reporting begin date<br>m m  d d  y y | ■7. Affiliate reporting end date<br>m m  d d  y y |
|---|---|---|---|

| ■8. Gross receipts subject to throwback in other states *(before eliminations)* | ■9. Gross receipts everywhere *(before eliminations)* |
|---|---|
| 0 .00 | 0 .00 |

| ■10. Gross receipts in Texas *(before eliminations)* | ■11. Cost of goods sold or compensation *(before eliminations)* |
|---|---|
| 0 .00 | 0 .00 |

The reporting entity of a combined group with a temporary credit for business loss carryforwards preserved for itself and/or affiliates must submit common owner information. This information must be provided to satisfy franchise tax reporting requirements. Learn more at www.comptroller.texas.gov/taxes/franchise/. An information report (Form 05-102 or Form 05-167) must be filed for each affiliate that is organized in Texas or that has a physical presence in Texas.

Texas Comptroller Official Use Only

| VE/DE | ☐ | FM | ☐ |
|---|---|---|---|

7001

**HREP/Jetall, et al.     84          Exhibit 15**



05-102
(Rev.9-15/33)

**Texas Franchise Tax Public Information Report**

■ Tcode 13196 Franchise

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct Information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 1 5 4 1 7 3 6 6 | 2 0 1 7 | |

| Taxpayer name | ○ Blacken circle if the mailing address has changed. |
|---|---|
| **JETALL COMPANIES, INC.** | |

| Mailing address | Secretary of State (SOS) file number or Comptroller file number |
|---|---|
| **2500 WEST LOOP SOUTH, STE 255** | |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| **HOUSTON** | **TX** | **77027-4513** | **0800364624** |

● Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| **2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513** |
| Principal place of business |
| **2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513** |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

3201541736817

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration | m m | d d | y y |
|---|---|---|---|---|---|---|---|
| **ALI CHOUDHRI** | **PRESIDENT** | ● YES | | | | | |
| Mailing address **2500 WEST LOOP SOUTH, STE 255** | City **HOUSTON** | | | State **TX** | ZIP Code **77027** | | |
| Name | Title | Director ○ YES | | Term expiration | m m | d d | y y |
| Mailing address | City | | | State | ZIP Code | | |
| Name | Title | Director ○ YES | | Term expiration | m m | d d | y y |
| Mailing address | City | | | State | ZIP Code | | |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file *(see Instructions if you need to make changes)* | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: **LEGAL REGISTERED AGENT SERVICES, INC.** | |

| Office: **700 LAVACA ST, STE 1401** | City **AUSTIN** | State **TX** | ZIP Code **78701** |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE | ○ | PIR IND | ○ |
|---|---|---|---|



05-102
(Rev.9-15/33)

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 2 0 5 1 6 2 1 0 | 2 0 1 7 | |

| Taxpayer name | ⬤ Blacken circle if the mailing address has changed. |
|---|---|
| JETALL INVESTMENT AND REALTY INC. | |

| Mailing address | Secretary of State (SOS) file number or Comptroller file number |
|---|---|
| 700 LAVACA ST, STE 1401 | |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| AUSTIN | TX | 78701-3101 | 0800700995 |

◯ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| 700 LAVACA ST, STE 1401, AUSTIN, TX 78701-3101 |

| Principal place of business |
|---|
| 700 LAVACA ST, STE 1401, AUSTIN, TX 78701-3101 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

3202051621017

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| ALI CHOUDHRI | MEMBER | ◯ YES | | | |
| **Mailing address** 2500 WEST LOOP SOUTH, STE 255 | **City** HOUSTON | | | **State** TX | **ZIP Code** 77027 |
| Name | Title | Director ◯ YES | | Term expiration | m m d d y y |
| Mailing address | City | | | State | ZIP Code |
| Name | Title | Director ◯ YES | | Term expiration | m m d d y y |
| Mailing address | City | | | State | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file *(see instructions if you need to make changes)* | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: LEGAL REGISTERED AGENT SERVICES, INC. | |

| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ❯ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ◯ | PIR IND ◯ |
|---|---|

HREP/Jetall, et al.      86      **Exhibit 15**

 05-102
(Rev.9-15/33)

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions

■ Tcode 13196 Franchise

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 4 9 6 2 9 0 0 2 | 2 0 1 7 | |

| Taxpayer name | | ● Blacken circle if the mailing address has changed. |
|---|---|---|
| 1001 WEST LOOP, LP | | |

| Mailing address | | Secretary of State (SOS) file number or Comptroller file number |
|---|---|---|
| 700 LAVACA ST, STE 1401 | | |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| AUSTIN | TX | 78701-3101 | 0801693324 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |

| Principal place of business |
|---|
| 1001 WEST LOOP, HOUSTON, TX 77027 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

3204962900217

| Name | Title | Director | Term expiration | m m d d y y |
|---|---|---|---|---|
| 1001 WL GP, LLC | GENERAL PARTNER | ○ YES | | |
| Mailing address 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 | |
| Name ALI CHOUDHRI | Title LIMITED PARTNER | Director ○ YES | Term expiration | m m d d y y |
| Mailing address 2500 WEST LOOP SOUTH, STE 255 | City HOUSTON | State TX | ZIP Code 77027 | |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | State | ZIP Code | |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file *(see instructions if you need to make changes)* | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: LEGAL REGISTERED AGENT SERVICES, INC. | |

| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|



05-102
(Rev.9-15/33)

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct Information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 5 0 1 6 6 9 1 0 | 2 0 1 7 | |

| Taxpayer name | | |
|---|---|---|
| 2425 WEST LOOP, LP | | ■ ● Blacken circle if the mailing address has changed. |
| Mailing address | | Secretary of State (SOS) file number or Comptroller file number |
| 700 LAVACA ST, STE 1401 | | |
| City **AUSTIN** | State **TX** | ZIP code plus 4 **78701-3101** | 0801731934 |

○ Blacken circle if there are currently no changes from previous year; if no Information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |
| Principal place of business |
| 2425 WEST LOOP, HOUSTON, TX 77027 |

You must report officer, director, member, general partner and manager information as of the date you complete this report

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

3205016691017

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| 2425 WL GP, LLC | GENERAL PARTNER | ○ YES | | | |
| Mailing address 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 | | |
| Name ALI CHOUDHRI | Title LIMITED PARTNER | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address 2500 WEST LOOP SOUTH, STE 255 | City HOUSTON | State TX | ZIP Code 77027 | | |
| Name AJ SCHILL | Title LIMITED PARTNER | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address 2500 WEST LOOP SOUTH, STE 255 | City HOUSTON | State TX | ZIP Code 77027 | | |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file (see instructions if you need to make changes) | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: LEGAL REGISTERED AGENT SERVICES, INC. | |
| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The Information will be available for public inspection.

| I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution. | | | |
|---|---|---|---|
| sign here ▶ | Title | Date | Area code and phone number ( ) - |

**Texas Comptroller Official Use Only**

| | VE/DE | ○ | PIR IND | ○ |
|---|---|---|---|---|

HREP/Jetall, et al. 88 Exhibit 15



05-102
(Rev.9-15/33)

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | | | | | | | | | | ■ Report year | | | | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 2 | 0 | 2 | 0 | 5 | 1 | 6 | 3 | 0 | 1 | 2 | 0 | 1 | 7 | |

| Taxpayer name | |
|---|---|
| **TEXAS REIT LLC** | ■ ● Blacken circle if the mailing address has changed. |

| Mailing address | Secretary of State (SOS) file number or |
|---|---|
| **700 LAVACA ST, STE 1401** | Comptroller file number |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| **AUSTIN** | **TX** | **78701-3101** | **0800700986** |

● Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| **2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513** |

| Principal place of business |
|---|
| **8050 WESTHEIMER ROAD, HOUSTON, TX 77063** |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

3202051630117

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| **ALI CHOUDHRI** | **DIRECTOR** | ● YES | | | |
| Mailing address **2500 WEST LOOP SOUTH, STE 255** | City **HOUSTON** | State **TX** | | | ZIP Code **77027** |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | State | | | ZIP Code |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | State | | | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file (see instructions if you need to make changes) | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: **LEGAL REGISTERED AGENT SERVICES, INC.** | |

| Office: **700 LAVACA ST, STE 1401** | City **AUSTIN** | State **TX** | ZIP Code **78701** |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | | Title | Date | Area code and phone number **( 713 ) 789 - 7654** |
|---|---|---|---|---|

**Texas Comptroller Official Use Only**

| | VE/DE ○ | PIR IND ○ |
|---|---|---|

**HREP/Jetall, et al.     89     Exhibit 15**


05-102
(Rev.9-15/33)

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

■ Tcode 13196 Franchise

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 4 9 6 1 7 9 1 6 | 2 0 1 7 | |

| Taxpayer name | 1001 WL GP, LLC | ○ Blacken circle if the mailing address has changed. |
|---|---|---|

| Mailing address | 700 LAVACA ST, STE 1401 | Secretary of State (SOS) file number or Comptroller file number |
|---|---|---|

| City AUSTIN | State TX | ZIP code plus 4 78701-3101 | 0801692734 |
|---|---|---|---|

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office | 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |
|---|---|
| Principal place of business | 1001 WEST LOOP, HOUSTON, TX 77027 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

3204961791617

| Name WORLDWIDE OFFICE MANAGEMENT LLC | Title GOVERNING | Director ○ YES | Term expiration | m m d d y y |
|---|---|---|---|---|
| Mailing address 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 | |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | State | ZIP Code | |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | State | ZIP Code | |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file (see instructions if you need to make changes) | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: LEGAL REGISTERED AGENT SERVICES, INC. | |
| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number (713) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE | ○ | PIR IND | ○ |
|---|---|---|---|

HREP/Jetall, et al.     90     **Exhibit 15**



05-102
(Rev.9-15/33)

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

■ Tcode 13196 Franchise

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 5 0 1 6 6 7 9 5 | 2 0 1 7 | |

| Taxpayer name | | |
|---|---|---|
| 2425 WL GP, LLC | | ● Blacken circle if the mailing address has changed. |
| **Mailing address** 700 LAVACA ST, STE 1401 | | Secretary of State (SOS) file number or Comptroller file number |
| City AUSTIN | State TX | ZIP code plus 4 78701-3101 |
| | | 0802210958 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |
| Principal place of business 2425 WEST LOOP, HOUSTON, TX 77027 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

3205016679517

**SECTION A**  Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | m m d d y y |
|---|---|---|---|---|
| WORLDWIDE OFFICE MANAGEMENT LLC | MANAGER | ○ YES | Term expiration | |
| Mailing address 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | | ZIP Code 78701 |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | State | | ZIP Code |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | State | | ZIP Code |

**SECTION B**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file (see instructions if you need to make changes) | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. | | |
|---|---|---|---|
| Agent: LEGAL REGISTERED AGENT SERVICES, INC. | | | |
| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 )  789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE | ○ | PIR IND | ○ |
|---|---|---|---|



05-102
(Rev.9-15/33)

## Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | ■ Report year |
|---|---|
| 3 2 0 4 4 1 1 6 4 0 1 | 2 0 1 7 |

You have **certain rights** under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.

| Taxpayer name | 411 NORTH BELT, LLC | ● Blacken circle if the mailing address has changed. |
|---|---|---|

| Mailing address | 700 LAVACA ST, STE 1401 | Secretary of State (SOS) file number or Comptroller file number |
|---|---|---|
| City AUSTIN | State TX · ZIP code plus 4 78701-3101 | 0801416188 |

● Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office | 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |
|---|---|
| Principal place of business | 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

3204411640117

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| ALI CHOUDHRI | MEMBER | ○ YES | | | |
| Mailing address 2500 WEST LOOP SOUTH, STE 255 | City HOUSTON | State TX | | | ZIP Code 77027 |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | State | | | ZIP Code |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | State | | | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file *(see instructions if you need to make changes)* | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: LEGAL REGISTERED AGENT SERVICES, INC. | |
| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

### Texas Comptroller Official Use Only

| VE/DE ○ | PIR IND ○ |
|---|---|

HREP/Jetall, et al.     92     Exhibit 15

# Texas Franchise Tax Public Information Report

 05-102 (Rev.9-15/33)

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 4 7 9 9 2 0 3 0 | 2 0 1 7 | |

| Taxpayer name | ○ Blacken circle if the mailing address has changed. |
|---|---|
| 50 BH, LLC | |

| Mailing address | Secretary of State (SOS) file number or Comptroller file number |
|---|---|
| 700 LAVACA ST, STE 1401 | |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| AUSTIN | TX | 78701-3101 | 0801598917 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |
| Principal place of business |
| 50 BRIAR HOLLOW, HOUSTON, TX 77027 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

3204799203017

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration m m d d y y |
|---|---|---|---|
| 50 BRIAR HOLLOW LLC | GOVERNING | ○ YES | |
| Mailing address 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |
| Name | Title | Director ○ YES | Term expiration m m d d y y |
| Mailing address | City | State | ZIP Code |
| Name | Title | Director ○ YES | Term expiration m m d d y y |
| Mailing address | City | State | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file. (see instructions if you need to make changes) | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: LEGAL REGISTERED AGENT SERVICES, INC. | |

| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

Texas Comptroller Official Use Only

| VE/DE ○ | PIR IND ○ |
|---|---|

**HREP/Jetall, et al.      93      Exhibit 15**



05-102
(Rev.9-15/33)

■ Tcode 13196 Franchise

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

| ■ Taxpayer number | ■ Report year |
|---|---|
| 3 2 0 4 7 9 9 1 8 2 6 | 2 0 1 7 |

You have certain rights under Chapter 552 and 559,
Government Code, to review, request and correct information
we have on file about you. Contact us at 1-800-252-1381.

| Taxpayer name | 50 BRIAR HOLLOW, LLC | | ■ ● Blacken circle if the mailing address has changed. |
|---|---|---|---|
| Mailing address | 700 LAVACA ST, STE 1401 | | Secretary of State (SOS) file number or Comptroller file number |
| City AUSTIN | State TX | ZIP code plus 4 78701-3101 | 0801598952 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office | 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |
|---|---|
| Principal place of business | 50 BRIAR HOLLOW, HOUSTON, TX 77027 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

3204799182617

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name 50 BH, LLC | Title MANAGER | Director ○ YES | Term expiration | m m d d y y |
|---|---|---|---|---|
| Mailing address 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | | ZIP Code 78701 |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | State | | ZIP Code |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | State | | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file (see instructions if you need to make changes) | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: **LEGAL REGISTERED AGENT SERVICES, INC.** | |
| Office: **700 LAVACA ST, STE 1401** | City **AUSTIN** | State **TX** | ZIP Code **78701** |

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|

HREP/Jetall, et al.    94    Exhibit 15



## Texas Franchise Tax Public Information Report

05-102
(Rev.9-15/33)

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions

■ Tcode 13196 Franchise

| ■ Taxpayer number | ■ Report year |
|---|---|
| 3 2 0 4 3 1 4 6 4 8 2 | 2 0 1 7 |

*You have certain rights* under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.

Taxpayer name **5700 THOUSAND OAKS, LLC**

● Blacken circle if the mailing address has changed.

Mailing address **700 LAVACA ST, STE 1401**

| City **AUSTIN** | State **TX** | ZIP code plus 4 **78701-3101** | Secretary of State (SOS) file number or Comptroller file number **0801351256** |
|---|---|---|---|

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office **2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513**

Principal place of business **5700 THOUSAND OAKS CIRCLE, HOUSTON, TX 77027**

You must report officer, director, member, general partner and manager information as of the date you complete this report

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

3204314648217

**SECTION A**  Name, title and mailing address of each officer, director, member, general partner or manager.

| Name **ALI CHOUDHRI** | Title **MEMBER** | Director ○ YES | Term expiration | m m d d y y |
|---|---|---|---|---|
| Mailing address **2500 WEST LOOP SOUTH, STE 255** | City **HOUSTON** | State **TX** | ZIP Code **77027** | |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | State | ZIP Code | |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | State | ZIP Code | |

**SECTION B**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

Registered agent and registered office currently on file *(see instructions if you need to make changes)*

Agent **LEGAL REGISTERED AGENT SERVICES, INC.**

You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.

| Office: **700 LAVACA ST, STE 1401** | City **AUSTIN** | State **TX** | ZIP Code **78701** |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

Texas Comptroller Official Use Only

| VE/DE ○ | PIR IND ○ |
|---|---|



**05-102**
(Rev.9-15/33)

■ Tcode 13196 Franchise

## Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 5 5 8 7 8 0 6 3 | 2 0 1 7 | |

| Taxpayer name | AVONDALE LIVING, LLC | ○ Blacken circle if the mailing address has changed. |
|---|---|---|

| Mailing address | 700 LAVACA ST, STE 1401 | Secretary of State (SOS) file number or Comptroller file number |
|---|---|---|
| City **AUSTIN** | State **TX**    ZIP code plus 4 **78701-3101** | **0802117342** |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office | 2500 WEST LOOP SOUTH. STE 255, HOUSTON, TX 77027-4513 |
|---|---|
| Principal place of business | 2500 WEST LOOP SOUTH. STE 255, HOUSTON, TX 77027-4513 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

3205587806317

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration (m m d d y y) |
|---|---|---|---|
| **WORLDWIDE OFFICE MANAGEMENT LLC** | **MANAGER** | ○ YES | |
| Mailing address **700 LAVACA ST, STE 1401** | City **AUSTIN** | State **TX** | ZIP Code **78701** |
| Name | Title | Director ○ YES | Term expiration |
| Mailing address | City | State | ZIP Code |
| Name | Title | Director ○ YES | Term expiration |
| Mailing address | City | State | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file *(see instructions if you need to make changes)* | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: **LEGAL REGISTERED AGENT SERVICES, INC.** | |
| Office: **700 LAVACA ST, STE 1401** | City **AUSTIN**   State **TX**   ZIP Code **78701** |

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ► | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|



05-102
(Rev.9-15/33)

**Texas Franchise Tax Public Information Report**

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

▪ **Tcode** 13196 Franchise

| Taxpayer number | | | | | | | | | | Report year | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 2 | 0 | 4 | 8 | 3 | 9 | 6 | 8 | 1 | 9 | 2 | 0 | 1 | 7 |

*You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.*

Taxpayer name **BROAD ACRES VILLAS, LLC**

○ Blacken circle if the mailing address has changed.

Mailing address **700 LAVACA ST, STE 1401**

Secretary of State (SOS) file number or Comptroller file number

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| **AUSTIN** | **TX** | **78701-3101** | **0801619994** |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office **2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513**

Principal place of business **2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513**

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

3204839681917

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| **BROAD ACRES LLC** | **GOVERNING** | ○ YES | | | |
| Mailing address **700 LAVACA ST, STE 1401** | City **AUSTIN** | | | State **TX** | ZIP Code **78701** |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | | | State | ZIP Code |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | | | State | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

Registered agent and registered office currently on file *(see instructions if you need to make changes)*

*You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.*

Agent: **LEGAL REGISTERED AGENT SERVICES, INC.**

| Office: **700 LAVACA ST, STE 1401** | City **AUSTIN** | State **TX** | ZIP Code **78701** |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|



# Texas Franchise Tax Public Information Report

05-102
(Rev.9-15/33)

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions

■ Tcode 13196 Franchise

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 4 8 3 9 6 8 3 5 | 2 0 1 7 | |

| Taxpayer name | | ○ Blacken circle if the mailing address has changed. |
|---|---|---|
| BROAD ACRES, LLC | | |

| Mailing address | Secretary of State (SOS) file number or Comptroller file number |
|---|---|
| 700 LAVACA ST, STE 1401 | |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| AUSTIN | TX | 78701-3101 | 0801619992 |

○ Blacken circle if there are currently no changes from previous year; If no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON. TX 77027-4513 |
| Principal place of business |
| 1123 BARTLETT STREET, HOUSTON, TX 77006-6434 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

3204839683517

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| BROAD ACRES VILLAS, LLC | MANAGER | ○ YES | | | |
| Mailing address | City | | State | ZIP Code | |
| 700 LAVACA ST, STE 1401 | AUSTIN | | TX | 78701 | |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| | | | | | |
| Mailing address | City | | State | ZIP Code | |
| | | | | | |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| | | | | | |
| Mailing address | City | | State | ZIP Code | |
| | | | | | |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file *(see instructions if you need to make changes)* | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: LEGAL REGISTERED AGENT SERVICES, INC. | |

| Office: 700 LAVACA ST, STE 1401 | City | State | ZIP Code |
|---|---|---|---|
| | AUSTIN | TX | 78701 |

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number (713) 789 - 7654 |
|---|---|---|---|

Texas Comptroller Official Use Only

| VE/DE ○ | PIR IND ○ |
|---|---|



05-102
(Rev.9-15/33)

■ **Tcode** 13196 Franchise

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions

| ■ Taxpayer number | ■ Report year | |
|---|---|---|
| 3 2 0 5 2 5 1 3 0 9 3 | 2 0 1 7 | *You have certain rights* under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |

| Taxpayer name | |
|---|---|
| **GREENVILLE TOWER MEDICAL INVESTORS, LLC** | ■ ● Blacken circle if the mailing address has changed. |

| Mailing address | |
|---|---|
| **700 LAVACA ST, STE 1401** | Secretary of State (SOS) file number or Comptroller file number |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| **AUSTIN** | **TX** | **78701-3101** | **0801885934** |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| **2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513** |
| Principal place of business |
| **7150 GREENVILLE AVENUE, DALLAS, TX 75231-7900** |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

3205251308317

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | m m d d y y |
|---|---|---|---|---|
| **OFFICE ENTERPRISES UNLIMITED INC** | **MANAGER** | ○ YES | Term expiration | |
| Mailing address **700 LAVACA ST, STE 1401** | City **AUSTIN** | State **TX** | | ZIP Code **78701** |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | State | | ZIP Code |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | State | | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |

| Registered agent and registered office currently on file *(see instructions if you need to make changes)* | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: **LEGAL REGISTERED AGENT SERVICES, INC.** | |

| Office: **700 LAVACA ST, STE 1401** | City **AUSTIN** | State **TX** | ZIP Code **78701** |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|

**HREP/Jetall, et al.     99          Exhibit 15**



05-102
(Rev.9-15/33)

**Tcode 13196 Franchise**

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

| Taxpayer number | Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 5 5 3 3 0 9 1 7 | 2 0 1 7 | |

| Taxpayer name | HARWIN PLAZA INTERNATIONAL, LLC | ○ Blacken circle if the mailing address has changed. |
|---|---|---|

| Mailing address | 700 LAVACA ST, STE 1401 | Secretary of State (SOS) file number or Comptroller file number |
|---|---|---|

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| AUSTIN | TX | 78701-3101 | 0802076010 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office | 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |
|---|---|
| Principal place of business | 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

**Please sign below!** This report must be signed to satisfy franchise tax requirements.

3205533091717

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration |
|---|---|---|---|
| ALI CHOUDHRI | MANAGER | ○ YES | m m d d y y |
| Mailing address 2500 WEST LOOP SOUTH, STE 255 | City HOUSTON | State TX | ZIP Code 77027 |
| Name | Title | Director ○ YES | Term expiration m m d d y y |
| Mailing address | City | State | ZIP Code |
| Name | Title | Director ○ YES | Term expiration m m d d y y |
| Mailing address | City | State | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file. (see instructions if you need to make changes) | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: LEGAL REGISTERED AGENT SERVICES, INC. | |

| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|

HREP/Jetall, et al.    100    Exhibit 15



05-102
(Rev.9-15/33)

**Texas Franchise Tax Public Information Report**

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | | | | | | | | | | ■ Report year | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 2 | 0 | 3 | 9 | 1 | 9 | 9 | 7 | 2 | 7 | 2 | 0 | 1 | 7 |

*You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.*

Taxpayer name
**HOUSTON REAL ESTATE PROPERTIES, LLC**

○ Blacken circle if the mailing address has changed.

Mailing address
**2500 WEST LOOP SOUTH, STE 255**

Secretary of State (SOS) file number or
Comptroller file number

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| **HOUSTON** | **TX** | **77027** | **0801103694** |

● Blacken circle if there are currently no changes from previous year; If no information is displayed, complete the applicable information in Sections A, B and C.

Principal office
**2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513**

Principal place of business
**2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513**

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

3203919972717

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term | m m d d y y |
|---|---|---|---|---|---|
| **ALI CHOUDHRI** | **MEMBER** | ○ YES | | expiration | |
| Mailing address **2500 WEST LOOP SOUTH, STE 255** | City **HOUSTON** | | State **TX** | | ZIP Code **77027** |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | | State | | ZIP Code |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | | State | | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |

Registered agent and registered office currently on file *(see instructions if you need to make changes)*
Agent: **ALI CHOUDHRI**

*You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.*

| Office: **2500 WEST LOOP SOUTH, STE 255** | City **HOUSTON** | State **TX** | ZIP Code **77027** |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE | ○ | PIR IND | ○ |
|---|---|---|---|



05-102
(Rev.9-15/33)

**Texas Franchise Tax Public Information Report**

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | ■ Report year | *You have certain rights* under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 4 6 2 5 6 9 9 9 | 2 0 1 7 | |

| Taxpayer name | |
|---|---|
| INNER BELT HOLDINGS, LLC | ■ ● Blacken circle if the mailing address has changed. |

| Mailing address | | Secretary of State (SOS) file number or Comptroller file number |
|---|---|---|
| 700 LAVACA ST, STE 1401 | | |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| AUSTIN | TX | 78701-3101 | 0801528016 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |
| Principal place of business |
| 3225 WEST FUQUA STREET, HOUSTON, TX 77045 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

3204825699917

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| ALI CHOUDHRI | MANAGER | ○ YES | | | |
| Mailing address 2500 WEST LOOP SOUTH, STE 255 | City HOUSTON | State TX | | ZIP Code 77027 | |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | State | | ZIP Code | |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | State | | ZIP Code | |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file *(see instructions if you need to make changes)* | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: LEGAL REGISTERED AGENT SERVICES, INC. | |

| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number (713) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|

**HREP/Jetall, et al.    102    Exhibit 15**



05-102
(Rev.9-15/33)

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 1 4 9 9 8 2 0 0 | 2 0 1 7 | |

| Taxpayer name | ■ ○ Blacken circle if the mailing address has changed. |
|---|---|
| JETALL GP, LLC | |

| Mailing address | |
|---|---|
| 2500 WEST LOOP SOUTH, STE 255 | Secretary of State (SOS) file number or Comptroller file number |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| HOUSTON | TX | 77027 | 0800339348 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |

| Principal place of business |
|---|
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

3201499820017

| Name | Title | Director | Term expiration | m m d d y y |
|---|---|---|---|---|
| ALI CHOUDHRI | MANAGER | ● YES | | |
| Mailing address 2500 WEST LOOP SOUTH, STE 255 | City HOUSTON | | State TX | ZIP Code 77027 |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | | State | ZIP Code |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | | State | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file (see instructions if you need to make changes) | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: LEGAL REGISTERED AGENT SERVICES, INC. | |

| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|



05-102
(Rev.9-15/33)

**Texas Franchise Tax Public Information Report**

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | ■ Report year |
|---|---|
| 3 2 0 5 5 0 1 5 7 5 7 | 2 0 1 7 |

*You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.*

**Taxpayer name**
MEMORIAL GLEN COVE, LLC

○ Blacken circle if the mailing address has changed.

**Mailing address**
700 LAVACA ST, STE 1401

| City | State | ZIP code plus 4 | Secretary of State (SOS) file number or Comptroller file number |
|---|---|---|---|
| AUSTIN | TX | 78701-3101 | 0802053805 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

**Principal office**
2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513

**Principal place of business**
2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

3205501575717

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| MEMORIAL PARK LLC | MANAGER | ○ YES | | | |
| Mailing address 700 LAVACA ST, STE 1401 | City AUSTIN | | State TX | ZIP Code 78701 | |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | | State | ZIP Code | |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | | State | ZIP Code | |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

Registered agent and registered office currently on file *(see instructions if you need to make changes)*
**Agent:** LEGAL REGISTERED AGENT SERVICES, LLC

*You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.*

| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE | ○ | PIR IND | ○ |
|---|---|---|---|

HREP/Jetall, et al.     104     **Exhibit 15**



05-102
(Rev.9-15/33)

**Texas Franchise Tax Public Information Report**

*To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),*
*Professional Associations (PA) and Financial Institutions*

■ Tcode 13196 Franchise

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 5 1 5 9 2 9 2 4 | 2 0 1 7 | |

| Taxpayer name | | | Blacken circle if the mailing address has changed. |
|---|---|---|---|
| MEMORIAL PARK LLC | | ■ ○ | |

| Mailing address | | Secretary of State (SOS) file number or Comptroller file number |
|---|---|---|
| 700 LAVACA ST, STE 1401 | | |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| AUSTIN | TX | 78701-3101 | 0801823683 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |
| Principal place of business |
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

**Please sign below!** This report must be signed to satisfy franchise tax requirements.

3205159292417

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| MEMORIAL GLEN COVE, LLC | GOVERNING | ○ YES | | | |
| Mailing address 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | | ZIP Code 78701 | |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | State | | ZIP Code | |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | State | | ZIP Code | |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file *(see instructions if you need to make changes)* | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: LEGAL REGISTERED AGENT SERVICES, INC. | |

| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number (713) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|

05-102
(Rev.9-15/33)

**Texas Franchise Tax Public Information Report**

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

■ Taxpayer number

| 3 | 2 | 0 | 4 | 4 | 2 | 3 | 4 | 4 | 3 | 6 |

■ Report year

| 2 | 0 | 1 | 7 |

You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.

Taxpayer name
**OFFICE NORTH BELT, LLC**

■ ● Blacken circle if the mailing address has changed.

Mailing address
**700 LAVACA STREET, STE 1401**

Secretary of State (SOS) file number or Comptroller file number

City **AUSTIN**   State **TX**   ZIP code plus 4 **78701-3101**   **0801424576**

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office
**2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513**

Principal place of business
**411 NORTH SAM HOUSTON PARKWAY, HOUSTON, TX 77060-3545**

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

3204423443617

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration | m m d d y y |
|---|---|---|---|---|
| **ALI CHOUDHRI** | **MEMBER** | ○ YES | | |
| Mailing address **2500 WEST LOOP SOUTH, STE 255** | City **HOUSTON** | State **TX** | ZIP Code **77027** | |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | State | ZIP Code | |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | State | ZIP Code | |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

Registered agent and registered office currently on file (see instructions if you need to make changes)
Agent: **LEGAL REGISTERED AGENT SERVICES, INC.**

You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.

Office: **700 LAVACA ST, STE 1401**   City **AUSTIN**   State **TX**   ZIP Code **78701**

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

sign here ▶   Title   Date   Area code and phone number **( 713 ) 789 - 7654**

**Texas Comptroller Official Use Only**

VE/DE ○   PIR IND ○

**HREP/Jetall, et al.   106   Exhibit 15**



05-102
(Rev.9-15/33)

**Tcode** 13196 Franchise

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions

| Taxpayer number | Report year |
|---|---|
| 3 2 0 5 1 7 7 2 4 5 0 | 2 0 1 7 |

*You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.*

**Taxpayer name**  WEST LOOP HOSPITALITY, LLC

○ Blacken circle if the mailing address has changed.

**Mailing address**  700 LAVACA ST, STE 1401

**Secretary of State (SOS) file number or Comptroller file number**

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| AUSTIN | TX | 78701-3101 | 0801834785 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

**Principal office**  2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513

**Principal place of business**  2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513

You must report officer, director, member, general partner and manager information as of the date you complete this report.

***Please sign below!*** **This report must be signed to satisfy franchise tax requirements.**

3205177245017

**SECTION A**  Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration m m d d y y |
|---|---|---|---|---|
| WORLDWIDE OFFICE MANAGEMENT LLC | MANAGER | ○ YES | | |
| Mailing address 700 LAVACA ST, STE 1401 | City AUSTIN | | State TX | ZIP Code 78701 |
| Name | Title | Director ○ YES | | Term expiration m m d d y y |
| Mailing address | City | | State | ZIP Code |
| Name | Title | Director ○ YES | | Term expiration m m d d y y |
| Mailing address | City | | State | ZIP Code |

**SECTION B**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

**Registered agent and registered office currently on file** *(see instructions if you need to make changes)*

*You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.*

**Agent:** LEGAL REGISTERED AGENT SERVICES, INC.

| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here | | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE | ○ | PIR IND | ○ |
|---|---|---|---|

**HREP/Jetall, et al.**     **107**     **Exhibit 15**



05-102
(Rev.9-15/33)

**Texas Franchise Tax Public Information Report**

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | | | | | | | | | | ■ Report year | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 2 | 0 | 4 | 7 | 1 | 9 | 0 | 4 | 7 | 8 | | 2 | 0 | 1 | 7 |

*You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.*

**Taxpayer name**
WORLDWIDE LENDING FUND, LLC

○ Blacken circle if the mailing address has changed.

**Mailing address**
700 LAVACA ST, STE 1401

**Secretary of State (SOS) file number or Comptroller file number**
0801560566

| City | State | ZIP code plus 4 |
|---|---|---|
| AUSTIN | TX | 78701-3101 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

**Principal office**
2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513

**Principal place of business**
2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

3204719047817

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| WORLDWIDE LENDING ORGANIZATION | MANAGER | ○ YES | | | |
| Mailing address 700 LAVACA ST, STE 1401 | City AUSTIN | | | State TX | ZIP Code 78701 |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | | | State | ZIP Code |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | | | State | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

Registered agent and registered office currently on file *(see instructions if you need to make changes)*

*You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.*

Agent: **LEGAL REGISTERED AGENT SERVICES, INC.**

| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ► | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|

**HREP/Jetall, et al.** **108** **Exhibit 15**



05-102
(Rev.9-15/33)

**Texas Franchise Tax Public Information Report**

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

■ Taxpayer number: 3 2 0 4 7 1 9 0 4 9 4

■ Report year: 2 0 1 7

You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.

Taxpayer name: **WORLDWIDE LENDING ORGANIZATION, LLC**

○ Blacken circle if the mailing address has changed.

Mailing address: **700 LAVACA ST, STE 1401**

City: **AUSTIN**   State: **TX**   ZIP code plus 4: **78701-3101**

Secretary of State (SOS) file number or Comptroller file number: **0801560563**

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office: **2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513**

Principal place of business: **2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513**

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

3204719049417

**SECTION A**   Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration m m d d y y |
|---|---|---|---|
| **WORLDWIDE LENDING FUND** | **GOVERNING** | ○ YES | |
| Mailing address **700 LAVACA ST, STE 1401** | City **AUSTIN** | State **TX** | ZIP Code **78701** |
| Name | Title | Director ○ YES | Term expiration m m d d y y |
| Mailing address | City | State | ZIP Code |
| Name | Title | Director ○ YES | Term expiration m m d d y y |
| Mailing address | City | State | ZIP Code |

**SECTION B**   Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C**   Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

Registered agent and registered office currently on file *(see instructions if you need to make changes)*

You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.

Agent: **LEGAL REGISTERED AGENT SERVICES, INC.**

Office: **700 LAVACA ST, STE 1401**   City **AUSTIN**   State **TX**   ZIP Code **78701**

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

sign here ▶   Title   Date   Area code and phone number ( 713 ) 789 - 7654

Texas Comptroller Official Use Only

| VE/DE ○ | PIR IND ○ |



05-102
(Rev.9-15/33)

## Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | ■ Report year |
|---|---|
| 3 2 0 4 4 2 3 4 4 7 7 | 2 0 1 7 |

*You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.*

Taxpayer name
**WORLDWIDE OFFICE MANAGEMENT, LLC**

○ Blacken circle if the mailing address has changed.

Mailing address
**700 LAVACA ST, STE 1401**

Secretary of State (SOS) file number or Comptroller file number

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| **AUSTIN** | **TX** | **78701-3101** | **0801424571** |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office
**2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513**

Principal place of business
**2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513**

You must report officer, director, member, general partner and manager information as of the date you complete this report.

***Please sign below!*** This report must be signed to satisfy franchise tax requirements.

3204423447717

**SECTION A**  Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| **OFFICE NORTH BELT, LLC** | **MANAGER** | ○ YES | | | |
| Mailing address **700 LAVACA ST, STE 1401** | City **AUSTIN** | | State **TX** | | ZIP Code **78701** |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | | State | | ZIP Code |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | | State | | ZIP Code |

**SECTION B**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

Registered agent and registered office currently on file *(see instructions if you need to make changes)*

Agent: **LEGAL REGISTERED AGENT SERVICES, INC.**

*You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.*

| Office: **700 LAVACA ST, STE 1401** | City **AUSTIN** | State **TX** | ZIP Code **78701** |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ► | Title | Date | Area code and phone number **( 713 ) 789 - 7654** |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|



05-102
(Rev.9-15/33)

**Texas Franchise Tax Public Information Report**

*To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions*

■ **Tcode 13196 Franchise**

| ■ Taxpayer number | ■ Report year |
|---|---|
| 3 2 0 3 7 4 9 2 2 4 9 | 2 0 1 7 |

*You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.*

| Taxpayer name | |
|---|---|
| A.I.G.W.T. INC. | ■ ● Blacken circle if the mailing address has changed. |

| Mailing address | Secretary of State (SOS) file number or Comptroller file number |
|---|---|
| 700 LAVACA ST, STE 1401 | |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| AUSTIN | TX | 78701-3101 | 0801002772 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |

| Principal place of business |
|---|
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

3203749224917

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration (m m d d y y) |
|---|---|---|---|
| ALI CHOUDHRI | PRESIDENT | ○ YES | |
| Mailing address 2500 WEST LOOP SOUTH, STE 255 | City HOUSTON | State TX | ZIP Code 77027 |
| Name | Title | Director ○ YES | Term expiration (m m d d y y) |
| Mailing address | City | State | ZIP Code |
| Name | Title | Director ○ YES | Term expiration (m m d d y y) |
| Mailing address | City | State | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file (see instructions if you need to make changes) | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: LEGAL REGISTERED AGENT SERVICES, INC. | |

| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE | ○ | PIR IND | ○ |
|---|---|---|---|

**HREP/Jetall, et al.     111     Exhibit 15**



05-102
(Rev.9-15/33)

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

■ Tcode 13196 Franchise

| ■ Taxpayer number | | | | | | | | | | | ■ Report year | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 2 | 0 | 1 | 4 | 2 | 1 | 3 | 9 | 6 | 4 | 2 | 0 | 1 | 7 | |

You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.

**Taxpayer name**
JETALL CONSTRUCTION & DEVELOPMENT GP, INC.

○ Blacken circle if the mailing address has changed.

**Mailing address**
2500 WEST LOOP SOUTH, STE 255

**Secretary of State (SOS) file number or Comptroller file number**
0800293835

| City | State | ZIP code plus 4 |
|---|---|---|
| HOUSTON | TX | 77027 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

**Principal office**
2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513

**Principal place of business**
2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513

You must report officer, director, member, general partner and manager information as of the date you complete this report

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

3201421396417

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| ALI CHOUDHRI | PRESIDENT | ● YES | | | |
| **Mailing address** 2500 WEST LOOP SOUTH, STE 255 | **City** HOUSTON | **State** TX | | **ZIP Code** 77027 | |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | State | | ZIP Code | |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | State | | ZIP Code | |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

**Registered agent and registered office currently on file** *(see instructions if you need to make changes)*
Agent: LEGAL REGISTERED AGENT SERVICES, INC.

You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.

| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE | ○ | PIR IND | ○ |
|---|---|---|---|



05-102
(Rev.9-15/33)

## Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

■ Tcode 13196 Franchise

| ■ Taxpayer number | | | | | | | | | | | ■ Report year | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 2 | 0 | 2 | 0 | 5 | 1 | 6 | 1 | 8 | 6 | 2 | 0 | 1 | 7 | |

**You have certain rights** under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.

| Taxpayer name | |
|---|---|
| JETALL LENDING, INC. | ■ ● Blacken circle if the mailing address has changed. |

| Mailing address | |
|---|---|
| 700 LAVACA ST, STE 1401 | Secretary of State (SOS) file number or Comptroller file number |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| AUSTIN | TX | 78701-3101 | 0800700998 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |
| Principal place of business |
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |

You must report officer, director, member, general partner and manager information as of the date you complete this report

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

3202051618617

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| ALI CHOUDHRI | MEMBER | ○ YES | | | |
| Mailing address | City | | State | ZIP Code | |
| 2500 WEST LOOP SOUTH, STE 255 | HOUSTON | | TX | 77027 | |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| | | | | | |
| Mailing address | City | | State | ZIP Code | |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| | | | | | |
| Mailing address | City | | State | ZIP Code | |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file (see instructions if you need to make changes) | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: LEGAL REGISTERED AGENT SERVICES, INC. | |

| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|



05-102
(Rev.9-15/33)

**Texas Franchise Tax Public Information Report**

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | | | | | | | | | | | ■ Report year | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 2 | 0 | 5 | 2 | 4 | 9 | 9 | 1 | 2 | 9 | 2 | 0 | 1 | 7 | |

You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.

Taxpayer name
**OFFICE ENTERPRISES UNLIMITED, INC.**

■ ● Blacken circle if the mailing address has changed.

Mailing address
**700 LAVACA ST, STE 1401**

| City | State | ZIP code plus 4 |
|---|---|---|
| **AUSTIN** | **TX** | **78701-3101** |

Secretary of State (SOS) file number or Comptroller file number
**0801885287**

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office
**2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513**

Principal place of business
**2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513**

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

3205249912917

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration | m m d d y y |
|---|---|---|---|---|
| **ALI CHOUDHRI** | **PRESIDENT** | ● YES | | |
| Mailing address **2500 WEST LOOP SOUTH, STE 255** | City **HOUSTON** | State **TX** | ZIP Code **77027** | |
| Name | Title | ○ YES | Term expiration | m m d d y y |
| Mailing address | City | State | ZIP Code | |
| Name | Title | ○ YES | Term expiration | m m d d y y |
| Mailing address | City | State | ZIP Code | |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |

Registered agent and registered office currently on file (see instructions if you need to make changes)
Agent: **LEGAL REGISTERED AGENT SERVICES, INC.**

You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.

| Office: **700 LAVACA ST, STE 1401** | City **AUSTIN** | State **TX** | ZIP Code **78701** |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE | ○ | PIR IND | ○ |
|---|---|---|---|



05-102
(Rev.9-15/33)

**Texas Franchise Tax Public Information Report**

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | | | | | | | | | ■ Report year | | | | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 2 | 0 | 5 | 2 | 9 | 4 | 6 | 5 | 0 | 9 | 2 | 0 | 1 | 7 |

| Taxpayer name | |
|---|---|
| M EXEC S, LLC | ■ ◯ Blacken circle if the mailing address has changed. |

| Mailing address | Secretary of State (SOS) file number or Comptroller file number |
|---|---|
| 700 LAVACA ST, STE 1401 | |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| AUSTIN | TX | 78701-3101 | 0801916825 |

◯ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |

| Principal place of business |
|---|
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

***Please sign below!*** This report must be signed to satisfy franchise tax requirements.

3205294650917

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration (m m d d y y) |
|---|---|---|---|
| ALI CHOUDHRI | MEMBER | ◯ YES | |

| Mailing address | City | State | ZIP Code |
|---|---|---|---|
| 2500 WEST LOOP SOUTH, STE 255 | HOUSTON | TX | 77027 |

| Name | Title | Director | Term expiration (m m d d y y) |
|---|---|---|---|
| | | ◯ YES | |

| Mailing address | City | State | ZIP Code |
|---|---|---|---|
| | | | |

| Name | Title | Director | Term expiration (m m d d y y) |
|---|---|---|---|
| | | ◯ YES | |

| Mailing address | City | State | ZIP Code |
|---|---|---|---|
| | | | |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |

| Registered agent and registered office currently on file *(see instructions if you need to make changes)* | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: LEGAL REGISTERED AGENT SERVICES, INC. | |

| Office: 700 LAVACA ST, STE 1401 | City | State | ZIP Code |
|---|---|---|---|
| | AUSTIN | TX | 78701 |

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ◯ | PIR IND ◯ |
|---|---|

HREP/Jetall, et al.     115     **Exhibit 15**

# Texas Franchise Tax Public Information Report



05-102
(Rev.9-15/33)

■ Tcode 13196 Franchise

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 5 2 9 4 6 5 1 7 | 2 0 1 7 | |

| Taxpayer name | ○ Blacken circle if the mailing address has changed. |
|---|---|
| HOUSTON METRO EXECUTIVE SUITES, LLC | |

| Mailing address | Secretary of State (SOS) file number or Comptroller file number |
|---|---|
| 700 LAVACA ST, STE 1401 | |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| AUSTIN | TX | 78701-3101 | 0801916824 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office | 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |
|---|---|
| Principal place of business | 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

3205294651717

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration m m d d y y |
|---|---|---|---|---|
| ALI CHOUDHRI | MEMBER | ○ YES | | |
| Mailing address 2500 WEST LOOP SOUTH, STE 255 | City HOUSTON | State TX | | ZIP Code 77027 |
| Name | Title | Director ○ YES | | Term expiration m m d d y y |
| Mailing address | City | State | | ZIP Code |
| Name | Title | Director ○ YES | | Term expiration m m d d y y |
| Mailing address | City | State | | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file (see instructions if you need to make changes) | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: LEGAL REGISTERED AGENT SERVICES, INC. | |

| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|

HREP/Jetall, et al.     116     Exhibit 15



05-102
(Rev.9-15/33)

**Texas Franchise Tax Public Information Report**

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

■ Tcode 13196 Franchise

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 5 4 2 0 2 0 2 6 | 2 0 1 7 | |

| Taxpayer name | | ○ Blacken circle if the mailing address has changed. |
|---|---|---|
| **OFFICE CONSTRUCTION SERVICES, LLC** | ■ | |

| Mailing address | Secretary of State (SOS) file number or Comptroller file number |
|---|---|
| **700 LAVACA ST, STE 1401** | |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| **AUSTIN** | **TX** | **78701-3101** | **0801998283** |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office
**2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513**

Principal place of business
**2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513**

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

3205420202617

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration m m d d y y |
|---|---|---|---|
| **ALI CHOUDHRI** | **MEMBER** | ○ YES | |
| Mailing address **2500 WEST LOOP SOUTH, STE 255** | City **HOUSTON** | State **TX** | ZIP Code **77027** |
| Name | Title | Director ○ YES | Term expiration m m d d y y |
| Mailing address | City | State | ZIP Code |
| Name | Title | Director ○ YES | Term expiration m m d d y y |
| Mailing address | City | State | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file (see instructions if you need to make changes) | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: **LEGAL REGISTERED AGENT SERVICES, INC.** | |

| Office: **700 LAVACA ST, STE 1401** | City **AUSTIN** | State **TX** | ZIP Code **78701** |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|



05-102
(Rev.9-15/33)

**Tcode** 13196 Franchise

## Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

| Taxpayer number | Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 1 9 2 6 8 3 0 2 | 2 0 1 7 | |

| Taxpayer name | NORTHPARK OFFICE TOWER GP, LLC | ○ Blacken circle if the mailing address has changed. |
|---|---|---|
| Mailing address | 700 LAVACA ST, STE 1401 | Secretary of State (SOS) file number or Comptroller file number |
| City **AUSTIN** | State **TX** ZIP code plus 4 **78701-3101** | **0800622731** |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office | 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |
|---|---|
| Principal place of business | 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

3201926830217

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration m m d d y y |
|---|---|---|---|
| ALI CHOUDHRI | MANAGER | ○ YES | |
| Mailing address 2500 WEST LOOP SOUTH, STE 255 | City HOUSTON | State TX | ZIP Code 77027 |
| Name | Title | Director ○ YES | Term expiration m m d d y y |
| Mailing address | City | State | ZIP Code |
| Name | Title | Director ○ YES | Term expiration m m d d y y |
| Mailing address | City | State | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file (see instructions if you need to make changes) | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: **LEGAL REGISTERED AGENT SERVICES, INC.** | |
| Office: **700 LAVACA ST, STE 1401** | City **AUSTIN** State **TX** ZIP Code **78701** |

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|



05-102
(Rev.9-15/33)

**Texas Franchise Tax Public Information Report**

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 3 5 2 1 8 8 9 3 | 2 0 1 7 | |

| Taxpayer name | ○ Blacken circle if the mailing address has changed. |
|---|---|
| **NORTHPARK OFFICE TOWER, LP** | ■ |

| Mailing address | Secretary of State (SOS) file number or Comptroller file number |
|---|---|
| **700 LAVACA ST, STE 1401** | |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| **AUSTIN** | **TX** | **78701-3101** | **0800622734** |

○ Blacken circle if there are currently no changes from previous year; If no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| **2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513** |
| Principal place of business |
| **2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513** |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

3203521889317

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration m m d d y y |
|---|---|---|---|
| **ALI CHOUDHRI** | **MANAGER** | ○ YES | |
| Mailing address **2500 WEST LOOP SOUTH, STE 255** | City **HOUSTON** | State **TX** | ZIP Code **77027** |
| Name | Title | Director ○ YES | Term expiration m m d d y y |
| Mailing address | City | State | ZIP Code |
| Name | Title | Director ○ YES | Term expiration m m d d y y |
| Mailing address | City | State | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file (see instructions if you need to make changes) | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: **LEGAL REGISTERED AGENT SERVICES, INC.** | |

| Office: **700 LAVACA ST, STE 1401** | City **AUSTIN** | State **TX** | ZIP Code **78701** |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|



05-102
(Rev.9-15/33)

■ Tcode 13196 Franchise

## Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

| ■ Taxpayer number | | | | | | | | | | | ■ Report year | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 2 | 0 | 5 | 7 | 9 | 1 | 1 | 9 | 9 | 5 | 2 | 0 | 1 | 7 | |

You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.

**Taxpayer name**
2401 FOUNTAINVIEW LIMITED PARTNER, LLC

■ ○ Blacken circle if the mailing address has changed.

**Mailing address**
700 LAVACA ST, STE 1401

**Secretary of State (SOS) file number or Comptroller file number**
0802263157

**City** AUSTIN **State** TX **ZIP code plus 4** 78701-3101

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

**Principal office**
2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513

**Principal place of business**
2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

3205791199517

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration | m m d d y y |
|---|---|---|---|---|
| ALI CHOUDHRI | MANAGER | ○ YES | | |
| **Mailing address** 2500 WEST LOP SOUTH, STE 255 | **City** HOUSTON | **State** TX | **ZIP Code** 77027 | |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| **Mailing address** | **City** | **State** | **ZIP Code** | |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| **Mailing address** | **City** | **State** | **ZIP Code** | |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

Registered agent and registered office currently on file. *(see instructions if you need to make changes)*
**Agent:** LEGAL REGISTERED AGENT SERVICES, INC.

You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.

**Office:** 700 LAVACA ST, STE 1401 **City** AUSTIN **State** TX **ZIP Code** 78701

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here▸ | | Title | Date | Area code and phone number (713) 789 - 7654 |
|---|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|

HREP/Jetall, et al.     120     **Exhibit 15**



05-102
(Rev.9-15/33)

**Texas Franchise Tax Public Information Report**

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 5 7 6 6 6 2 8 4 | 2 0 1 7 | |

| Taxpayer name | | ■ ● Blacken circle if the mailing address has changed. |
|---|---|---|
| **2401 FOUNTAINVIEW HOUSTON, LP** | | |

| Mailing address | Secretary of State (SOS) file number or Comptroller file number |
|---|---|
| **700 LAVACA ST, STE 1401** | |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| **AUSTIN** | **TX** | **78701-3101** | **0802245054** |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| **2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513** |
| Principal place of business |
| **2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513** |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

3205766628417

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration | m m d d y y |
|---|---|---|---|---|
| **2401 FOUNTAINVIEW HOUSTON GP, LLC** | **MANAGER** | ○ YES | | |
| Mailing address **700 LAVACA ST, STE 1401** | City **AUSTIN** | | State **TX** | ZIP Code **78701** |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | | State | ZIP Code |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | | State | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file (see instructions if you need to make changes) | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: **LEGAL REGISTERED AGENT SERVICES, INC.** | |

| Office: **700 LAVACA ST, STE 1401** | City **AUSTIN** | State **TX** | ZIP Code **78701** |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|

HREP/Jetall, et al.      121      **Exhibit 15**



05-102
(Rev.9-15/33)

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

**Tcode** 13196 Franchise

**Taxpayer number**

3 2 0 5 7 9 1 1 9 9 5

**Report year**

2 0 1 7

*You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.*

**Taxpayer name**
2401 FOUNTAINVIEW LIMITED PARTNER, LLC

⬤ Blacken circle if the mailing address has changed.

**Mailing address**
700 LAVACA ST, STE 1401

**Secretary of State (SOS) file number or Comptroller file number**

**City** AUSTIN  **State** TX  **ZIP code plus 4** 78701-3101  0802263157

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

**Principal office**
2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513

**Principal place of business**
2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

3205791199517

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| ALI CHOUDHRI | MANAGER | ○ YES | | | |
| **Mailing address** 2500 WEST LOP SOUTH, STE 255 | **City** HOUSTON | **State** TX | | **ZIP Code** 77027 | |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| **Mailing address** | **City** | **State** | | **ZIP Code** | |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| **Mailing address** | **City** | **State** | | **ZIP Code** | |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |

**Registered agent and registered office currently on file** *(see instructions if you need to make changes)*
Agent: LEGAL REGISTERED AGENT SERVICES, INC.

*You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.*

Office: 700 LAVACA ST, STE 1401  **City** AUSTIN  **State** TX  **ZIP Code** 78701

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE | ○ | PIR IND | ○ |
|---|---|---|---|



05-102
(Rev.9-15/33)

■ Tcode 13196 Franchise

## Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

| ■ Taxpayer number | ■ Report year |
|---|---|
| 3 2 0 4 2 1 5 7 7 7 9 | 2 0 1 7 |

**You have certain rights** under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.

| Taxpayer name | |
|---|---|
| STARTEX POWER, LLC | ○ Blacken circle if the mailing address has changed. |

| Mailing address | |
|---|---|
| 1111 HERMANN DR., UNIT 6B | Secretary of State (SOS) file number or Comptroller file number |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| HOUSTON | TX | 77004-6928 | 0801289218 |

● Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office  1111 HERMANN DR., UNIT 6B, HOUSTON, TX 77004-9628

Principal place of business  2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513

You must report officer, director, member, general partner and manager information as of the date you complete this report.

***Please sign below!*** This report must be signed to satisfy franchise tax requirements.

3204215777917

**SECTION A**  Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| RICHARD WAKELAND | MEMBER | ● YES | | | |
| Mailing address 1111 HERMANN DR. UNIT 6B | City HOUSTON | State TX | | ZIP Code 77004 | |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | State | | ZIP Code | |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | State | | ZIP Code | |

**SECTION B**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file (see instructions if you need to make changes) | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent:  RICHARD WAKELAND | |

| Office:  2500 WEST LOOP SOUTH, STE 255 | City HOUSTON | State TX | ZIP Code 77027 |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ► | Title | Date | Area code and phone number (713) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE | ○ | PIR IND | ○ |
|---|---|---|---|

HREP/Jetall, et al.    123    **Exhibit 15**



05-102
(Rev.9-15/33)

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | | | | | | | | | | ■ Report year | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 2 | 0 | 4 | 2 | 8 | 6 | 6 | 2 | 2 | 1 | 2 | 0 | 1 | 7 |

You have **certain rights** under Chapter 552 and 559,
Government Code, to review, request and correct information
we have on file about you. Contact us at 1-800-252-1381.

Taxpayer name
**1415 NLW, LLC**

■ ● Blacken circle if the mailing address has changed.

Mailing address
**700 LAVACA ST, STE 1401**

Secretary of State (SOS) file number or
Comptroller file number

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| **AUSTIN** | **TX** | **78701-3101** | **0801332696** |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office
**2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513**

Principal place of business
**2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513**

You must report officer, director, member, general partner and manager information as of the date you complete this report

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

3204286622117

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration | m m d d y y |
|---|---|---|---|---|
| **ALI CHOUDHRI** | **MANAGER** | ● YES | | |
| Mailing address **2500 WEST LOOP SOUTH, STE 255** | City **HOUSTON** | State **TX** | ZIP Code **77027** | |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | State | ZIP Code | |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | State | ZIP Code | |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

Registered agent and registered office currently on file *(see instructions if you need to make changes)*

You must make a filing with the Secretary of State to change registered
agent, registered office or general partner information.

Agent: **LEGAL REGISTERED AGENT SERVICES, INC.**

| Office: **700 LAVACA ST, STE 1401** | City **AUSTIN** | State **TX** | ZIP Code **78701** |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number **( 713 ) 789 - 7654** |
|---|---|---|---|

## Texas Comptroller Official Use Only

| VE/DE ○ | PIR IND ○ |
|---|---|



05-102
(Rev.9-15/33)

**■ Tcode** 13196 Franchise

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 3 5 6 5 9 8 5 6 | 2 0 1 7 | |

| Taxpayer name | | |
|---|---|---|
| JETALL CONSTRUCTION & DEVELOPMENT, LP | ■ ● | Blacken circle if the mailing address has changed. |

| Mailing address | | Secretary of State (SOS) file number or Comptroller file number |
|---|---|---|
| 700 LAVACA ST, STE 1401 | | |

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| AUSTIN | TX | 78701-3101 | 0800294031 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |

| Principal place of business |
|---|
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

3203565985617

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| ALI CHOUDHRI | MANAGER | ● YES | | | |
| Mailing address | City | State | ZIP Code |
| 2500 WEST LOOP SOUTH, STE 255 | HOUSTON | TX | 77027 |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| | | | | | |
| Mailing address | City | State | ZIP Code |
| | | | |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| | | | | | |
| Mailing address | City | State | ZIP Code |
| | | | |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file (see instructions if you need to make changes) | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: LEGAL REGISTERED AGENT SERVICES, INC. | |

| Office: 700 LAVACA ST, STE 1401 | City | State | ZIP Code |
|---|---|---|---|
| | AUSTIN | TX | 78701 |

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here | | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE | ○ | PIR IND | ○ |
|---|---|---|---|

HREP/Jetall, et al.     125     **Exhibit 15**



05-102
(Rev.9-15/33)

## Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct Information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 3 2 0 5 8 3 9 8 6 3 0 | 2 0 1 7 | |

| Taxpayer name | | ■ ○ Blacken circle if the mailing address has changed. |
|---|---|---|
| UMBS GP, LLC | | |
| Mailing address | | Secretary of State (SOS) file number or Comptroller file number |
| 700 LAVACA ST, STE 1401 | | |
| City **AUSTIN** | State **TX** | ZIP code plus 4 **78701-3101** | 0802299801 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |
| Principal place of business |
| 2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

3205839863017

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| WORLDWIDE OFFICE MANAGEMENT LLC | MEMBER | ○ YES | | | |
| Mailing address 700 LAVACA ST, STE 1401 | City AUSTIN | | State TX | | ZIP Code 78701 |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | | State | | ZIP Code |
| Name | Title | Director ○ YES | | Term expiration | m m d d y y |
| Mailing address | City | | State | | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file (see instructions if you need to make changes) | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: LEGAL REGISTERED AGENT SERVICES, INC. | |
| Office: 700 LAVACA ST, STE 1401 | City AUSTIN | State TX | ZIP Code 78701 |

The Information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ► | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

### Texas Comptroller Official Use Only

| VE/DE ○ | PIR IND ○ |
|---|---|



05-102
(Rev.9-15/33)

■ Tcode 13196 Franchise

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

| ■ Taxpayer number | | | | | | | | | | ■ Report year | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 2 | 0 | 5 | 8 | 4 | 4 | 6 | 4 | 1 | 3 | 2 | 0 | 1 | 7 |

**You have certain rights** under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.

Taxpayer name: **UNIFORM MEDICAL BILLING SOLUTIONS, LLC**

■ ○ Blacken circle if the mailing address has changed.

Mailing address: **700 LAVACA ST, STE 1401**

Secretary of State (SOS) file number or Comptroller file number

| City | State | ZIP code plus 4 | |
|---|---|---|---|
| **AUSTIN** | **TX** | **78701-3101** | **0802302831** |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office: **2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513**

Principal place of business: **2500 WEST LOOP SOUTH, STE 255, HOUSTON, TX 77027-4513**

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* This report must be signed to satisfy franchise tax requirements.

3205844641317

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| **UMBS GP, LLC** | **MEMBER** | ○ YES | | | |

| Mailing address **700 LAVACA ST, STE 1401** | City **AUSTIN** | State **TX** | ZIP Code **78701** |
|---|---|---|---|

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| | | ○ YES | | | |

| Mailing address | City | State | ZIP Code |
|---|---|---|---|

| Name | Title | Director | | Term expiration | m m d d y y |
|---|---|---|---|---|---|
| | | ○ YES | | | |

| Mailing address | City | State | ZIP Code |
|---|---|---|---|

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

Registered agent and registered office currently on file *(see instructions if you need to make changes)*

Agent: **LEGAL REGISTERED AGENT SERVICES, INC.**

*You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.*

| Office: **700 LAVACA ST, STE 1401** | City **AUSTIN** | State **TX** | ZIP Code **78701** |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title | Date | Area code and phone number ( 713 ) 789 - 7654 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE | ○ | PIR IND | ○ |
|---|---|---|---|

# Texas Franchise Tax Public Information Report

Comptroller of Public Accounts FORM 05-102 (Rev.9-11/30)

■ **Tcode** 13196 Franchise

■ Taxpayer number

| 3 | 2 | 0 | 3 | 9 | 1 | 9 | 9 | 7 | 2 | 7 |

■ Report year

| 2 | 0 | 2 | 2 |

*To be filed by Corporations , Limited Liability Companies (LLC) and Financial Institutions*
**This report MUST be signed and filed to satisfy franchise tax requirements**

*You have certain rights under Chapter 552 and 559, Government Code, to review, request, and correct information we have on file about you. Contact us at (800) 252-1381or (512) 463-4600.*

Taxpayer name: **HOUSTON REAL ESTATE PROPERTIES, LLC**

Mailing address: **1001 WEST LOOP S STE 700**

City: **HOUSTON**  State: **TX**  ZIP Code: **77027**  Plus 4:

Secretary of State (SOS) file number or Comptroller file number: **0801103694**

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office

Principal place of business

*Please sign below!*

Officer, director and manager information is reported as of the date a Public Information Report is completed. The information is updated annually as part of the franchise tax report. There is no requirement or procedure for supplementing the information as officers, directors, or managers change throughout the year.

3203919972722

## SECTION A   Name, title and mailing address of each officer, director or manager.

| Name | Title | Director | | Term expiration | m | m | d | d | y | y |
|------|-------|----------|--|-----------------|---|---|---|---|---|---|
| **ALI CHOUDHRI** | **MEMBER** | ○ YES | | | | | | | | |

Mailing address: **1001 WEST LOOP S STE 700**  City: **HOUSTON**  State: **TX**  ZIP Code: **77027**

| Name | Title | Director | | Term expiration | m | m | d | d | y | y |
|------|-------|----------|--|-----------------|---|---|---|---|---|---|
| | | ○ YES | | | | | | | | |

Mailing address:  City:  State:  ZIP Code:

| Name | Title | Director | | Term expiration | m | m | d | d | y | y |
|------|-------|----------|--|-----------------|---|---|---|---|---|---|
| | | ○ YES | | | | | | | | |

Mailing address:  City:  State:  ZIP Code:

## SECTION B   Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |
| | | | |

## SECTION C   Enter the information required for each corporation or LLC, if any, that owns an interest of 10 percent or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |

Registered agent and registered office currently on file. *(see instructions if you need to make changes)*

○ Blacken circle if you need forms to change the registered agent or registered office information.

Agent: **ALI CHOUDHRI**

Office: **1001 WEST LOOP SOUTH SUITE 700**  City: **HOUSTON**  State: **TX**  ZIP Code: **77027**

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or manager and who is not currently employed by this, or a related, corporation or limited liability company.

sign here ▶ **Ali Choudhri**  Title: **Electronic**  Date: **03-08-2022**  Area code and phone number: **( 832 ) 280 - 5837**

## Texas Comptroller Official Use Only

| VE/DE | ○ | PIR IND | ○ |

**Exhibit 16**



**Office of the Secretary of State
Corporations Section
P.O. Box 13697
Austin, Texas 78711-3697
(Form 801)**

**Filed in the Office of the
Secretary of State of Texas
Filing #: 801103694 11/14/2019
Document #: 926949660003
Image Generated Electronically
for Web Filing**

## APPLICATION FOR REINSTATEMENT AND
## REQUEST TO SET ASIDE REVOCATION OR FORFEITURE

1.  File Number: **801103694**

2.  The name of the entity is: **Houston Real Estate Properties, LLC**

3.  The taxpayer identification number is: **32039199727**

4.  The entity named above was forfeited or its authority to transact business in Texas was revoked on 01/25/2019 for the following reason:
    Failure to file a franchise tax return and/or pay state franchise tax.

5.  The entity has corrected the default and has paid all fees, taxes, and penalties due.

6.  The entity applies for reinstatement and requests that the Secretary of State set aside the forfeiture of the Texas entity or the revocation of the foreign entity's authority, to transact business in Texas, as applicable.

7.  Attachment:   **, hrep tax clearance ltr.pdf**

8.  Execution:     The undersigned signs this document subject penalties imposed by law for the submission of a materially false or fraudulent instrument.

By **Ali Choudhri**

Date: **November 14, 2019**                **President**

FILING OFFICE COPY

**Exhibit 16**

TEXAS COMPTROLLER *of* PUBLIC ACCOUNTS

P.O. Box 13528 • Austin, TX 78711-3528



November 12, 2019

HOUSTON REAL ESTATE PROPERTIES, LLC
2500 WEST LOOP S STE 255
HOUSTON, TX 77027-4513

TAX CLEARANCE LETTER FOR REINSTATEMENT*

To: Texas Secretary of State
    Corporations Section

Re: HOUSTON REAL ESTATE PROPERTIES, LLC
    Taxpayer number: 32039199727
    File number: 0801103694

The referenced entity has met all franchise tax requirements and is eligible
for reinstatement through November 15, 2019.

COLETTEE THOMAS
Enforcement - Houston, NW
Field Operations - Enforcement
(713)426-8200

---

*The reinstatement must be filed with the Texas Secretary of State on or before the expiration date of this
letter. After this date, additional franchise tax filing requirements must be met, and a new request for tax
clearance must be submitted.

You can file for reinstatement online at www.sos.state.tx.us/corp/sosda/index.shtml. Forms and
instructions for reinstatement are available at www.sos.state.tx.us/corp/forms_option.shtml or by
calling (512) 463-5555. This tax clearance letter must be attached to the reinstatement forms.

Form 05-377 (Rev.6-10/4)

**Exhibit 16**



**Office of the Secretary of State**
**Corporations Section**
P.O. Box 13697
**Austin, Texas 78711-3697**
**(Form 801)**

**Filed in the Office of the**
**Secretary of State of Texas**
**Filing #: 801103694 3/17/2021**
**Document #: 1035306350002**
**Image Generated Electronically**
**for Web Filing**

## APPLICATION FOR REINSTATEMENT AND
## REQUEST TO SET ASIDE REVOCATION OR FORFEITURE

1.   File Number: **801103694**

2.   The name of the entity is: **Houston Real Estate Properties, LLC**

3    The taxpayer identification number is: **32039199727**

4.   The entity named above was forfeited or its authority to transact business in Texas was revoked on <u>01/15/2021</u> for the following reason:

     Failure to file a franchise tax return and/or pay state franchise tax.

5.   The entity has corrected the default and has paid all fees, taxes, and penalties due.

6.   The entity applies for reinstatement and requests that the Secretary of State set aside the forfeiture of the Texas entity or the revocation of the foreign entity's authority, to transact business in Texas, as applicable.

7.   Attachment:   **32039199727 HREP LLC.pdf**

8.   Execution:    The undersigned signs this document subject penalties imposed by law for the submission of a materially false or fraudulent instrument.

                   **By Ali Choudhri**

Date: **March 17, 2021**          **Manager**

  FILING OFFICE COPY

**Exhibit 16**



**GLENN HEGAR**   TEXAS COMPTROLLER OF PUBLIC ACCOUNTS

---

P.O. Box 13528 • Austin, TX 78711-3528

March 17, 2021

HOUSTON REAL ESTATE PROPERTIES, LLC
2500 WEST LOOP S STE 255
HOUSTON TX 77027-4513

## Tax Clearance Letter for Reinstatement*

To:   Texas Secretary Of State
      Corporations Section

Re:   HOUSTON REAL ESTATE PROPERTIES, LLC
      Taxpayer number: 32039199727
      File number: 0801103694
      Date of Forfeiture: 01/15/2021

The referenced entity has met all franchise tax requirements and is
eligible for reinstatement through 05/16/2022.

Annette Jones
Franchise Tax Section
Account Maintenance Division
1-800-531-5441, ext. 5-0928

---

*The reinstatement must be filed with the Texas Secretary of State on or before the expiration date of this letter. After this date, additional franchise tax filing requirements must be met, and a new request for tax clearance must be submitted.*

*You can file for reinstatement online at www.sos.texas.gov/corp/sosda/index.shtml. Forms and instructions for reinstatement are available at www.sos.state.tx.us/corp/forms_option.shtml or by calling 512-463-5555. This tax clearance letter must be attached to the reinstatement forms.*

Form 05-377 (Rev.6-10/4)

## Exhibit 16

**AGENCY AGREEMENT**

THIS AGENCY AGREEMENT is effective as of the 3ᴿ day of May, 2018 (this "Agreement"), by and between ALI CHOUDHRI ("Principal"), and AZEEMEH ZAHEER and the entities listed in Exhibit A attached hereto and made a part hereof for all purposes formed by Azeemeh Zaheer (collectively, "Agent").

**RECITALS:**

A.    The "Agency Entities" (as defined in Exhibit A) have been formed by Azeemeh Zaheer ("Zaheer") as the organizer under various articles of organization and other organizational documents, including, without limitation, regulations and company agreements to purchase various properties on behalf of the Principal, including, without limitation, holding record title to the properties ("Investment Properties") owned by any of the Agency Entities and the parties agree that Principal owns (directly or indirectly) one hundred percent (100%) of each of the Agency Entities.

B.    Until otherwise terminated, Principal intends that record title to the "Investment Properties" be acquired and held by Agent on behalf of Principal and appoints Agent as Principal's agent and nominee for the express purpose of holding record title to the Investment Properties and administering the Investment Properties on Principal's behalf.

**AGREEMENT:**

NOW, THEREFORE, in consideration of the premises and the mutual covenants herein contained, the parties hereto do hereby agree as follows:

1.    **Purpose of this Agreement; Appointment of Agent.** Principal hereby designates and appoints Agent as Principal's agent for the express purpose of acquiring and holding record title to the Investment Properties and acting on Principal's behalf in connection with the administration of the Investment Properties, and Agent accepts such designation and agrees to act pursuant to Principal's specific written directions with regard to the Investment Properties, but not otherwise. Agent shall hold record title with respect to the Investment Properties, and will take such action with respect to the Investment Properties as Principal may direct. Principal shall bear the responsibility for all expenses incurred by Agent in fulfilling these responsibilities. Notwithstanding that Agent holds record title to the Investment Properties and acts as Principal's agent with respect to the Investment Properties, Principal shall possess all of the benefits and burdens of ownership of the Investment Properties, including the ownership of the Investment Properties for U.S. federal and applicable state, local and other, income tax purposes. In furtherance of the preceding provisions, the parties hereto expressly provide as follows:

(a)    Principal hereby constitutes and appoints Agent as nominee and agent for Principal with respect to the ownership of the Investment Properties, including the acquisition, management, operation and disposition of all or any portion of the Investment Properties as agent for Principal, the execution of documents or other

1

221550-000001-20088140.1

instruments with respect thereto and the making or granting of any election, determination, waiver, consent or other similar action with respect thereto.

(b)     Notwithstanding anything herein or Exhibit A to the contrary, the Agency Entities shall deemed to include all entities organized by the Agent on or after the date hereof unless Agent and Principal enter a separate written agreement specifically releasing any such entity as an Agency Entity.

(c)     Principal hereby ratifies, reconfirms and agrees to any actions of and any agreements and transactions entered into by Agent prior to the date of this Agreement on Principal's behalf as its nominee and agent with respect to the Investment Properties.

(d)     Agent, with the specific written authorization of Principal, but not otherwise, may appoint any person, firm or corporation to act as its agent or representative for the purpose of performing any function that Agent is or may be authorized by Principal to perform.

Principal and Agent intend that Principal shall have the sole and exclusive right and control to make and direct all decisions relating to the Agency Entities, including, without limitation:

(a)     the sale, pledge, assignment, transfer, conveyance and/or alienation of any and all assets held by the Agency Entities;

(b)     the approval of any and all Leases, including amendments thereto, related to any and all real estate held by the Agency Entities;

(c)     the sale, pledge, assignment, transfer, conveyance and/or alienation of any or all ownership or membership interests in the Agency Entities;

(d)     the approval of any financing, including refinancing, of any debt associated with any and all real estate held by the Agency Entities;

(e)     the placement of any additional debt on any and all real estate held by the Agency Entities; and

(f)     the approval of any and all budgets as required of, or contemplated by, the organizational documents of the Agency Entities.

2.     **Cooperation; Actions.** Agent will cooperate with Principal in taking such action as is practicable to cause all income and other revenues from the Investment Properties to inure to the sole benefit of Principal and communications from others with respect thereto to be directed to Principal at such address as Principal may furnish to Agent. Agent shall execute any documents or instruments as authorized by Principal.

3.     **Furnishing of Information.** Upon Principal's request, Agent will furnish to Principal true and correct copies of all title information, conveyances, agreements and other documents and all pertinent accounting and historical information in Agent's possession relating

2

521550.000001 20688180.1

in the Investment Properties. Upon Agent's request, Principal will furnish to Agent written authorization to act on behalf of Principal as shall be necessary to the performance by Agent of its duties under this Agreement. Principal will be available to and will cooperate with Agent to furnish information relating to the Investment Properties.

4. **Bank Account; Collection of Revenues and Proceeds.** Agent shall maintain bank accounts and handle the collection of revenues and proceeds with respect to the Investment Properties. In this connection, it is contemplated that all income and other revenues and distributions from the Investment Properties shall be paid to Principal and Agent shall deposit such funds into a bank account held by Agent or as otherwise provided in writing by Principal.

5. **Books and Records.** Agent shall maintain books and records related to the Investment Properties, including such books and records as are necessary to document record title or as relate to the agency arrangement described herein or as is otherwise required for Principal or Agent to comply with all applicable laws, rules and regulations with respect to their contemplated activities and the existence of the agency relationship pursuant to this Agreement.

6. **Liability and Reimbursement.** Principal shall be liable for all costs, expenses, taxes and other charges arising in connection with Agent's holding record title to the Investment Properties. In this connection, Principal shall pay directly for Agent any such costs, expenses, taxes and charges that Agent is required to pay and for the actual cost to Agent of any services for which Agent contracts for the purpose of complying with the directions of Principal, including the costs of legal, accounting and other professional services and advice, administrative and management costs and franchise and other U.S. federal, state and local taxes.

7. **Indemnification.** Principal shall defend, indemnify and hold harmless Agent and its shareholders, partners, members, officers, directors, employees, agents and representatives from and against all claims, damages, losses and expenses (including attorneys' fees and litigation expenses) (collectively, "Losses") which arise directly or indirectly from or in connection with Agent's performance of its obligations under this Agreement, including (a) Agent holding record title to the Investment Properties pursuant to the terms of this Agreement; (b) Agent acting in accordance with any written directions from Principal or Principal's agent; (c) any and all liens or other encumbrances against a Investment Properties either created by Principal or Agent pursuant to Principal's or Principal's agent's express, written direction, including any guaranty agreements executed by Agent; (d) any and all taxes or withholdings required with respect to the Investment Properties; and (e) all other Losses, **INCLUDING THOSE ARISING OUT OF THE NEGLIGENCE OF AGENT**; provided, however, that Principal's indemnity obligations under the terms of this Agreement to Agent shall not extend to any Losses which arise or result directly or indirectly from or in connection with such Agent's bad faith, gross negligence or willful misconduct.

8. **Agent's Compliance Obligations.** Agent shall (i) with respect to the Investment Properties, act solely as an agent and nominee for and on behalf of the Principal as set forth herein, (ii) function as agent and not principal with respect to the Investment Properties for all purposes, (iii) hold itself out as the agent and not principal in all dealings with third parties relating to the Investment Properties and (iv) otherwise carry on the normal duties of an agent.

3

571550 000001 20688130 1

**HREP/Jetall, et al.    51    Exhibit 17**

9. **Amendment of Agreement.** This Agreement may be amended or modified at any time by a document in writing, executed by Principal and Agent.

10. **Termination of Agreement.** (a)

   (i) Principal may terminate this Agreement by giving ten (10) days written notice to Agent. The termination shall be effective ten (10) days after the date of such written notice by Principal. All actions taken pursuant to the terms of this Agreement by Agent prior to the receipt of the written notice of termination shall be valid and binding upon Principal.

   (ii) Agent may terminate this Agreement by giving thirty (30) days written notice to Principal. The termination shall be effective thirty (30) days after the date of such written notice by Agent. All actions taken pursuant to the terms of this Agreement by Agent prior to the receipt of the written notice of termination by Principal shall be valid and binding upon Principal.

   (b) Upon termination of this Agreement, Agent shall immediately convey, assign and transfer to Principal, or another U.S. entity, as determined by Principal, Agent's beneficial ownership of the Investment Properties, including all benefits and burdens of ownership thereto, and all funds and other assets of every kind and nature held by Agent on behalf of Principal, with such conveyance to be made in the manner reasonably agreed by Principal and Agent or other recipient U.S. entity, it being the intention of Principal and Agent that upon termination of this Agreement full record and beneficial ownership shall immediately be transferred or otherwise vested in Principal or other recipient U.S. entity.

   (c) Unless sooner terminated, this Agreement and all provisions hereof shall remain in full force and effect for as long as any Investment Properties is held by Agent for the benefit of Principal, and until terminated beneficial ownership of such Investment Properties shall be held by Principal in accordance with this Agreement.

11. **Governing Law.** THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS WITHOUT REFERENCE TO THE CONFLICT OF LAWS PROVISIONS THEREUNDER.

12. **Notices.** All notices hereunder shall be sufficiently given for all purposes hereunder if in writing and delivered personally or sent by documented overnight delivery service, United States mail, email or other electronic transmission service to the applicable address set forth opposite the names of the parties on the signature pages to this Agreement or to such other address as may be designated in writing to the other parties from time to time.

13. **No Assignments; Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, legal representatives, successors and assigns, and may not be assigned in whole or in part by any party without the prior written consent of all other affected parties.

-4-

**HREP/Jetall, et al.**     **52**     **Exhibit 17**

14.    **Interpretation; Severability.** This Agreement shall be construed to meet the requirements stated in the decision of the U.S. Supreme Court in *Commissioner v. Bollinger*, 485 U.S. 340 (1988), for the establishment of a nominee relationship between Principal and Agent for U.S. federal, and applicable state, local and other, income tax purposes. Any ambiguities within this Agreement shall be resolved in favor of complying with these requirements. Subject to the preceding sentences, should any part of this Agreement for any reason be declared invalid, such decision shall not affect the validity of any remaining portion, which remaining portion shall remain in force and effect as if this Agreement had been executed with the invalid portion thereof eliminated. The intention of the parties is that they would have executed the remaining portion of this Agreement including therein any such part, parts or portion which may, for any reason, be hereafter declared invalid.

15.    **Survival of Provisions After Termination.** The provisions of Paragraph 6 and Paragraph 7 of this Agreement shall survive the termination of this Agreement for any reason with respect to liabilities or obligations under such provisions that accrue or arise during the period of time that this Agreement, including any amendments, replacements or renewals of this Agreement, is valid and in effect.

16.    **Effect of Agreement.** This Agreement shall not be deemed to have the effect of creating a joint venture, partnership or association relationship between or among any of the parties hereto. So long as the agency continues with respect to Principal, (i) no interest hereunder of Principal shall be assignable or transferable except with the consent of Agent and (ii) no interest hereunder of Agent shall be assignable or transferable except with the consent of Principal.

17.    **Further Assurances.** Each party hereto agrees that it shall execute and deliver or cause to be executed and delivered from time to time such instruments, documents, agreements, consents and assurances and take such other action as the other party may reasonably request to consummate the transactions contemplated hereby, including without limitation, any conveyances of the property owned by an Agency Entity to an entity designated by Principal. Such documents shall be executed and delivered to the requesting party within three business days following delivery of the requested documents.

18.    **Multiple Counterparts.** This Agreement may be executed in several counterparts, each of which shall be deemed an original and all of which shall constitute but one and the same instrument.

19.    **References and Construction.**

(a)    All references in this Agreement to articles, sections, subsections and other subdivisions refer to corresponding articles, sections, subsections and other subdivisions of this Agreement unless expressly provided otherwise.

(b)    Titles appearing at the beginning of any such subdivisions are for convenience only and shall not constitute part of such subdivisions and shall be disregarded in construing the language contained in such subdivisions.

5



**HREP/Jetall, et al.    53    Exhibit 17**

(c)     The words "this Agreement", "this instrument", "herein", "hereof", "hereby", "hereunder" and words of similar import refer to this Agreement as a whole and not to any particular subdivision unless expressly so limited.

(d)     Words in the singular form shall be construed to include the plural and vice versa, unless the context otherwise requires.  Pronouns in masculine, feminine and neuter genders shall be construed to include any other gender.

(e)     Examples shall not be construed to limit, expressly or by implication, the matters they illustrate.

(f)     The word "includes" and its derivatives means "includes, but is not limited to" and corresponding derivative expressions.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK--
SIGNATURE PAGE FOLLOWS**




**HREP/Jetall, et al.     54          Exhibit 17**

IN WITNESS WHEREOF, Agent and Principal have executed this Agreement on the day and year first written above.

**AGENT:**

**Address for Notice:**
3139 W. Holcombe Blvd
Suite 845
Houston, Texas 77025

_____
**AZEEMEH ZAHEER**


**PRINCIPAL:**

**Address for Notice:**
2500 West Loop South
Suite 255
Houston, Texas 77027

_____
**ALI CHOUDHRI**

521550.000001 20688180.1

**HREP/Jetall, et al.     55          Exhibit 17**

EXHIBIT A

**EXHIBIT A**

[Entities Formed by Azeemeh Zaheer]

Dalio Holdings I, LLC – Texas REIT 1st Lien plus cash

Dalio Holdings II, LLC

Dalio Holdings III, LLC

8

521550.000001 20688180.1

## **AGENCY AGREEMENT**

THIS AGENCY AGREEMENT is effective as of the _9th_ day of _July_, 2018 (this "**Agreement**"), by and between **ALI CHOUDHRI ("Principal")**, and **BRADLEY S. PARKER** and the entities listed in Exhibit A attached hereto and made a part hereof for all purposes formed by Bradley S. Parker (collectively, "**Agent**").

## **RECITALS:**

A.     The "**Agency Entities**" (as defined in Exhibit A) have been formed and are held by Bradley S. Parker ("**Parker**") as the organizer or manager or member under various articles of organization and other organizational documents, including, without limitation, regulations and company agreements to purchase various properties on behalf of the Principal, including, without limitation, holding record title to the properties ("**Investment Properties**") owned by any of the Agency Entities and the parties agree that Principal owns (directly or indirectly) one hundred percent (100%) of each of the Agency Entities. The ("**Agent**"), is holding the Agency Entities and Investment Properties solely as the trustee for, or as the nominee of, Ali Choudhri, an individual residing in Texas (the "Beneficial Owner"), who is, and has been since the Company's formation, the beneficial owner of 100% of the Agency Entities and Investment Properties and whatever rights, privileges and benefits held, or duties, detriments and obligations owed by the Agency Entities and Investment Properties, belong to, and since the formation of the Company, have belonged to, the Beneficial Owner.

B.     Until otherwise terminated, Principal intends that record title to the "**Investment Properties**" be acquired and held by Agent on behalf of Principal and appoints Agent as Principal's agent and nominee for the express purpose of holding record title to the Investment Properties and administering the Investment Properties on Principal's behalf.

## **AGREEMENT:**

NOW, THEREFORE, in consideration of the premises and the mutual covenants herein contained, the parties hereto do hereby agree as follows:

1.     **Purpose of this Agreement; Appointment of Agent.** Principal hereby designates and appoints Agent as Principal's agent for the express purpose of acquiring and holding record title to the Investment Properties and acting on Principal's behalf in connection with the administration of the Investment Properties, and Agent accepts such designation and agrees to act pursuant to Principal's specific written directions with regard to the Investment Properties, but not otherwise. Agent shall hold record title with respect to the Investment Properties, and will take such action with respect to the Investment Properties as Principal may direct. Principal shall bear the responsibility for all expenses incurred by Agent in fulfilling these responsibilities. Notwithstanding that Agent holds record title to the Investment Properties and acts as Principal's agent with respect to the Investment Properties, Principal shall possess all of the benefits and burdens of ownership of the Investment Properties, including the ownership of the Investment Properties for U.S. federal, and applicable state, local and other, income tax purposes. In furtherance of the preceding provisions, the parties hereto expressly provide as follows:

1

521550.000001 20688180.1

**Exhibit 18**

(a)     Principal hereby constitutes and appoints Agent as nominee and agent for Principal with respect to the ownership of the Investment Properties, including the acquisition, management, operation and disposition of all or any portion of the Investment Properties as agent for Principal, the execution of documents or other instruments with respect thereto and the making or granting of any election, determination, waiver, consent or other similar action with respect thereto.

(b)     Notwithstanding anything herein or Exhibit A to the contrary, the Agency Entities shall include all entities organized or formed or owned or managed by the Agent within 24 months immediately prior to the date hereof and after the date hereof unless Agent and Principal enter a separate written agreement specifically releasing any such entity as an Agency Entity.

(c)     Notwithstanding anything herein or Exhibit A to the contrary, the Agency Entities shall be deemed to include all entities organized by the Agent on or after the date hereof unless Agent and Principal enter a separate written agreement specifically releasing any such entity as an Agency Entity

(d)     Principal hereby ratifies, reconfirms and agrees to any actions of and any agreements and transactions entered into by Agent prior to the date of this Agreement on Principal's behalf as its nominee and agent with respect to the Investment Properties.

(e)     Agent, with the specific written authorization of Principal, but not otherwise, may appoint any person, firm or corporation to act as its agent or representative for the purpose of performing any function that Agent is or may be authorized by Principal to perform.

Principal and Agent intend that Principal shall have the sole and exclusive right and control to make and direct all decisions relating to the Agency Entities, including, without limitation:

(a)     the sale, pledge, assignment, transfer, conveyance and/or alienation of any and all assets held by the Agency Entities;

(b)     the approval of any and all Leases, including amendments thereto, related to any and all real estate held by the Agency Entities;

(c)     the sale, pledge, assignment, transfer, conveyance and/or alienation of any or all ownership or membership interests in the Agency Entities;

(d)     the approval of any financing, including refinancing, of any debt associated with any and all real estate held by the Agency Entities;

(e)     the placement of any additional debt on any and all real estate held by the Agency Entities; and

(f)     the approval of any and all budgets as required of, or contemplated by, the organizational documents of the Agency Entities.

2

**Exhibit 18**

2.      **Cooperation; Actions.** Agent will cooperate with Principal in taking such action as is practicable to cause all income and other revenues from the Investment Properties to inure to the sole benefit of Principal and communications from others with respect thereto to be directed to Principal at such address as Principal may furnish to Agent. Agent shall execute any documents or instruments as authorized by Principal.

3.      **Furnishing of Information.** Upon Principal's request, Agent will furnish to Principal true and correct copies of all title information, conveyances, agreements and other documents and all pertinent accounting and historical information in Agent's possession relating to the Investment Properties. Upon Agent's request, Principal will furnish to Agent written authorization to act on behalf of Principal as shall be necessary to the performance by Agent of its duties under this Agreement. Principal will be available to and will cooperate with Agent to furnish information relating to the Investment Properties.

4.      **Bank Account; Collection of Revenues and Proceeds.** Agent shall maintain bank accounts and handle the collection of revenues and proceeds with respect to the Investment Properties. In this connection, it is contemplated that all income and other revenues and distributions from the Investment Properties shall be paid to Principal and Agent shall deposit such funds into a bank account held by Agent or as otherwise provided in writing by Principal.

5.      **Books and Records.** Agent shall maintain books and records related to the Investment Properties, including such books and records as are necessary to document record title or as relate to the agency arrangement described herein or as is otherwise required for Principal or Agent to comply with all applicable laws, rules and regulations with respect to their contemplated activities and the existence of the agency relationship pursuant to this Agreement.

6.      **Liability and Reimbursement.** Principal shall be liable for all costs, expenses, taxes and other charges arising in connection with Agent's holding record title to the Investment Properties. In this connection, Principal shall pay directly for Agent any such costs, expenses, taxes and charges that Agent is required to pay and for the actual cost to Agent of any services for which Agent contracts for the purpose of complying with the directions of Principal, including the costs of legal, accounting and other professional services and advice, administrative and management costs and franchise and other U.S. federal, state and local taxes.

7.      **Indemnification.** Principal shall defend, indemnify and hold harmless Agent and its shareholders, partners, members, officers, directors, employees, agents and representatives from and against all claims, damages, losses and expenses (including attorneys' fees and litigation expenses) (collectively, "**Losses**") which arise directly or indirectly from or in connection with Agent's performance of its obligations under this Agreement, including (a) Agent holding record title to the Investment Properties pursuant to the terms of this Agreement; (b) Agent acting in accordance with any written directions from Principal or Principal's agent; (c) any and all liens or other encumbrances against a Investment Properties either created by Principal or Agent pursuant to Principal's or Principal's agent's express, written direction, including any guaranty agreements executed by Agent; (d) any and all taxes or withholdings required with respect to the Investment Properties; and (e) all other Losses, **INCLUDING THOSE ARISING OUT OF THE NEGLIGENCE OF AGENT**; provided, however, that Principal's indemnity obligations under the terms of this Agreement to Agent shall not extend to any Losses which arise or result directly

3

**Exhibit 18**

or indirectly from or in connection with such Agent's bad faith, gross negligence or willful misconduct.

8. **Agent's Compliance Obligations.** Agent shall (i) with respect to the Investment Properties, act solely as an agent and nominee for and on behalf of the Principal as set forth herein, (ii) function as agent and not principal with respect to the Investment Properties for all purposes, (iii) hold itself out as the agent and not principal in all dealings with third parties relating to the Investment Properties and (iv) otherwise carry on the normal duties of an agent.

9. **Amendment of Agreement.** This Agreement may be amended or modified at any time by a document in writing, executed by Principal and Agent.

10. **Termination of Agreement.** (a)

   (i) Principal may terminate this Agreement by giving ten (10) days written notice to Agent. The termination shall be effective ten (10) days after the date of such written notice by Principal. All actions taken pursuant to the terms of this Agreement by Agent prior to the receipt of the written notice of termination shall be valid and binding upon Principal.

   (ii) Agent may terminate this Agreement by giving thirty (30) days written notice to Principal. The termination shall be effective thirty (30) days after the date of such written notice by Agent. All actions taken pursuant to the terms of this Agreement by Agent prior to the receipt of the written notice of termination by Principal shall be valid and binding upon Principal.

   (b) Upon termination of this Agreement, Agent shall immediately convey, assign and transfer to Principal, or another U.S. entity, as determined by Principal, Agent's beneficial ownership of the Investment Properties, including all benefits and burdens of ownership thereto, and all funds and other assets of every kind and nature held by Agent on behalf of Principal, with such conveyance to be made in the manner reasonably agreed by Principal and Agent or other recipient U.S. entity, it being the intention of Principal and Agent that upon termination of this Agreement full record and beneficial ownership shall immediately be transferred or otherwise vested in Principal or other recipient U.S. entity.

   (c) Unless sooner terminated, this Agreement and all provisions hereof shall remain in full force and effect for as long as any Investment Properties is held by Agent for the benefit of Principal, and until terminated beneficial ownership of such Investment Properties shall be held by Principal in accordance with this Agreement.

11. **Governing Law. THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS WITHOUT REFERENCE TO THE CONFLICT OF LAWS PROVISIONS THEREUNDER.**

12. **Notices.** All notices hereunder shall be sufficiently given for all purposes hereunder if in writing and delivered personally or sent by documented overnight delivery service, United States mail, email or other electronic transmission service to the applicable address set forth

4



521550.000001 20688180.1

**Exhibit 18**

opposite the names of the parties on the signature pages to this Agreement or to such other address as may be designated in writing to the other parties from time to time.

13.     **No Assignments; Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, legal representatives, successors and assigns, and may not be assigned in whole or in part by any party without the prior written consent of all other affected parties.

14.     **Interpretation; Severability.** This Agreement shall be construed to meet the requirements stated in the decision of the U.S. Supreme Court in *Commissioner v. Bollinger*, 485 U.S. 340 (1988), for the establishment of a nominee relationship between Principal and Agent for U.S. federal, and applicable state, local and other, income tax purposes. Any ambiguities within this Agreement shall be resolved in favor of complying with these requirements. Subject to the preceding sentences, should any part of this Agreement for any reason be declared invalid, such decision shall not affect the validity of any remaining portion, which remaining portion shall remain in force and effect as if this Agreement had been executed with the invalid portion thereof eliminated. The intention of the parties is that they would have executed the remaining portion of this Agreement including therein any such part, parts or portion which may, for any reason, be hereafter declared invalid.

15.     **Survival of Provisions After Termination.** The provisions of Paragraph 6 and Paragraph 7 of this Agreement shall survive the termination of this Agreement for any reason with respect to liabilities or obligations under such provisions that accrue or arise during the period of time that this Agreement, including any amendments, replacements or renewals of this Agreement, is valid and in effect.

16.     **Effect of Agreement.** This Agreement shall not be deemed to have the effect of creating a joint venture, partnership or association relationship between or among any of the parties hereto. So long as the agency continues with respect to Principal, (i) no interest hereunder of Principal shall be assignable or transferable except with the consent of Agent and (ii) no interest hereunder of Agent shall be assignable or transferable except with the consent of Principal.

17.     **Further Assurances.** Each party hereto agrees that it shall execute and deliver or cause to be executed and delivered from time to time such instruments, documents, agreements, consents and assurances and take such other action as the other party may reasonably request to consummate the transactions contemplated hereby, including without limitation, any conveyances of the property owned by an Agency Entity to an entity designated by Principal. Such documents shall be executed and delivered to the requesting party within three business days following delivery of the requested documents.

18.     **Multiple Counterparts.** This Agreement may be executed in several counterparts, each of which shall be deemed an original and all of which shall constitute but one and the same instrument.

19.     **References and Construction.**

5

521550.000001 20688180.1

**Exhibit 18**

(a)     All references in this Agreement to articles, sections, subsections and other subdivisions refer to corresponding articles, sections, subsections and other subdivisions of this Agreement unless expressly provided otherwise.

(b)     Titles appearing at the beginning of any such subdivisions are for convenience only and shall not constitute part of such subdivisions and shall be disregarded in construing the language contained in such subdivisions.

(c)     The words "this Agreement", "this instrument", "herein", "hereof", "hereby", "hereunder" and words of similar import refer to this Agreement as a whole and not to any particular subdivision unless expressly so limited.

(d)     Words in the singular form shall be construed to include the plural and vice versa, unless the context otherwise requires.  Pronouns in masculine, feminine and neuter genders shall be construed to include any other gender.

(e)     Examples shall not be construed to limit, expressly or by implication, the matters they illustrate.

(f)     The word "includes" and its derivatives means "includes, but is not limited to" and corresponding derivative expressions.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK--**
**SIGNATURE PAGE FOLLOWS**

6

521550.000001 20683180.1



**Exhibit 18**

IN WITNESS WHEREOF, Agent and Principal have executed this Agreement on the day and year first written above.

**AGENT:**

**Address for Notice:**
2127 Bolsover Houston,
Texas 77005

**BRADLEY S. PARKER**

**PRINCIPAL:**

**Address for Notice:**
2500 West Loop South
Suite 255
Houston, Texas 77027

**ALI CHOUDHRI**

7

**Exhibit 18**

## EXHIBIT A

### [Entities Formed and Held by Bradley S. Parker for the benefit of Principal]

Galleria West Loop Investments LLC
Galleria West Loop Investments I LLC
Galleria West Loop Investments II LLC
Galleria West Loop Investments GP LLC
BDFI, LLC
BDFI, LLC
Memorial Camp Logan, LLC
Shepherd-Huldy Development I, LLC
Shepherd-Huldy Development II, LLC
MSA Investments LLC
MSA Investments Holding LLC
12000 Bissonnet LLC
12000 Bissonnet GP LLC
410 West 16th Street LLC
Heights MidRise, LLC
2500 West Loop, LLC
Meandering Bend, LLC
2017 Yale Development, LLC
2017 Yale Development GP, LLC

8

**Exhibit 18**

**AMERICAN ARBITRATION ASSOCIATION**
**Commercial Arbitration Tribunal**

ALI MOKARAM (individually and
derivatively on behalf of Texas REIT, LLC)

    *Claimant,*

vs.

**DALIO HOLDINGS I, LLC,**
**DALIO HOLDINGS II, LLC, and**
**ALI CHOUHDRI**

    *Respondents,*

vs.

**TEXAS REIT, LLC**
*Nominal Party*

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Case No. 01-19-0002-7577

## FINAL ARBITRATION AWARD

WE, THE UNDERSIGNED ARBITRATORS in this matter, having submitted their respective oath to the American Arbitration Association and having been duly designated in accordance with the arbitration agreements referred to in paragraph 12 *infra* and pursuant to the **Order On Motion To Compel Arbitration And To Stay Proceedings** from the 333rd District Court of Harris County (the "Court") dated December 3, 2018 ( the verbatim recital of such order is contained in paragraph 11 *infra*), compelling arbitration, and having heard the proofs, testimony, and allegations of the parties, and after due consideration and deliberation of all the credible evidence, extensive briefing and argument of counsel, issue this Final Arbitration Award.

The Final Hearing on this matter began on October 3, 2020 and continued on October 5, 2020, and was recessed for the Panel to address various motions and legal issues that were the subject of the Panel's Procedural Order #22 re: Respondents' Motion to Terminate Arbitration and Claimant's Motion for Fees and Costs issued on November 6, 2020 (the "Termination Order").

1

**Exhibit 19**

Certified Document Number: 101390835 - Page 2 of 43

The Final Hearing was reconvened on February 8, 2021, to receive evidence and arguments from the parties each day that week, and was concluded on February 12, 2021. In the course of that hearing, Claimant presented and the Panel accepted into evidence 145 exhibits and Respondents presented and the Panel accepted 109 exhibits (many of which were overlapping). The Panel gave such appropriate weight and consideration to the exhibits with due regard to objections raised as to certain exhibits, but all were admitted. Leading up to the hearing the Panel considered many matters, including Respondents' motions to continue the proceeding on more than one occasion, permitting one or more of the Respondents attorneys to withdraw and new counsel to be substituted. The Panel issued 27 Procedural Orders in this arbitration.

The Panel then requested post-hearing briefs to summarize the evidence and to make legal arguments. The Panel then heard oral "closing" arguments on May 5, 2021. As of this date, not additional evidence was presented. The Final Hearing was closed July 9, 2021. The Panel issues this Reasoned Final Award, which contains mixed findings of fact and conclusions of law:

## I.
## Findings of Fact

To the extent any of the following conclusion of law are findings of fact, they should be considered findings of fact. To the extent that any of the proposed conclusions contain mixed findings of fact and conclusions of law, they should be considered as mixed findings and conclusions. The arbitration proceedings were transcribed by a court reporter. Any reference in this Final Award to an exhibit will be Claimant's Exhibit ("C-Ex".) and Respondent's Exhibit ("R-Ex.").

1.     Ali Mokaram is the Claimant ("Mokaram"). Mokaram appeared at the Final Hearing personally and by and through counsel being Scott Funk and Preston Kamin, Houston, Texas of the Gray Reed law firm.

AAA No. 01-19-00027-7577                    Final Award                    Page 2 of 42

**Exhibit 19**

2.   Osama Abdullatif ("Latif") is an assignee of 50% of Mokaram's 30% interest in Texas REIT, LLC ("TXR"). He is not a party to this arbitration but was a witness.

3.   The Respondents are Ali Choudhri ("Choudhri"), Dalio Holdings I, LLC ("Dalio I"), and Dalio Holdings II, LLC ("Dalio II"). (Dalio I and Dalio II are jointly referred to herein as "Dalio") Respondents appeared at the final hearing personally and by and through counsel: Choudhri was represented by Lloyd Kelly and Michele Fraga of the Lloyd Kelly Law Firm; Dalio was represented by Marty Hill of the Pagel, Davis & Hilland, P.C.

4.   Nominal third-party is Texas REIT, LLC ("TXR") was represented by James Pierce, Attorney at Law. TXR is the entity in which Mokaram and Choudhri have been in contest over the ownership of their respective interests and Latif's interest therein. TXR filed a counter-claim and answer in this arbitration.

5.   On September 23, 2020, Erika Nemeti, Executrix of the Estate of Ede I. Nemeti, Deceased ("Nemeti") intervened as a Claimant through a Plea in Intervention filed in this matter. Nemeti's attorney, David Thornton of the Thornton Law Firm represented and stipulated to the Panel that Nemeti would agree to and be bound by the same award and/or findings that apply to Mokaram in this case, but Nemeti did not participate in the final hearing. Accordingly, any reference to Nemeti in this Award is always in and to her representative capacity as Executrix of the Estate of Ede I. Nemeti, Deceased.

6.   Respondents have resisted this arbitration and Interim Orders of the Panel, even after agreeing to arbitration in open court (see paragraph 12 *infra*). In an effort to curtail Respondents' resistance to, and interference with the due order of proceedings of the arbitration, Mokaram sought and the Court granted a follow-up order herein recited:

AAA No. 01-19-00027-7577                Final Award                Page 3 of 42

**Exhibit 19**

Certified Document Number: 101390835 - Page 4 of 43

CAUSE NO. 2012-27197A

| | | |
|---|---|---|
| MOKARAM, ALI, | § | IN THE DISTRICT COURT OF |
| Plaintiff(s) | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHOUDHRI, ALI ET AL., | § | 333rd JUDICIAL DISTRICT |
| Defendant(s) | § | |

## ORDER

The Court has considered Mokaram's Emergency Motion for Approval on Arbitration Panel Orders, Choudhri's Response, Mokaram's Reply, their attachments, and the Court's file. After considering them, pursuant to Tex.Civ.Prac. & Rem. Code 171.086 the Court GRANTS the motion.the orders are directed, to comply fully with the arbitration panel's orders already issued, as well as all future orders.

(2) The Court will consider any motion filed pursuant to Chapter 171 of the Civil Practice and Remedies Code after the panel has rendered its award.

Signed September 17, 2020

Hon. DARYL L. MOORE
Judge, 333rd District Court

7. Thereafter, and prior to the commencement of the Final Hearing, Respondents' tried to delay the start of the arbitration hearing by presenting their motion to delay the arbitration to Judge Brittanye Morris, the newly elected Judge of the 333rd District Court , who replaced Judge Moore in January, 2021. Mokaram requested that Judge Morris recuse herself due to a conflict of interest because prior to being sworn in, Mokaram alleged that she had in fact provided to Choudhri legal services regarding related matters to this controversy and also she was a tenant in the same building that he had an interest in and his company, Jetall Companies, was also a tenant. Although Choudhri knew this conflict of interest existed, he nevertheless contested Mokaram's request for Judge Brittanye Morris to recuse herself. However, she denied Mokaram's motion for recusal and granted the stay of the arbitration as Respondents had

AAA No. 01-19-00027-7577      Final Award      Page 4 of 42

**Exhibit 19**

requested. As a result, Mokarm sought emergency relief to lift the stay from the Administrative Judge of the Civil District Courts of Harris County, Texas. The Administrative Judge appointed former District Judge Randy Wilson as a Special Judge to hear the recusal. On February 5, 2021 Judge Wilson lifted the stay in the following order:

## ORDER LIFTING STAY

On February 4, 2021, the court conducted an oral hearing on Ali Mokaram's Emergency Motion to Lift Stay. After considering the motion, the multiple supplements. responses and replies the motion, as well as any evidence and arguments of counsel. it is hereby

ORDERED that the Emergency Motion to Lift Stay is GRANTED, the Order Finding Good Cause and Granting Emergency Motion to Stay Arbitration on January 11, 2021, is vacated and set aside in its entirety, and the stay of the Arbitration that is the subject of the Motion is lifted effective immediately.

Signed Feb. 5, 2021.

JUDGE PRESIDING

8.  Although Choudhri continues to disavow Mokaram's membership status in TXR, from denying the membership altogether, to referring to his ownership in the September 1, 2020 TXR of Resolution of the Members of TXR as a putative member, the Panel finds that the preponderance of evidence favors that Mokaram owns a 30% membership interest in TXR and is a member of TXR. Nemeti owns a 5% membership interest in TXR and is a member of TXR. (C-Ex. 3C). Mokaram assigned 50% of his interest to Latif which assignment does not affect Mokaram's standing or ownership interest for purposes of this arbitration, (C-Ex. 3B). This interest was acquired in a 2008 transaction (described in this paragraph below) in which

AAA No. 01-19-00027-7577          Final Award          Page 5 of 42

**Exhibit 19**

Mokaram failed in his effort to set aside that transaction alleging Choudhri had committed fraud. Choudhri filed an affidavit in which he claimed the 30% interest was transferred to Mokaram and the transaction should not be rescinded. The Panel construes these events that Choudhri admitted to the ownership and claimed the 2008 transaction could not be unwound. This was one of many inconsistent positions Choudhri has taken in this matter. The Court of Appeals issued its decision March 30, 2018 holding the assignment was void. After that opinion, Choudhri then started taking the position the entire 2008 transaction was void and he denied Mokaram's ownership interest in TXR. However, the Panel notes that in June, 2008, Mokaram sold and assigned to Choudhri the 15% interest in the WL Partnership, a 12.5% interest in 2606 Fannin, L.L.C. ("2600 Fannin"), agreed to pay Choudhri $400,000 cash, and gave Choudhri a 50% interest in a Lamborghini Murcielago. In the same transaction, Choudhri assigned to Mokaram 30% interest in TXR, a limited liability company which owned a retail strip center and a contiguous Walgreen's at 8050-8098 Westheimer (between Hillcroft and Fondren) in Houston, Harris County, Texas (the "Property") and as more specifically described in the IBC Deed of Trust (C-Ex 2. The 30% interest was transferred via two different written agreements, each of which assigned a 15% interest in TXR to Mokaram, and each of which had separate consideration. C-Ex. 152 (Affidavit of Choudhri with four purchase agreements for the 2008 transaction attached). Around the same time, WCW Houston Properties, LLC ("WCW") acquired the Architectural Services, Inc. ("ASI") second lien on the property that is the subject of this controversy and WCW sought to foreclose on the property. Choudhri then undertook a plan to deprive Mokaram of his membership interest in TXR and to deprive WCW of its second lien. Evidence was presented by Mokaram that Choudhri retained all of the consideration Mokaram paid for his 30% interest in TXR and returned none of it. The Panel understands that litigation still continues between Choudhri and Mokaram *inter alia*, over the above referenced

**Exhibit 19**

Certified Document Number: 101390835 - Page 7 of 43

Court of Appeals 2014 decision. Choudhri purposefully orchestrated a plan to wrongfully deprive Claimants' of their lawful ownership interest in TXR.

9. Choudhri owns a 65% membership interest in TXR, and Choudhri was the sole manager of TXR at all relevant times. Through his ownership and management of TXR, Choudhri effectively controlled TXR at all relevant times.

10. In June, 2008, TXR executed a promissory note in favor of IBC in the amount of $8,640,000.00 (the "IBC Note") for the purpose of acquiring the Property and as more specifically described in the IBC Deed of Trust, Claimant's Exhibit 2 (the "Property").

11. The IBC Note was secured by the Property pursuant to a deed of trust executed by TXR (the "IBC DOT"). Choudhri personally guaranteed the IBC Note (the "Guaranty"). The IBC Note, the IBC DOT and the Guaranty were all executed as part of one loan transaction for TXR to acquire the Property (the "Loan Documents"). There were three IBC documents arising out of the IBC transaction which provided for arbitration: a promissory note, deed of trust and security agreement. The arbitration clauses in all three of the documents are basically the same. The arbitration clause has a provision in it that permits the arbitrators to award attorney's fees and costs/expenses of the arbitration to the prevailing party and the Panel finds that Choudhri signed the guaranty and is subject to this arbitration by virtue of that IBC agreement as is TXR. Furthermore, Dalio and Choudhri filed a Motion to Compel Arbitration on November 8, 2018 requesting Judge Moore of the 333rd District Court of Harris County, Texas to refer this controversy to arbitration and Choudhri's attorney, being one of several attorneys who appeared before Judge Moore, participated in the actual wording of this Court's order dated December 3, 2018 at a bench hearing and his actions constituted agreement with Judge Moore's Order. When asked by the Judge for consent of all of the lawyers, Choudhri's attorney did not voice disagreement.

**Exhibit 19**

Certified Document Number: 101390835 - Page 8 of 43

12.     A party who voluntarily initiates arbitration proceedings waives any objections to the arbitrator's authority and courts applying the Federal Arbitration Act ('FAA') have recognized that "agreeing to an arbitration demand may constitute an independent agreement to arbitrate. *See, e.g., OJSC Ukrnafta v. Capatsky Petro. Corp.*, 957 F.3d 487, 499 (5th Cir. 2020). To be enforceable under the FAA, the agreement need only be in writing and comply with applicable state law, which is a Rule 11 in this case. "An agreed order that complies with Tex. R. Civ. P. 11 ("Rule 11") requirements is enforceable as a Rule 11 agreement." *Kerulis v. Granberry Lake Props. Inc.*, No. 02-05-00247-CV, 2006 WL 1791617, at *3 (Tex. App.—Ft. Worth June 29, 2006, no,. pet.). Here, the order granting Dalio's motion to compel arbitration satisfies Rule 11, in that it is in writing, and all the parties consented to tis terms in court and on the record. The FAA expressly provides that parties may agree to submit an existing controversy to arbitration, regardless of whether they had a previous contract to do so. *See* 9 U.S.C. §2; *Gen. Motors Corp. v. Pamela Equities Corp.*, 146 F.3d 242, 246 (5th Cir. 1998).

13.     At that hearing referenced in paragraph 9 above, Judge Moore compelled to arbitration eight claims. **His Order verbatim is quoted below:**

> **"On this day, the Court considered Defendants Dalio Holdings I, LLC ("Dalio I') and Dalio Holdings II, LLC's ("Dalio II") (collectively, the "Dalio Entities ") Motion to Compel Arbitration and to Stay Proceedings ("Motion"). The Court, having considered the Motion and all other material matters, including any responses, replies, and arguments from counsel, determines that the Motion has merit and should be granted.**

> **It is, therefore, ORDERED that the Motion is GRANTED.**

> **It is further ORDERED that the following claims asserted in this case are hereby compelled to arbitration pursuant to the arbitration agreements in the Real Estate Lien Note ("Note") and Deed of Trust, Assignment of rents. Security Agreement and Financing Statement ("Deed of Trust") executed between Texas REIT, LLC ("Texas REIT") and International Bank of Commerce ("IBC"):**
> **(1)     Plaintiff in-Intervention Ali Mokaram's ("Mokaram") wrongful foreclosure claim against Dalio I;**
> **(2)     Mokaram's conspiracy claim against the Dalio Entities and Defendant and CrossPlaintiff Ali Choudhri ("Choudhri");**

**Exhibit 19**

(3)   Mokaram's claim of knowing participation in a breach of fiduciary duty against the Dalio Entities;

(4)   Mokaram's breach of fiduciary duties claims against Choudhri relating to or arising out of any of the Arbitrable Claims (as defined in this Order);

(5)   Mokaram's breach of the Texas REIT limited liability company agreement against Choudhri relating to or arising out of any of the Arbitrable Claims;

(6)   Intervenor Erika Nemeti's ("Nemeti") breach of fiduciary duties claims against Choudhri relating to or arising out of any of the Arbitrable Claims;

(7)   Nemeti's breach of the Texas REIT limited liability company agreement against Choudhri relating to or arising out of any of the Arbitrable Claims;

(8)   Nemeti's application for receivership.

For purposes of this Order, "Arbitrable Claims" shall mean any claims relating to or arising out of: (i) Dalio I's acquisition of the Note, Deed of Trust, and related loan documents from IBC ("Loan Documents"), (ii) Dalio I's foreclosure 8098 Westheimer Road, Houston, Texas 77063 (the "Property"); (iii) Texas REIT's loss of the Property as a result of the foreclosure; (iv) Texas REIT's defaults under the Loan Documents resulting in the foreclosure sale by Dalio I, (v) he Property after Dalio I's foreclosure on the Property; and (vi) the relationship between Choudhri and/or Texas REIT, on the one hand and Dalio I and Dalio II, on the other hand. "Arbitrable claims" does not mean any claims brought against Choudhri that are unrelated to or do not arise out of: the Dalio Entities; the foreclosure of the Property; or the Loan Documents.

It is further ORDERED that the above-listed claims be dismissed in favor of arbitration."

The Judges stamped signature and date (12/3/2018) then appear.

These claims arose out of arbitration agreements in the Real Estate Lien Note ('Note") and Deed of Trust. At this hearing attorneys for Dalio I and II, Ali Choudhri, Ali Mokaram and Latif West Loop, LTD appeared and all agreed to the wording of Judge Moore's Order and compelling to arbitration and staying the court proceeding on these matters. This Panel previously issued a Procedural Order confirming the Panel's jurisdiction, determination of the arbitrability of these matters and that these parties including Ali Choudhri through his attorney agreed to Judge Moore's Order. It is noted that as to the latter issue, in the Procedural Order the Panel specifically addressed Choudhri's attorney asserting that Choudhri did not agree to Judge Moore's Order and the Panel reviewing the transcript of that hearing overruled that objection and found that Choudhri's attorney's responses to the Judge's inquiry constituted consent to the arbitration.

**Exhibit 19**

Certified Document Number: 101390835 - Page 10 of 43

14. Judge Moore in his Order of December, 3, 2018, quoted above, presented a series of questions for the arbitrators to determine. As will be further addressed in this Final Award, the Panel finds in favor of Claimant for the first seven issues and the eighth issue requested for a receiver was not granted. The Panel recognizes that the trial court has compelled to arbitration Nemiti's application for receivership. However, the Panel does not believe it has the power under the AAA Rules, the FAA or any of the arbitration agreements to appoint a receiver in this arbitration. However, in the event it is determined that the Panel does have such power the Panel denies Nemiti's application for receivership because no evidence or argument was presented to the Panel by Nemiti at the final hearing regarding the appointment of a receiver. As to issues (6) and (7), Nemeti as the Executor of her father's estate, is awarded damages as described below for the reasons set forth below on those causes of action to which her position is related to Mokaram's positions. The Note and Deed of Trust contain similar mandatory arbitration provisions encompassing Mokaram's and Nemeti's derivative claims on behalf of TXR.

Specifically, the Note provides:

> ANY AND ALL CONTROVERSIES BETWEEN THE PARTIES, EXCEPT SUCH CLAIMS AND CONTROVERSIES WHICH ARE CONSUMER RELATED AND INVOLVE AN AGGREGATE AMOUNT IN CONTROVERSY OF LESS THAN TEN THOUSAND DOLLARS ($10,000.00), SHALL BE RESOLVED BY ARBITRATION IN ACCORDANCE WITH THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION IN EFFECT AT THE TIME OF FILING, UNLESS THE COMMERCIAL ARBITRATION RULES CONFLICT WITH THIS PROVISION, AND IN SUCH EVENT THE TERMS OF THIS PROVISION SHALL CONTROL TO THE EXTENT OF THE CONFLICT.

(C-Ex. 1, Note at 3, §1 (a).)

The Note also specifies the disputes covered by the arbitration provision:

> ARBITRABLE DISPUTES INCLUDE ANY AND ALL CONTROVERSIES OR CLAIMS BETWEEN THE PARTIES OF WHATEVER TYPE OR MANNER, INCLUDING WITHOUT LIMITATION, ANY CLAIM ARISING OUT OF OR RELATING TO THIS NOTE. ALL PAST, PRESENT AND/OR FUTURE CREDIT FACILITIES AND/OR AGREEMENTS INVOLVING THE PARTIES, ANY TRANSACTIONS BETWEEN OR INVOLVING THE PARTIES, AND/OR ANY

**Exhibit 19**

ASPECT OF ANY PAST OR PRESENT RELATIONSHIP OF THE PARTIES, WHETHER BANKING OR OTHERWISE, SPECIFICALLY INCLUDING ANY ALLEGED TORT COMMITTED BY ANY PARTY.

(Id. at 4, §(c).)

Similarly, the arbitration provision in the Deed of Trust provides:

ANY AND ALL COMMERCIAL CONTROVERSIES BETWEEN THE PARTIES, SHALL BE RESOLVED BY ARBITRATION IN ACCORDANCE WITH THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION IN EFFECT AT THE TIME OF FILING, UNLESS THE COMMERCIAL ARBITRATION RULES CONFLICT WITH THIS PROVISION, AND IN SUCH EVENT THE TERMS OF THIS PROVISION SHALL CONTROL, TO THE EXTENT OF THE CONFLICT.

(C-Ex. 2, Deed of Trust at 9, §III (a).)

The Deed of Trust likewise specifies the disputes covered by the arbitration provision:

ARBITRABLE DISPUTES INCLUDE ANY AND ALL CONTROVERSIES OR CLAIMS BETWEEN THE PARTIES OF WHATEVER TYPE OR MANNER, INCLUDING WITHOUT LIMITATION, ANY CLAIM ARISING OUT OF OR RELATING TO THIS DEED OF TRUST, ALL PAST, PRESENT AND/OR FUTURE CREDIT FACILITIES AND/OR AGREEMENTS INVOLVING THE PARTIES, ANY TRANSACTIONS BETWEEN OR INVOLVING THE PARTIES, AND/OR ANY ASPECT OF ANY PAST OR PRESENT RELATIONSHIP OF THE PARTIES, WHETHER BANKING OR OTHERWISE, SPECIFICALLY INCLUDING ANY ALLEGED TORT COMMITTED BY ANY PARTY.

(Id. at 10, §III(c).)

Both the Note and Deed of Trust define "THE PARTIES" for purposes of the arbitration

provisions expansively as TXR, IBC, and the following additional parties:

FOR PURPOSES OF THIS PROVISION, "THE PARTIES" MEANS BORROWER AND LENDER, AND EACH AND ALL PERSONS AND ENTITIES SIGNING THIS AGREEMENT OR ANY OTHER AGREEMENTS BETWEEN OR AMONG ANY OF THE PARTIES AS PART OF THIS TRANSACTION. "THE PARTIES" SHALL ALSO INCLUDE INDIVIDUAL PARTNERS, AFFILIATES, OFFICERS, DIRECORS, EMPLOYEES, AGENTS AND/OR REPRRESENTATIVES OF ANY PARTY TO SUCH DOCUMENTS, AND SHALL INCLUDE ANY OTHER OWNER AND HOLDER OF THIS AGREEMENT.

(C-Ex. 1, Note at 4, §(f); C-Ex. 2, Deed of Trust at 10, §III (f).)

**Exhibit 19**

Mokaram's and Nemeti's derivative claims (on behalf of TXR) relate to or arise out of Dalio I's foreclosure of the Property and, thus, fall within the scope of the arbitration provisions in the Note and Deed of Trust.

15.     On April 11, 2018, IBC and TXR executed a forbearance agreement related to the IBC Note (the "Forbearance Agreement") that required TXR to pay IBC $80,000 and $642,154.07 (the "Forbearance Payment") and that provided a period of forbearance from foreclosure and reinstatement of the IBC Note. Choudhri paid these amounts and signed the Forbearance Agreement.

16.     In 2008, TXR also executed a promissory note in favor of ASI in the amount of $1,500,000 that was secured by a second lien on the Property (the "ASI Note"). In 2018, ASI sold and assigned the ASI Note to WCW.

17.     On May 25, 2018, Dalio I acquired the IBC Note and the IBC DOT from IBC for $6,334,189.88, the full amount due and owing under the IBC Note at the time, including accrued interest. Under the Forbearance Agreement, the IBC Note was reinstated in good standing. TXR made the Forbearance Payment on the same day, and IBC refunded the amount of $642,154.07 to Dalio I to reduce the net balance owed by TXR on the IBC Note to Dalio I to $5,692,035.93, as of May 25, 2018. Within 39 days, on July 3, 2018, Dalio I foreclosed on the Property.

18.     Dalio I and Dalio II were purportedly set up and owned by Azeemeh Zaheer ("Zaheer"), a resident of London, England. Under oath, Choudhri denied having ownership or involvement with Dalio I when it purchased the IBC Note and when it foreclosed on the Property. Mokaram incurred fees and expenses to obtain documents from third parties which Respondents should have produced, but did not produce, including documents showing Choudhri was actually the beneficial and *de facto* owner of Dalio before it purchased the IBC Note.

**Exhibit 19**

19. Later, third parties produced documents revealing that Choudhri was the true owner of Dalio and he had installed Zaheer, his alleged girlfriend, as the "front" to hide his ownership and involvement in Dalio I conducting the foreclosure and taking the Property away from TXR.

20. Choudhri ultimately had to admit he was the true beneficial owner of Dalio through an Agency Agreement with Zaheer dated May 2018, under which Choudhri, as principal, owned Dalio and the IBC Note, and Zaheer, as agent, only held them in name for Choudhri. At all relevant times, Choudhri had beneficial ownership and control of Dalio.

21. It became clear that Choudhri planned and orchestrated a plan to cause Dalio I to purchase the IBC Note and DOT from IBC, to put TXR into a non-monetary default when it was not really in default, to falsely inflate the amount of the IBC Note, and to conduct a wrongful foreclosure of the Property using credit bids for funds that were not even owed by TXR to Dalio I with the purpose and intent for Choudhri to deprive TXR of the Property, to deprive WCW of the Property and any lien on the Property, and to and for the sole benefit of Choudhri.

22. Another entity that Choudhri owned and controlled, 2401 FV, LLC ("2401"), provided Dalio I with the funds that were used to purchase the IBC Note. Choudhri initially made misrepresentations about his ownership, involvement and control of 2401 until once again, documents produced by third parties proved Choudhri was knowingly untruthful.

23. Choudhri caused Dalio I and TXR to enter into a Loan Modification Agreement ("LMA") to the IBC Note after the foreclosure in an attempt to justify the false inflation of the IBC Note by Dalio I. There were actually multiple signed and materially different versions of the LMA with no explanation from Choudhri as how or why it kept changing. Each LMA was an interested and self-interested and self-dealing transaction, as Choudhri owned and controlled both entities to the agreements.

**Exhibit 19**

Certified Document Number: 101390835 - Page 14 of 43

24.    The Panel does not find it credible that IBC sold the note for its full value, including all past due interest, and that the amount due under the IBC Note could properly and lawfully increase almost three-fold in 39 days after the IBC Note was reinstated. Respondents did not provide evidence to substantiate their position that the amount of the IBC Note increased from $5,692,035.93, as of May 25, 2018, to more than $14.5 million just 39 days later on July 3, 2018.

25.    The true balance due and owing on the IBC Note as of July 3, 2018, was $5,727,474.22, at the most, which includes default interest for 39 days that was not even owed. As such, Dalio I was not lawfully able to bid more than this amount at a foreclosure sale by using credit (a "credit bid"). By law, a lender can only credit bid up to the amount owed on a note, and if it wants to bid more than the amount owed on the note, any additional bids would have to be with cash or cash equivalents.

26.    The fair market value of the Property as of July 3, 2018, was $14 million. Choudhri's testimony and position that the Property was "under water" and only had a value of $7.5 million is not credible. The equity of the Property (the value less the IBC Note debt against the Property) was $8,272,525.78 as of July 3, 2018.

27.    The WCW second lien debt was in litigation and in dispute with WCW suing TXR and Dalio I. In that litigation, Respondents contend no amount is owed by TXR to WCW, and Choudhri has refused to authorize TXR to make any payments. $3.5 million was owed as of July. The Panel was presented and admitted RX-65 which stated that as of May 30, 2018, the amount owed was $3,650,990.05.

28.    Choudhri's fiduciary duty included the duty to minimize the debts of TXR and to settle and compromise claims by creditors if it was in the best interests of TXR to do so. If the WCW debt was valid, or arguably valid, Choudhri should have taken steps to compromise and pay the

**Exhibit 19**

debt. The evidence showed WCW was willing to settle and compromise the WCW note claim for $1.5 million as of July 3, 2018.

29. In the alternative, the equity of the Property as of July 3, 2018, should at most be reduced by the amount that WCW could have been paid to settle, or to $6,772,525.78. Instead of taking steps in the best interest of TXR, Choudhri instead planned and orchestrated his fraudulent foreclosure scam to deprive TXR and its members and creditors of the Property and its equity.

30. Choudhri went to great lengths to prevent arms-length lenders (WCW and IBC) from foreclosing and taking the significant equity in the Property that he denies even existed. However, he did nothing to prevent Dalio I from foreclosing because of his conflict of interest and his ownership of Dalio I, and because it was his intent to take the Property away from TXR, its members, and WCW for his own self-benefit.

31. Choudhri secretly orchestrated the foreclosure sale. Choudhri intentionally hid his involvement in Dalio and the foreclosure process, and the Panel finds that his conduct was wrongful and improper. Choudhri tried to cover up his wrongful conduct after the fact, including by intentionally withholding and secreting evidence that he was ordered to produce by the Panel.

32. On June 10, 2018, Dalio I issued a notice of foreclosure for the Property and filed it with the Harris County Clerk (the "Second Notice") that identified four potential trustees who might conduct the sale.

33. On July 3, 2018, Wade Williams, serving as trustee for Dalio I under the IBC DOT, auctioned the Property for sale (the "Foreclosure"). Williams was hired through Choudhri's attorney, Jeff Joyce. Several attorneys for Dalio I also represented Choudhri individually, creating additional potential conflicts of interest.

34. At the time of the Foreclosure, multiple persons attended the auction and were ready, willing, and able to bid on and purchase the Property. Despite the presence of these bidders, who

AAA No. 01-19-00027-7577        Final Award        Page 15 of 42

**Exhibit 19**

could offer immediate cash or the equivalent, Dalio I took steps to ensure that it would take title to the Property without paying for it by making credit bids for amounts that were not owed to Dalio I, and that would prevent the other bidders from purchasing the Property.

35. In advance of the sale, Dalio I instructed Williams and Kevin Pennell, an attorney for Dalio and Choudhri who helped Dalio I foreclose on the Property, to withhold relevant information regarding the foreclosure process that was requested by potential bidders. The attorney for WCW contacted Williams and Pennell to inquire about the auction process (when/where/protocol), to ask whether Dalio I intended to make credit bids, and if so, how much the total amount due under the IBC Note was available to credit bid. Among other things, WCW asked who it should make payment to at the auction (which of the four trustees) and asked to coordinate the timing and logistics given the amount at stake.

36. Dalio I later used this scheme as an excuse to chill bidding, and by refusing to accept valid bids if cashier's checks were not made payable to Williams. Williams refused to allow cashier's checks to be endorsed to Dalio I as is customary in Harris County, thus preventing some bidders from bidding. Dalio I improperly withheld information about the time and place of the Foreclosure prior to the sale. Even though it was the trustee's duty to maximize the amount of the sale price, Choudhri instructed Dalio I to conduct the Foreclosure in a manner designed to suppress bids so Choudhri could acquire the Property by credit bids from Dalio I.

37. Latif also reached out to Williams through his assistant via emails and calls to obtain any special instructions prior to the foreclosure, including the physical location of the trustees and to whom checks should be made payable to. Even though Williams warned Choudhri it would be deemed chilling the bidding if he did not respond, Dalio I (Choudhri and Zaheer) did not allow Williams to respond. Instead of providing information to maximize the sales price, Dalio I made

**Exhibit 19**

Certified Document Number: 101390835 - Page 17 of 43

it difficult for any prospective buyer to bid and purchase the Property other than for and in behalf of Choudhri.

38. For every cash bid made at the Foreclosure, Dalio I made a higher credit bid. All bids made by Dalio I during the Foreclosure were credit bids. Prior to the Foreclosure, Dalio I authorized Williams to credit bid as much as $13 million to buy the Property even though just over $5.7 million was owed to Dalio I, and even though Choudhri claimed the Property was only worth $7.5 million. Dalio I kept making credit bids until all cash bidders were driven out, leaving Dalio I as the "successful" bidder at $10.1 million. Dalio I could have sold the Property for a $10 million cash bid but refused, even though Choudhri claims the Property was only worth $7.5 million.

39. Dalio I transferred the IBC Note and DOT (lien) to Dalio II (also owned and controlled by Choudhri) for no consideration as part of the scheme to take the Property away from TXR, its members and WCW. On July 3, 2018, the same day that Dalio I foreclosed and received the trustee's deed for the Property, Dalio I granted and conveyed a Deed of Trust to Dalio II to give it a "first lien" on the Property to secure a non-existent $10,000,000.00 obligation (the "Dalio II DOT").

40. On September 3, 2019, Dalio II foreclosed on its bogus lien on the Property and the Dalio II Trustee conveyed the Property, as Trustee, to Dalio II by a Trustee's Deed dated September 3, 2019. Choudhri orchestrated this foreclosure as well.

41. Choudhri claims he did not intend to damage TXR, Mokaram, or Latif, but that he was trying to protect the Property (and Mokaram's interest in TXR) by saving the Property from WCW, who was also trying to foreclose. Respondents' attorneys spent considerable time trying to paint the picture that Mokaram and Latif had been at "war" with Choudhri for almost 10 years, and that they were mortal enemies. It is not credible that Choudhri was conducting a fraudulent

**Exhibit 19**

Certified Document Number: 101390835 - Page 18 of 43

foreclosure in secret to help what he claims are his enemies. And it is not credible that Choudhri did so to protect a property that he claimed was under water with no equity. Finally, it is not credible that Choudhri would foreclose and take the Property from TXR and its members to "protect" them.

42. In addition, Choudhri tried to orchestrate essentially the same secret fraudulent foreclosure scheme to take the Beal Bank building property (the "Beal Bank") away from its owner, the Mokaram Latif West Loop Limited Partnership (the "Partnership"), which is owned by Latif. However, there was no second lien holder for the Beal Bank, and no need to "save" the property to protect the Partnership. Yet Choudhri essentially did the same thing there. Whether or not this establishes a pattern and practice by Choudhri are past and such similar events that they cannot be disregarded by the Panel.

43. Choudhri used his company, 2500 WL, Inc. ("2500 WL"), which was alleged to be a sham front company, to purchase the first lien note owed from Capital One Bank that was secured by Beal Bank for approximately $4.2 million on July 6, 2018, just one month after Choudhri caused Dalio I to buy the IBC Note and start foreclosure proceedings. Choudhri hid his true ownership of 2500 WL with another Agency Agreement with his CFO, Brad Parker, as the front man this time.

44. Choudhri immediately claimed the Capital One note had been in default since 2008, when Capital One had never taken that position and had renewed and extended the note multiple times. Choudhri falsely inflated the note to more than $14.5 million, claiming this amount must be paid by the Partnership or 2500 WL would foreclose on the Beal Bank. And then Choudhri instituted foreclosure proceedings, only to be stopped by an injunction issued by a district court. There was no purpose for Choudhri to do this except to intentionally damage the Partnership, Mokaram and/or Latif.

**Exhibit 19**

45.   Choudhri was the true owner and manager of Dalio, and he had full control of Dalio from at least May 2018. As such he was also an agent and representative of Dalio and all of Choudhri's conduct is imputed to Dalio. Dalio is also responsible for the acts of Zaheer and Williams, who acted as their agents and representatives as well.

## II.
## Conclusions of Law

To the extent any of the following conclusions of law are findings of fact, they should be considered findings of fact. To the extent that any of the proposed conclusions contain mixed findings of fact and conclusions of law, they should be considered as mixed findings and conclusions.

## A.   Jurisdiction

46.   The Termination Order referenced *supra* at 1 is incorporated herein by reference. The Panel finds it has jurisdiction over the claims of Mokaram set forth in his Amended Complaint filed on or about October 4, 2020, and that all such claims are arbitrable.

47.   Mokaram has standing to assert derivative claims on behalf of TXR, because the Panel finds he is a member of TXR. As explained in one of the earlier Procedural Orders of this Panel, it was found, over the objection of Respondents, that Claimants did file their claims for arbitration timely with the American Arbitration Association ("AAA"), even though the AAA actually received the payment after September 1, 2019. Claimant's original filing and efforts to pay and ability to pay were made prior to September 1, 2019, the Panel concluded the arbitration claim was deemed filed prior to September 1, 2019 and therefore such claims also are grounded in the Texas Business Organizations Act ("TBOC") and the Derivative Claims provisions therein in existence prior to the effective date of the amendment (being September 1, 2019). As such Respondents' claim that Claimants under the amended act (specifically TBOC Section 101.453) were required to provide 91 days' advance notice before bringing a derivative action which

**Exhibit 19**

Certified Document Number: 101390835 - Page 20 of 43

Claimants did not do. As the Panel concluded in a prior Procedural Order, the amendment did not apply and therefore since the 91 days' notice provision was not in the antecedent law, there was no duty upon Claimants to provide such notice.

## B. Wrongful Foreclosure

48. The Foreclosure of the Property orchestrated and conducted by Respondents was wrongful and unlawful, therefore constitutes a wrongful foreclosure. There were multiple defects in the Foreclosure before and during the process. Respondents compromised the fundamental integrity of the Foreclosure by their conduct to cause a lower selling price. Because Respondents "deliberately chilled" the bidding process for potential buyers at the foreclosure through their conduct, Mokaram need not prove that the defects caused a grossly inadequate selling price. *See Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied).

49. While a wrongful foreclosure claim typically requires evidence of a "grossly inadequate selling price" this element is eliminated where, as here, the defect involves a deliberate chilling of the bid process. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768 (5th Circ. 2016).

50. Alternatively, the $10.1 million selling price was grossly inadequate in relation to the $14 million value of the Property. As a result of the wrongful foreclosure, TXR and its members were damaged. TXR is entitled to recover actual damages from Respondents in the amount of $8,272,525.78, the difference between the value of the Property ($14 million) and the indebtedness ($5,727,474.22). *See Houle v. Cassillas*, 594 S.W.3d 524, 540 (Tex. App.—El Paso 2019, no pet.). One would not set aside a foreclosure sale if only a minor or technical deficiency grossly affected the sales price. Here the mortgagee chills the bid process, the mortgagee has compromised the fundamental integrity of the sale. Choudhri's conduct created an improper and

**Exhibit 19**

Certified Document Number: 101390835 - Page 21 of 43

wrongful chilling effect on the bidding which caused "a lower selling price of any measure of magnitude, grossly inadequate or otherwise." *Stevens*, 781 S.W.2d at 372.

### C.     Breach of Contract

51.     Choudhri breached Article 3.3 of the Company Agreement of TXR, which required Choudhri as the Manager to (a) manage and control the company and its business and affairs in accordance with the standards of the industry, (b) use reasonable, good faith efforts to carry out the business and affairs of the company in a manner he reasonably believes to be in the best interest of the company, and (c) to perform duties with ordinary prudence and in a manner reasonable under the circumstances. Each side provided cases and arguments regarding whether or not one can breach the Company Agreement, to wit, whether or not it is a contract. After reviewing the authorities and arguments provided by counsel for each party, the Panel has determined that the Company Agreement is a valid contract; it was breached by Choudhri, and as a result of his breaches, TXR and its members were damaged. Respondents, in support of its position on this point cited *In re Denman*, 513 B.R. 720, 722 (Bankr. W.D. Tenn. 2014) in which the Tennessee bankruptcy court merely evaluated whether an LLC operating agreement was an executory contract under Bankruptcy Code provisions. *Id.* at 722-23. It does not appear that this case stands for the proposition that an agreement is not an agreement as Respondents argue. Claimant has cited the Panel to several authorities that Respondents attempted to distinguish in their closing argument, however, although these cases may be factually distinguished from our case at hand, the principles that Claimant cites its cases for lend greater credence and support to Claimants argument that the Company Agreement is a contract that has been breached by Choudhri. *See, Soaring Wind Energy, L.L.C. v Catic USA Inc.*, 946 F.3d 742 (5th Cir. 2020) (affirming arbitration award of damages for breach of an LLC agreement); *Millennium Ice, Inc. v CryoUSA, LLC* No. 05-18-00440-CV, 2018 WL 3688424, at *2 (Tex. App.—Dallas Aug. 3,

**Exhibit 19**

2018, no pet.); *Chan II Pak v. Ad Villaral, LLC*, No. 05-14-01312-CV, 2018 WL 2077602, at *2 (Tex. App. –Dallas may 4, 2018, pet. Denied) (affirming judgment that majority member and co-manager of two LLCs ", materially breached" the LLC agreements); *Love v Harrison*, No. 14-16-00632-CVF, 2017 WL 3567868, at *1 (Tex. App.—Houston [14[th] Dist.] Aug. 17, 2017, no pet.) (Discussing trial court's grant of TRO based on breach of LLC agreement); *Med. Gardens, LLC v. Wikle*. No. 07-12-00111-CV, 2013 WL 2390103, at *4 (Tex. App.—Amarillo May 29, 2013, no pet.) (Upholding award of attorney's fees for breach of LLC agreement).

52.     Choudhri's breaches of the Management Agreement included his failure to manage and control TXR and its business and affairs in accordance with the standards of the industry, his failure to use reasonable, good faith efforts to carry out the business and affairs of TXR in a manner reasonably believed to be in the best interest of the company, and his failure to perform his duties as a manager with ordinary prudence and in a manner reasonable under the circumstances. TXR is entitled to recover economic damages in the amount of $8,272,525.78 from Choudhri.

**D.    Breach of Fiduciary Duty**

53.     As a result of the relationships and Choudhri's ownership, position and control of TXR, Choudhri owed fiduciary duties to TXR and its members at all relevant times, including the duty of loyalty and the duty of care. *Pinnacle Data Services, Inc. v. Gillen*, 104 S.W.3d 188 (Tex. App.—Texarkana 2003, no pet.), *disapproved of on other grounds by Richie v. Rupe*, 443 S.W.3d 856 (Tex. 2014); *Cardwell v Gurley*, No. 05-09-01068-CV, 2018 WL 3454800, at *8 (Tex. App.—Dallas July 18, 2018, pet. denied). Choudhri breached each of these duties, and his breaches resulted in injury or damages to TRX and its members.

54.     Choudhri did not act in good faith, and he allowed his personal interests to prevail over the interests of TXR. Choudhri did not act with an intent to confer a benefit to TXR, but rather,

**Exhibit 19**

Certified Document Number: 101390835 - Page 23 of 43

Choudhri acted to benefit his own self-interests to the exclusion of TXR, and its members. Choudhri acted with the fraudulent intent to deprive TXR of the Property and its equity, and to damage Mokaram in the process. Choudhri's actions were actions taken with the actual intent to cause injury to TXR and its members, and without just cause or excuse that proximately caused injury to TXR and its members.

55.     Choudhri engaged in self-dealing, as he acted to derive a personal profit or advantage (taking for his own benefit the Property and its equity) at the expense of TXR. In doing so, Choudhri did not act solely with an eye to the best interest of TXR, unhampered by any pecuniary interest of his own. When acting as an agent of the LLC, a manager/managing member owes a duty pursuant to basic agency principles. *See Hardee*, 2013 WL 1084494, at *9 (Bankr. E.D. Tex. Mar. 14, 2013 (citing *McAfee, Inc. v. Agilysis, Inc.*, 316 S.W.3d 820, 829 (Tex. App.—Dallas 2010, no pet.); *see also Allen v. Devon Energy Holdings, L.L.C.*, 367 S.W. 3d 355, 392 (Tex. App.—Houston [1st Dist.] 2012.

56.     Respondents assert they do not owe Claimants a fiduciary duty and the law does not provide that a manager in a LLC owes a fiduciary duty to its members. The facts in this case do not support their argument and it is expressly overruled. Fiduciary duties include the duty of fair and honest dealing, and the duty of full disclosure. Respondents failed in this duty. *See KCM Fin. LLC v. Bradshaw*, 457 S.W. 3d 70, 80 (Tex. 2015). The duty of full disclosure requires disclosure of material facts relating to the company's business, as well as the dedication of uncorrupted business judgment for the sole benefit of the company. *See Accent Energy Corp. v. Gillman*, 824 S.W.2d 274, 278 (Tex. App. –Amarillo 1992, writ denied). Choudhri made no such disclosures of his wrongful dealings as described in this Final Award and therefore breached his fiduciary duties to Claimants and did not act in good faith to them, rather acted for his own personal interests which constituted a breach of his fiduciary duties to Claimants. *See General*

**Exhibit 19**

Certified Document Number: 101390835 - Page 24 of 43

*Dynamics v Torres*, 915 S.W.2d 45, 49 (Tex. App.—El Paso, writ denied); *Gerhart Industries, Inc. v. Smith Intern. Inc.*, 741 F.2d 707, 719 (5th Cir. 1984). A manager or officer is "interested" in a transaction if he: (i) makes a personal profit from a transaction by dealing with the corporation (LLC) or usurps a corporate opportunity; (ii) buys or sells the assets of the corporation (LLC); or (iii) transacts business in his capacity with a second entity of which he is also significantly financially associated. *Gearhart Indus. Inc.*, 741 F.2d at 719-20. "Transactions involving an interested [manager] are subject to strict judicial scrutiny." *Id.* at 720. This Panel has strictly scrutinized the conduct of Choudhri and has concluded he meets the legal and factual standards for violating his fiduciary duty to Claimants. The TBOC (Section 101.255(b)) does provide a mechanism to avoid a manager's conflicts, i.e., to engage the approval of disinterested members (or affected members) which Choudhri did not do and could not do. *Gearhart Indus. Inc.* 741 F.2d at 719-720.

57.    Because Choudhri is a managerial official of and has a financial interest in Dalio, the purchase of the IBC Note, the Foreclosure, the LMA's, and the purported rescission transaction and settlement agreement were all "interested" transactions. *See* Tex. Bus. Orgs. Code Ann. § 101.255(a)(2). Choudhri engaged in these transactions to make a personal profit, and he transacted with TXR as the owner and principal of Dalio I, an entity he owned and in which he had a significant financial interest. Choudhri had a conflict of interest when acting on behalf of both Dalio and TXR.

58.    Choudhri breached his duty of full disclosure of material facts relating to TXR's business, and he failed to provide his uncorrupted business judgment for the sole benefit of TXR. Choudhri knowingly, fraudulently and intentionally hid his ownership of Dalio and the self-dealing and self-interested transactions relating to the IBC Note, the Foreclosure and the other transactions between TXR and Dalio. Choudhri then covered up his wrongful conduct by failing

**Exhibit 19**

and refusing to follow the discovery rules and the orders of the Panel to provide documents and other discovery that existed, and by even refusing to participate in this arbitration after causing Dalio to move to compel this arbitration.

59.     Choudhri engaged in numerous tactics designed to improperly delay and obstruct this arbitration, and to prevent Mokaram from getting to the final hearing. This included Choudhri's self-serving and purported rescission that was not even implemented.

60.     Because the purchase of the IBC Note, the Foreclosure, the LMA's, and the purported rescission transaction and settlement agreement were all "interested" transactions, they constituted breaches of the duty of loyalty by Choudhri unless those transactions were either approved by the disinterested managers or members of TXR or fundamentally fair to TXR. Tex. Bus. Orgs. Code Ann. § 101.255(b); *Gearhart Indus., Inc.* 741 F.2d at 719. Choudhri bears the burden of proving that those transactions were fair to the corporation. *Gearhart Indus.*, 741 F.2d at 720. There are no disinterested managers, and the disinterested members (Mokaram and Nemeti) did not approve any transaction between TXR and Dalio. Moreover, Choudhri has failed to meet his burden to show that the transactions are fundamentally fair to TXR. As a result, Choudhri has breached his duty of loyalty (and thus fiduciary duty) to TXR, which caused injury to TXR. TXR is entitled to recover economic damages in the amount of $8,272,525.78 from Choudhri for this breach of fiduciary duty.

**D.     Knowing Participation in a Breach of Fiduciary Duty**

61.     "It is settled as the law of this State that where a third party knowingly participates in the breach of fiduciary duty, such third party becomes a joint tortfeasor with the fiduciary and is liable as such." *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 138 Tex. 565, 574, 160 S.W.2d 509, 519 (1942). It is well established law that the injured party (Claimants) may recover from Choudhri all economic damages associated with the breach, as well as exemplary damages. *See*

**Exhibit 19**

*W. Reserve Life Assur. Co. of Ohio v. Graben,* 233 S.W.2d 360, 377 (Tex. App.—Fort Worth 2007, no pet.); *McCullough v. Scarbrough Medlin & Associates, Inc.* 434 S.W.3d 871m 911 (Tex. App.—Dallas 2014, pet. Denied).

62. A fiduciary relationship existed between TXR and Choudhri.

63. Dalio was aware that Choudhri owed fiduciary duties to TXR.

64. Dalio knowingly participated in Choudhri's breaches of his fiduciary duties to TXR by engaging in transactions in which Choudhri was personally interested, falsely declaring TXR's default on the IBC Note, inflating TXR's debt on the IBC Note, taking steps to chill bidding at the Foreclosure, and making credit bids in excess of TXR's debt at the Foreclosure.

65. Dalio is jointly and severally liable for Choudhri's breaches of his fiduciary duties. TXR is entitled to recover economic damages from Choudhri in the amount of $8,272,525.78.

### E. Constructive Fraud

66. Choudhri's conduct constitutes constructive fraud. Choudhri breached his legal and/or equitable duty to TXR and its members, and his conduct was fraudulent because of its tendency to deceive others, to violate confidence, and/or to injure public interests. Choudhri also committed constructive fraud because of his breaches of fiduciary duty. Choudhri's fraud was proved by clear and convincing evidence, and that evidence showed Choudhri acted intentionally, knowingly and with malice toward TXR, its members, and its creditors. Choudhri's actions were taken with the actual intent to cause injury to TXR and its members, and without just cause or excuse that proximately caused injury to TXR and its members. Respondents assert that Claimants did not include as a separate cause of action constructive fraud, although Claimants did sue for fraud. Constructive fraud is a specie of fraud and that is deemed by the Arbitrators as sufficient pleading. Certainly Respondents could have filed special exceptions requiring a more specific pleading, however, from the beginning it was apparent that

**Exhibit 19**

Claimants' claim founded in fraud was in fact constructive fraud. There was no surprise to anyone. Constructive fraud is the "breach of some legal or equitable duty which irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others, to violate confidence, or to injure public interests. *Archer v. Griffith*, 390 SW.2d 713, 740 (Tex. 1964). When a party violates a breach of fiduciary duty, this action gives rise to a cause of action for constructive fraud. *Strobach v. WesTex Cmty. Credit Union*, 2019 WL 38123366 at *14 (Tex. App.—El Paso Aug. 14, 2019, no pet.). In an action for constructive fraud, the plaintiff may recover all economic damages proximately resulting from the fraud, as well as exemplary damages if the constructive fraud resulted from malice. *See Vickery v. Vickery*, 1997 WL 751995, at *36 (Tex. App.—Houston [1st Dist.] Dec. 4, 1997, pet. denied); Tex. Civ. Prac. & Rem. Code Ann. § 41.003.

67.     TXR is entitled to recover economic damages proximately caused by such actions from Choudhri in the amount of $8,272,525.78.

## F.     Conspiracy

68.     Choudhri, Dalio I, and Dalio II were members of a combination, the object of which was to transfer the Property, which was wholly owned by TXR, to another entity under Choudhri's control and then conceal Choudhri's involvement in those transfers. Those objects were unlawful, as they constituted wrongful foreclosure, constructive fraud, and breaches of Choudhri's fiduciary duties to TXR.

69.     Choudhri, Dalio I, and Dalio II had a meeting of the minds on the object of their combination.

70.     Multiple overt, unlawful acts that furthered the conspiracy occurred. At Choudhri's direction, Dalio I falsely declared TXR in default on the IBC Note, inflated TXR's debt on the

**Exhibit 19**

Certified Document Number: 101390835 - Page 28 of 43

IBC Note, entered in the LMA's, took steps to chill bidding at the Foreclosure, and made credit bids in excess of TXR's debt at the Foreclosure.

71.     TXR incurred damages as a proximate result of the conspiracy. Choudhri, Dalio I, and Dalio II are jointly and severally liable to TXR in the amount of $8,272,525.78.

### G.     Respondents' Defenses

72.     Choudhri did not meet his burden of proof on any of his affirmative defenses. Choudhri did not meet his burden to show any of the interested transactions were fair to TXR, or that there was any value whatsoever returned to TXR when the rescission deeds were filed for the first time on February 12, 2021.

73.     Choudhri was not credible as a witness. Choudhri repeatedly lied under oath and changed his positions and testimony as necessary to suit his personal needs and without regard to the truth. Choudhri caused multiple documents to be fabricated after the fact, and Choudhri unlawfully withheld evidence to protect himself and to hide his wrongful conduct. He was found by the Panel to have failed and refused to participate as ordered in necessary discovery and through his attorney, even stated that he would not attend and participate in the arbitration, arguing that he did not agree to arbitrate when his attorney was before Judge Moore when that Judge by agreement of the parties (attorneys of the parties) agreed to arbitrate. The Panel also found that Mokaram was entitled to sanctions against Choudhri due to Choudhri's failure to properly and timely participate in discovery. Zaheer who testified through deposition as the representative of Dalio was circuitous in her answers and the Panel found much of her testimony incredulous, further leading the Panel to conclude material disputed fact issues in favor of Mokaram.

74.     Based upon Choudhri's extensive misconduct, the Panel does not believe that Choudhri would act in good faith and in the best interests of TXR in the future, and it is apparent Choudhri

**Exhibit 19**

Certified Document Number: 101390835 - Page 29 of 43

will continue to do what he can to deprive TXR and its members of the value, if any, of the Property and their investments. C- Ex. 145 is a copy of a temporary restraining order issued by Judge Moore in another case involving the Beal Bank Building and some related parties to the instant case, in which Choudhri created another sham company, 2500 West Loop, Inc. ("2500 WL") to purchase the approximate $4.211 million note and first lien owned by Capital One Bank on or about July 6, 2018 (one month after Choudhri acquired the IBC note in the instant case). Once again, Choudhri tried to hide his true ownership and involvement, falsely inflated the debt by claiming WL Partnership was in default since 2008 making the debt more than $14 million and tried foreclosing on Beal Bank. It is noted that other alleged wrongs by the same actor may not usually be relevant, this one involves the same parties at the same time, using the same attempted foreclosure scheme with the same fraudulent inflation of the first lien note. This similar fact pattern has been considered by the Panel in determining the relief awarded Claimants.

### H.   Damages

75.   As a result of Respondents' fraud and breach of fiduciary duty, TXR and its members incurred damages, including the lost equity of the Property in the amount of $8,727,474.22, as more fully discussed below. Mokaram offered expert testimony and appraisals of the fair market value of the Property. (C-Exs. 130 and 12). Mokaram introduced TXR's to sell the Property for approximately $15million, along with numerous market offers to purchase portions or all of the Property for approximately for $13.8 million. C-Exs. 13-14, 15-16, 24-25, 27, 28B, 20, 20B, 34, 63, 153. Mokaram offered admissions from Respondents via their internal emails that the value of the Property was in excess of $12 million, that there was a "veritable amount of equity," that Dalio would bid at least $13 million to buy the Property at a fire sale, and that Zaheer wanted $15 million pre-foreclosure. C- Exs. 67-70, 72, 75, 76, 81, and 89. Mokaram offered his expert,

**Exhibit 19**

John Camp's uncontested expert testimony on the amount of the first lien debt calculated to the penny. C- Ex 129. Mokaram offered admissions by Respondents that the amount of the second lien debt was $0 (Choudhri's position against WCW) because of limitations. R-Ex.77. Respondents offered evidence the second lien debt was $3.65 million (WCW's position). R- Ex. 39. Mokaram offered evidence the disputed debt could have been compromised for $1.5million. C-Exs. 115, 174 at 26-28. Dalio admitted the $3.65 million WCW debt was "inflated" and "excessive by at least $2.1 million". Dalio Brief at 6-7. This matches exactly with Mokaram's evidence the debt could have been settled for $1.5 million. The issue of whether Choudhri is owed money by TXR is irrelevant and not arbitral. The measure of damages (the value less the debt) does not include resolution of whether Choudhri owes money to TXR, or is owed money by TXR. The only claims pending in the 333rd on this issue are Mokaram's derivative claims against Choudhri for engaging in the self-dealing diversion of funds to himself, his companies and others that were not owed. Choudhri has never sued TXR for amounts allegedly owed.

76.     As a result of Respondents' breach of contract, knowing participation in breach of fiduciary duty and conspiracy, TXR and its members incurred damages, including the lost equity of the Property in the amount of $8,727,474.22, as more fully discussed below.

77.     Morkaram's damages are measured at the time of the foreclosure. Choudhri failed in his defense of mitigation of damages by his after the fact attempted rescission and return of equity into the property by conveyance deed into TXR on February 21, 2021, being the last day of the arbitration hearing. It was his burden to show the amount of any equity returned (value of the Property on that date, less the amount of the debt on that date) and he failed to prove either. Experts on property value, Mr. Schultz, for Mokaram, testified he did not have an opinion and Mr. LaGrasta, for Choudhri, did not offer an opinion of value on that date either.

**Exhibit 19**

Certified Document Number: 101390835 - Page 31 of 43

78. The equity in the Property is the fair market value of the Property ($14 million), less the amount of the IBC Note, ($5,727,474.22), or $8,272,525.78. Although Claimants' have argued that given Respondents' claim there is nothing owed on the WCW debt and Choudhri's refusal to pay WCW a penny, and given Respondents' unlawful and fraudulent conduct, it would not be equitable to allow Respondents to ask and receive a credit against the equity for the WCW debt. To this point the Panel does not agree.

79. Evidence was presented that a credit for the WCW lien and federal lawsuit should be afforded Respondent consisting of two different amounts: $1.5 million and also pursuant to RX-65 the amount of credit was $3,650,990.05 were shown to be an equity of the Property which is the amount the disputed claim could have been settled for, if not for Choudhri's decision to orchestrate the wrongful foreclosure instead of acting in the best interests of TXR (which obviously includes acting in accordance with the law). The Panel finds that $3,650,990.05 is the more credible credit to be given and so adopts this amount.

80. The Panel may grant any remedy or relief that is just and equitable and within the scope of the agreement of the parties, and the Panel has broad discretion in fashioning an appropriate remedy, including equitable remedies. The Panel believes that "justice requires" that Mokaram's claims in part are direct, and the derivative claims he asserted should be treated as direct claims, and finds that Mokaram may individually recover on all claims including the derivative claims. *See* Tex. Bus. Orgs. Code Ann. § 101.463(c).

81. The parties have been litigating for a long time, and unfortunately there appears to be no end in sight. Choudhri will likely continue his attempts to litigate against Mokaram and to deprive TXR of the Property again if given the opportunity. The evidence showed Choudhri will just seek to foreclose again on the Property, at an amount inflated by improper default interest created by Choudhri for his own self-interest.

**Exhibit 19**

82.     If the Property and/or damages are returned to TXR with no direct award to Mokaram, Choudhri is likely to take whatever steps he can, lawful or not, to deprive Mokaram of the benefits of his ownership interest in TXR, which means causing damage and harm to TXR.

83.     If the Panel were to award damages to TXR, the funds would be placed in the hands of Choudhri, the proverbial fox guarding the hen house. Mokaram and the other member of TXR have never been paid one penny for their ownership in TXR since 2008. And Choudhri claims he is owed millions by TXR. It is likely Choudhri will continue to oppress and defraud TXR and its members, and it is likely he would use the funds returned to TXR to just pay himself with no benefit actually going to TXR or its members.

84.     The same reasons would apply and be true with respect to Nemeti and her claims as it relates to allowing her to recover directly.

85.     Respondents have also asserted that Mokaram did nothing to protect the property or mitigate damages. That is not true. Mokaram sought a receiver which was denied after the Court considered Choudhri's asserted strenuous opposition and assurances that the property was safe. C-Ex.20 [Respondent's Response to Application to Appoint Receiver], C-Ex.21 [transcript of Hearing of April 12, 2019]. Mokaram's attorney suggested the Property be sold with the proceeds placed in the registry so any disputes could be litigated with funds on hand. C- Ex.21 and 26. Mokaram's attorney inquired multiple times about what, if anything, Choudhri was doing about the foreclosure. C- Ex 59 and 86. Choudhri hid the ball and instructed the trustees not to respond to reasonable and necessary inquiries about terms dealing with the foreclosure sale which went unanswered and Choudhri refused to respond or ask for a capital call which would have avoided the scheme he undertook. The Panel therefore, finds that Mokaram, in dealing with Choudhri who proved to be self-dealing and unscrupulous in his business dealings with Mokaram, was thwarted by Choudhri from doing any more than Mokaram did.

**Exhibit 19**

Certified Document Number: 101390835 - Page 33 of 43

## I.     Attorney's Fees

86.    Mokaram is entitled to recover his reasonable, customary and necessary attorneys' fees to prosecute the claims in this case, and that such fees were incurred as required by law by Mokaram even though Latif advanced such fees.  Mokaram has an obligation to reimburse or repay the fees advanced.  This derivative proceeding has resulted in a substantial benefit to TXR. Mokaram is entitled to recover attorneys' fees pursuant to Tex. Bus. Orgs. Code Ann. § 101.461, and as a prevailing party under the arbitration agreements in the Loan Documents.  This includes, but is not limited to, Mokaram prevailing on his claims for constructive fraud/fraud, and/or breach of fiduciary duty and/or breach of contract. The Panel considered testimony by Scott Funk, attorney for the Claimants including C-Ex. 134,156 and 157 as to the reasonableness and necessity of his attorney's fees and expenses. The Panel finds that the fees and expenses awarded were all inextricably intertwined within the causes of action to which the law allows the recovery of attorney's fees. The Panel finds that the fees requested are reasonable and necessary within Harris County, Texas. The Panel also finds that the arbitration clause in the three documents referred to above (the IBC Note, DOT and Choudhri's Personal Guaranty contained in C- Exs.1-3) provide that the party prevailing shall be entitled to reasonable attorney's fees and the Panel so finds that Claimants have prevailed on their causes of action which entitle them to attorney's fees including under the derivative action of TBOC (Section 101.461).

87.    The Panel notes that an attorney for Choudhri before he withdrew on the eve of arbitration, appeared at the Final Hearing of the arbitration and proffered a rebuttal but did not offer a counter opinion; rather, he argued positions and legal reasons why fees should not be recoverable after the purported rescission of the transaction of September 1, 2020. In this regard the Panel notes that the rescission deed proffered at the arbitration hearing was created to purportedly effectuate the rescission, was not recorded until the last day of the merits hearing in

**Exhibit 19**

this arbitration. Given the prior misconduct of Choudhri referred to in this Final Award, Mokaram's arguments about Choudhri's misconduct, presented further concerns and evidence that Choudhri denying even in the Final Hearing of the arbitration that Morkaram and Nemeti were not members of TXR justified Mokaram's continued prosecution of the arbitration after the September 1, 2020 purported TXR members' meeting and actions taken by Choudhri at said meeting including his attempt to rescind the foreclosure and terminate the arbitration.

88.     Mokaram voiced concern, with good reason, that Choudhri could continue claiming that Mokaram and Nemeti were non-members of TXR and, as the sole member, rescind the filing of such deed. If WCW seeks to foreclose, whether or not successful, a mere attempt could allow Choudhri to foreclose again. As long a Choudhri would have within his power to foreclose and deprive Claimants' of their interest in the property as he has previously tried to do, the Panel will not permit this possibility.

89.     The Panel also overrules Respondents' argument that because Latif advanced the fees and expenses for the benefit of Mokaram (including the fees charged by AAA) and Mokaram did not pay these fees, Mokaram should not be able to recover them. Mokaram did testify that while Latif advanced payment of the fees, their agreement required Mokaram to repay those advances from any recovery "off the top". Mokaram transcript 376:8-25; 377 1-8. The Panel finds that Mokaram's testimony on this point was credible. The Panel also overrules Respondents' argument that the 2012 Sales Agreement between Mokaram and Latif did not govern those advances, as that agreement dealt with prior claims and on its face, does not cover new claims that accrued for the first time six years later. See C- Ex 3B. In *Culken Center Bank & Trust v. Wonder*, 874 S.W.2d 757, 759 (Tex. App.—Houston [1st Dist.] 1994, no writ) the court held: "As a general rule, the successful party to a lawsuit is entitled to recover all costs from his adversary."; *see also, In re Estate of Johnson*, 340 S.W.3d 769m 786 (Tex. App.—San Antonio

**Exhibit 19**

Certified Document Number: 101390835 - Page 35 of 43

2011, pet. filed) (holding that plaintiff was not precluded form recovering attorney's fees that were paid on its behalf; *In re Ellison Grandchildren Trust*, 262 S.W.3d 111, 127 (Tex. App.—San Antonio 2008, pet. denied) ("the Trustees have cited no authority for the proposition that it is unequitable and unjust to award attorney's fees to parties who have had their fees paid up front by another party, subject to reimbursement"). In this arbitration and with the interest of justice and equity in mind, the Panel finds merit in Claimant's request for attorney's fees and costs and expenses even though they were advanced by Latif.

90.    The Panel also notes that Respondents argued that Mokaram should not have pursued his claims after receiving notice from TXR that in September, 2020, that Choudhri stated that he had rescinded the foreclosure and returned the Property to TXR. As previously pointed out there was no evidence in the deed records that in fact a deed was executed and recorded. Although Respondents do point out that the recording of a deed that has been duly executed is not a requirement to effectuate the transaction, under the circumstances in this case, Mokaram was justified in continuing the arbitration especially in light of the fact that Choudhri testified in his deposition in December, 2020 that the rescission was in limbo, that it was not effectuated because Mokaram did not agree to it, and that is why the deed was not filed. Choudhri TT 787:22-789-18, R-Ex 172, at 27:19-28:12 (Choudhri Depo).

91.    It is noted that Mokaram filed several motions for sanctions as a result of Choudhri's failure and refusal to comply with the certain of the Panel's Procedural Orders and discovery requests of Mokaram including production of documents and timely deposition appearance scheduling.

## J.    Exemplary Damages

92.    Incorporating all of the foregoing findings of fact and conclusions of law, Mokaram is entitled to recover exemplary damages against Respondents, jointly and severally, on his claims

**Exhibit 19**

Certified Document Number: 101390835 - Page 36 of 43

for claims for breach of fiduciary duty and fraud, as <mark>there is clear and convincing evidence that Respondents' conduct was knowing, intentional and malicious</mark>, that they acted with malice and intent to defraud, and that Respondents had a specific intent to cause substantial harm or injury to TXR, its members and creditors.

93.     The Panel notes that there is conflicting authority under Texas law as to whether exemplary damages can be recover for constructive fraud. On the other hand, AAA Rule 47 affords the Panel the right to award any remedy or relief it deems just and equitable which could include exemplary damages. Similarly, exemplary damages can be awarded for a breach of fiduciary duty, an intentional tort, if the Panel finds clear and convincing evidence of fraud or malice. *See also, James j. Flanagan Shipping corp. v Del Monte Fresh Produce N.A. Inc.*, 403 S.W.2d 360, 368 (Tex. App. –Houston [1st Dist.] 2013. no pet.); *McCullough v Scarbrough, Medlin & Associates, Inc.* 435 S.W. 3d 871, 911 (Tex. App.—Dallas 2014, pet. denied) and Tex. Civ. Prac. & Rem. Code Ann. §41.003 (citing numerous cases that permitted exemplary damages for breach of fiduciary duty). The Panel weighing the facts and law in this case, has concluded favorably for Claimants on this point.

94.     Mokaram is entitled to recover exemplary damages against Respondents, jointly and severally, on his claims for claims for wrongful foreclosure, as there is clear and convincing evidence that Respondents' conduct was knowing, intentional and malicious, that they acted with malice and intent to defraud, and that Respondents had a specific intent to cause substantial harm or injury to TXR, its members and creditors.

## K. INTEREST

95. Mokaram has asserted that he is entitled to recover pre-judgment interest on all damages awarded, including attorneys' fees, accruing on December 11, 2018, until the day before the final judgment is entered. *See Johnson & Higgins of Texas, Inc. v Kenneco energy, Inc.* 962 s.w.2d

**Exhibit 19**

507, 528 (Tex. 199); *Derrick Res., Inc. v. Wilstein*, 471 S.w.3d 468, 487 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). Although the Panel agrees that pre-judgment interest shall be awarded for actual damages, it denies the request for pre-judgment interest for attorneys' fees. The pre-judgment interest rate is the same as the post-judgment interest rate. If the agreement does not provide a rate of interest, which it does not, then the pre-judgment interest rate and post-judgment interest rate is calculated based on the statutory rate provided in the Texas Finance Code. Meriden *Hotels, Inc. v. LHO fin. P'Ship I, LP*, 255 S.W.3d 807, 823 (Tex. App.—Dallas 2008, no pet.). Pursuant to Chapter 304 of the Tex. Fin. C, prejudgment interest starts to accrue on the earlier of: ((1) 180 days after the defendant receives written notice of the plaintiff's claim, or (2) the day suit is filed. Here, Choudhri received written notice of Mokaram's claims on July 11, 2018, when Mokaram filed his 8th Amended Petition and asserted claims against Choudhri for wrongful foreclosure, breach of fiduciary duty, breach of contract and fraud. Thus, pre-judgment interest should run at the latest from December 11, 2018 through the day before the judgment is signed. *Id.*

94.     Under Section 304.003 of the Tex. Fin. C, the interest rate in this context is the rate determined by the Consumer Credit Commission, based upon the Federal Reserve rate. The current rate is 5% as of the date of the Award (see https://occc.texas.gov/gov/publicatios/interest-rates). The prejudgment rate is the rate in effect when the Panel signs the award. *Tennessee Gas Pipeline Co v. Technip USA*, 2008 WL 387141m at *25 (Tex. App.—Houston [1st] Aug. 21, 2008, pet. denied).

## L.  Defenses and Arguments of Respondents

96.     The foregoing Finding of Fact and Conclusions of law have dealt with the several defenses and arguments that Respondents have asserted and it is believed that the preceding ninety paragraphs have denied them. Nevertheless, the Panel additionally will address several of

Certified Document Number: 101390835 - Page 38 of 43

**Exhibit 19**

their arguments they have made. The Panel denies the argument that an award in favor of Mokaram would be an "impermissible buyout". As stated above the remedy to which Mokaram and Nemetti are entitled to is not based upon a forced buyout *per se* of minority stakeholder that merely asserts that a majority has oppressed them. No, here there has been determined misdeeds by Choudhri dealing with a most valuable asset of the entity in a manner that the award of damages to Mokaram and Nemetti is justified as fully explained above.

97.     Respondents ask the question that if Mokaram and Nemetti are indeed members in TXR, then as majority owners they could have had a meeting of members and controlled the situation. One would agree except in this situation not only did Choudhri litigate resisting Mokaram's ownership, but Choudhri's handling of this situation would be a fruitless gesture. The law does not require a needless act in this type of situation.

98.     As referenced above, the Panel, in light of the testimony provided by Latif and Mokaram, we do not find that their arrangement for the advancement of attorneys' fees and expenses and cost associated with this arbitration violates ethical rules or the Texas Code of Professional Responsibility and therefore Latiff funding 100% of the attorneys' fees and expenses of Mokaram and paying directly to Funk for his legal services and paying the AAA fees coupled with the obligation of Mokaram to repay Latiff., as Mokaram testified, is a lending arrangement, which does not deprive Mokaram of his right to recover the attorneys' fees, costs and expenses of this arbitration.

99.     Choudhri has asserted that he has no agreement to arbitrate with Mokaram. The Panel has addressed this issue above regarding the reference to Judge Moore's Order regarding this arbitration in which all the attorneys for the TXR, Mokaram and Choudhri were present and agreed to arbitrate the matters dealt with in this Award. As noted in one of this Panel's Procedural Orders, this matter was previously addressed denying Respondent's argument again

**Exhibit 19**

raised at the Final Hearing of this arbitration. The conduct and appearances of the Respondents before Judge Moore certainly constitutes an estopple to deny the agreement to arbitrate, and Respondents' agreement at that hearing is also deemed to be a ratification of the agreement to arbitrate and a waiver to now assert there was no agreement between Choudhri and Mokaram to arbitrate. Similarly, the same applies for Dalio and TXR.

100.    Respondents have asserted that because Mokaram requested rescission as one of other remedies including damages, and that Choudhri contended he rescinded the foreclosure as announced in an August, 2020 meeting of LLC, then Claimants got the relief they sued for. Choudhri is wrong about this too. As stated above the Panel has misgivings about the efficacy of that transaction for many reasons including that not until the last day of the arbitration, did Respondents record the deed rescinding the foreclosure and allegedly restoring the Property to TXR. Because Choudhri has at times and continues to deny Claimants membership in TXR, this action, even if taken as valid action, does not deprive Claimants of their right to elect the remedy they pleaded and for and now elect damages.

101.    Respondents assert that the "most fatal flaw in Mokaram's claim is that he failed to actually tender the full amount of the debt owed, which Mokaram admits is no less than $6 million". This argument has been overruled and discussed under the Wrongful Foreclosure (Section II. B.) above.

102.    The Panel did not believe that Choudhri or Azeemh Zaheer ("Zaheer") were credible and forth coming in many aspects of their testimony which was material to the findings of fact in this case. On the other hand, Mokaram and Latif seemed more credible in their testimony as to material disputed facts.

### III.

### AWARD

**Exhibit 19**

As such, it is hereby

ORDERED that Mokaram shall have and recover money damages against Respondents, jointly and severally, in the amount of 30% of ($8,272,525.78 less $3,650,990.05), or $1,386,460.71, as a result of Respondent's wrongful conduct, including but not limited to, Respondents' constructive fraud and breach of fiduciary duty. It is further

ORDERED that Nemeti shall have and recover money damages against Respondents, jointly and severally, in the amount of 5% of ($8,272,525.78 less $3,650,990.05), or $231,076.78, as a result of Respondent's wrongful conduct, including but not limited to, Respondents' constructive fraud and breach of fiduciary duty. It is further

ORDERED that Mokaram shall also have and recover against Respondents, jointly and severally, $603,000.00 as attorneys' fees through final hearing, $15,000.00 for post-trial briefing and through the final award, $60,000.00 if any Respondent files a motion to vacate this award or otherwise challenges its validity in any manner, $125,000.00 for an appeal in the event a notice of appeal is filed, and $100,000.00 for an appeal to the Texas Supreme Court in the event a petition for review is filed. It is further

ORDERED that the administrative fees and expenses of the American Arbitration Association totaling $17,802.50 shall be borne $17,802.50 by Respondents and the compensation and expenses of the Panel totaling $387,659.40 shall be borne $387,659.40 by Respondents. Therefore, Respondents shall pay Mokaram an amount of $405,461.90. It is further

ORDERED that Mokaram shall have and recover against Respondents, jointly and severally, the amount of $250,000.00 as exemplary damages resulting from Respondents constructive fraud and breach of fiduciary duties.

- It is further ORDERED that Mokaram shall also have and recover against Respondents, jointly and severally, $172,028.59 pre-award interest on actual

**Exhibit 19**     Certified Document Number: 101390835 - Page 41 of 43

damages of $1,386,460.70 at the rate of 5% compounded annually from December 11, 2018, until May 5, 2021, and the amount of $213.49 per diem until the date of entry of this award. It is further

ORDERED that Nemeti shall also have and recover against Respondents, jointly and severally, $28,671.34 as pre-award interest on the actual damages of $231,076.38 at the rate of 5% compounded annually from December 11, 2018, until May 5, 2021, and the amount of $44.15 per diem until the date of entry of this award. It is further

ORDERED that Mokaram shall have and recover against Respondents, jointly and severally, post-award interest on all damages awarded herein at the rate of 5% compounded annually, including on actual damages, attorneys' fees, costs, expenses and exemplary damages, from the date this award is entered until the date all amounts owed hereunder are paid in full. It is further

ORDERED that Nemeti shall also have and recover against Respondents, jointly and severally, post-award interest on all damages awarded herein at the rate of 5% compounded annually, from the date this award is entered until the date all amounts owed hereunder are paid in full. It is further

ORDERED that upon the written request of Choudhri sent within 60 days of the entry of this award, Mokaram and Nemeti shall each assign all of their respective right, title and interest in TXR to Choudhri or his designee, but only after Respondents have paid all amounts owed under this award in full, including pre- and post-award interest (Mokaram and Nemeti shall be entitled to keep their ownership if this award is not paid in full). It is further

ORDERED that all other relief requested by any party and not granted herein is DENIED, and that this award is a FINAL AWARD that disposes of all claims and counterclaims

**Exhibit 19**

Certified Document Number: 101390835 - Page 42 of 43

and defenses asserted by all parties in this Arbitration.

SIGNED this **27ᵗʰ** day of _____July_____, 2021.

_____
Honorable Alvin Zimmerman, Chair

_____
Trey Bergman

_____
W. Jerry Hoover

**Exhibit 19**



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   April 14, 2022

Certified Document Number:        101390835 Total Pages:  43

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

## Exhibit 19

12/7/2022 3:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 70798670
By: SIMONE MILLS
Filed: 12/7/2022 3:53 PM

EXHIBIT 1

**NO. 2013-41273**

| | | |
|---|---|---|
| OSAMA ABDULLATIF, Individually, and ABDULLATIF & COMPANY, LLC | § § § | IN THE DISTRICT COURT OF |
| PLAINTIFFS | § § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| ALI CHOUDHRI and HOUSTON REAL ESTATE PROPERTIES, LLC DEFENDANTS | § § § § | 334th JUDICIAL DISTRICT |

## AFFIDAVIT OF ALI CHOUDHRI

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Ali Choudhri, known to me to be the person whose name is subscribed to this affidavit, who, after being by me first duly sworn, upon his oath deposes and states:

1. My name is Ali Choudhri. I am more than 21 years of age and have never been convicted of a felony or a crime involving moral turpitude. I am competent to give this affidavit and have personal knowledge of the facts stated herein, all of which are true and correct.

2. I am currently a judgment debtor in the above entitled and numbered cause and I have appealed or intend to appeal the judgment.

3. I have personal knowledge of my current financial position. Attached hereto as Exhibit 1-A and incorporated herein by reference as if set forth in full is a true and correct copy of my personal statement of net worth which includes a detailed personal financial statement sheet showing my assets and liabilities.

4. As is reflected in my personal statement of net worth attached as Exhibit 1-A, my current net worth computed by subtracting my liabilities from my assets is in the negative

EXHIBIT 1

amount of -$67,951,728.25.



Ali Choudhri

BEFORE ME, the undersigned authority, on this day personally appeared Ali Choudhri, known to me to be the person whose name is subscribed to the foregoing affidavit, who, after being by me first duly sworn, upon his oath deposes and states that she is cognizant of the foregoing facts and statements contained in the above affidavit and that the facts and statements· contained therein are true and correct and within his personal knowledge.

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned authority, on this the 7ᵗʰ day of December, 2022.

STEPHANIE A. GALLEGOS
Notary Public, State of Texas
Comm. Expires 12-29-2023
Notary ID 125186127

Notary Public for the State of Texas

EXHIBIT 1-A

## PERSONAL FINANCIAL STATEMENT
Ali Choudhri
1001 West Loop South, Suite 700
Houston, TX  77027 .

As of November 30, 2022

| ASSETS | AMOUNT IN DOLLARS | |
|---|---|---|
| Cash in Banks | $ | 150,687.60 |
| Real Estate | $ | 2,651,266.00 |
| Personal Property | $ | 278,000.00 |
| Business Assets | | |
| Real Estate | $ | 63,731,654.00 |
| Investments | $ | 46,018,730.00 |
| Cash in Banks | $ | 625,579.69 |
| TOTAL ASSETS | $ | 113,455,917.30* |

| LIABILITIES | AMOUNT IN DOLLARS | |
|---|---|---|
| Personal Debts | | |
| Mortgage Liens | $ | 753,494.48 |
| Loans/Other Debts | $ | 3,210,510.00 |
| Credit Cards | $ | 6,180.00 |
| Property Taxes | $ | 58,381.21 |
| Business Debts | | |
| Mortgage Liens | $ | 157,960,835.16 |
| Tax Liens | $ | 6,859,673.90 |
| Property Taxes | $ | 2,112,874.16 |
| Credit Cards | $ | 16,677.68 |
| Other Debts | $ | 10,429,018.95 |
| TOTAL LIABILITIES | $ | 181,407,645.54* |

| NET WORTH | $ | (67,951,728.25)* |
|---|---|---|

*Subject to adjustments

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jadd Masso on behalf of Jadd Masso
Bar No. 24041411
jmasso@clarkhill.com
Envelope ID: 70798670
Status as of 12/7/2022 4:32 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Holli VPryor-Baze | | hpryorbaze@akingump.com | 12/7/2022 3:53:43 PM | SENT |
| James RWetwiska | | jwetwiska@akingump.com | 12/7/2022 3:53:43 PM | SENT |
| Peter Taaffe | | ptaaffe@txattorneys.com | 12/7/2022 3:53:43 PM | SENT |
| Nicholas Petree | | npetree@akingump.com | 12/7/2022 3:53:43 PM | SENT |
| Jadd Fitzgerald Masso | 24041411 | jmasso@clarkhill.com | 12/7/2022 3:53:43 PM | SENT |
| Anthony G.Buzbee | | tbuzbee@txattorneys.com | 12/7/2022 3:53:43 PM | SENT |
| Jennifer LMacGeorge | | jmac@jlm-law.com | 12/7/2022 3:53:43 PM | SENT |
| Ali Choudhri | | ali@jetallcompanies.com | 12/7/2022 3:53:43 PM | SENT |
| Alyx Eva | | aeva@akingump.com | 12/7/2022 3:53:43 PM | SENT |
| Mike O'Brien | | mike@moblaw.com | 12/7/2022 3:53:43 PM | SENT |
| Allan DGoldstein | | allang@mlhs.net | 12/7/2022 3:53:43 PM | SENT |
| James DSalyer | | jsalyer@mlhs.net | 12/7/2022 3:53:43 PM | SENT |
| Mark DGoranson | | goranson@goransonking.com | 12/7/2022 3:53:43 PM | SENT |
| Joe Sibley | | sibley@camarasibley.com | 12/7/2022 3:53:43 PM | SENT |
| Michael C. O'Connor | | moconnor@oconnorcraig.com | 12/7/2022 3:53:43 PM | SENT |
| David Medina | 88 | david.medina@chamberlainlaw.com | 12/7/2022 3:53:43 PM | SENT |
| Scott R.Link | | scottrlink@gmail.com | 12/7/2022 3:53:43 PM | SENT |
| Lloyd E.Kelley | | kelley@lloydekelley.com | 12/7/2022 3:53:43 PM | SENT |
| Chris DiFerante | | chris@cdflaw.com | 12/7/2022 3:53:43 PM | SENT |
| James D. Pierce | 15994500 | jim@jamespierce.com | 12/7/2022 3:53:43 PM | SENT |
| Lee King | 792016 | lee@houstonlegal.services | 12/7/2022 3:53:43 PM | SENT |
| Rodney Lee Drinnon | 24047841 | rdrinnon@mccathernlaw.com | 12/7/2022 3:53:43 PM | SENT |
| Keith Gross | | attnykgross@aol.com | 12/7/2022 3:53:43 PM | SENT |
| Zachary DavidWesterfield | | zwesterfield@txattorneys.com | 12/7/2022 3:53:43 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jadd Masso on behalf of Jadd Masso
Bar No. 24041411
jmasso@clarkhill.com
Envelope ID: 70798670
Status as of 12/7/2022 4:32 PM CST

Case Contacts

| Firm Contact | | efiling@txattorneys.com | 12/7/2022 3:53:43 PM | SENT |
|---|---|---|---|---|
| MacGeorge Law Firm Admin | | service@jlm-law.com | 12/7/2022 3:53:43 PM | SENT |
| Ali Choudhri | | legal@jetallcompanies.com | 12/7/2022 3:53:43 PM | SENT |
| Simone Nunez | | snunez@mccathernlaw.com | 12/7/2022 3:53:43 PM | SENT |
| David Clark | | dclark@mccathernlaw.com | 12/7/2022 3:53:43 PM | SENT |
| Jason Willis | | jwillis@txattorneys.com | 12/7/2022 3:53:43 PM | ERROR |

## PERSONAL FINANCIAL STATEMENT

| | | | As of: | | |
|---|---|---|---|---|---|
| | | | **11.15.21** | | |
| Name | **Ali Choudhri** | | Business Phone ( | **713** | **789-7654** |
| Residence Address | **1001 W Loop South Ste 700** | | best estimates only | | |
| City, State & Zip Cd | **Houston, TX 77027** | | | | |
| Business Name of Appliocant/Borrower | | **Email Address** | | | |

| ASSETS | (Omit Cents) | LIABILITIES | (Omit Cents) |
|---|---|---|---|
| Cash on Hand & in Banks . . . . . . . . . . | $ **12,725,700** | Accounts Payable . . . . . . . . . . . . . . . . | $ |
| Savings Accounts . . . . . . . . . . . . . . . | $ **517,000** | Notes Payableto Banks and Others. . . . . . . . | $ |
| IRA or Other Retirement Account . . . . . . . . | $ | (Describe in Section 2) | |
| Accounts & Notes Receivable . . . . . . . . | $ **52,387,400** | Accounts & Notes Payable . . . . . . . . | $ |
| Life Insurance - Cash Surrender Value Only | $ | Installment Account (Auto) . . . . . . . . . . . | $ |
| (Com[plete Section 8) | | Monthly Payment(s) $ _____ 2000 | **0** |
| Stocks and Bonds . . . . . . . . . . . . . . . | $ **0** | Installment Account (Other) . . . . . . . . . . | $ |
| (Describe in Section 3) | | Monthly Payment(s) $ _____ | |
| Real Estate . . . . . . . . . . . . . . . . | $ **282,403,000** | Mortgages on Real Estate . . . . . . . . . . . . . . . | $ **102,410,000** |
| (Describe in Section 4) | | (Describe in Section 4) | |
| Automobile(s) - Present Value . . . . . . . . . | $ **175,000** | Unpaid Taxes . . . . . . . . . . . . . . . . . | $ |
| Other Personal Property | $ **327,000** | (Describe in Section 6) | |
| (Describe in Section 5) | | Other Liabilities . . . . . . . . . . . . . . | $ |
| Other Assets . . . . . . . . . . . . . . . . | $ **315,000** | (Describe in Section 7) | |
| (Describe in Section 5) | | Total Liabilities . . . . . . . . . . . . . . | $ **102,410,000** |
| | | **NET WORTH** . . . . . . . . . . . . . . . . | $ **246,440,100** |
| Total . . . | $ **348,850,100** | Total . . . | $ **348,850,100** |
| Section 1. Sources of Income | | Contingent Liabilities | |
| Salary . . . . . . . . . . . . . . . . . . . | $ | As Endorser or Co-Maker . . . . . . . . . . . . . . | $ |
| Net Investment Income. . . . . . . . . . . . | $ **7,428,110** | Legal Claims & Judgements . . . . . . . . . . . . | $ |
| Real Estate Income . . . . . . . . . . . . . | $ **512,807** | Provision for Federal Income Taxes . . . . . . . . . | $ |
| Other Income (Describe Below) . . . . . . . . | $ **0** | Other Special Debt . . . . . . . . . . . . . | $ |
| Description of other income in Section 1. | | | |

SBA Form 413 (10-87)



**EXHIBIT**

**B**

exhibitsticker.com

**Exhibit 21**

| Section 2.  Notes Payable-Banks/Others: | | | (Use attachments if necessary.  Each attachment must be identified as a part of this statement and signed). | | | | | |
|---|---|---|---|---|---|---|---|---|
| Name and Address of Noteholder(s) | | | Original Balance | Current Balance | Payment Amount | Frequency (monthly,etc) | | Collateral, How Secured, Endorsed |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| best estimates only | | | | | | | | |

**Exhibit 21**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| draft | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**Exhibit 21**

SBA Form 413 (10-87)

Section 3.  Stocks and Bonds   (Use separate Sheets if necessary).

| No. of Shares | Names of Securities | Cost | Market Value Quot'n Exch | Date / Amount | Total Value | |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | **TOTALS** | | | | | |

Section 4.  Real Estate Owned. (List each parcel seperately. Use supplemental sheets if necessary.    Each sheet must be identified as a supplement to this statement and signed).

| Address - Type of Property | Title is in the name of: | Date Purchased | Original Cost | Present estimated Value | Mortgage estimated Balance | Amount of Payment | Status of Mortgage |
|---|---|---|---|---|---|---|---|
| SEE ATTACHESD SCHEDULES | | | | | $0 | $0 | 0 |
| | | | | | $0 | $0 | 0 |
| | | | | | $0 | $0 | 0 |
| | | | | $282,403,000 | $102,410,000 | $0 | 0 |

Section 5. Other Property (Describe and if any is mortgaged

(Describe)

NONE

Section 7.  Unpaid Taxes  (Describe in detail, as to type, to

NONE

NONE

ny and beneficiaries).

1

**Exhibit 21**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | Signature | | Signature | | | | | |
| | | Social Security No. | | Social Security No. | | | Date | | |

2

**Exhibit 21**

| | VALUE ASSETS | LIABILITIES |
|---|---|---|
| **SCHUMIER(2.5 ACRES LAND)** | $ 375,000.00 | |
| 2500 W LOOP SOUTH (OFFICE BLDG)% | $ 13,000,000.00 | $ 3,500,000.00 |
| 105 A DETERING (SINGLE FAM HOUSE) | $ 500,000.00 | $ 192,000.00 |
| **GULF SOUTH PROPS BRICK HOUSE JOES CRAB%** | $ 1,500,000.00 | |
| 801 MALONE (SINGLE FAM HOUSE) | $ 500,000.00 | $ 247,000.00 |
| CHARLESTON (SINGLE FAM HOUSE) | $ 200,000.00 | $ 15,000.00 |
| 205-207 MALONE (SINGLE FAM HOUSE) | $ 550,000.00 | $ 175,000.00 |
| BLOSSOM (LOT MEMORIAL PARK) | $ 995,000.00 | $ 328,000.00 |
| 0 Terrace (Glen cove Lot in Memorial Park) | $ 1,125,000.00 | $ 550,000.00 |
| **9201 Memorial** | $ 4,500,000.00 | $ - |
| **2727 Kirby** | $ 2,700,000.00 | $ - |
| **4521 San Felipe PH** | $ 3,700,000.00 | $ - |
| San Gabreal UT Student Housing (Austin) | $ 1,151,000.00 | $ 103,000.00 |
| Shepherd and Westheimer | $ 8,500,000.00 | $ 3,700,000.00 |
| **Brown Lee Multi Family Austin downtown** | $ 3,807,000.00 | $ - |
| **2401 Fountainview %** | $ 2,800,000.00 | $ - |
| 2425 W LOOP | $ 101,000,000.00 | $ 51,000,000.00 |
| 1001 W LOOP | $ 65,000,000.00 | $ 20,000,000.00 |
| 8050-8098 Westheimer | $ 18,000,000.00 | $ 2,000,000.00 |
| 50 BH (RIVER OAKS SQUARE) | $ 51,000,000.00 | $ 20,000,000.00 |
| 1011 E. 16th Street Austin | $ 1,500,000.00 | $ 600,000.00 |
| *TOTALS* | $ 282,403,000.00 | $ 102,410,000.00 |

TBA To be adjusted
* these are liabilities but not all asset

estimates only

1

**Exhibit 21**