11/26/2024 3:41 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 94740452
By: Carly Mitchell
Filed: 11/26/2024 3:41 PM

# 2024-83320 / Court: 11

## CAUSE NO. _____

| | | |
|---|---|---|
| ALI CHOUDHRI, SHAHNAZ CHOUDHRI, and JETALL COMPANIES INC., | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| OSAMA ABDULLATIF, Individually, ABDULLATIF & COMPANY, LLC, | § § § § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION, APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION, AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW**, Plaintiffs Ali Choudhri, Shahnaz Choudhri, and Jetall Companies Inc., (the "Plaintiffs") and submit this, their Original Petition and Application for Temporary and Permanent Injunction against Defendants Osama Abdullatif, Abdullatif & Company, LLC. (collectively, the "Defendants"), and in support would respectfully show the Court as follows:

### 1. DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rules of Civil Procedure 169 because this action involves more than $50,000 and Plaintiffs request injunctive relief.

### 2. CLAIM FOR RELIEF

**2.** Plaintiffs seek monetary relief of more than $1,000,000.00 and nonmonetary **relief.**

### 3. PARTIES

3.     Plaintiff Ali Choudhri is an individual residing in and doing business in Harris County, Texas.

4.     Plaintiff Shahnaz Choudhri  ("Mrs. Choudhri")  is an individual residing in and doing business in Harris County, Texas.

5.     Plaintiff Jetall Companies, Inc. is a company incorporated, registered, and doing business in Harris County, Texas.

6.     Defendant Osama Abdullatif is an individual residing and doing business in Harris County, Texas and may be served at his business address of  5445 Almeda Rd. Suite 500, Houston Texas 77004-7450 or wherever he may be found.

7.     Defendant Abdullatif & Company, LLC is a limited liability company registered doing business in Harris County, Texas, and may be served with process by serving its registered agent for service of process, Osama Abdullatif at 5445 Almeda Rd. Suite 500, Houston Texas 77004-7450 or wherever he may be found.

### 4. JURISDICTION

8.     The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

### 5. VENUE

9.     Venue is proper in Harris County, Texas under Civil Practice & Remedies Code section 15.002(as)(1) and (2) because it is the county in which all or substantial part of the events or omissions giving rise to the claims occurred.

### 6.  FACTS

10.     THE DEFENDANTS ARE INTENTIONALLY VIOLATING A COURT ORDER.

On July 15, 2013, Defendants filed suit against Plaintiff, Ali Choudhri, by way of their Original

Petition in a case styled, *Osama Abdullatif and Abdullatif & Company, LLC v. Ali Choudhri and*

*Houston Real Estate Properties, LLC*; Cause No. 2013-41273, in the 334th Judicial District Court

of Harris County, Texas ("the Original Lawsuit"). The Original Lawsuit was subsequently

transferred to the 55th Judicial District Court of Harris County Texas.

11.     On November 21, 2022, a Final Judgment (the "Judgment") was signed in favor of

Plaintiffs (the Defendants herein) in the Original Lawsuit against the Plaintiffs in the present case.

The Judgment is currently pending on appeal before the First Court of Appeals in Houston, Texas.

12.     A month before the Judgment was entered, on October 7, 2022, Defendant in the

Original Lawsuit, Houston Real Estate Properties, LLC ("HREP"), filed a voluntary petition under

Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the

Southern District of Texas.

13.     On February 23, 2023, the final Judgment was superseded by cash deposit made by

the Plaintiff, Ali Chaudhri, of the required judgment amount in lieu of a bond. The Court entered

an order dated February 27, 2023, which stated that the cash deposit of the required amount will

"supersede the Judgment pursuant to Rule 24.1(c) of the Texas Rules of Appellate Procedure."

Attached hereto as Exhibit A.

14.     Pursuant to the Court's February 27, 2023 Order, any and all enforcement of the

Judgment and collection actions by Judgment Creditors (the Defendants in this present case) were

suspended until further order of the Court. Id. The Court's February 27, 2023, Order further

required that no abstract of judgment or instrument was to be filed that would constitute a lien on

3

the real property of the Judgment Debtor (the Plaintiffs in this present case). Id. It also prohibited

any collection attempts on the Judgment.

15.     Plaintiffs' cash deposit effectively stayed all enforcement actions related to the

Judgment, including the post-judgment collection, enforcement or discovery previously issued by

Defendants in the Original Lawsuit.

16.     Defendants are intentionally ignoring the Court's ORDER. When Defendants were

stopped from pursuing collection in state court, they engaged in blatant forum shopping by filing

an adversary complaint in the Southern District of Texas. The case is styled: Case No. 22-32998;

John Quinlan, Omar Khawaja, and Osama Abdullatif v. Houston Real Estate Properties, LLC et.

al, in the United States Bankruptcy Court for the Southern District of Texas Houston Division.

("Adversary Action").  A true and correct copy of the Adversary Complaint is attached hereto as

Exhibit B.   The claims in the Adversary Action are alter ego claims made against Shanaz Choudhri,

Jetall and over 30 other entities, alleging that Defendant Abdullatif has not been able to collect on

the Judgment because of the actions of these third parties.  The purpose of the Adversary Action is

to collect on the Judgment.

17.     The Judgment is used by these Defendants as a key prong in their allegations that

they have been unable to collect the Judgment, and that failure must be the result of fraud, alter

ego or other nefarious behavior. Osama Abdullatif has been conducting discovery in the Adversary

Action to collect the Judgment in violation of the Order. In addition to using the Judgment as a

prong to bring a specious case in the Southern District, the Defendants used the Judgment as a

basis to file a proof of claim in the case styled: Case No. 24-10120; In Re: Texas Reit, LLC in the

United States Bankruptcy Court for the Western District of Texas Austin Division. A true and

correct copy of the proof of claim is attached hereto as Exhibit C. In the proof of claim, Defendant

4

Abdullatif states under oath that the Judgment is due and owing. It fails on every level to inform the bankruptcy court that the Judgment has been superseded and that he is under a Court Order not to pursue enforcement.

18.     The Court's Order[1] is clear on this issue, "any and all enforcement of the Judgment is suspended" and the Defendants are prohibited from filing "any instrument that constitutes or purports to constitute a lien on Plaintiffs' real property;"[2] which the Defendants have continued to do. Under oath, Mr. Abdullatif testified that he was not aware that the Judgement had been superseded. Of course, he knows it has, even a cursory review of the docket shows the post judgment process has been heavily litigated by Defendant Abdullatif's lawyers.

19.     Upon information and belief, Defendants are also actively contacting individuals and entities and misrepresenting the nature and amount of the Judgment in an effort to interfere with Plaintiffs' business practices.

20.     Despite the Court's February 23, 2024, Order and Plaintiffs' deposit of the amount required to supersede the Judgment in the Original Lawsuit, Defendants have informed Plaintiffs that they will continue post-judgment discovery and other actions to collect and enforce the Judgment and interfere with Plaintiffs' business(es). Included within Defendants' actions to collect the Judgment is to sue Mrs. Chaudhri, under theories that all claim that they cannot collect on the Judgment because Ali Chaudhri has improperly transferred money and that she is the alter ego of her son and at least 30 other companies. Defendants have made the same allegations against Jetall and has been conducting discovery against Jetall in order to collect the Judgment.

---

[1]  *See* Exhibit A.
[2]  *Id*.

Case 22-32998   Document 234   Filed in TXSB on 01/17/25   Page 6 of 12


21.     Indeed, on November 25, 2024, Defendant Osama Abdullatif's attorney, Michael Ballases took a deposition of Plaintiff, Shanaz Choudhri, which is in furtherance of Abdullatif's collection attempts on the Judgment. Defendant Abdullatif was not present at the deposition but his administrative assistant, Beth Mendez was present. Ms. Mendez works for Defendant Abdullatif & Company, LLC. During Plaintiff, Shanaz Choudhri's deposition, Defendant Abdullatif's counsel presented bank statements that allegedly were Mrs. Choudhri's bank statements, but Defendant Abdullatif has never disclosed how any of these statements were obtained. So not only is Defendant Abdullatif violating an Order, but he is also illegally obtaining financial information of third parties in ongoing efforts to collect on the Judgment.

22.     Defendants attempted, on multiple occasions, to improperly obtain discovery in the Original Lawsuit. Each time, the Court determined that the discovery requests were improper as the basis for discovery requests became moot as a result of the Judgment being superseded. Thereafter, Defendants unlawfully used the Judgment as the basis for their adversary claim in attempt to collect monies from the Plaintiffs through misplaced allegations of alter ego[3] and filed a proof of claim that never disclosed the fact that the Judgment is superseded.

23.     Trial in the Adversary Action is currently set for December 10, 2024; further heightening the emergent nature of the relief requested herein.

## 7.  COUNT I—VIOLATION OF SUPERESEDED JUDGMENT

Plaintiffs incorporate paragraphs 1 through 19 herein by reference.

24.     The Judgment was superseded by cash deposit in lieu of bond. The Court entered an order on February 23, 2024, memorializing the effects of the superseded bond concerning the

---

[3]  *See* Exhibit B, Original Claim filed in Case No. 22-32998; *John Quinlan, Omar Khawaja, and Osama Abdullatif v. Houston Real Estate Properties, LLC et. al*, in the United States Bankruptcy Court for the Southern District of Texas Houston Division and Exhibit D, associated Proof of Claim.

collection and enforcement of the Judgment. Pursuant to the Court's February 23, 2024, Defendants were not to make attempts to collect the Judgment as Plaintiffs' cash deposit effectively stayed all enforcement actions related to the Judgment, including the post-judgment collection or discovery. Despite the Court's February 23, 2024, Order and Plaintiffs' deposit of the amount required to supersede the Judgment in the Original Lawsuit, Defendants continue post-judgment collection, discovery and other actions to enforce the Judgment and interfere with Plaintiffs' business(es).

## 8.   COUNT II—TORTIOUS INTERFERENCE

25.    Plaintiffs incorporate paragraphs 1 through 21 herein by reference.

26.    Despite actual knowledge that the Judgment is superseded, Defendants are willfully and intentionally interfering with Plaintiffs' business relations by unlawfully seeking discovery from individuals and entities who have or may conduct business with Plaintiffs. Defendants continue to tortiously interfere with Plaintiffs' current and prospective business relations.

## 9.   ATTORNEYS' FEES

27.    Plaintiffs request attorneys' fees and expenses pursuant to applicable Texas law.

## 10. APPLICATION FOR TEMPORARY RETSTRAINING ORDER

28.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

29.    A temporary restraining order is necessary in order to stop Defendants from enforcing the superseded judgment, conducting post-judgment discovery, the attachment of liens to Plaintiffs' real property, and interfering with Plaintiffs' business relations.

30.    The threatening and ongoing injuries are immediate, and they have and will directly and proximately cause irreparable harm to Plaintiffs. As described above, Defendants' continued pursuit of collection and enforcement of the Judgment despite the cash deposit in lieu of bond and

court order superseding same, will continue to expose Plaintiffs to financial, economic, and reputational harms. These harms include, but are not limited to, loss of revenue, loss of property value, and loss of good will and reputation with Houston business partners, creditors, and customers. The total current and prospective loss to Plaintiffs resulting from Defendants' conduct is irreparable and incalculable. This entitles Plaintiffs to injunctive relief. The balance of the equities is served by an injunction as it protects Plaintiffs' ownership rights, goodwill, business reputation and property. A temporary restraining order is necessary to preserve the status quo between the parties pending appeal of the Original Lawsuit.

31.     Plaintiffs are entitled to a temporary restraining order, temporary injunction and permanent injunction against Defendants (and their agents, servants, employees, and anyone in active concert or participation) that: attempts to collect, execute or enforce the Judgment that has been superseded by cash deposit in the Original Lawsuit; conduct or execute post-judgment discovery, litigation on or from parties to the Original Lawsuit, or non-parties related to the Original Lawsuit, or to Plaintiffs' business(es); attempt to obstruct, thwart, disrupt, or derail in any manner, the lawful business practices of Plaintiffs, and their related business entities, in the marketplace.

32.     Plaintiffs are not opposed to posting an appropriate bond, although Plaintiffs assert that a low bond is appropriate in this case because Defendants will suffer no monetary losses because of a grant of injunctive relief.

## 10. REQUEST FOR TEMPORARY INJUCTNION

33.     Plaintiffs fully incorporate the preceding paragraphs as if stated herein.

8

34.     Plaintiffs will, at a hearing, demonstrate the likelihood of success on the merits and the balancing of equities favors the issuance of a temporary injunction and eventually a permanent injunction against Defendants.

35.     Plaintiffs have joined all indispensable parties under Texas Rule of Civil Procedure

## 11. REQUEST FOR PERMANENT INJUNCTION

36.     Plaintiffs fully incorporate the preceding paragraphs as if stated herein.

37.     Plaintiffs ask the Court to set their request for a permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against the Defendants.

## 12. REQUEST FOR PRESERVATION

38.     Plaintiffs fully incorporate the preceding paragraphs as if stated herein.

39.     Plaintiffs request that Defendants preserve all documents, electronic or otherwise, that pertain to the matters addressed in this pleading and to not discard, destroy, or conceal such documents from this point forward.

## 13. MOTION FOR EXPEDITED DISCOVERY

40.     Plaintiffs fully incorporate the preceding paragraphs as if stated herein.

41.     The Texas Rules of Civil Procedure provide that the procedures and limitations set forth in the rules pertaining to discovery may be modified in any suit by court order for good cause. Tex. R. Civ. P. 191.1. "[T]he trial court has discretion to schedule discovery and may shorten or lengthen the time for making a response for good cause." In re Nat'l Lloyds Ins. Co., No. 13-15-00390-CV, 2015 WL 6759153, at *5 (Tex. App. Nov. 3, 2015) (affirming the trial court's broad discretion to fashion expedited discovery pursuant to a temporary injunction hearing). "Good cause" exists to expedite discovery in this proceeding to allow Plaintiffs to obtain information from Defendants because Plaintiffs are seeking injunctive relief.

42.     This discovery is essential for Plaintiffs to prepare for the upcoming temporary injunction hearing. As such, Plaintiffs pray for the entry of an order granting this motion and allowing the parties tor conduct discovery on an expedited basis.

## 14. CONDITIONS PRECEDENT

43.     Plaintiffs fully incorporate the preceding paragraphs as if stated herein.

44.     All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## 15. REQUEST FOR DISCLOSURE

45.     Plaintiffs request disclosure, within 50 days of service of this petition, of all information and materials required under Texas Rules of Civil Procedure 194.2.

## 16.  JURY DEMAND

46.     Plaintiffs hereby file with the Clerk of the Court their written request for a jury trial on all triable issues and tender the required jury fee.

## 17. PRAYER

47.     For the reasons outlined above, Plaintiffs respectfully request that the Court issue citation for Defendants to appear and answer, and that Plaintiffs be awarded a judgment against the Defendants for the following:

(a)     Temporary Injunction;

(b)     Permanent Injunction;

(c)     Actual Damages;

(d)     Exemplary Damages;

(e)     Prejudgment and post judgment interest;

(f)     Court costs;

10

(g)     Reasonable and necessary attorneys' fees;

(h)     All other relief to which Plaintiffs are entitled.

Respectfully submitted,

**SHACKELFORD, BOWEN,
MCKINLEY & NORTON, LLP**

By: */s/ Lori A. Hood*
    Lori A. Hood
    Texas Bar No. 09943430
    lhood@shackelford.law
    717 Texas Ave, 27th Floor
    Houston, Texas 77002
    Tel: 832-415-1801
    Fax: 832-415-1095

**ATTORNEY FOR PLAINTIFFS**

11

## <u>VERIFICATION</u>

**STATE OF TEXAS**

**COUNTY OF HARRIS**

BEFORE ME, the undersigned authority, on this day personally appeared Shanaz Chouhdri, know to me to be the person whose name is subscribed to the following instrument and acknowledged and swore to me that she executed the same for the purposes and consideration therein expressed.

"My name is Shanaz Choudhri. I declare under the penalty of perjury pursuant to Tex. Civ. Prac. & Rem. Code § 132.001 that the facts stated in Plaintiffs' Original Petition, Application for Temporary and Permanent Injunction, and Request for Disclosure are true and correct."

Executed in Harris County, State of Texas on the ___ day of November 2024.



Shanaz Choudhri

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this 25th day of November 2024.

Notary Public of and for the State of Texas

Patricia Gloria Howell
My Commission Expires
11/16/2025
Notary ID
4597993