United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 01, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 22-32998** |
| **HOUSTON REAL ESTATE PROPERTIES** | § | |
| **LLC,** | § | **CHAPTER 7** |
| | § | |
| Debtor. | § | |
| | § | |
| **ALI CHOUDHRI, SHANAZ CHOUDHRI** | § | |
| **AND JETALL CAPITAL, LLC,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 25-3004** |
| | § | |
| **OSAMA ABDULLATIF AND** | § | |
| **ABDULLATIF & COMPANY, LLC,** | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING MOTION TO DISMISS

Before the Court are several motions filed by the plaintiffs and defendants. A Motion for Remand and Motion to Dismiss (the Motion for Remand") (ECF No. 16) was filed by the plaintiffs, Ali Choudri, Shahnaz Choudri, and Jetall Capital, LLC ("Plaintiffs"). A Motion to Dismiss the Claims of Respondents (the "Motion to Dismiss") (ECF No. 17) filed by the defendants, Osama Abdullatif and Abdullatif & Company, LLC (collectively "Defendants"), and a Motion to Have Filing in Related Adversary Proceeding Deemed Filed in this Proceeding (ECF No. 23) was also filed by the Defendants.

On April 7, 2025, this Court entered Orders Setting Hearing on the Motion to Dismiss[1] and Motion to Remand.[2] The Orders set a response deadline of April 25, 2025, and May 8, 2025, as the hearing date. The last sentence of the first paragraph reads "The movant shall serve a copy of this order on all affected parties within 24 hours and file a certificate of service; or file and serve a hearing notice within 24 hours, which must include the response deadline."[3] None of parties

---

[1] ECF No. 18.
[2] ECF No. 19.
[S] See orders at ECF Nos. 18 and 19.

1 / 4

complied with these orders. The Plaintiffs filed their Notice of Hearing on April 30, 2025,[4] far later than 24 hours set forth in the Order – and five days after the response deadline. However, the Court notes that a response was timely filed. Similarly, the Defendants filed their Notice of Hearing on April 30, 2025,[5] again five days after the response deadline set forth in the order. No response was filed to the Motion to Dismiss. The Motion to Dismiss included with the Motion to Remand is based on Federal Rule of Civil Procedure 12(b)(1).

For the following reasons, the Motion to Dismiss is granted, the Motion for Remand is denied as moot, and the Motion to Have Filing in Related Adversary Proceeding Deemed Filed in this Proceeding is also denied as moot.

## BACKGROUND

The Motion to Dismiss seeks to dismiss the adversary case pursuant to Federal Rule of Civil Procedure ("FRCP")12(b)(6). This adversary was initiated by the filing of a notice of removal of a state court lawsuit, Cause No. 2024-83320; *Ali Choudhri, Shahnaz Choudhri, and Jetall Companies, Inc. v. Osama Abdullatiff and Abdullatif & Company, LLC*; (the "State Court Suit"). The Plaintiffs filed the State Court Suit alleging that actions taken in a separate adversary proceeding, Adversary No. 23-0341 (the "Original Adversary") violated the supersedeas bond filed in a separate state court cause of action,[6] and that their actions also interfered with Plaintiffs' business relations.

## JURISDICTION

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b), and the standing order of reference from the District Court. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2). The bankruptcy court has the power to enter a final judgment in this adversary proceeding, subject to traditional rights of appeal. This adversary proceeding arises under bankruptcy case number 22-32998 (the "Main Case") pending in this District and venue is proper pursuant to 28 U.S.C. § 1409.

## STANDARD OF REVIEW

The Defendants have filed a motion to dismiss arguing the Plaintiffs have failed to state a claim under FRCP 12(b)(6), for Plaintiffs lack of standing under FRCP 12(b)(1) (both FRCP

---

[4] ECF No. 24.
[5] ECF No. 25.
[6] *Osama Abdullatif and Abdullatif & Company, LLC v. Ali Choudhri and Houston Real Estate Properties, LLC;* Cause No. 2013-41273, in the 334th Judicial District Court of Harris County, Texas

12(b)(6) and 12(b)(1) have been incorporated into Federal Rule of Bankruptcy Procedure 7012), and for failure to meet the pleading requirements for tortious interference with a contract.

In evaluating whether a complaint fails to state a claim, the Court must construe the complaint liberally in favor of the plaintiff as the non-moving party and assume the truth of well-pleaded facts.[7] The Court must assess a motion to dismiss only on "the facts stated in the complaint and the documents either attached to or incorporated in the complaint."[8]  In order to survive a motion to dismiss, "a plaintiff must plead sufficient 'facts to state a claim to relief that is plausible on its face.'"[9]  The Court is not required to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[10]

## LEGAL ANALYSIS

The Court agrees that Plaintiffs have failed to state a claim for violation of the supersedeas bond. The Defendants argue that the State Court Suis is a collateral attack as the petition alleges violations of the supersedeas bond, which stem from the litigation in the Original Adversary.  The Original Adversary includes claims based on fraudulent transfers, fraud, alter ego, and joint enterprise – not an attempt to collect on the state court judgment. Defendants are permitted to litigate the Original Adversary because Defendants purchased the claims from the Chapter 7 Trustee and are pursuing the claim on behalf of the debtor, Houston Real Estate Properties, LLC. Therefore, Plaintiffs' state court suit is a collateral attack on the litigation in the Original Adversary.  The allegations set forth in the Original Adversary do not include a violation of the supersedeas bond. Thus, Plaintiffs have failed to state a claim upon which relief can be granted.

Second, the Court agrees that two of the Plaintiffs, Shanaz Choudhri and Jetall Capital, LLC, do not have standing in this adversary.  The supersedeas bond arose from the state court action *Osama Abdullatif and Abdullatif & Company, LLC v. Ali Choudhri and Houston Real Estate Properties, LLC*.[11] Shanaz Choudhri and Jetall Capital, LLC, were not named parties in the state court action.  Thus, they cannot seek to enforce the supersedeas bond or prevail on tortious interference with a contract.

---

[7] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007).
[8] *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).
[9] *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777 (5th Cir. 2015), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[10] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).
[11] State Court Case No. 2013-41273.

Third, the Court also agrees that plaintiffs have failed to allege sufficient claims for tortious interference with a contract under Texas law. Plaintiffs' original state court petition only alleges "upon information and belief, Defendants are also actively contacting individuals and entities and misrepresenting the nature and amount of the Judgment in an effort to interfere with plaintiffs' business practices."[12] This conclusory allegation is the only factual support plaintiffs provide for their tortious interference claims. These facts are not enough to state a claim that is plausible on its face.

Moreover, the Plaintiffs have also sought dismissal of this case.[13]

**THEREFORE, IT IS ORDERED** that the Motion to Dismiss the Claims of Respondents (ECF No. 17) is granted. This case is dismissed, and the Adversary is closed.

**FURTHER, IT IS ORDERED** that the Motion to Remand (ECF No. 16) filed by the Plaintiffs is denied as moot.

**FURTHER, IT IS ORDERED** that the Motion to Have Filing in Related Adversary Proceeding Deemed Filed in this Proceeding (ECF No. 23) is denied as moot.

SIGNED 05/01/2025

_____

Jeffrey Norman
United States Bankruptcy Judge

---

[12] ECF No. 2-3 ¶19.
[13] ECF No. 16.

4 / 4