IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-32998 |
| | § | |
| HOUSTON REAL ESTATE | § | |
| PROPERTIES LLC | § | (CHAPTER 7) |
| | § | |
| | § | |
| DEBTOR. | § | |

## ORDER GRANTING TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY

Came on for consideration the *Trustee's Motion to Compromise Controversy* (the "**Motion**")[1] filed by Randy W. Williams, the duly appointed Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate of Houston Real Estate Properties, LLC (the "**Debtor**") in the above-captioned case.  The Court, having considered the Motion, the record in this case, the absence of any timely-filed objection following service in accordance with Bankruptcy Local Rule 9013-1, and the representations of counsel, finds that proper and adequate notice of the Motion has been provided, that no further notice is required, that good cause exists to grant the relief requested, and that dismissal of this case is in the best interests of the estate, creditors, and other parties in interest. Accordingly, it is hereby

**ORDERED** that the Motion is **GRANTED** as set forth herein; and it is further

**ORDERED** that, the Trustee is authorized and directed to pay the following claims:

    i. $250.00 to the U.S. Trustee (the U.S. Trustee filed claim 7 for $250);

    ii. $33,000.00 to the chapter 7 trustee for services rendered in administration of the chapter 7 case and $31.00 for out-of-pocket expenses related to the case; and

    iii. $21,510.00 for fees and $1,052.40 for out-of-pocket expenses to Okin Adams for the balance of attorney fees and expenses related to the case, and all prior interim awards are confirmed as final and were paid; and it is further

---

[1] Capitalized terms shall have the same meaning as set forth in the Application.

1

**ORDERED** that, after payment in full of the foregoing claims, the Trustee is authorized and directed to distribute the net remaining funds in the Trustee's possession to Travis Vargo, in his capacity as Receiver for Ali Choudhri; and it is further

**ORDERED** that the withdrawal of Claim No. 4 filed by Osama Abdullatif and Claim No. 5 filed by Abdullatif & Company, LLC is acknowledged, and no distribution shall be made on account of such withdrawn claims; and it is further

**ORDERED** that, upon completion of the payments and distribution authorized herein, the Trustee shall file a notice with this Court confirming the payments, and that the case may be dismissed; it is further

**ORDERED** that after filing of the Notice this Chapter 7 case shall be dismissed pursuant to 11 U.S.C. § 707(a); and it is further

**ORDERED** that the dismissal of this case shall not affect, impair, or otherwise prejudice the continued prosecution or disposition of Adversary Proceeding No. 23-3141, which shall remain subject to such further orders of this Court or such other court of competent jurisdiction as may be appropriate; and it is further

**ORDERED** that the Trustee is authorized to take all actions and execute all documents reasonably necessary or appropriate to effectuate the terms of this Order; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

SIGNED this _____ day of _____, 2026.

_____
UNITED STATES BANKRUPTCY JUDGE

2

4926-7870-8392, v. 8