**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| HOUSTON REAL ESTATE PROPERTIES, LLC, | § | Case No. 22-32998 (JPN) |
| | § | |
| *Debtor*. | § | |
| | § | |
| | § | |
| JOHN QUINLAN, OMAR KHAWAJA, and | § | |
| OSAMA ABDULLATIF, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Adv. No. 23-3141 |
| | § | |
| HOUSTON REAL ESTATE PROPERTIES, LLC, | § | |
| et al., | § | |
| | § | |
| *Defendants*. | § | |

**CO-DEFENDANTS' OBJECTION TO TRUSTEE'S MOTION TO**
**COMPROMISE CONTROVERSY (ECF NO. 246) AND RENEWED MOTION TO**
<u>**DISMISS ADVERSARY PROCEEDING NO. 23-3141**</u>

**LOCAL RULE 9013-1 NOTICE**

THIS PLEADING REQUESTS AN ORDER FROM THE COURT. IF YOU OPPOSE THE MOTION OR HAVE QUESTIONS, YOU SHOULD EITHER CONSULT AN ATTORNEY IMMEDIATELY OR COME TO COURT FOR THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

Otisco RDX LLC, MCITBE, LLC, Jetall/Croix Properties LP, Jetall/Croix GP, LLC, 2727 Kirby 26L LLC, 9201 Memorial Dr. LLC, Arabella PH 3201 LLC, Galleria Loop Note Holder LLC, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, and Shahnaz Choudhri (collectively, the "Co-Defendants"), all named non-debtor defendants in Adversary No. 23-3141, respectfully submit this Objection to Paragraph 16 and Prayer ¶ (e) of the Chapter 7

Trustee's Motion to Compromise Controversy [ECF No. 246] (the "9019 Motion"), and a Renewed Motion to Dismiss Adversary No. 23-3141, styled *John Quinlan, Omar Khawaja, and Osama Abdullatif v. Houston Real Estate Properties, LLC, et al.* (the "Osama Adversary"). In support, Co-Defendants would respectfully show:

## I.      INTRODUCTION

1.      The Trustee's 9019 Motion asks this Court to do two things that cannot be squared with each other. On one hand, the Trustee asks the Court to dismiss the main bankruptcy case — acknowledging that there are no remaining allowed claims, no remaining assets to administer, and no reason to keep the case open. On the other hand, the Trustee asks the Court to keep Adversary No. 23-3141 alive "for all purposes," binding the Co-Defendants to continued federal-forum litigation in a bankruptcy court after the bankruptcy case that supplied the only basis for federal jurisdiction has ended. The Trustee cannot have it both ways.

2.      The Trustee himself has conceded the dispositive fact. At ¶ 15 of the 9019 Motion, the Trustee acknowledges that "the estate's interest in the litigation claims at issue in the [Osama] Adversary was previously sold by the Trustee pursuant to 11 U.S.C. § 363(b) (DKT # 182)," and that the adversary "is being prosecuted by parties other than the estate." That admission is the end of "related to" jurisdiction under 28 U.S.C. § 1334(b). A proceeding is "related to" a bankruptcy case only if its outcome could "conceivably have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987). When the estate itself has sold its interest in the claims, no such effect is conceivable. There is no estate left to affect.

3.      Co-Defendants previously moved to dismiss the Osama Adversary on jurisdictional and pleading grounds in the Amended Emergency Motion to Dismiss filed on March 4, 2025 (the "March 2025 Motion to Dismiss"). The developments since March 2025 — the Partial Release of

the judgment as to HREP, the withdrawal of Claims 4-1 and 5-1, Abdullatif's representation to the First Court of Appeals that the appeal is moot, and the Trustee's own concession at ¶ 15 — have eliminated any remaining basis for this Court to retain jurisdiction. Co-Defendants re-urge the grounds previously briefed and request that the Court dismiss the Osama Adversary concurrently with dismissal of the main case.

## II.     STANDING

4.      Co-Defendants have direct Article III standing to object to the relief requested in ¶ 16 and Prayer ¶ (e) of the 9019 Motion. That paragraph seeks an order binding Co-Defendants — as non-estate parties — to continued federal-forum litigation in the Osama Adversary after the bankruptcy case is dismissed. That is a direct, concrete, particularized injury caused by the proposed order and redressable by its denial. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017) ("standing must be demonstrated for each form of relief sought").

5.      Co-Defendants are also "parties in interest" under 11 U.S.C. § 1109(b) with respect to any order in the main case that purports to bind them to a federal forum after dismissal. A party against whom a trustee seeks affirmative relief through a Rule 9019 motion is, by definition, an interested party entitled to be heard. *See Truck Ins. Exch. v. Kaiser Gypsum Co.*, 602 U.S. 268, 277–80 (2024).

## III.     FACTUAL BACKGROUND

### A.  The Osama Adversary — Procedural History.

6.      On August 1, 2023, plaintiffs John Quinlan, Omar Khawaja, and Osama Abdullatif filed the Osama Adversary against HREP and the Co-Defendants, seeking damages on theories of fraudulent transfer, alter ego, and joint enterprise liability with respect to three state-court

3

judgments. These are quintessential state-law claims. They have no federal-law component. They were brought in this Court solely because HREP's bankruptcy supplied the jurisdictional predicate under 28 U.S.C. § 1334(b).

7.      By Order dated October 26, 2023, the Court dismissed the complaint, finding that the plaintiffs lacked standing. On that same date the Court denied the plaintiffs' request for derivative standing. The Court gave the Chapter 7 Trustee fourteen days to substitute as plaintiff; the Trustee declined. Instead, the Trustee filed a Motion for Authority to Sell Litigation Claims, which the Court granted on January 5, 2024 (ECF No. 182). The estate's litigation claims were sold for $15,000. On information and belief, the purchaser is plaintiff Osama Abdullatif. No new pleadings have been filed to replace the dismissed complaint. The dismissed complaint remains the operative — and only — pleading in the Osama Adversary.

**B.  The Coordinated May 2026 Events.**

8.      The record of the past month reveals a coordinated effort by Abdullatif and the Receiver to extract over $2.5 million from two separate pots of court-held funds. On May 5, 2026, Abdullatif executed a Partial Release of Judgment releasing HREP from "further personal liability for enforcement of the Judgment." On May 7, 2026 — a single day — Abdullatif (i) filed the Partial Release in state court, (ii) withdrew both of his proofs of claim in this bankruptcy (ECF Nos. 243, 244), (iii) filed in the First Court of Appeals a motion representing that the appeal as to HREP was "moot" under *Rapp v. Mandell & Wright, P.C.*, 123 S.W.3d 431, 436 (Tex. App.—Houston [14th Dist.] 2003, pet. denied), and (iv) joined with the Receiver in filing an Agreed Motion in state court to disburse $2,132,946.18 in supersedeas funds directly to Vargo. Five days later, the Trustee filed the 9019 Motion proposing to send an additional $447,924.57 to the same Receiver.

9. These coordinated filings have eliminated every basis on which this Court's jurisdiction over the Osama Adversary could rest. There is no allowed claim against the estate. There is no live judgment against HREP. There is no creditor body that could benefit from the adversary. And the Trustee himself admits that the estate sold its interest in the claims. What remains is a private dispute between Abdullatif — in his capacity as the § 363(b) purchaser of the estate's litigation claims — and the Co-Defendants. That dispute belongs in state court.

## IV. ARGUMENT

### A. The Trustee's Own Admission Forecloses "Related to" Jurisdiction.

10. Federal subject-matter jurisdiction over a non-bankruptcy civil proceeding exists, if at all, because the proceeding "arises in," "arises under," or is "related to" a bankruptcy case under 28 U.S.C. § 1334(b). "Related to" jurisdiction — the only potential basis here — requires that "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (adopting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). The Supreme Court has confirmed: "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995).

11. The Trustee's ¶ 15 admission ends the inquiry. The estate sold its interest in the claims. The only allowed creditor withdrew his proofs of claim. The underlying judgment against HREP has been released. There is no scenario in which the outcome of the Osama Adversary could "conceivably" affect the estate. *Wood*, 825 F.2d at 93. The adversary now consists entirely of state-law claims being prosecuted by non-estate parties against non-debtor defendants. That is precisely the kind of litigation the Fifth Circuit has consistently excluded from bankruptcy jurisdiction. *See Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 569 (5th Cir. 1995) (no jurisdiction over non-

debtor third-party claims with no conceivable effect on the estate). Critically, *Walker* also held that bankruptcy courts cannot exercise supplemental jurisdiction under 28 U.S.C. § 1367 to fill the gap. *Id.* at 570–73.

**B. Rule 9019 Does Not Authorize Jurisdictional Retention Orders Against Non-Estate Parties.**

12.     Rule 9019(a) authorizes the bankruptcy court, "[o]n motion by the trustee," to "approve a compromise or settlement." The rule's subject is the compromise of the estate's claims. It does not authorize the trustee to obtain affirmative relief against third parties, and it does not enlarge federal subject-matter jurisdiction beyond the limits of 28 U.S.C. § 1334.

13.     Paragraph 16 and Prayer ¶ (e) of the 9019 Motion, however, ask this Court to enter an order that runs directly against Co-Defendants — an order binding them, as non-estate parties, to continued federal-forum litigation in the Osama Adversary after the bankruptcy case has been dismissed and after the estate has, by the Trustee's own admission, ceased to hold the underlying claims. The Trustee identifies no independent jurisdictional basis for that retention. Rule 9019 supplies none. The requested relief is both substantively unsupported and procedurally improper.

**C. Dismissal of the Main Case Warrants Dismissal of the Adversary.**

14.     Even where residual jurisdiction theoretically exists, controlling authority treats the dismissal of related adversaries as the rule, not the exception. "Related proceedings ordinarily should be dismissed following the termination of the underlying bankruptcy case." *In re Porges*, 44 F.3d 159, 162 (2d Cir. 1995); *see also In re Querner*, 7 F.3d 1199, 1201–02 (5th Cir. 1993) (retention of jurisdiction after dismissal is discretionary and bears the burden of justification on the party seeking retention).

15.     The *Querner* factors — judicial economy, fairness and convenience, the degree of difficulty of the legal issues, and the bankruptcy-law content of the suit — each favor dismissal

here. Judicial economy does not favor retaining state-law claims that this Court could not finally adjudicate under *Stern v. Marshall*, 564 U.S. 462 (2011). Convenience favors the Texas state courts, which are the natural forum for alter ego, fraudulent transfer, and joint enterprise claims. Fairness favors Co-Defendants, who are non-debtor parties whose only connection to this Court is the bankruptcy that is now ending — they should not be conscripted into continued federal-forum litigation against their will after the estate has ceased to exist. And comity favors the state courts that would otherwise hear these state-law claims. The Trustee has not addressed a single one of these factors. He has affirmatively negated them by conceding that the estate has no remaining interest.

### D. Stern v. Marshall Independently Forecloses Retention.

16.     Even if statutory "related to" jurisdiction somehow survived — it does not — this Court lacks the constitutional authority to adjudicate the underlying state-law claims. The Osama Adversary asserts fraudulent transfer, alter ego, and joint enterprise theories — all state common-law claims. As the Supreme Court held in *Stern v. Marshall*, 564 U.S. 462, 487, 502 (2011), the bankruptcy court's constitutional authority does not extend to the final adjudication of such claims. Retention of jurisdiction over the adversary after dismissal would, at most, give this Court the authority to enter proposed findings and conclusions for district-court review. There is no good reason for that doubled, attenuated process when state court is the natural forum and the bankruptcy predicate has been extinguished.

### E. The Undisclosed Identity of the § 363(b) Purchaser Independently Bars Retention.

17.     The 9019 Motion is silent on the identity of the § 363(b) purchaser referenced at ¶ 15. On information and belief, the purchaser is plaintiff Osama Abdullatif himself. That fact is material to the relief requested in ¶ 16 and Prayer ¶ (e). If the purchaser is also the lead plaintiff

prosecuting the claims against Co-Defendants, the requested retention order would preserve a federal forum to serve the private interests of a single individual — after the estate that justified the federal forum has ceased to exist. That is not a permissible use of Rule 9019, and it is not a permissible basis for the exercise of federal jurisdiction. A Rule 9019 compromise must be "fair and equitable" and must be "truly the product of arms-length bargaining, and not of fraud or collusion." *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997). Non-disclosure of the identity of the § 363(b) purchaser — a person who is also a named plaintiff in the very proceeding the Trustee asks this Court to preserve — is incompatible with that standard.

**F. The Grounds in the March 2025 Motion to Dismiss Are Re-Urged.**

18. Co-Defendants re-urge the grounds previously briefed in the March 2025 Motion to Dismiss, which is incorporated herein by reference, including without limitation: (a) the lack of any case or controversy between plaintiff Abdullatif and the Debtor with respect to a judgment that has now been released as to HREP; (b) the absence of any creditor body to benefit from the adversary — the only potentially live creditor withdrew his claims and released the judgment; (c) the failure of the operative complaint to plead viable causes of action against Co-Defendants under Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 8(a) and 9(b); and (d) the doctrine of judicial estoppel, given Abdullatif's May 7, 2026 motion in the First Court of Appeals representing that the appeal as to HREP is "moot." *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

19. The developments since March 2025 — the Partial Release, the withdrawal of Claims 4-1 and 5-1, the appellate mootness representation, and the Trustee's own concession at ¶ 15 — only strengthen the grounds for dismissal. The matter that previously remained on stand-by pending the state-court appellate process has now resolved itself by Abdullatif's own actions. There is nothing left for this Court to adjudicate.

### V.      JOINDER IN OTHER FILINGS

20.      Co-Defendants join in the Verified Objection to the 9019 Motion filed by Ali Choudhri and in the Motion to Dismiss the Chapter 7 Case and Adversary No. 23-3141 filed by Houston Real Estate Properties, LLC, to the extent those filings seek dismissal of the Osama Adversary in conjunction with dismissal of the main case. Co-Defendants take no position at this time on grounds raised in those filings that turn on facts particular to HREP or to Ali Choudhri individually.

### VI.      RESERVATION OF RIGHTS

21.      Co-Defendants reserve all rights, including: (i) all defenses to the underlying state-law claims, in any forum to which the claims may be transferred or refiled; (ii) the right to challenge the validity, scope, and effect of the § 363(b) sale and any purported assignment of claims to Osama Abdullatif; (iii) the right to seek their own discovery on the matters raised in this filing and in the 9019 Motion, including but not limited to communications between the Trustee, Abdullatif, Abdullatif's counsel, and the state-court Receiver; and (iv) the right to seek attorneys' fees and costs to the extent recoverable.

### VII.   PRAYER

WHEREFORE, Co-Defendants respectfully request that the Court:

22.      Deny Paragraph 16 and Prayer ¶ (e) of the 9019 Motion;

23.      To the extent the Court grants dismissal of the main bankruptcy case, enter an order directing that Adversary No. 23-3141 is dismissed for lack of subject-matter jurisdiction, without prejudice to the parties' right to pursue any non-bankruptcy claims in a court of competent jurisdiction;

24.     In the alternative, grant the March 2025 Motion to Dismiss on the grounds previously briefed and re-urged herein;

25.     Grant such other and further relief, at law or in equity, to which Co-Defendants may be justly entitled.

Respectfully submitted,

**SHACKELFORD, MCKINLEY & NORTON, LLP**

By: /s/ *Lori A. Hood*
    **Lori A. Hood**
    State Bar No. 09943430
    S.D. Tex. Bar No. 7250
    lhood@shackelford.law
    **Tatiana P. Lutomski**
    State Bar No. 24118446
    S.D. Tex. Bar No. 3805031
    tlutomski@shackelford.law
    717 Texas Avenue, 27th Floor
    Houston, Texas 77002
    Telephone: (832) 415-1801
    Facsimile: (832) 565-9030
    **ATTORNEYS FOR CO-DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on the 1st day of June 2026, a true and correct copy of the foregoing was served on all parties and counsel of record through the Court's CM/ECF system, including without limitation Randy W. Williams (Chapter 7 Trustee); Timothy L. Wentworth (Okin Adams Bartlett Curry, LLP); counsel for HREP and Ali Choudhri; Steven A. Leyh, Angeline Vachris Kell, and Thomas Michael Ballases (Hoover Slovacek LLP) on behalf of plaintiffs John Quinlan, Omar Khawaja, and Osama Abdullatif; Joshua A. Cottle on behalf of Osama Abdullatif individually; Travis B. Vargo and Michael Poynter (Vargo Law Firm); and all other parties and counsel of record.

/s/ *Lori A. Hood*
**Lori A. Hood**

11