**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **CHAPTER 7** |
| | § | |
| **HOUSTON REAL ESTATE** | § | |
| **PROPERTIES, LLC** | § | **CASE NO. 22-32998** |
| | § | |
| | § | |
| **Debtor.** | § | |

**JOSHUA COTTLE'S NOTICE OF FAILURE TO CONFER**
**(RELATED ECF NO. 247)**

TO THE HONORABLE U.S BANKRUPTCY JUDGE:

On June 1, 2026, Lori A. Hood signed an instrument captioned **Co-Defendants' Motion for Expedited Rule 2004 Examination and Document Production in Advance of June 16, 2026 Hearing on Trustee's 9019 Motion.** The Motion indicated a desire to subpoena the undersigned among others. The Motion referred to the undersigned as "counsel for Abdullatif" (ECF 247 at 1, 10). They said I was "at the center" of certain filings and sought various core work product and attorney-client privileged communications, including "all communications . . . of any kind" between myself and Mr. Vargo's office and Mr. Williams's office.

Tatiana P. Lutomski signed a "Certificate of Conference" certifying that "counsel for Co-Defendants conferred or attempted to confer with . . . counsel for Abdullatif" but received "[n]o response as of the date of this filing."

I immediately contacted Ms. Hood and Ms. Lutomski, asking them to substantiate their allegation that they had attempted to confer or had conferred with me, to the extent "counsel for Abdullatif" as used in the certificate of conference referred to me.

They did not respond. While counsel has now withdrawn ECF 247, I submit this Notice to the Court in order to inform the Court that I did not disregard any attempt to confer. I am not, at

this time, submitting an order denying their motion or a substantive response at this time due to their withdrawal.

All motions must contain a valid certificate of conference, not a *pro forma* declaration of an attempt to confer. *See* BLR 1001-1(b) (incorporating Local Rules of the District Court); BLR 9013-1(g)(1) (requiring attempts to confer prior to filing a reponse); *see also* LR7.1(D)(1) (governing certificates of conference in opposed civil motions). If counsel meant some other lawyer for Mr. Abdullatif or Abdullatif & Company, LLC, they could have told me so promptly. Instead, they heavily implied—if not outright represented—that they attempted to confer with me or did confer with me, failed to answer my request for clarification on these alleged efforts to confer with me, and then withdrew the offending motion.

Respectfully submitted,

*/s/ Joshua Cottle*
JOSHUA COTTLE
      **Joshua A. Cottle, Esq.**
      State Bar No. 24087348
      425 Soledad St., Ste. 600
      Telephone: (210) 690-8000 x1004
      Email: josh@texasbanklawyer.com
ATTORNEY FOR OSAMA ABDULLATIF *and*
ABDULLATIF & COMPANY, LLC

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2nd day of June 2026 a true and correct copy of the foregoing document was electronically filed and served upon the parties on the service list via the Court's CM/ECF electronic system or via U.S. Mail.

*/s/ Joshua Cottle*
JOSHUA COTTLE

CERTIFICATE OF CONFERENCE

On June 1, 2026, I attempted to contact the movants by e-mail to their counsel, Ms. Hood and Ms. Lutomski. Neither responded.

*/s/ Joshua Cottle*
JOSHUA COTTLE