**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| HOUSTON REAL ESTATE PROPERTIES, LLC, | § | Case No. 22-32998 (JPN) |
| | § | |
| *Debtor*. | § | |
| | § | |

**CO-DEFENDANTS' OBJECTION TO TRUSTEE'S**
**MOTION TO COMPROMISE CONTROVERSY**

**Relates to ECF No. 246.**

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

Otisco RDX LLC, MCITBE, LLC, Jetall/Croix Properties LP, Jetall/Croix GP, LLC, 2727 Kirby 26L LLC, 9201 Memorial Dr. LLC, Arabella PH 3201 LLC, Galleria Loop Note Holder LLC, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, and Shahnaz Choudhri (collectively, the "Co-Defendants"), all named non-debtor defendants in Adversary No. 23-03141, respectfully submit this Objection to Paragraph 16 and Prayer ¶ (e) of the Chapter 7 Trustee's Motion to Compromise Controversy [ECF No. 246] (the "9019 Motion"). The Co-Defendants support dismissal of the main bankruptcy case and oppose the Trustee's request to retain the adversary; out of an abundance of caution, and in light of the Court's March 11, 2025 Order (Adv. ECF No. 565), the Co-Defendants do not by this pleading move to dismiss the adversary. In support, Co-Defendants would respectfully show:

## I.   INTRODUCTION

1.      The Trustee's 9019 Motion asks this Court to do two things that cannot be squared with each other. On one hand, the Trustee asks the Court to dismiss the main bankruptcy case — acknowledging that there are no remaining allowed claims, no remaining assets to administer, and

no reason to keep the case open. On the other hand, the Trustee asks the Court to keep Adversary No. 23-03141 alive "for all purposes," binding the Co-Defendants to continued federal-forum litigation in a bankruptcy court after the bankruptcy case that supplied the only basis for federal jurisdiction has ended. The Trustee cannot have it both ways.

2.      The Trustee himself has conceded the dispositive fact. At ¶ 15 of the 9019 Motion, the Trustee acknowledges that "the estate's interest in the litigation claims at issue in the [Osama] Adversary was previously sold by the Trustee pursuant to 11 U.S.C. § 363(b) (DKT # 182)," and that the adversary "is being prosecuted by parties other than the estate." [9019 Motion, Ex. 1; § 363(b) sale order, Ex. 5. Exhibit references herein are to the exhibits filed with the Debtor's Response to the 9019 Motion and the parties' Witness & Exhibit List, using the same numbering.] That admission is the end of "related to" jurisdiction under 28 U.S.C. § 1334(b). A proceeding is "related to" a bankruptcy case only if its outcome could "conceivably have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987). When the estate itself has sold its interest in the claims, no such effect is conceivable. There is no estate left to affect.

3.      Co-Defendants previously moved to dismiss the Osama Adversary on jurisdictional and pleading grounds in the Amended Emergency Motion to Dismiss filed on March 4, 2025 (the "March 2025 Motion to Dismiss"). The developments since March 2025 — the Partial Release of the judgment as to HREP, the withdrawal of Claims 4-1 and 5-1, Abdullatif's representation to the First Court of Appeals that the appeal is moot, and the Trustee's own concession at ¶ 15 — have eliminated any remaining basis for this Court to retain jurisdiction. Co-Defendants re-urge the grounds previously briefed and request that the Court dismiss the Osama Adversary concurrently with dismissal of the main case.

2

## II.     STANDING

4.      Co-Defendants have direct Article III standing to object to the relief requested in ¶ 16 and Prayer ¶ (e) of the 9019 Motion. That paragraph seeks an order binding Co-Defendants — as non-estate parties — to continued federal-forum litigation in the Osama Adversary after the bankruptcy case is dismissed. That is a direct, concrete, particularized injury caused by the proposed order and redressable by its denial. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017) ("standing must be demonstrated for each form of relief sought").

5.      Co-Defendants are also "parties in interest" under 11 U.S.C. § 1109(b) with respect to any order in the main case that purports to bind them to a federal forum after dismissal. A party against whom a trustee seeks affirmative relief through a Rule 9019 motion is, by definition, an interested party entitled to be heard. *See Truck Ins. Exch. v. Kaiser Gypsum Co.*, 602 U.S. 268, 277–80 (2024).

## III.     FACTUAL BACKGROUND

### A.  The Osama Adversary — Procedural History.

6.      On August 1, 2023, plaintiffs John Quinlan, Omar Khawaja, and Osama Abdullatif filed the Osama Adversary against HREP and the Co-Defendants, seeking damages on theories of fraudulent transfer, alter ego, and joint enterprise liability with respect to three state-court judgments. These are quintessential state-law claims. They have no federal-law component. They were brought in this Court solely because HREP's bankruptcy supplied the jurisdictional predicate under 28 U.S.C. § 1334(b).

7.      By Order dated October 26, 2023, the Court dismissed the complaint, finding that the plaintiffs lacked standing. On that same date the Court denied the plaintiffs' request for

derivative standing. The Court gave the Chapter 7 Trustee fourteen days to substitute as plaintiff; the Trustee declined. Instead, the Trustee filed a Motion for Authority to Sell Litigation Claims, which the Court granted on January 5, 2024 (ECF No. 182). The estate's litigation claims were sold for $15,000. On information and belief, the purchaser is plaintiff Osama Abdullatif. No new pleadings have been filed to replace the dismissed complaint. The dismissed complaint remains the operative — and only — pleading in the Osama Adversary.

### B.  The Coordinated May 2026 Events.

8.      The record of the past month reveals a coordinated effort by Abdullatif and the Purported Receiver to extract over $2.5 million from two separate pots of court-held funds. On May 5, 2026, Abdullatif executed a Partial Release of Judgment releasing HREP from "further personal liability for enforcement of the Judgment." [Ex. 7.] On May 7, 2026 — a single day — Abdullatif (i) filed the Partial Release in state court, (ii) withdrew both of his proofs of claim in this bankruptcy (ECF Nos. 243, 244) [Ex. 2], (iii) filed in the First Court of Appeals a motion representing that the appeal as to HREP was "moot" [Ex. 6] under *Rapp v. Mandell & Wright, P.C.*, 123 S.W.3d 431, 436 (Tex. App.—Houston [14th Dist.] 2003, pet. denied), and (iv) joined with the Purported Receiver in filing an Agreed Motion in state court to disburse $2,132,946.18 in supersedeas funds directly to Vargo. Five days later, the Trustee filed the 9019 Motion proposing to send an additional $447,924.57 to the same Receiver.

9.      These coordinated filings have eliminated every basis on which this Court's jurisdiction over the Osama Adversary could rest. There is no allowed claim against the estate. There is no live judgment against HREP. There is no creditor body that could benefit from the adversary. And the Trustee himself admits that the estate sold its interest in the claims. What

remains is a private dispute between Abdullatif — in his capacity as the § 363(b) purchaser of the estate's litigation claims — and the Co-Defendants. That dispute belongs in state court.

## IV.   ARGUMENT

### A.  The Trustee's Own Admission Forecloses "Related to" Jurisdiction.

10.   Federal subject-matter jurisdiction over a non-bankruptcy civil proceeding exists, if at all, because the proceeding "arises in," "arises under," or is "related to" a bankruptcy case under 28 U.S.C. § 1334(b). "Related to" jurisdiction — the only potential basis here — requires that "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (adopting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). The Supreme Court has confirmed: "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995).

11.   The Trustee's ¶ 15 admission ends the inquiry. The estate sold its interest in the claims. The only allowed creditor withdrew his proofs of claim. The underlying judgment against HREP has been released. There is no scenario in which the outcome of the Osama Adversary could "conceivably" affect the estate. *Wood*, 825 F.2d at 93. The adversary now consists entirely of state-law claims being prosecuted by non-estate parties against non-debtor defendants. That is precisely the kind of litigation the Fifth Circuit has consistently excluded from bankruptcy jurisdiction. *See Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 569 (5th Cir. 1995) (no jurisdiction over non-debtor third-party claims with no conceivable effect on the estate). Critically, *Walker* also held that bankruptcy courts cannot exercise supplemental jurisdiction under 28 U.S.C. § 1367 to fill the gap. *Id.* at 570–73.

**B. Rule 9019 Does Not Authorize Jurisdictional Retention Orders Against Non-Estate Parties.**

12.     Rule 9019(a) authorizes the bankruptcy court, "[o]n motion by the trustee," to "approve a compromise or settlement." The rule's subject is the compromise of the estate's claims. It does not authorize the trustee to obtain affirmative relief against third parties, and it does not enlarge federal subject-matter jurisdiction beyond the limits of 28 U.S.C. § 1334.

13.     Paragraph 16 and Prayer ¶ (e) of the 9019 Motion, however, ask this Court to enter an order that runs directly against Co-Defendants — an order binding them, as non-estate parties, to continued federal-forum litigation in the Osama Adversary after the bankruptcy case has been dismissed and after the estate has, by the Trustee's own admission, ceased to hold the underlying claims. The Trustee identifies no independent jurisdictional basis for that retention. Rule 9019 supplies none. The requested relief is both substantively unsupported and procedurally improper.

14.     The retention request also exposes whom it actually serves. The estate sold its interest in the Osama Adversary's claims under § 363(b), and the Trustee concedes the adversary is now prosecuted by parties other than the estate. The only party that benefits from keeping the adversary in this forum is the purchaser of those claims — on information and belief, Osama Abdullatif, the same party who withdrew the only allowed claims and released HREP. Preserving the adversary is, in substance, a litigation strategy by Abdullatif, a non-creditor and a stranger to this estate, to retain a federal forum and continued leverage against the Co-Defendants. A Chapter 7 trustee may not deploy the estate's machinery to that end: he is the representative of the estate, 11 U.S.C. § 323(a), charged with maximizing its value and owing a fiduciary duty to all interested parties, *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352, 355 (1985), and a bankruptcy fiduciary cannot serve two masters, *In re Consol. Bancshares, Inc.*, 785 F.2d 1249, 1256 n.7 (5th Cir. 1986). That Abdullatif has agreed to indemnify the Trustee for the very

distribution at issue (9019 Motion ¶ 13) only confirms that the retention serves a private, non-estate interest — not any bankruptcy purpose.

### C. Dismissal of the Main Case Warrants Declining the Trustee's Request to Retain the Adversary.

15. Even where residual jurisdiction theoretically exists, controlling authority treats the dismissal of related adversaries as the rule, not the exception. "Related proceedings ordinarily should be dismissed following the termination of the underlying bankruptcy case." *In re Porges*, 44 F.3d 159, 162 (2d Cir. 1995); *see also In re Querner*, 7 F.3d 1199, 1201–02 (5th Cir. 1993) (retention of jurisdiction after dismissal is discretionary and bears the burden of justification on the party seeking retention).

16. The *Querner* factors — judicial economy, fairness and convenience, the degree of difficulty of the legal issues, and the bankruptcy-law content of the suit — each favor dismissal here. Judicial economy does not favor retaining state-law claims that this Court could not finally adjudicate under *Stern v. Marshall*, 564 U.S. 462 (2011). Convenience favors the Texas state courts, which are the natural forum for alter ego, fraudulent transfer, and joint enterprise claims. Fairness favors Co-Defendants, who are non-debtor parties whose only connection to this Court is the bankruptcy that is now ending — they should not be conscripted into continued federal-forum litigation against their will after the estate has ceased to exist. And comity favors the state courts that would otherwise hear these state-law claims. The Trustee has not addressed a single one of these factors. He has affirmatively negated them by conceding that the estate has no remaining interest.

### D. Stern v. Marshall Independently Forecloses Retention.

17. Even if statutory "related to" jurisdiction somehow survived — it does not — this Court lacks the constitutional authority to adjudicate the underlying state-law claims. The Osama

Adversary asserts fraudulent transfer, alter ego, and joint enterprise theories — all state common-law claims. As the Supreme Court held in *Stern v. Marshall*, 564 U.S. 462, 487, 502 (2011), the bankruptcy court's constitutional authority does not extend to the final adjudication of such claims. Retention of jurisdiction over the adversary after dismissal would, at most, give this Court the authority to enter proposed findings and conclusions for district-court review. There is no good reason for that doubled, attenuated process when state court is the natural forum and the bankruptcy predicate has been extinguished.

**E.  The Undisclosed Identity of the § 363(b) Purchaser Independently Bars Retention.**

18.     The 9019 Motion is silent on the identity of the § 363(b) purchaser referenced at ¶ 15. On information and belief, the purchaser is plaintiff Osama Abdullatif himself. That fact is material to the relief requested in ¶ 16 and Prayer ¶ (e). If the purchaser is also the lead plaintiff prosecuting the claims against Co-Defendants, the requested retention order would preserve a federal forum to serve the private interests of a single individual — after the estate that justified the federal forum has ceased to exist. That is not a permissible use of Rule 9019, and it is not a permissible basis for the exercise of federal jurisdiction. A Rule 9019 compromise must be "fair and equitable" and must be "truly the product of arms-length bargaining, and not of fraud or collusion." *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997). Non-disclosure of the identity of the § 363(b) purchaser — a person who is also a named plaintiff in the very proceeding the Trustee asks this Court to preserve — is incompatible with that standard.

**F.  The Grounds in the March 2025 Motion to Dismiss Support Declining Retention and Are Presented for Dismissal by the Motion for Leave.**

19.     Co-Defendants re-urge the grounds previously briefed in the March 2025 Motion to Dismiss, which is incorporated herein by reference, including without limitation: (a) the lack of any case or controversy between plaintiff Abdullatif and the Debtor with respect to a judgment

that has now been released as to HREP; (b) the absence of any creditor body to benefit from the adversary — the only potentially live creditor withdrew his claims and released the judgment; (c) the failure of the operative complaint to plead viable causes of action against Co-Defendants under Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 8(a) and 9(b); and (d) the doctrine of judicial estoppel, given Abdullatif's May 7, 2026 motion in the First Court of Appeals representing that the appeal as to HREP is "moot." *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

20.     The developments since March 2025 — the Partial Release, the withdrawal of Claims 4-1 and 5-1, the appellate mootness representation, and the Trustee's own concession at ¶ 15 — only strengthen the grounds for dismissal. The matter that previously remained on stand-by pending the state-court appellate process has now resolved itself by Abdullatif's own actions. There is nothing left for this Court to adjudicate.

## V.     JOINDER IN OTHER FILINGS

21.     Co-Defendants join in the Verified Objection to the 9019 Motion filed by Ali Choudhri and in the Motion to Dismiss the Chapter 7 Case and Adversary No. 23-03141 filed by Houston Real Estate Properties, LLC, to the extent those filings seek dismissal of the Osama Adversary in conjunction with dismissal of the main case. Co-Defendants take no position at this time on grounds raised in those filings that turn on facts particular to HREP or to Ali Choudhri individually.

## VI.     RESERVATION OF RIGHTS

22.     Co-Defendants reserve all rights, including: (i) all defenses to the underlying state-law claims, in any forum to which the claims may be transferred or refiled; (ii) the right to challenge the validity, scope, and effect of the § 363(b) sale and any purported assignment of claims to Osama Abdullatif; (iii) the right to seek their own discovery on the matters raised in this

9

filing and in the 9019 Motion, including but not limited to communications between the Trustee, Abdullatif, Abdullatif's counsel, and the state-court Receiver; and (iv) the right to seek attorneys' fees and costs to the extent recoverable.

## VII.   PRAYER

WHEREFORE, Co-Defendants respectfully request that the Court:

- Deny Paragraph 16 and Prayer ¶ (e) of the 9019 Motion;

- To the extent the Court grants dismissal of the main bankruptcy case, decline the Trustee's request to retain jurisdiction over Adversary No. 23-03141 after dismissal of the main case, the dismissal of that adversary being separately sought by the Co-Defendants' Motion for Leave to File a Suggestion of Mootness and Motion to Dismiss;

- Confirm that the grounds previously briefed in the March 2025 Motion to Dismiss, re-urged and incorporated herein, are preserved and are presented for dismissal of the adversary by the Co-Defendants' Motion for Leave;

- Grant such other and further relief, at law or in equity, to which Co-Defendants may be justly entitled.

Respectfully submitted,

**SHACKELFORD, MCKINLEY & NORTON, LLP**

By: /s/ *Lori A. Hood*
    **Lori A. Hood**
    State Bar No. 09943430
    S.D. Tex. Bar No. 7250
    lhood@shackelford.law
    **Tatiana P. Lutomski**
    State Bar No. 24118446
    S.D. Tex. Bar No. 3805031
    tlutomski@shackelford.law
    717 Texas Avenue, 27th Floor
    Houston, Texas 77002

10

Telephone: (832) 415-1801
Facsimile: (832) 565-9030
**ATTORNEYS FOR CO-DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection has been served via the Court's ECF system on all parties registered to receive electronic notice in this case, and by U.S. Mail, postage prepaid, on the parties listed on the attached service list, on this 2nd day of June, 2026.

/s/ *Lori A. Hood*
**Lori A. Hood**

Label Matrix for local n
0541-4
Case 22-32998
Southern District of Texas
Houston
Tue May 12 13:30:03 CDT 2026

5445 Almeda Rd., Ste. 500
Houston, TX 77004-7450

Linebarger Goggan Blair & Sampson LLP
C/O Jeannie Lee Andresen
P.O. Box 3064
Houston, TX 77253-3064

Harris County
Linebarger Goggan Blair & Sampson LLP
C/O Jeannie Lee Andresen
P.O. Box 3064
Houston, Tx 77253-3064

Houston Real Estate Properties LLC
1001 West Loop
Ste 700
Houston, TX 77027-9033

4
United States Bankruptcy Court
PO Box 61010
Houston, TX 77208-1010

Abdullatif & Company LLC
2500 West Loop S., Ste. 522
Houston, TX 77027-4523

Ali Choudhri
1001 W. Loop South, Suite 700
Houston, Texas 77027-9033

Allan D Goldstein
Morris Lendais Hollrah & Snowden
520 Post Oak, Suite 700
Houston, Texas 77027-9414

Allan D. Goldstein
James D. Salyer
Morris Lendais Hollrah & Snowden
1980 Post Oak Blvd., Ste. 700
Houston, TX 77056-3848

City of Houston Water
801 Malone
Houston, TX 77007-5125

FORT BEND INDEPENDENT SCHOOL DISTRICT
C/O FORT BEND COUNTY TAX OFFICE
1317 EUGENE HEIMANN CIRCLE
RICHMOND TX 77469-3623

Fort Bend County
c/o Jeannie Lee Andresen
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, Tx 77253-3064

(p)HARRIS CENTRAL APPRAISAL DISTRICT
13013 NORTHWEST FREEWAY
HOUSTON TX 77040-6305

Harris County et al.
c/o Jeannie Lee Andresen
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, Tx 77253-3064

Internal Revenue Service
Centralized Insolvency Office
PO Box 7346
Philadelphia, PA 19101-7346

Jetall Companies
1001 W. Loop South, Suite 700
Houston, Texas 77027-9033

Jetall Investment & Realty, Inc
1001 W. Loop South, Suite 700
Houston, Texas 77027-9033

Osama Adbullatif
2500WestLoopS., Ste. 522
Houston, TX 77027

Skaneateles rdX LLC
1001 W. Loop South, Suite 700
Houston, Texas 77027-9033

Skaneateles rdX, LLC
412 W. Polk #1
Houston, TX 77019-4763

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

U.S. Trustee's Office
515 Rusk Avenue, Suite 3516
Houston, Texas 77002-2604

US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002-2604

Ali Choudhri
1001 W. Loop S.
Suite 700
Houston, TX 77027-9033

John Quinlan
22310 Grand Corner Dr
Suite 140
Katy, TX   77494-7467

Melissa S Hayward
Hayward PLLC
10501 N. Central Expwy.
Suite 106
Dallas, TX 75231-2203

Randy W Williams
Byman & Associates PLLC
7924 Broadway
Suite 104
Pearland, TX 77581-7933

Ron Satija
Hayward PLLC
7600 Burnet Road
Ste 530
Austin, TX 78757-1269

Ruth A Van Meter
Ruth A. Van Meter, P.C.
9322 Shady Lane Circle
Houston, TX 77063-1305

Shahnaz Choudhri
Lenard M. Parkins
708 Main St. Fl 10
Houston, TX 77002-3246

c/o Leslie M. Luttrell
Luttrell Carmody Law Group
100 NE Loop 410
Suite 615
San Antonio, TX 78216-4713

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Harris County Appraisal District
13013 NW Freeway
Houston, TX 77040

Texas Comptroller of Public Accounts
P.O. Box 13528, Capitol Station
Austin, TX 78711-3528

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)9201 Memorial Dr. LLC

(u)Fort Bend Independent School District

(u)Okin Adams Bartlett Curry, LLP

(u)Skaneateles rdX, LLC

(u)Dward Darjean

(u)Omar Khawja

(u)Osama Abdullatif

End of Label Matrix
Mailable recipients     31
Bypassed recipients      7
Total                   38