IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-32998 |
| | § | |
| HOUSTON REAL ESTATE | § | |
| PROPERTIES LLC | § | (CHAPTER 7) |
| | § | |
| | § | |
| DEBTOR. | § | |

**TRUSTEE'S RESPONSE TO CHOUDHRI ENTITIES' OBJECTIONS TO
MOTION TO COMPROMISE CONTROVERSY (DKT # 251)**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now Randy W. Williams, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Houston Real Estate Properties, LLC (the "Debtor"), and files this Response to the Co-Defendants' Objection to Trustee's Motion to Compromise Controversy (DKT # 251) filed by Otisco RDX LLC, MCITBE, LLC, Jetall/Croix Properties LP, Jetall/Croix GP, LLC, 2727 Kirby 26L LLC, 9201 Memorial Dr. LLC, Arabella PH 3201 LLC, Galleria Loop Note Holder LLC, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, and Shahnaz Choudhri (collectively, the "Choudhri Entities") (the "Objection")[1], and respectfully represents as follows:

## I.   INTRODUCTION

1.      The Choudhri Entities' Objections should be overruled because they are filed by parties who lack standing to be heard on the Trustee's Motion to Compromise Controversy (DKT # 246) (the "9019 Motion"). The Choudhri Entities are non-debtor defendants in Adversary No. 23-3141 (the "Adversary Proceeding") who hold no claims against this estate, assert no pecuniary interest in the distribution of estate assets, and are not creditors, equity holders, or parties

---

[1] As the docket in this case reflects, the Choudhri Entities erroneously filed the Objection under the Trustee's name.

with any financial stake in the outcome of the proposed compromise. Their objections are directed not at the settlement of the estate's claims — the proper subject of Rule 9019 — but rather at the Trustee's request that the Court retain jurisdiction over the Adversary Proceeding. That request does not give non-debtor defendants standing to challenge the fairness of a compromise to which they are not parties and from which they suffer no cognizable injury to any interest in the bankruptcy estate. Moreover, the Objections contain material factual inaccuracies that undermine their credibility.

## II. THE CHOUDHRI ENTITIES LACK STANDING TO OBJECT TO THE 9019 MOTION

### A. Section 1109(b) Does Not Apply in Chapter 7 Cases.

2.      The Choudhri Entities assert at paragraph 5 of their Objection that they are "parties in interest" under 11 U.S.C. § 1109(b). This assertion is legally incorrect. Section 1109(b) provides, by its express terms, that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b) (emphasis added). The phrase "this chapter" refers exclusively to Chapter 11 of the Bankruptcy Code. This is a Chapter 7 case. As the court held in *In re Sharif*, 447 B.R. 853, 867 (Bankr. N.D. Ill. 2011), "Section 1109(b), by its own terms, does not apply to this chapter 7 bankruptcy case, it applies to chapter 11 cases." The Choudhri Entities' reliance on § 1109(b) is therefore misplaced and their claim to "party in interest" status under that provision fails as a matter of law.

### B. The Choudhri Entities Have No Pecuniary Interest in the Estate.

3.      In Chapter 7 cases, standing to object to trustee actions is governed by the "pecuniary interest" standard. Under this standard, a party must demonstrate a direct financial

2

interest in the outcome of the bankruptcy proceedings to qualify as a "party in interest." *See In re Dinoto*, 576 B.R. 835, 838–39 (Bankr. E.D. Mich. 2017) ("Generally, to have standing in a bankruptcy case, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings."), citing *In re Moss*, 320 B.R. 143, 149 (Bankr. E.D. Mich. 2005); *In re Underwood*, 583 B.R. 438 (Bankr. E.D. Mich. 2018) (same standard applied to objections to Chapter 7 trustee's sale motion).

4.      The Choudhri Entities are non-debtor defendants in the Adversary Proceeding. They hold no claims against this estate. They are not creditors, not equity holders, and have no interest in the distribution of estate funds. The 9019 Motion proposes to pay allowed administrative expenses and distribute the remaining estate funds to the Receiver for the benefit of Ali Choudhri's creditors — a disposition that does not affect any legally protected financial interest of the Choudhri Entities. Their quarrel is not with the settlement itself, but with the forum in which claims against them may be prosecuted. That is not a "pecuniary interest" in the administration of this bankruptcy estate.

**C.      Article III Standing Is Not Conferred Merely by Being Named in an Adversary Proceeding.**

5.      The Choudhri Entities cite *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), and *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433 (2017), for the proposition that they have Article III standing. However, the injury they identify — being bound to "continued federal-forum litigation" — is not an injury cognizable in the context of a Rule 9019 objection. The purpose of Rule 9019 is to ensure that compromises of the estate's claims are fair, equitable, and in the best interest of the estate. *See Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995); *Official Comm. of Unsecured Creditors v. Moeller (In re Age Ref., Inc.)*, 801 F.3d 530, 540 (5th Cir. 2015). The Choudhri Entities' preference

3

for a different forum does not constitute a pecuniary interest in the estate's compromise. They are not objecting to the terms of the settlement — to the withdrawal of claims, the payment of administrative expenses, or the distribution to the Receiver — because none of those provisions affect them. They are instead attempting to use a Rule 9019 objection as a vehicle to litigate what is, at bottom, a jurisdictional challenge to the Adversary Proceeding itself.

**D.      *Truck Insurance Exchange v. Kaiser Gypsum Co.* is Inapposite.**

6.      The Choudhri Entities' citation to *Truck Insurance Exchange v. Kaiser Gypsum Co.*, 602 U.S. 268 (2024), is misplaced. That decision addressed the standing of an insurer with direct financial exposure in the context of a Chapter 11 plan confirmation — a materially different procedural posture from a Chapter 7 Rule 9019 motion. Moreover, the broad "party in interest" framework discussed in *Kaiser Gypsum* arises under § 1109(b), which, as demonstrated above, does not apply in Chapter 7 cases.

### III. THE OBJECTION CONTAINS MATERIAL INACCURACIES

**A.      The Identity of the § 363(b) Purchasers Was Not Concealed.**

7.      The Choudhri Entities assert at paragraph 17 of the Objection that the "9019 Motion is silent on the identity of the § 363(b) purchaser" and that "[o]n information and belief, the purchaser is plaintiff Osama Abdullatif himself." This statement is inaccurate in two respects. First, the 9019 Motion expressly references the § 363(b) sale by docket number (DKT # 182), which is a publicly available court filing. The Trustee's Motion for Authority to Sell Litigation Claims (DKT # 173) and the Court's Order approving the sale (DKT # 182) both identify the Buyers as **Omar Khawaja, John Quinlan, and Osama Abdullatif** (the "Buyers") — all three plaintiffs in the Adversary Proceeding, not Abdullatif alone. The Choudhri Entities' repeated characterization of Abdullatif as the sole purchaser is factually wrong and appears designed to

4

suggest impropriety where none exists. The sale was conducted openly, after notice and a hearing, and was approved by this Court.

**B.      The Adversary Proceeding Was Not "Dismissed" in the Manner Suggested.**

8.      The Objection states at paragraph 7 that "[b]y Order dated October 26, 2023, the Court dismissed the complaint, finding that the plaintiffs lacked standing." While this Court did dismiss the original complaint for lack of standing and denied derivative standing, the Objection omits the critical context that the Court's ruling related to the plaintiffs' ability to prosecute estate claims as creditors — not to the viability of the underlying causes of action. The estate's litigation claims were thereafter sold pursuant to § 363(b) to the Buyers, who acquired the right to prosecute those claims. The Objection's suggestion that "no new pleadings have been filed to replace the dismissed complaint" ignores the procedural posture following the § 363(b) sale and the Court's ongoing jurisdiction over the adversary.

**C.      The 9019 Motion Does Not Seek "Affirmative Relief Against Third Parties."**

9.      The Choudhri Entities characterize the retention-of-jurisdiction request at Paragraph 16 of the 9019 Motion as seeking "affirmative relief" against them. This is a mischaracterization. The Trustee's request that the Court retain jurisdiction over the Adversary Proceeding is a standard administrative provision designed to preserve the status quo for the purchasers of the litigation claims. It does not impose any new obligation on the Choudhri Entities, alter their legal defenses, or adjudicate any claim against them. It simply clarifies that the dismissal of the main bankruptcy case does not automatically extinguish the pending Adversary Proceeding in which claims have already been purchased and are being prosecuted.

5

#### IV. CONTINUING JURISDICTION OVER ADVERSARY PROCEEDING

10.     The Choudhri Entities argue at paragraphs 10–11 of the Objection that because the estate sold its interest in the litigation claims under § 363(b), "related to" jurisdiction under 28 U.S.C. § 1334(b) has been extinguished. As the Court is aware, the Trustee previously sold the estate's interest in the Plaintiffs' claims raised in the Adversary Proceeding. Accordingly, the Trustee takes no position on whether this Court may exercise continuing jurisdiction over the Adversary Proceeding. However, the retention request is an integral part of the compromise and does not impose any new obligation on the Choudhri Entities, does not adjudicate any claim, and does not alter their rights or defenses in the Adversary Proceeding. It merely clarifies that dismissal of the main case does not automatically extinguish a separately docketed adversary proceeding.

#### V. THE TRUSTEE'S 9019 MOTION SHOULD BE GRANTED

11.     The proposed settlement satisfies the factors set forth by the Fifth Circuit in *In re Foster Mortgage Corp.*, 68 F.3d at 917, and *In re Age Refining, Inc.*, 801 F.3d at 540. The settlement allows the estate to be closed without the delay and expense of awaiting resolution of the state-court appeal, pays all allowed administrative expenses, and distributes the residual funds to the Receiver as the party holding the interest of the Debtor's sole equity holder. There are no remaining allowed creditor claims other than those of Abdullatif, who supports the settlement and has agreed to withdraw his claims. The compromise is fair and equitable and is in the best interest of the estate.

#### VI. CONCLUSION

12.     The Choudhri Entities lack standing to object to the 9019 Motion. They are not creditors of this estate, hold no pecuniary interest in the distribution of estate assets, and cannot invoke § 1109(b) in a Chapter 7 case. Their Objections are further undermined by material factual

6

4932-4824-9265, v. 3

inaccuracies regarding the identity of the § 363(b) purchasers and the nature of the relief sought by the Trustee. The Objections should be overruled in their entirety, and the Trustee's Motion to Compromise Controversy should be granted.

WHEREFORE, the Trustee respectfully requests that the Court overrule the Choudhri Entities' Objections (DKT # 251), grant the Trustee's Motion to Compromise Controversy (DKT # 246) in all respects, and grant such other and further relief to which the Trustee may be justly entitled.

Respectfully submitted,

**OKIN ADAMS BARTLETT CURRY LLP**

By: */s/ Timothy L. Wentworth*

_____
Timothy L. Wentworth
Texas Bar No. 21179000
Email: twentworth@okinadams.com
1113 Vine St., Suite 240
Houston, Texas 77002
Tel: 713.228.4100
**ATTORNEYS FOR RANDY W. WILLIAMS, TRUSTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served via the Court's ECF system on all parties registered to receive electronic notice in this case on this 3rd day of June, 2026.

*/s/ Timothy L. Wentworth*
Timothy L. Wentworth

7

4932-4824-9265, v. 3