**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 22-32998** |
| | § | |
| **HOUSTON REAL ESTATE PROPERTIES** | § | **(CHAPTER 7)** |
| **LLC** | § | |
| | § | |
| | § | |
| **DEBTOR.** | § | |

**TRUSTEE'S RESPONSE TO DEBTOR'S OBJECTION TO**
**MOTION TO COMPROMISE CONTROVERSY (DKT # 252)**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now Randy W. Williams, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Houston Real Estate Properties, LLC (the "Debtor"), and files this Response to the Debtor's Response in Opposition to Chapter 7 Trustee's Motion to Compromise Controversy (DKT # 252) filed by Houston Real Estate Properties, LLC ("HREP" or the "Debtor") (the "Objection"), and respectfully represents as follows:

**I. INTRODUCTION**

1.      The Debtor's Objection should be overruled because it fundamentally mischaracterizes the nature and purpose of the proposed compromise and advances legal arguments that, upon examination, do not warrant denial of the Trustee's Motion to Compromise Controversy (DKT # 246) (the "9019 Motion"). The Debtor, a Chapter 7 debtor that has been divested of all right, title, and interest in nonexempt property of the estate, attempts to recast a straightforward Rule 9019 settlement as a "disguised distribution order" and to substitute its own preferred disposition of estate assets for the Trustee's informed exercise of fiduciary judgment. The Debtor's arguments rest on legal premises that are either inapplicable to the procedural posture of this case or that misstate the scope of the Trustee's authority under the Bankruptcy Code.

## II. THE DEBTOR'S STANDING TO OBJECT IS LIMITED

**A.     A Chapter 7 Debtor Has No General Right to Direct Estate Administration.**

2.     Upon the commencement of a Chapter 7 case, the debtor is divested of all right, title, and interest in nonexempt property of the estate. It is the Chapter 7 Trustee, not the debtor, who becomes responsible for collecting all property of the estate and reducing it to money. *See Rivera v. Scotiabank de P.R. (In re Rivera)*, 14 F.4th 60 (1st Cir. 2021) ("The advent of the chapter 7 estate and the appointment of the chapter 7 trustee divest the chapter 7 debtor of all right, title and interest in nonexempt property of the estate at the commencement of the case."). Because the Chapter 7 debtor no longer holds title to the property of the estate, the debtor "typically lacks any pecuniary interest in the chapter 7 trustee's disposition of that property." *Id.*

3.     The Debtor may demonstrate a limited pecuniary interest in the distribution of estate assets only if the Debtor can adduce sufficient evidence that a successful objection "would generate assets in excess of liabilities, entitling the debtor to a distribution of surplus." *In re Rivera*, 14 F.4th at 60; *see also In re Gallagher*, 283 B.R. 342 (Bankr. M.D. Fla. 2002). However, even where such a pecuniary interest exists, the Debtor's standing does not confer upon it the authority to direct the manner in which the Trustee administers the estate or distributes its assets. The Trustee is the representative of the estate, 11 U.S.C. § 323(a), and exercises independent fiduciary judgment in proposing compromises under Rule 9019. No authority requires the Trustee to administer the estate for the benefit of the Debtor to the exclusion of other interested parties with legitimate claims to estate distributions.

**B.     The Debtor's Assertion of § 1109(b) Standing Is Misplaced.**

4.     To the extent the Debtor relies upon 11 U.S.C. § 1109(b) or the broad "party in interest" framework discussed in *Truck Insurance Exchange v. Kaiser Gypsum Co.*, 602 U.S. 268

4910-6114-8082, v. 2

(2024), such reliance is misplaced. Section 1109(b) provides, by its express terms, that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under *this chapter*." 11 U.S.C. § 1109(b) (emphasis added). The phrase "this chapter" refers exclusively to Chapter 11 of the Bankruptcy Code. This is a Chapter 7 case. As the court held in *In re Sharif*, 447 B.R. 853, 867 (Bankr. N.D. Ill. 2011), "Section 1109(b), by its own terms, does not apply to this chapter 7 bankruptcy case, it applies to chapter 11 cases." The broad "party in interest" framework discussed in *Kaiser Gypsum* arises under § 1109(b), which does not apply in Chapter 7 cases.

### III. THE PROPOSED COMPROMISE SATISFIES THE FAIR-AND-EQUITABLE STANDARD

**A.      The Withdrawal of Claims Does Not Render the Compromise Moot.**

5.        The Debtor argues that no "live controversy" remains because Claims 4-1 and 5-1 were withdrawn before the 9019 Motion was filed. This argument conflates the withdrawal of individual proofs of claim with the resolution of all disputes bearing on the administration of the estate. The proposed compromise addresses not only the disposition of the withdrawn claims but also the orderly distribution of estate residuals, the payment of administrative expenses, and the resolution of the estate's relationship to the Adversary Proceeding — matters that remained unresolved at the time of filing and that require judicial approval for orderly administration. The withdrawal of Claims 4-1 and 5-1 is an integral component of the settlement, not a reason to deny it. The fact that the withdrawals were filed before the 9019 Motion does not negate their role as consideration within the broader compromise framework; the settlement agreement contemplates the withdrawals as part of a package of reciprocal obligations, including the indemnity from Abdullatif and the agreed-upon administrative payments.

4910-6114-8082, v. 2

6.      Rule 9019(a) authorizes the Trustee to seek court approval for compromises or settlements that are "fair and equitable and in the best interest of the estate." *Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995); *Official Comm. of Unsecured Creditors v. Moeller (In re Age Ref., Inc.)*, 801 F.3d 530, 540 (5th Cir. 2015). The compromise here allows the estate to be closed without the delay and expense of awaiting resolution of the state-court appeal, pays all allowed administrative expenses, and distributes the residual funds to the Receiver as the party holding the interest of the Debtor's sole equity holder. The Trustee contends that these terms satisfy the factors set forth by the Fifth Circuit.

**B.      The Factors Weigh in Favor of Approval.**

7.      The Debtor contends that each of the Fifth Circuit's factors weighs against approval. The Trustee respectfully disagrees. The Abdullatif/Choudhri litigation battles are numerous and often involve complex and multiple claims and issues between the two sides. The pre-petition trial was lengthy and set the stage for the numerous appellate issues raised after Abdullatif obtained judgment. There are currently no settings related to the appeal, and the appeal could be decided in weeks, months, or longer. The proposed settlement allows the estate to remove itself from the Abdullatif/Choudhri dispute and provide that the Receiver hold the funds and make final distribution of same. The settlement allows the Trustee and the Debtor's estate to be closed without the delay of waiting on a resolution of the pre-petition litigation and allows the two-party dispute between Abdullatif and Choudhri to be resolved outside of Bankruptcy Court. The Trustee recognizes that a degree of uncertainty and litigation risk exists with respect to continued litigation, and the Trustee believes that the proposed settlement fairly accounts for such risk and provides for the resolution of disputes without the need for continued litigation and its attendant costs and expenses.

4

## C.     The Arm's-Length Nature of the Compromise Is Established.

8.      The Debtor asserts that "material disclosures are absent" and that the Court cannot determine whether the settlement is the product of arm's-length dealing. This contention is factually incorrect. The sale of the estate's litigation claims under § 363(b) was conducted openly, after notice and a hearing, and was approved by this Court (DKT # 182). The Trustee's Motion for Authority to Sell Litigation Claims (DKT # 173) and the Court's Order approving the sale (DKT # 182) both identify the Buyers as Omar Khawaja, John Quinlan, and Osama Abdullatif — all three plaintiffs in the Adversary Proceeding. The Debtor's repeated characterization of Abdullatif as the sole purchaser is factually wrong and appears designed to suggest impropriety where none exists. Further, the relationship of the Buyers to the Receiver has already been disclosed to this Court at DKT # 240 that includes a copy of the order appointing the Receiver. Counsel for the various parties are competent and experienced, and the proposed settlement was reached after the case was pending for almost three and a half years following extensive arm's-length negotiations.

## D.     The Trustee's Statement Regarding Ownership Does Not Defeat the Compromise.

9.      The Debtor argues that the Trustee "cannot carry his burden" because he has acknowledged uncertainty regarding the precise ownership percentages of the Debtor's membership interests. This argument is undercut by the Debtor's own filings. The Debtor filed an Amended List of Equity Security Holders [DKT No. 31] on November 8, 2022, under penalty of perjury, identifying Ali Choudhri as an 80% member and Osama Abdullatif as a 20% member. That sworn filing — prepared by the Debtor's own manager, Dward Darjean — is the best evidence in this record of the Debtor's ownership structure, and it is the Debtor who placed it before this Court. Having itself represented under oath that Choudhri holds 80% and Abdullatif holds 20%,

5

4910-6114-8082, v. 2

the Debtor cannot now contend that the ownership percentages are so uncertain as to defeat a distribution that is consistent with its own disclosure. The proposed distribution to the Receiver for Ali Choudhri's 80% membership interest is based on the Debtor's own sworn filing and on the Receiver's state-court authority over Choudhri's membership interest. Moreover, Abdullatif — the only other identified equity holder at 20% — is a party to the settlement, supports the compromise, and has voluntarily withdrawn his claims. There is accordingly no unidentified or unrepresented co-owner whose interests are prejudiced by the proposed distribution.

## IV. TEXAS BUSINESS ORGANIZATIONS CODE § 101.112 DOES NOT BAR THE PROPOSED DISTRIBUTION

10. The Debtor argues that Texas Business Organizations Code § 101.112 limits the Receiver to distributions that HREP "actually makes" and therefore bars the proposed disbursement. This argument misapprehends both the nature of the proposed distribution and the Trustee's authority. The Trustee is not directing the Debtor's assets to the Receiver in contravention of § 101.112. Rather, the Trustee, as the fiduciary of the estate, is proposing a court-approved distribution of estate assets under Rule 9019 — a federal procedural mechanism that operates independently of state-law limitations on charging-order remedies in the ordinary course of LLC operations. The proposed distribution is made pursuant to federal bankruptcy law and with the approval of this Court, not as a voluntary distribution by the Debtor in the ordinary course of its business.

11. The Debtor's reliance on *Butner v. United States*, 440 U.S. 48, 55 (1979), and *Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.*, 549 U.S. 443, 450–51 (2007), does not compel a different result. While property interests are indeed created and defined by state law, the administration and distribution of estate assets in a bankruptcy proceeding are governed by federal law. The Trustee is not seeking to expand the Receiver's state-law rights; the

6

4910-6114-8082, v. 2

Trustee is exercising his independent fiduciary authority to distribute estate assets in accordance with a court-approved compromise.

## V. SECTION 349(b)(3) DOES NOT PRECLUDE THE PROPOSED DISTRIBUTION

12.     The Debtor contends that 11 U.S.C. § 349(b)(3) automatically revests all estate property in HREP upon dismissal and that the Trustee therefore lacks authority to disburse residuals to any third party. This argument ignores the express language of § 349(b)(3) itself. The statute provides that, "unless the court orders otherwise for cause," dismissal revests estate property in the entity in which it was vested before the commencement of the case. 11 U.S.C. § 349(b)(3). The "unless the court orders otherwise for cause" language explicitly permits this Court to modify the default revesting provision when justified by the circumstances. *See Cusano v. Klein (In re Cusano)*, 431 B.R. 726 (B.A.P. 6th Cir. 2010) (affirming bankruptcy court's authority under § 349(b)(3) to order that dismissal not revest estate property where cause exists).

13.     The proposed compromise constitutes precisely such "cause." The Trustee has proposed an orderly distribution of estate residuals as part of a broader settlement that resolves all outstanding disputes, pays all administrative expenses, and permits the estate to be closed. The Court's approval of the 9019 Motion, including the distribution to the Receiver, would constitute an order "otherwise for cause" within the meaning of § 349(b)(3), and the default revesting provision would not apply to the extent of the Court's order. The Debtor's argument that the Trustee's positions are internally inconsistent — seeking dismissal while also seeking a pre-dismissal distribution — ignores the well-established mechanism by which trustees routinely seek court approval of distributions and administrative payments incident to and prior to the dismissal or closing of a case.

4910-6114-8082, v. 2

## VI. THE ADVERSARY PROCEEDING

14.     The Debtor argues at length that the Adversary Proceeding should be dismissed upon dismissal of the main case for lack of subject-matter jurisdiction under 28 U.S.C. § 1334(b). As the Court is aware, the Trustee previously sold the estate's interest in the litigation claims raised in the Adversary Proceeding. Accordingly, the Trustee takes no position on whether this Court may exercise continuing jurisdiction over the Adversary Proceeding. However, the retention request is an integral part of the compromise and does not impose any new obligation on the Choudhri Entities, does not adjudicate any claim, and does not alter their rights or defenses in the Adversary Proceeding. It merely clarifies that dismissal of the main case does not automatically extinguish a separately docketed adversary proceeding.

## VII. THE DEBTOR'S REMAINING ARGUMENTS DO NOT WARRANT DENIAL

### A.     The Administrative Fee Objection Is Premature.

15.     The Debtor objects to the proposed administrative-fee payments, arguing that the Trustee has not filed detailed fee applications. The 9019 Motion proposes the payment of administrative expenses as a component of the settlement, and the only party that will be affected by such payment, the Receiver, has no objection. However, if required by the Court, the Trustee shall provide documentation supporting the proposed administrative payments.

### B.     The Partial Release Does Not Eliminate the Basis for the Compromise.

16.     The Debtor argues that the Partial Release of Judgment executed by Abdullatif removes the "predicate debt" underlying the adversary claims against HREP and therefore eliminates any basis for the compromise. This argument conflates the scope of the Partial Release with the broader disputes that the compromise is designed to resolve. The Partial Release is one

4910-6114-8082, v. 2

component of the broader settlement framework, and its execution does not render the remaining terms of the compromise unnecessary or improper.

**C.      The Indemnity Provision Does Not Signal Impropriety.**

17.      The Debtor suggests that the indemnity from Abdullatif to the Trustee "signals awareness that the proposed action may be challenged" and therefore evidences a defect in the proposed distribution. To the contrary, indemnity provisions are standard features of settlement agreements and serve to protect the estate and its fiduciary from potential claims arising from the distribution of estate assets. The inclusion of an indemnity does not suggest impropriety; it reflects prudent estate administration.

**VIII. CONCLUSION**

18.      The Debtor's Objection should be overruled. The Debtor's arguments rest on a mischaracterization of the Trustee's authority and the nature of the proposed compromise. The proposed settlement satisfies the factors set forth by the Fifth Circuit in *In re Foster Mortgage Corp.*, 68 F.3d at 917, and *In re Age Refining, Inc.*, 801 F.3d at 540. The settlement allows the estate to be closed without the delay and expense of awaiting resolution of the state-court appeal, pays all allowed administrative expenses, and distributes the residual funds to the Receiver as the party holding the interest of the Debtor's sole equity holder. The compromise is fair and equitable and is in the best interest of the estate.

**WHEREFORE**, the Trustee respectfully requests that the Court overrule the Debtor's Objection (DKT # 252), grant the Trustee's Motion to Compromise Controversy (DKT # 246) in all respects, and grant such other and further relief to which the Trustee may be justly entitled.

9

4910-6114-8082, v. 2

Respectfully submitted,

**OKIN ADAMS BARTLETT CURRY LLP**

By: */s/ Timothy L. Wentworth*

_____
Timothy L. Wentworth
Texas Bar No. 21179000
Email: twentworth@okinadams.com
1113 Vine St., Suite 240
Houston, Texas 77002
Tel: 713.228.4100

**ATTORNEYS FOR RANDY W. WILLIAMS, TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via the Court's ECF system on all parties registered to receive electronic notice in this case on this 3rd day of June, 2026.

*/s/ Timothy L. Wentworth*
Timothy L. Wentworth

10

4910-6114-8082, v. 2