**IN RE:**

**HOUSTON REAL ESTATE PROPERTIES, LLC,**

**Debtor.**

CASE NO. 22-32998

CHAPTER 7

United States Courts
Southern District of Texas
FILED

JUN 0 2 2026

Nathan Ochsner, Clerk of Court

### ALI CHOUDHRI'S VERIFIED OBJECTION TO TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY (ECF NO. 246)

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

Ali Choudhri ("Choudhri"), appearing pro se, a named defendant in Adversary No. 23-03141 and a member and manager of the Debtor, submits this Verified Objection in his individual capacity as a member, manager, and party in interest to the Chapter 7 Trustee's Motion to Compromise Controversy (ECF No. 246) (the "9019 Motion"). Choudhri supports dismissal of the main bankruptcy case and opposes the Trustee's request to retain the adversary. In support, Choudhri respectfully shows:

Choudhri appears solely in his individual capacity and pro se. He does not represent, and does not appear on behalf of, Houston Real Estate Properties, LLC or any other entity; references to his status as a member or manager of the Debtor are made only to establish his individual interest and standing.

## I. INTRODUCTION

1. The 9019 Motion asks the Court to do two irreconcilable things: dismiss the main case — conceding there are no remaining allowed claims and nothing to administer — while keeping Adversary No. 23-03141 alive "for all purposes," binding Choudhri to continued federal-forum litigation after the only basis for federal jurisdiction has ended. The Trustee cannot have it both ways.

2. The Trustee has conceded the dispositive fact. At ¶ 15 he acknowledges the estate's interest in the adversary claims was sold under 11 U.S.C. § 363(b) by order entered January 5, 2024 (ECF No. 182; Ex. 5) and that the adversary "is being prosecuted by parties other than the estate." That admission ends "related to" jurisdiction. In re Wood, 825 F.2d 90, 93 (5th Cir. 1987).

3. There is also no controversy left for Rule 9019 to compromise as to the estate. The only allowed claims were withdrawn (ECF Nos. 243, 244; Ex. 2), and the judgment against HREP was released. The Partial Release (Ex. 7) releases HREP "only" from "further personal liability for enforcement of the Judgment," is expressly not a satisfaction, recites

no consideration, and "expressly reserve[s] and preserve[s] all rights ... against Ali Choudhri and any other person or entity." Whatever rights remain run against Choudhri and non-debtor parties — not against HREP or the estate.

## II.  STANDING

4.      Choudhri's standing rests first on direct injury. Paragraph 16 and Prayer ¶ (e) seek an order binding him — a non-estate party — to continued federal-forum litigation after the bankruptcy predicate for jurisdiction is gone. That is a concrete, particularized injury caused by the proposed order and redressable by its denial. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992); Town of Chester v. Laroe Estates, Inc., 581 U.S. 433, 439 (2017). Because the Trustee seeks affirmative relief against him, Choudhri is an interested party entitled to be heard. Truck Ins. Exch. v. Kaiser Gypsum Co., 602 U.S. 268, 277–80 (2024). This ground is independent of his membership interest and of any receivership.

5.      Independently, Choudhri has standing as a member and manager of the Debtor and an equity holder. The Trustee attributes 80% of the membership interest to Choudhri (¶ 2), and on dismissal the estate's residual funds revest in the Debtor under 11 U.S.C. § 349(b)(3); Choudhri therefore has a direct pecuniary interest in those funds. The Trustee's assertion (¶ 9) that this interest is "property of the Receiver" does not defeat standing. The receiver holds, at most, a charging order — a lien on a member's distributions, not ownership of the interest — and has said exactly that (Ex. 8). The receivership order confirms it: it turns over to the receiver only Choudhri's non-LLC assets, expressly excluding "his ownership interests in any limited liability company" (Ex. 10, ¶¶ 8, 17), and the only mechanism it directs at any LLC interest is a charging order under Tex. Bus. Orgs. Code § 101.112, confined to a defined list of "Choudhri LLC's" that does not include the Debtor and that "does not apply to the Bankrupt LLCs" (Ex. 10, ¶¶ 9, 18). The Debtor is named nowhere in that order. A charging order is not a transfer of the membership interest under Texas law and does not divest the member of governance or management rights; it gives the holder only the rights of an assignee to distributions. Tex. Bus. Orgs. Code § 101.112. Choudhri thus retains his membership and the standing that accompanies it. He appears solely in his individual capacity as a member and manager and does not object on the Debtor's behalf.

## III.  FACTUAL BACKGROUND

6.      The adversary was filed August 1, 2023 on state-law theories of fraudulent transfer, alter ego, and joint enterprise. By order dated October 26, 2023, the Court dismissed the complaint for lack of standing (Adv. ECF No. 101; Ex. 3) and denied derivative standing

(Adv. ECF No. 102; Ex. 4); the Trustee declined to substitute. By order entered January 5, 2024 (ECF No. 182; Ex. 5), the estate's litigation claims were sold for $15,000. Upon information available to Movant, the purchaser is Osama Abdullatif. No amended complaint pleading the purchased claims has been filed.

7. On May 5–7, 2026, in a coordinated sequence, Abdullatif executed and filed in Cause No. 2013-41273 (334th Judicial District Court of Harris County) the Partial Release (Ex. 7), withdrew both proofs of claim (ECF Nos. 243, 244; Ex. 2), moved in the First Court of Appeals to dismiss the HREP appeal as moot (No. 01-23-00109-CV; Ex. 6) under Rapp v. Mandell & Wright, P.C., 123 S.W.3d 431, 436 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) — representing that he did not release the judgment against Choudhri and that the appeal continues with Choudhri as the sole appellant — and joined the state-court receiver in seeking disbursement of $2,132,946.18 in supersedeas funds to Travis B. Vargo. Five days later the Trustee filed the 9019 Motion, proposing to send a further approximately $447,924.57 (less administrative expenses) to the same receiver.

## IV. ARGUMENT

### A. The Trustee's ¶ 15 admission forecloses "related to" jurisdiction.

8. "Related to" jurisdiction requires that the outcome "could conceivably have any effect on the estate being administered." In re Wood, 825 F.2d at 93 (adopting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). The Supreme Court has been categorical that "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." Celotex, 514 U.S. at 308 n.6. With the estate's interest sold, the claims withdrawn, and the judgment released, no such effect is conceivable; the remaining state-law claims between non-debtors fall outside § 1334(b), and the Court cannot supply supplemental jurisdiction. Walker v. Cadle Co. (In re Walker), 51 F.3d 562, 569–73 (5th Cir. 1995).

### B. Rule 9019 does not authorize a retention order against non-estate parties.

9. Rule 9019(a) authorizes approval of a compromise of the estate's claims on the trustee's motion. It does not authorize affirmative relief against third parties and does not enlarge § 1334 jurisdiction. Paragraph 16 and Prayer ¶ (e) ask the Court to bind Choudhri to a federal forum after dismissal; the Trustee identifies no independent jurisdictional basis, and Rule 9019 supplies none.

10. The retention also serves a private interest the Trustee may not advance. The only party that benefits from keeping the adversary here is the § 363(b) purchaser — upon information available to Movant, Osama Abdullatif — who withdrew the only claims and released HREP. A trustee is the representative of the estate and a fiduciary to all parties in interest, Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 352, 355 (1985), and may not serve two masters, In re Consol. Bancshares, Inc., 785 F.2d 1249, 1256 n.7 (5th Cir. 1986). That Abdullatif agreed to indemnify the Trustee for the very distribution at issue (¶ 13) confirms the point.

## C. The direct payment to the receiver is improper.

11. The 9019 Motion proposes to pay the residual to Vargo as receiver for Choudhri. But on April 4, 2025 the receiver represented that he "has a charging order over the LLCs only" (Ex. 8), citing Klinek v. LuxeYard, Inc., 672 S.W.3d 830, and Pajooh v. Royal West Investments LLC, Series E, 518 S.W.3d 557. The operative receivership order bears this out: the receiver is made the "legal and equitable owner" only of the turned-over "Receivership Assets," which expressly exclude "his ownership interests in any limited liability company" (Ex. 10, ¶¶ 8, 17); the order applies to LLC interests only a § 101.112 charging order, confined to a list of "Choudhri LLC's" that does not include the Debtor and that "does not apply to the Bankrupt LLCs" (Ex. 10, ¶¶ 9, 18); and the Debtor is named nowhere in the order. The receiver therefore neither owns the Debtor's membership interest nor holds any charging order against it. A charging order is a lien on a member's distributions only; it is not a transfer of the membership interest and does not reach entity assets or estate cash. Tex. Bus. Orgs. Code § 101.112. Estate cash is property of the estate under 11 U.S.C. § 541; on dismissal it revests in HREP under § 349(b)(3), not in the receiver, and it is not a member distribution that any charging order could intercept — still less before any distribution is made. The Trustee's own ¶ 9 concedes it is "unclear" both the basis for the interest attributed to Choudhri and who holds any remaining interest, while ¶ 2 attributes 80% of the membership to Choudhri and no competing proof of interest was filed. The Trustee cannot route estate cash to the receiver on the strength of a charging order coupled with an admittedly unresolved ownership question.

## D. Dismissal of the main case warrants declining retention; Stern independently forecloses it.

12. Related proceedings ordinarily should be dismissed when the main case ends, and retention bears the burden of justification. In re Porges, 44 F.3d 159, 162 (2d Cir. 1995); Matter of

Querner, 7 F.3d at 1201–02. Each Querner factor — judicial economy, convenience, fairness, and comity — favors the Texas state courts for these state-law claims. And under Stern v. Marshall, 564 U.S. 462 (2011), this Court could not finally adjudicate them in any event.

### E.  The undisclosed identity of the § 363(b) purchaser bars approval.

13. A Rule 9019 compromise must be "fair and equitable" and the product of arms-length bargaining, not collusion. In re Cajun Elec. Power Coop., Inc., 119 F.3d 349, 356 (5th Cir. 1997); In re Foster Mortg. Corp., 68 F.3d 914, 917–18 (5th Cir. 1995). The 9019 Motion does not disclose the § 363(b) purchaser. Upon information available to Movant, the purchaser is Abdullatif — the same person who withdrew the claims, released HREP, and agreed to indemnify the Trustee. The Court cannot make the required findings on a record that omits this.

## V.  RESERVATION OF RIGHTS

14. The factual statements herein are supported by the accompanying exhibits and verified below. Choudhri reserves all rights, including all defenses to the underlying state-law claims in any forum; the right to challenge the validity, scope, and effect of the § 363(b) sale and any assignment to Abdullatif; the right to discovery on the matters raised here and in the 9019 Motion, including communications among the Trustee, Abdullatif and his counsel, and the receiver; and the right to present evidence and be heard at the June 16, 2026 hearing.

## VI.  PRAYER

WHEREFORE, Choudhri respectfully requests that the Court: (a) deny the 9019 Motion to the extent it seeks approval of a compromise under Rule 9019 and authority to pay residual estate funds directly to the receiver; (b) deny Paragraph 16 and Prayer ¶ (e); (c) to the extent the main case is dismissed, decline to retain jurisdiction over Adversary No. 23-03141; and (d) grant such other and further relief to which Choudhri may be justly entitled.

Respectfully submitted,

_____
**Ali Choudhri**
Appearing Pro Se
Email: ali@jetallcapital.com
4521 San Felipe, Houston, TX 77027
Telephone: _____

## VERIFICATION

I, Ali Choudhri, declare under penalty of perjury under 28 U.S.C. § 1746 that I am a member and manager of Houston Real Estate Properties, LLC and am personally familiar with the matters stated; that I have read the foregoing Objection; and that the factual statements contained in it are true and correct to the best of my knowledge, information, and belief.

_____
Ali Choudhri

## CERTIFICATE OF SERVICE

I certify that, on the date of filing, a true and correct copy of the foregoing (including any exhibit) was served via the Court's CM/ECF system on all parties and counsel of record, including Randy W. Williams (Chapter 7 Trustee); Timothy L. Wentworth (Okin Adams Bartlett Curry, LLP), counsel to the Trustee; Steven A. Leyh, Angeline Vachris Kell, and Thomas Michael Ballases (Hoover Slovacek LLP), counsel for John Quinlan, Omar Khawaja, and Osama Abdullatif; Joshua A. Cottle, counsel for Osama Abdullatif individually; and Travis B. Vargo and Michael Poynter (Vargo Law Firm).

_____
Ali Choudhri, Pro Se