EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-32998 |
| | § | |
| HOUSTON REAL ESTATE | § | |
| PROPERTIES LLC | § | (CHAPTER 7) |
| | § | |
| DEBTOR. | § | |

### TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY

---

**NOTICE PURSUANT TO LOCAL RULE 9013-1**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

A HEARING HAS BEEN SET ON THIS MATTER ON JUNE 16, 2026 AT 1:30 P.M. IN COURTROOM 403, UNITED STATES COURTHOUSE, 515 RUSK ST., HOUSTON, TEXAS 77002.

---

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

Comes now Randy W. Williams, Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate of Houston Real Estate Properties, LLC (the "**Debtor**"), and files this *Motion to Compromise Controversy* (the "**Motion**") pursuant to Bankruptcy Rule 9019, and in support thereof respectfully represents as follows:

### I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this

1

District pursuant to 28 U.S.C. §§ 1408 and 1409. The predicate for the relief requested is Bankruptcy Rule 9019.

## II. BACKGROUND

2. This case was commenced by the filing of a voluntary petition under chapter 11 of the Bankruptcy Code on October 7, 2022. The case was converted to chapter 7 on March 8, 2023, and Randy W. Williams was appointed as Chapter 7 Trustee on that date. Ali Choudhri is listed as owner of 80% of the member interest in the Debtor.

3. During the administration of the case, the Trustee liquidated the Debtor's tangible assets, including the sale of the real property located at 801 Malone Street, Houston, Texas for $580,000.00, free and clear of liens, claims and encumbrances. The Trustee also sold the estate's litigation claims for $15,000.00 pursuant to 11 U.S.C. § 363(b) by separate order of the Court. As of the filing of this Motion, the Trustee has $447,924.57 in the estate bank account.

4. All tangible property of the estate has been administered, and the Trustee is currently holding cash in the estate's account sufficient to pay all anticipated administrative expenses and to make a distribution to creditors. The only other scheduled asset is an alleged promissory note from Osama Abdullatif. The Trustee does not believe there is any value to the claim related to the alleged promissory note.

5. The only filed allowed claims in this case belong to Abdullatif & Company and Osama Abdullatif. The Abdullatif & Company claim is listed as $0.00 as it relates to pending litigation that is still on appeal; Mr. Abdullatif's claim is for over $2,200,000. All other claims filed in this case are disallowed. The case has not been closed because of the pending appeal referenced above. The appeal relates to a judgment that Abdullatif recovered against the Debtor and Choudhri, individually.

2

## III. THE SOLE REMAINING ALLOWED CREDITORS

6.      Following the claims-resolution process in this case, as stated above, the only remaining holders of allowed claims against the estate (other than allowed administrative claims) were Osama Abdullatif (Claim No. 4) and Abdullatif & Company, LLC (Claim No. 5) (collectively "**Abdullatif**"), whose unsecured claims totaling $2,216,212.41 were subject to appeal at the Texas First Court of Appeals under Cause No. 01-23-00109-CV. The competing secured and unsecured claims asserted by Skaneateles rDX, LLC, Ali Choudhri ("**Choudhri**"), and Jetall Investment & Realty, Inc. were each disallowed by separate orders of this Court. The other ad valorem and governmental claims were either withdrawn or satisfied.

7.      Abdullatif has agreed on behalf of himself and Abdullatif & Company, as part of the consensual resolution memorialized herein, to withdraw the allowed claims against the bankruptcy estate of Houston Real Estate Properties, LLC, leaving no remaining allowed claims against the estate, except for the claim of the U.S. Trustee and any unpaid claims for administration of the case.  In furtherance of this resolution, Abdullatif filed his Notice of Withdrawal of Claim No. 4 at ECF 243 and Notice of Withdrawal of Claim No. 5 at ECF 244.

## IV. THE CHOUDHRI RECEIVERSHIP AND PROPOSED SETTLEMENT

8.      By orders entered on April 8 and April 9, 2025 in Cause Nos. 2012-27197-A and 2012-27197-D in the 333rd Judicial District Court of Harris County, Texas, Travis B. Vargo was appointed as the receiver for Choudhri (the "**Receiver**"). Certified copies of the receivership orders are filed of record in this case.

9.      As the Court is aware, Choudhri, per the statement of financial affairs, claims ownership of 80% of the equity in the Debtor. Because of the receivership, Choudhri's interest(s) in this case are property of the Receiver.  In the books and records produced by the Debtor in this case, it is unclear the basis for Choudhri's claim of 80% ownership or who the owner(s) of the

3

remaining 20% is/are. Arguably, Abdullatif may claim ownership of the 20% or more of the membership interests. In any event, no proof of interests are filed in the case.

10. The Trustee, the Receiver and Abdullatif reached the following proposed settlement that will allow this case to be closed:

a. Abdullatif will withdraw the allowed unsecured claims against the estate, eliminating the only remaining allowed claims other than administrative expenses;

b. Abdullatif and the Receiver agree that the Trustee shall pay the following claims upon approval of this settlement:

i. $250.00 to the U.S. Trustee (the U.S. Trustee filed claim 7 for $250);

ii. $33,000.00 to the chapter 7 trustee for services rendered in administration of the chapter 7 case and $31.00 for out-of-pocket expenses related to the case; and

iii. $21,510.00 for fees and $1,052.40 for out-of-pocket expenses to Okin Adams Bartlett Curry, LLP ("**Okin Adams**") for the balance of attorney fees and expenses related to the case, and all prior interim awards are confirmed and were paid.

11. Upon payment of the claims listed above, the Trustee shall pay the remaining balance to the Receiver. Upon payment of all funds of the estate, the Trustee shall file a Notice with the Court confirming those payments were made and that the case is ready to be dismissed.

12. As stated above, the Trustee has, until now, deferred seeking dismissal or closing of this case in part because of the pendency of appeal in Cause No. 01-23-00109-CV, that relates to the underlying judgment giving rise to Abdullatif's claims against the estate.

13. Because Abdullatif agrees to withdraw his claims and because the Receiver agrees to accept the residual funds, the disposition of Cause No. 01-23-00109-CV is no longer material to the administration or closing of this estate. The case can be dismissed without awaiting disposition of that appeal. Abdullatif agrees to indemnify the Trustee, the chapter 7 estate and his

4

4926-7870-8392, v. 8

professionals related to distribution of the funds the Trustee pays to the Receiver up to the amount remitted by the estate.

## V. CONTINUATION OF THE QUINLAN ADVERSARY PROCEEDING

14. The adversary proceeding styled *John Quinlan, Omar Khawaja, and Osama Abdullatif v. Houston Real Estate Properties, LLC, et al.*, Adversary No. 23-3141 (the "**Quinlan Adversary**"), remains pending before this Court.

15. The estate's interest in the litigation claims at issue in the Quinlan Adversary was previously sold by the Trustee pursuant to 11 U.S.C. § 363(b) (DKT # 182), and the Quinlan Adversary is being prosecuted by parties other than the estate.

16. Accordingly, the Trustee requests that the order of dismissal entered in this main case expressly provide that the Quinlan Adversary shall not be dismissed and shall continue notwithstanding the dismissal of this main bankruptcy case, and that this Court retain jurisdiction over the Quinlan Adversary for all purposes.

## VI. ARGUMENT AND AUTHORITIES

17. Rule 9019(a) states that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement ... ." Fed. R. Bankr. P. 9019(a). "Bankruptcy Rule 9019, unique in that it does not have a parallel section in the Code, has a 'clear purpose…to prevent the making of concealed agreements which are unknown to the creditors and unevaluated by the court.'" *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 461 (5th Cir. 2007)(quoting *In re Masters, Inc.*, 141 Bankr. E.D.N.Y. 1992).

18. "Courts have developed standards to evaluate if a settlement is fair and equitable, and, to that end, courts in [the Fifth] Circuit have set forth factors for approval of settlements based on the original framework announced in *TMT Trailer Ferry Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson…*" *Id.* at 462. Those factors are:

5

4926-7870-8392, v. 8

a. The balance between the litigation's possibility of success and the settlement's future benefits;

b. The likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment;

c. The paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;

d. Whether other parties in interest support the settlement;

e. The competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy judge reviewing, the settlement;

f. The nature and breadth of releases to be obtained by [the settling party]; and

g. The extent to which the settlement is the product of arm's length bargaining.

*See Iridium*, 478 F.3d at 462 (citing *TMT Trailer Ferry*, 390 U.S. at 424; *In re WorldCom, Inc.*, 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992)).

19.     The Trustee contends that the terms of the Settlement Agreement are fair and equitable pursuant to the requirements established by the Supreme Court in *Anderson* and the Fifth Circuit in *Iridium*. The Settlement Agreement allows the Trustee and the Debtor's estate to be closed without the delay of waiting on a resolution of the pre-petition litigation and allows the two-party dispute between Abdullatif and Choudhri to be resolved outside of Bankruptcy Court.

**A. The balance between the litigation's possibility of success and the settlement's future benefits**

20.     Given that the Trustee already successfully objected to the Choudhri related claims, the Trustee does not believe that the pending appeal will result in any benefit to the estate. The appeal is most likely to be upheld in Abdullatif's favor or at best returned to State District Court

6

4926-7870-8392, v. 8

for further proceedings. And as stated above, the Trustee does not believe there is any merit to the alleged promissory note claim against Abdullatif. Here, the Receiver will bear responsibility for deciding how to address the pending appeal as well as any issues related to claims against the Debtor, including but not limited to, ownership of the membership interests in the Debtor. There is no timeline or suggestion as to how much longer the appeal may be pending, and as it involves Mr. Choudhri personally as well, the estate has no power to resolve the matter on its own. Mr. Choudhri may have standing to file further appeals or pursue claims if the matter is returned to State District Court. The proposed settlement allows the estate to remove itself from the Abdullatif/Choudhri dispute and provide that the Receiver hold the funds and make final distribution of same.

**B. The likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment**

21. The Abdullatif/Choudhri litigation battles are numerous and often involve complex and/or at least multiple claims and issues between the two sides. The Debtor is part of but one of the many state court battles involving the two parties. The pre-petition trial was lengthy and set the stage for the numerous appeal errors raised after Abdullatif obtained judgment. It was not until after this case was filed that briefs were actually filed in the appeal, and as stated several times herein, it is still pending. There are currently no settings related to the appeal. The appeal could be decided in weeks or months or longer, and as stated above, its resolution will likely be followed by more appeals and/or litigation.

**C. The paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement**

22. The status of claims and creditors in this case is unusual because the only remaining claims are held by Abdullatif, who obviously, as a party to this settlement, supports it. All other filed claims are disallowed. As a result, as the case sits today, the Trustee is of the firm

7

4926-7870-8392, v. 8

belief that the proposed settlement is in the best interest of the creditors as it resolves the pending bankruptcy case and means that there will be no further estate expenses to be paid from the proceeds that the Trustee holds.

### D. The nature and breadth of releases to be obtained by the Trustee

23.     The proposed settlement does not provide for any releases; although it does provide that Abdullatif will indemnify and hold harmless the Trustee, the estate and the Trustee's professionals related to distribution of the funds to be paid to the Receiver up to the amount remitted by the estate.

### E. The competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy judge reviewing, the settlement; the Settlement Agreement was the result of arms-length negotiations

24.     Counsel for the various parties are competent and experienced.  The proposed settlement was reached after the case was pending for almost three and a half years.  The settlement was reached following extensive arms-length negotiations.

25.     The Trustee recognizes that a degree of uncertainty and litigation risk(s) exists with respect to continued litigation.  The Trustee believes that the proposed settlement fairly accounts for such risk and provides for the resolution of disputes without the need for continued litigation and its attendant costs and expenses.  The Trustee has attempted to achieve a resolution that maximizes value for the estate.  Consequently, the Trustee urges that the Settlement Agreement is fair, equitable, and in the best interest of the estate and all concerned parties.

## VII. RELIEF REQUESTED

WHEREFORE, the Trustee respectfully requests that the Court enter an order:

(a) dismissing this chapter 7 case pursuant to 11 U.S.C. § 707(a) as set forth above;

(b) authorizing and directing the Trustee to pay the claims listed in paragraph 10 above;

4926-7870-8392, v. 8

(c) authorizing and directing the Trustee, after payment of all such claims to distribute the residual funds remaining in the estate to Travis B. Vargo, in his capacity as court-appointed receiver for Ali Choudhri;

(d) confirming that Abdullatif shall indemnify and hold harmless the Trustee, the estate, and the Trustee's professionals related to any and all claims related to disbursement of the funds paid to the Receiver up to the amount remitted by the estate;

(e) providing that Adversary No. 23-3141 shall not be dismissed and shall continue notwithstanding the dismissal of this main bankruptcy case, with this Court retaining jurisdiction over that adversary proceeding for all purposes; and

(f) granting such other and further relief, at law or in equity, to which the Trustee may be justly entitled.

Respectfully submitted,

**OKIN ADAMS BARTLETT CURRY LLP**

By: */s/ Timothy L. Wentworth*
Timothy L. Wentworth
Texas Bar No. 21179000
Email: twentworth@okinadams.com
1113 Vine St., Suite 240
Houston, Texas 77002
Tel: 713.228.4100
**ATTORNEYS FOR RANDY W. WILLIAMS, TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served via the Court's ECF system on all parties registered to receive electronic notice in this case, and by U.S. Mail, postage prepaid, on the parties listed on the attached service list, on this 12th day of May, 2026.

*/s/ Timothy L. Wentworth*

Timothy L. Wentworth

9

4926-7870-8392, v. 8

Label Matrix for local noticing
0541-4
Case 22-32998
Southern District of Texas
Houston
Tue May 12 13:30:03 CDT 2026

Harris County
Linebarger Goggan Blair & Sampson LLP
C/O Jeannie Lee Andresen
P.O. Box 3064
Houston, Tx 77253-3064

Abdullatif & Company LLC
2500 West Loop S., Ste. 522
Houston, TX 77027-4523

Allan D. Goldstein
James D. Salyer
Morris Lendais Hollrah & Snowden
1980 Post Oak Blvd., Ste. 700
Houston, TX 77056-3848

Fort Bend County
C/o Jeannie Lee Andresen
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, Tx 77253-3064

Internal Revenue Service
Centralized Insolvency Office
PO Box 7346
Philadelphia, PA 19101-7346

Osama Adbullatif
2500WestLoopS., Ste. 522
Houston, TX 77027

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

Ali Choudhri
1001 W. Loop S.
Suite 700
Houston, TX 77027-9033

Randy W Williams
Byman & Associates PLLC
7924 Broadway
Suite 104
Pearland, TX 77581-7933

Abdullatif & Company, LLC
5445 Almeda Rd., Ste. 500
Houston, TX 77004-7450

Houston Real Estate Properties LLC
1001 West Loop
Ste 700
Houston, TX 77027-9033

Ali Choudhri
1001 W. Loop South, Suite 700
Houston, Texas 77027-9033

City of Houston Water
801 Malone
Houston, TX 77007-5125

(p)HARRIS CENTRAL APPRAISAL DISTRICT
13013 NORTHWEST FREEWAY
HOUSTON TX 77040-6305

Jetall Companies
1001 W. Loop South, Suite 700
Houston, Texas 77027-9033

Skaneateles rdX LLC
1001 W. Loop South, Suite 700
Houston, Texas 77027-9033

U.S. Trustee's Office
515 Rusk Avenue, Suite 3516
Houston, Texas 77002-2604

John Quinlan
22310 Grand Corner Dr
Suite 140
Katy, TX   77494-7467

Ron Satija
Hayward PLLC
7600 Burnet Road
Ste 530
Austin, TX 78757-1269

Fort Bend County
Linebarger Goggan Blair & Sampson LLP
C/O Jeannie Lee Andresen
P.O. Box 3064
Houston, TX 77253-3064

4
United States Bankruptcy Court
PO Box 61010
Houston, TX 77208-1010

Allan D Goldstein
Morris Lendais Hollrah & Snowden
520 Post Oak, Suite 700
Houston, Texas 77027-9414

FORT BEND INDEPENDENT SCHOOL DISTRICT
C/O FORT BEND COUNTY TAX OFFICE
1317 EUGENE HEIMANN CIRCLE
RICHMOND TX 77469-3623

Harris County et al.
c/o Jeannie Lee Andresen
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, Tx 77253-3064

Jetall Investment & Realty, Inc
1001 W. Loop South, Suite 700
Houston, Texas 77027-9033

Skaneateles rdX, LLC
412 W. Polk #1
Houston, TX 77019-4763

US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002-2604

Melissa S Hayward
Hayward PLLC
10501 N. Central Expwy.
Suite 106
Dallas, TX 75231-2203

Ruth A Van Meter
Ruth A. Van Meter, P.C.
9322 Shady Lane Circle
Houston, TX 77063-1305

Shahnaz Choudhri
Lenard M. Parkins
708 Main St. Fl 10
Houston, TX 77002-3246

Travis B Vargo
c/o Leslie M. Luttrell
Luttrell Carmody Law Group
100 NE Loop 410
Suite 615
San Antonio, TX 78216-4713

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Harris County Appraisal District
13013 NW Freeway
Houston, TX 77040

Texas Comptroller of Public Accounts
P.O. Box 13528, Capitol Station
Austin, TX 78711-3528

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)9201 Memorial Dr. LLC

(u)Fort Bend Independent School District

(u)Okin Adams Bartlett Curry, LLP

(u)Skaneateles rdX, LLC

(u)Dward Darjean

(u)Omar Khawja

(u)Osama Abdullatif

End of Label Matrix
Mailable recipients    31
Bypassed recipients     7
Total                  38

EXHIBIT 2

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **CHAPTER 7** |
| | § | |
| **HOUSTON REAL ESTATE** | § | |
| **PROPERTIES, LLC** | § | **CASE NO. 22-32998** |
| | § | |
| | § | |
| **Debtor.** | § | |

**OSAMA ABDULLATIF'S**
**NOTICE OF WITHDRAWAL OF CLAIM NO. 4-1 OF OSAMA ABDULLATIF**

TO THE HONORABLE U.S BANKRUPTCY JUDGE:

COMES NOW, OSAMA ABDULLATIF creditor in this proceeding, having filed Claim

No. 4-1 on February 13, 2023, and notifies the Court that he hereby withdraws Claim No. 4-1.

Respectfully submitted,

*/s/ Joshua Cottle*
JOSHUA COTTLE

**Joshua A. Cottle, Esq.**
State Bar No. 24087348
425 Soledad St., Ste. 600
Telephone: (210) 690-8000 x1004
Email: josh@texasbanklawyer.com
ATTORNEY FOR OSAMA ABDULLATIF

---

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 6th day of May 2026 a true and correct copy of the foregoing document was electronically filed and served upon the parties on the attached service list via the Court's CM/ECF electronic system or via U.S. Mail.

*/s/ Joshua Cottle*
JOSHUA COTTLE

Abdullatif & Company, LLC
5445 Almeda Rd., Ste. 500
Houston, TX 77004-7450

Fort Bend County
Linebarger Goggan Blair & Sampson LLP
C/O Jeannie Lee Andresen
P.O. Box 3064
Houston, TX 77253-3064

Harris County
Linebarger Goggan Blair & Sampson LLP
C/O Jeannie Lee Andresen
P.O. Box 3064
Houston, Tx 77253-3064

Houston Real Estate Properties LLC
1001 West Loop
Ste 700
Houston, TX 77027-9033

4
United States Bankruptcy Court
PO Box 61010
Houston, TX 77208-1010

Abdullatif & Company LLC
5500 West Loop S., Ste. 522
Houston, TX 77027-4523

Ali Choudhri
1001 W. Loop South, Suite 700
Houston, Texas 77027-9033

Allan D Goldstein
Morris Lendais Hollrah & Snowden
520 Post Oak, Suite 700
Houston, Texas 77027-9414

Allan D. Goldstein
James D. Salyer
Morris Lendais Hollrah & Snowden
1980 Post Oak Blvd., Ste. 700
Houston, TX 77056-3848

City of Houston Water
801 Malone
Houston, TX 77007-5125

FORT BEND INDEPENDENT SCHOOL DISTRICT
C/O FORT BEND COUNTY TAX OFFICE
1317 EUGENE HEIMANN CIRCLE
RICHMOND TX 77469-3623

Fort Bend County
c/o Jeannie Lee Andresen
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, Tx 77253-3064

(p)HARRIS CENTRAL APPRAISAL DISTRICT
13013 NORTHWEST FREEWAY
HOUSTON TX 77040-6305

Harris County et al.
c/o Jeannie Lee Andresen
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, Tx 77253-3064

Internal Revenue Service
Centralized Insolvency Office
PO Box 7346
Philadelphia, PA 19101-7346

Jetall Companies
1001 W. Loop South, Suite 700
Houston, Texas 77027-9033

Jetall Investment & Realty, Inc
1001 W. Loop South, Suite 700
Houston, Texas 77027-9033

Osama Adbullatif
5500WestLoopS., Ste. 522
Houston, TX 77027

Skaneateles rdX LLC
1001 W. Loop South, Suite 700
Houston, Texas 77027-9033

Skaneateles rdX, LLC
412 W. Polk #1
Houston, TX 77019-4763

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

U.S. Trustee's Office
515 Rusk Avenue, Suite 3516
Houston, Texas 77002-2604

US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002-2604

Ali Choudhri
1001 W. Loop S.
Suite 700
Houston, TX 77027-9033

John Quinlan
22310 Grand Corner Dr
Suite 140
Katy, TX 77494-7467

Melissa S Hayward
Hayward PLLC
10501 N. Central Expwy.
Suite 106
Dallas, TX 75231-2203

Randy W Williams
Byman & Associates PLLC
7924 Broadway
Suite 104
Pearland, TX 77581-7933

Ron Satija
Hayward PLLC
7600 Burnet Road
Ste 530
Austin, TX 78757-1269

Ruth A Van Meter
Ruth A. Van Meter, P.C.
9322 Shady Lane Circle
Houston, TX 77063-1305

Shahnaz Choudhri
Lenard M. Parkins
708 Main St. Fl 10
Houston, TX 77002-3246

Travis B. Vargo
c/o Leslie M. Luttrell
Luttrell + Carmody Law Group
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216-4713

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Harris County Appraisal District
13013 NW Freeway
Houston, TX 77040

Texas Comptroller of Public Accounts
P.O. Box 13528, Capitol Station
Austin, TX 78711-3528

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)9201 Memorial Dr. LLC

(u)Fort Bend Independent School District

(u)Okin Adams Bartlett Curry, LLP

(u)Skaneateles rdX, LLC

(u)Dward Darjean

(u)Omar Khawja

(u)Osama Abdullatif

End of Label Matrix
Mailable recipients    31
Bypassed recipients     7
Total                  38

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **CHAPTER 7** |
| | § | |
| **HOUSTON REAL ESTATE** | § | |
| **PROPERTIES, LLC** | § | **CASE NO. 22-32998** |
| | § | |
| | § | |
| **Debtor.** | § | |

**ABDULLATIF & COMPANY LLC'S**
**NOTICE OF WITHDRAWAL OF CLAIM NO. 5-1 OF**
**ABDULLATIF & COMPANY LLC**

TO THE HONORABLE U.S BANKRUPTCY JUDGE:

COMES NOW, ABDULLATIF & COMPANY LLC creditor in this proceeding, having

filed Claim No. 5-1 on February 13, 2023, and notifies the Court that they hereby withdraw Claim

No. 5-1.

Respectfully submitted,

*/s/ Joshua Cottle*
JOSHUA COTTLE

**Joshua A. Cottle, Esq.**
State Bar No. 24087348
425 Soledad St., Ste. 600
Telephone: (210) 690-8000 x1004
Email: josh@texasbanklawyer.com
ATTORNEY FOR ABDULLATIF &
COMPANY, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6th day of May 2026 a true and correct copy of the foregoing document was electronically filed and served upon the parties on the attached service list via the Court's CM/ECF electronic system or via U.S. Mail.


*/s/ Joshua Cottle*
JOSHUA COTTLE

Abdullatif & Company, LLC
5445 Almeda Rd., Ste. 500
Houston, TX 77004-7450

Fort Bend County
Linebarger Goggan Blair & Sampson LLP
C/O Jeannie Lee Andresen
P.O. Box 3064
Houston, TX 77253-3064

Harris County
Linebarger Goggan Blair & Sampson LLP
C/O Jeannie Lee Andresen
P.O. Box 3064
Houston, Tx 77253-3064

Houston Real Estate Properties LLC
1001 West Loop
Ste 700
Houston, TX 77027-9033

4
United States Bankruptcy Court
PO Box 61010
Houston, TX 77208-1010

Abdullatif & Company LLC
2500 West Loop S., Ste. 522
Houston, TX 77027-4523

Ali Choudhri
1001 W. Loop South, Suite 700
Houston, Texas 77027-9033

Allan D Goldstein
Morris Lendais Hollrah & Snowden
520 Post Oak, Suite 700
Houston, Texas 77027-9414

Allan D. Goldstein
James D. Salyer
Morris Lendais Hollrah & Snowden
1980 Post Oak Blvd., Ste. 700
Houston, TX 77056-3848

City of Houston Water
801 Malone
Houston, TX 77007-5125

FORT BEND INDEPENDENT SCHOOL DISTRICT
C/O FORT BEND COUNTY TAX OFFICE
1317 EUGENE HEIMANN CIRCLE
RICHMOND TX 77469-3623

Fort Bend County
C/o Jeannie Lee Andresen
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, Tx 77253-3064

(p)HARRIS CENTRAL APPRAISAL DISTRICT
13013 NORTHWEST FREEWAY
HOUSTON TX 77040-6305

Harris County et al.
c/o Jeannie Lee Andresen
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, Tx 77253-3064

Internal Revenue Service
Centralized Insolvency Office
PO Box 7346
Philadelphia, PA 19101-7346

Jetall Companies
1001 W. Loop South, Suite 700
Houston, Texas 77027-9033

Jetall Investment & Realty, Inc
1001 W. Loop South, Suite 700
Houston, Texas 77027-9033

Osama Adbullatif
2500WestLoopS., Ste. 522
Houston, TX 77027

Skaneateles rdX LLC
1001 W. Loop South, Suite 700
Houston, Texas 77027-9033

Skaneateles rdX, LLC
412 W. Polk #1
Houston, TX 77019-4763

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

U.S. Trustee's Office
515 Rusk Avenue, Suite 3516
Houston, Texas 77002-2604

US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002-2604

Ali Choudhri
1001 W. Loop S.
Suite 700
Houston, TX 77027-9033

John Quinlan
22310 Grand Corner Dr
Suite 140
Katy, TX 77494-7467

Melissa S Hayward
Hayward PLLC
10501 N. Central Expwy.
Suite 106
Dallas, TX 75231-2203

Randy W Williams
Byman & Associates PLLC
7924 Broadway
Suite 104
Pearland, TX 77581-7933

Ron Satija
Hayward PLLC
7600 Burnet Road
Ste 530
Austin, TX 78757-1269

Ruth A Van Meter
Ruth A. Van Meter, P.C.
9322 Shady Lane Circle
Houston, TX 77063-1305

Shahnaz Choudhri
Lenard M. Parkins
708 Main St. Fl 10
Houston, TX 77002-3246

Travis B. Vargo
c/o Leslie M. Luttrell
Luttrell + Carmody Law Group
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216-4713

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Harris County Appraisal District
13013 NW Freeway
Houston, TX 77040

Texas Comptroller of Public Accounts
P.O. Box 13528, Capitol Station
Austin, TX 78711-3528

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)9201 Memorial Dr. LLC

(u)Fort Bend Independent School District

(u)Okin Adams Bartlett Curry, LLP

(u)Skaneateles rdX, LLC

(u)Dward Darjean

(u)Omar Khawja

(u)Osama Abdullatif

End of Label Matrix
Mailable recipients    31
Bypassed recipients     7
Total                  38

EXHIBIT 3

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

October 26, 2023
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | **CASE NO: 22-32998** |
| HOUSTON REAL ESTATE PROPERTIES § | |
| LLC, § | **CHAPTER 7** |
| § | |
| Debtor. § | |
| § | |
| JOHN QUINLAN § | |
| OMAR KHAWAJA, AND § | |
| OSAMA ABDULLATIF, § | |
| § | |
| VS. § | **ADVERSARY NO. 23-3141** |
| § | |
| JETALL COMPANIES, INC., ARABELLA § | |
| PH 3201 LLC, 9201 MEMORIAL DR. LLC § | |
| 2727 KIRBY 26L LLC, TEXAS REIT LLC § | |
| DALIO HOLDINGS I, LLC, DALIO § | |
| HOLDINGS II, LLC, HOUSTON REAL § | |
| ESTATE PROPERTIES, LLC, SHAHNAZ § | |
| CHOUDHRI, ALI CHOUDHRI, § | |
| SHEPHERD-HULDY DEVELOPMENT I, § | |
| LLC, SHEPHERD-HULDY § | |
| DEVELOPMENT II, LLC, GALLERIA § | |
| LOOP NOTE HOLDER LLC, A. KELLY § | |
| WILLIAMS, MAGNOLIA BRIDGECO, § | |
| LLC, CYPRESS BRIDGECO, LLC, § | |
| MOUNTAIN BUSINESS CENTER, LLC, § | |
| AND RANDY W WILLIAMS CH7 § | |
| TRUSTEE, § | |
| § | |
| Defendants. § | |
| § | |

### ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on the Motion to Dismiss Complaint (ECF No. 65) filed by several of the defendants, Jetall Companies, Inc., Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Texas REIT LLC, Dalio Holdings I, LLC, Dalio Holdings II, LLC, Shahnaz Choudhri, Ali Choudhri, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, and Galleria Loop Note Holder LLC (collectively the "Defendants"), and the response thereto (ECF No. 79) filed by the plaintiffs. The Defendants are moving to dismiss the complaint stating that the plaintiffs have failed to state a claim upon which relief can be granted

1 / 4

pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable through Federal Rule of Bankruptcy Procedure 7012, and that the plaintiffs have no standing to complain about fraudulent transfers involving the debtor, as those claims belong to the Chapter 7 Trustee. In addition, the Defendants argue that the plaintiffs have no standing to complain about fraudulent transfers against the remaining defendants, and that the allegations against one defendant Ali Choudhri ("Choudhri") do not meet the enhanced pleading requirements of Federal Rule of Civil Procedure 9(b). For the following reasons, the motion to dismiss is granted.

## PROCEDURAL AND FACTUAL BACKGROUND

This adversary proceeding was commenced on August 1, 2023,[1] and the complaint was supplemented on August 30, 2023,[2] (collectively both pleadings are the "Complaint"). The plaintiffs, John Quinlan, Omar Khawaja and Osama Abdullatif ("Plaintiffs") are judgment creditors of the debtor and various other entities and individuals (the remaining defendants in the Complaint). According to the Plaintiffs, the Defendants transferred assets and encumbered real property amongst themselves, including the debtor, to hinder and delay the Plaintiffs in collecting their judgments. The Plaintiffs allege the following causes of action: fraudulent transfer, alter ego, and joint enterprise as to all defendants and fraud as to Choudhri.

The debtor, Houston Real Estate Properties, in an underlying bankruptcy case is one of the defendants in this adversary case. It filed a chapter 11 bankruptcy petition on October 7, 2023. On March 8, 2023, the Court converted the Chapter 11 to a case under Chapter 7.[3] The Chapter 7 Trustee is Randy W. Williams.

The Plaintiffs obtained assignments of judgments rendered against various of these defendants in November of 2022 and February of 2023. The Plaintiffs allege that all of the defendants in this adversary transferred assets and properties amongst themselves as well as additional third parties in an effort to hinder and delay Plaintiffs' ability to collect on these judgments. The Plaintiffs are seeking a judgment avoiding the alleged fraudulent transfers and requesting a finding that all of the defendants engaged in a joint enterprise, that all of the defendants are all alter egos of each other and that Choudhri is liable for specific fraudulent acts.

## JURISDICTION

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b), and the standing order of reference from the District Court. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2). The bankruptcy court has the power to enter a final judgment in this adversary proceeding, subject to traditional rights of appeal. This adversary proceeding arises under bankruptcy case number 22-32998 (the "Main Case") pending in this District and venue is proper pursuant to 28 U.S.C. § 1409.

---

[1] ECF No. 1
[2] ECF No. 26
[3] Case No. 22-32998, ECF No. 74.

2 / 4

## STANDARD OF REVIEW

The Defendants have filed a motion to dismiss citing the Plaintiffs' lack of standing, for failure to state a claim pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), for a more definite statement under FRCP 12(e), (both FRCP 12(b)(6) and 12(e) have been incorporated into Federal Rule of Bankruptcy Procedure 7012), and for failure to meet the heightened pleading requirements for fraud in FRCP 9(b). In evaluating whether a complaint fails to state a claim, the Court must construe the complaint liberally in favor of the plaintiff as the non-moving party and assume the truth of well-pleaded facts.[4] The Court must assess a motion to dismiss only on "the facts stated in the complaint and the documents either attached to or incorporated in the complaint."[5] In order to survive a motion to dismiss, "a plaintiff must plead sufficient 'facts to state a claim to relief that is plausible on its face.'"[6] The Court is not required to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[7]

Fraud claims must, additionally, meet FRCP 9(b)'s heightened pleading requirements. Under FRCP 9(b), fraud claims must be alleged with particularity concerning the circumstances of the fraud.[8]

## LEGAL ANALYSIS

The underlying bankruptcy case was converted to a Chapter 7 case on March 8, 2023, prior to the filing of this adversary case. Standing must exist at the time of filing a lawsuit. If a cause of action belongs to the estate, then the Chapter 7 Trustee has exclusive standing to assert the claim.[9] As such the Court agrees that the Plaintiffs lack standing to bring the fraudulent transfer claims. A Chapter 7 Trustee has been appointed, and such claims regarding the debtor belong to the Trustee, as Sections 548 and 544 of the Bankruptcy Code only allow trustees to bring fraudulent transfer actions. The Trustee must remain the gatekeeper to evaluate these claims and to bring them if he believes it would benefit the bankruptcy estate.[10] The judgment creditors cannot raise these claims.

Furthermore, this Court has not already conferred standing by lifting the automatic stay in the underlying bankruptcy case as alleged in the Plaintiffs' response.[11] All the Court did was lift the stay. Plaintiffs additionally argue in their response that they should be allowed to bring the claims in this action as they possess "derivative standing" in place of the Trustee. However, there are limited circumstances in a Chapter 7 case that allow derivative standing. Generally, courts have granted it when the trustee expressly transfers the power to a creditor, or when the trustee unjustifiably refuses a demand to pursue a claim.[12] Those exceptions do not apply in this case.

---

[4] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007).
[5] *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).
[6] *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777 (5th Cir. 2015), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[7] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).
[8] *Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 195 (5th Cir. 1996).
[9] *In re Wilson*, 527 B.R. 253 (Bankr. N.D. Tex. 2015) (internal citations omitted.
[10] *In re On-Site Fuel Service, Inc.*, 2020 WL 3703004 (Bankr. S.D. Miss. May 8, 2020)
[11] Response, ECF No. 98, pages 8-9.
[12] *In re Wilson, supra* at 257.

3 / 4

Case 22-32998-1 Document 253-1 Filed in TXSB on 06/02/26 Page 23 of 25

Therefore, the motion to dismiss is granted on the basis of lack of standing, and the Court does not need to reach the other arguments in the motion to dismiss. **As a Chapter 7 Trustee has been appointed, the Court will allow the appointed Chapter 7 Trustee to become the plaintiff within fourteen days.** Moreover, defendants Jetall Companies, Inc. and Ali Choudhri have filed counterclaims[13] against the Plaintiffs for misrepresentation and unfair competition under the Lanham Act, conspiracy under 18 U.S.C. §§ 1961-1968, and wiretapping in violation of 18 U.S.C §§ 2510 -2521 and the Texas Civ. Prac & Rem. Code § 123.002, et seq. Those claims have not been dismissed.

**THEREFORE, IT IS ORDERED** that Defendants' Motion to Dismiss Complaint is granted.

SIGNED 10/26/2023

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[13] ECF No. 33.

4 / 4

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

October 26, 2023
Nathan Ochsner, Clerk

EXHIBIT 4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 22-32998** |
| HOUSTON REAL ESTATE PROPERTIES LLC, | § | |
| | § | **CHAPTER 7** |
| | § | |
| Debtor. | § | |
| | § | |
| JOHN QUINLAN, | § | |
| OMAR KHAWAJA, AND | § | |
| OSAMA ABDULLATIF, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 23-3141** |
| | § | |
| JETALL COMPANIES, INC., ARABELLA | § | |
| PH 3201 LLC, 9201 MEMORIAL DR. LLC | § | |
| 2727 KIRBY 26L LLC, TEXAS REIT LLC | § | |
| DALIO HOLDINGS I, LLC, DALIO | § | |
| HOLDINGS II, LLC, HOUSTON REAL | § | |
| ESTATE PROPERTIES, LLC, SHAHNAZ | § | |
| CHOUDHRI, ALI CHOUDHRI, | § | |
| SHEPHERD-HULDY DEVELOPMENT I, | § | |
| LLC, SHEPHERD-HULDY | § | |
| DEVELOPMENT II, LLC, GALLERIA | § | |
| LOOP NOTE HOLDER LLC, A. KELLY | § | |
| WILLIAMS, MAGNOLIA BRIDGECO, | § | |
| LLC, CYPRESS BRIDGECO, LLC, | § | |
| MOUNTAIN BUSINESS CENTER, LLC, | § | |
| AND RANDY W WILLIAMS CH7 | § | |
| TRUSTEE, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION FOR DERIVATIVE STANDING

This matter is before the Court on the Motion for Derivative Standing to Proceed with Claims Against Defendants (ECF No. 99) filed by John Quinlan, Omar Khawaja and Osama Abdullatif. The movant has self-calendared this matter for hearing in violation of this Court's procedures regarding motions in adversaries.[1] Counsel must review this Court's procedures for future motions.

---

[1] The Court Procedures can be found at the following website: http://www.txs.uscourts.gov/page/united-states-

1 / 2

Case 23-03141 Document 102 Filed in TXSB on 10/26/23 Page 2 of 2

There is no explicit statutory authority granting a non-trustee party the power to sue on behalf of the trustee; the derivative powers recognized by the courts in chapter 11 do not apply in a chapter 7 case.[2] Courts have granted derivative standing in only limited circumstances as when the trustee expressly transferred that power to the creditor with the bankruptcy court's approval, or when the creditor made a demand on the trustee to pursue a certain claim and the trustee unjustifiably refused the demand.[3] Instead, if a creditor does not agree with a Chapter 7 trustee's exercise of its fiduciary duties, it can file a motion to compel the trustee to act or file a motion to have the trustee removed.[4] The movants have failed to show the Court that there is a compelling reason to give them derivative standing, especially as they have not shown that the Trustee has transferred the power to pursue these claims to them or that the Trustee has unreasonably failed to pursue the claims at issue in this case.

**THEREFORE, IT IS ORDERED** that the request to allow the movant to have derivative standing in this case is denied.

SIGNED 10/26/2023

Jeffrey Norman
United States Bankruptcy Judge

---

bankruptcy-judge-jeffrey-p-norman. "Motions filed in adversary proceedings are not subject to the negative notice requirements of main bankruptcy cases and shall be governed by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. The Court will set all motions in adversary proceedings for hearing and will also set a response deadline. At the expiration of the response deadline, the Court may rule without the necessity of a hearing based on responsive pleadings."

[2] *In re Dominion Group, LLC*, 2023 WL 4753620 (Bankr. E.D. La July 24, 2023 *citing in re Wilson*, 527 B.R.253, 257 (Bankr. N.D. Tex. 2015).

[3] *In re Wilson, supra* at 257.

[4] *In re Dominion Group, LLC, supra* at *9.

2 / 2