## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 22-32998** |
| | § | |
| **HOUSTON REAL ESTATE** | § | |
| **PROPERTIES LLC** | § | **(CHAPTER 7)** |
| | § | |
| | § | |
| **DEBTOR.** | § | |

## RESPONSE AND OPPOSITION TO ALI CHOUDHRI'S OBJECTION TO TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

Comes now TRAVIS B. VARGO, Court-Appointed Receiver[1] (the "**Receiver**"), by and through his counsel of record, and files this *Response and Opposition to Ali Choudhri's Objection to Trustee's Motion to Compromise Controversy* [ECF 255] pursuant to Bankruptcy Rule 9019, and in support thereof respectfully represents as follows:

## I.  SUMMARY OF RESPONSE AND OBJECTION

1.      The objection of Ali Choudhri ("**Choudhri**") to the *Trustee's Motion to Compromise Controversy* (the "**Trustee's Motion**") should be overruled because for three reasons.  First, the interest of Choudhri in Houston Real Estate Properties, LLC ("**HREP**"), the Debtor in this proceeding, was conveyed to the Receiver pursuant to the terms and conditions of the Receivership Orders, *infra*.  Second, the authority of the

---

[1]     Travis Vargo was appointed as the Receiver of Ali Choudhri in Cause No. 2012-27197-A styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri*, pending in the 333rd Judicial District Court of Harris County, Texas and of Ali Choudhri, Dalio Holdings I LLC, and Dalio Holdings II LLC in Cause No. 2012-27197-D styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle*, pending in the 333rd Judicial District Court of Harris County, Texas.

Case No. 22-32998
In re: Houston Real Estate Properties, LLC
Receiver's Response and Opposition to Objection
Of Ali Choudhri to Trustee's Motion to Compromise                                    Page **1** of **11**

Receiver to act on behalf of the Choudhri LLCs - as defined in the Receivership Orders, *infra*. - has been confirmed in three separate reasoned opinions issued in Choudhri affiliated bankruptcy proceedings in the Western District of Texas[2]. Third, because HREP is a non-operating and fully liquidated entity, *WC 4th & Colorado*[3] applies confirming the conveyance of the membership interest of Choudhri to the Receiver. Accordingly, all residual assets of HREP are properly distributable to HREP in care of the Receiver in accordance with the terms and conditions of the settlement proposed in the Trustee's Motion.

## II.
## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The predicate for the relief requested is Bankruptcy Rule 9019.

## III.
## RELEVANT BACKGROUND

3. This case was commenced by the filing of a voluntary petition under chapter 11 of the Bankruptcy Code on October 7, 2022. The case was converted to chapter 7 on March 8, 2023, and Randy W. Williams was appointed as Chapter 7 Trustee on that date. HREP, through Dward Darjean the "authorized representative", first represented under

---

[2] *See* **Exhibit 1** - ECF 304 entered in Case No. 24-51195-mmp styled In re: RIC (Lavernia) LLC; **Exhibit 2** – ECF 996 entered in Case No. 24-10119-smr styled In re: 1001 WL, LLC; **Exhibit 3** – ECF 784 entered in Case No. 24-10120-smr styled In re: Texas REIT, LLC (collectively the "**Western District Authority Orders**")

[3] *WC 4th & Colo. v. Colo. Third St., LLC,* 2025 Tex. App. LEXIS 2857 *7 Tex. App. Houston [14th Dist.] April 29, 2025)

Case No. 22-32998
In re: Houston Real Estate Properties, LLC
Receiver's Response and Opposition to Objection
Of Ali Choudhri to Trustee's Motion to Compromise                    Page **2** of **11**

penalty of perjury that Choudhri owns 100% of the membership interests in HREP[4] and thereafter amended the filings to reflect that Choudhri owned 80% of the membership interests in HREP and Osama Abdullatif, the judgment creditor of Choudhri pursuant to the judgments entered in the A-Case and D-Case, *infra.*, owns the other 20% of the membership interests in HREP[5].   Choudhri testified at trial that the deal never got consummated or finalized.

5.      Choudhri confirmed his contrary deposition testimony at trial, stating:

"[H]e was going to deed the properties back to Houston Real Estate Properties and he was going to retain a 20% interest in Houston Real Estate Properties and we were going to go forward and develop them, developing the properties. But that -- ***but that deal never got consummated or finalized***. It was a discussion we had, and I think -- I really think that's kind of why he probably decided he didn't want to do that and not pay and just keep the properties."[6]

"***The deal was never finalized*** … this deal never came to fruition."[7]

Q. On February 10th, 2010, you signed a deed on behalf of HREP LLC conveying the HREP properties to Osama Abdullatif, correct?
A. **That's correct**.
Q. So after that, HREP LLC had no ownership interest in the properties, correct?
A. **That is correct**.[8]

HREP  is owned 100% by Choudhri based upon the confirmation by Osama Abdullatif that Choudhri failed to finalize the "deal" which would have allowed that partnership agreement to be valid.

4.      On April 1, 2025, the Receiver was appointed by the Hon. Randy Williams in the matter styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri* pending in the 333rd Judicial District Court of Harris County, Texas (the "**A-Case**"),

---

[4]     *See* ECF 27 List of Equity Security Holders
[5]     *See* ECF 30 - Statement of Financial Affairs, and ECF 31 - List of Equity Security Holders

Case No. 22-32998
In re: Houston Real Estate Properties, LLC
Receiver's Response and Opposition to Objection
Of Ali Choudhri to Trustee's Motion to Compromise                                    Page **3** of **11**

pursuant to the *Order Granting Turnover, Charging Order and Appointment of Receiver Against Judgment Debtor.* That order was amended on April 9, 2025 by the *Amended Order Granting Turnover, Charging Order and Appointment of Receiver Against Judgment Debtor* (the "**A-Case Receivership Order**")[6].

5. On March 31, 2025, the Receiver was appointed by the Hon. Randy Williams in the matter styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle* pending in the 333rd Judicial District Court of Harris County, Texas (the "**D-Case**"), pursuant to the *Order Granting Turnover, Charging Order and Appointment of Receiver Against Judgment Debtor.* That order was amended on April 8, 2025 by the *Amended Order (2) Granting Turnover, Charging Order and Appointment of Receiver Against Judgment Debtor* (the "**D-Case Receivership Order**")[7].

6. The A-Case Receivership Order and the D-Case Receivership Order (collectively the "**Receivership Orders**") transferred all non-exempt assets of Choudhri to the Receiver in *custodia legis*, expressly including all management and operational rights over any entity controlled by Choudhri, save and except certain entities which were in pending bankruptcy proceedings, which management rights were necessarily controlled by the applicable bankruptcy trustee. Specifically, the A-Case Receivership Order provides:

---

[6]   See ECF 240-1
[7]   See ECF 240-2

Case No. 22-32998
In re: Houston Real Estate Properties, LLC
Receiver's Response and Opposition to Objection
Of Ali Choudhri to Trustee's Motion to Compromise                    Page **4** of 11

20)  _Debtor's Business_. All authority and power of Debtors to manage and operate the businesses of Debtors not currently in Bankruptcy is vested in the Receiver and no decision may be made or carried out without the express approval of the Receiver.[6] This order supersedes the authority of any officers, directors or managers of Debtors. For the avoidance of doubt, the foregoing paragraph shall not apply to Choudhri's ability to manage and operate the business Texas REIT, LLC, which is subject to the jurisdiction of the Bankruptcy Court, nor any other Bankrupt LLC. As noted previously herein, nothing in this Order is intended to violate any bankruptcy stay that may be applicable and the Bankruptcy Court shall maintain exclusive jurisdiction over any litigation pertaining to any Bankrupt LLCs.

The D-Case Receivership Order provides:

26)  _Debtors' Business_. All authority and power of Debtors to manage and operate the business of Debtors is vested in the Receiver and no decision may be made or carried out without the express approval of the Receiver.[4] This order supersedes the authority of any officers, directors or managers of Debtors. For the avoidance of doubt, the foregoing paragraph shall not apply to Choudhri's ability to manage and operate the business Texas REIT, LLC, which is subject to the jurisdiction of the Bankruptcy Court.

In accordance with the terms of the Receivership Orders and applicable Texas law[8], upon the dismissal of the HREP case, the Receiver has the sole and exclusive right to manage and control HREP.

## IV.
## ARGUMENTS AND AUTHORITIES

### A. Choudhri does not have standing.

7.     As a threshold matter this Court must determine whether Choudhri has standing to object to the Trustee's Motion; the Receiver contends that Choudhri does not. As recognized in the Western District Authority Orders, "[a]ll authority and power of Debtors to manage and operate the businesses of Debtors not currently in Bankruptcy is vested in the Receiver and no decision may be made or carried out without the express approval of the Receiver. This order supersedes the authority of any officers, directors,

---

[8]  See _Ex Parte Hodges_, 625 S.W.2d 304, 306 (Tex. 1981); _WC 4th & Colo. v. Colo. Third St., LLC,_ 2025 Tex. App. LEXIS 2857 *7 Tex. App. Houston [14th Dist.] April 29, 2025).

Case No. 22-32998
In re: Houston Real Estate Properties, LLC
Receiver's Response and Opposition to Objection
Of Ali Choudhri to Trustee's Motion to Compromise                    Page **5** of 11

or managers of Debtors."[9]  Any action taken by Choudhri towards the recovery of a non-exempt asset – including the residual estate in HREP – was delivered to the Receiver pursuant to the Receivership Orders.

### B. The Receiver is entitled to receive the residual proceeds of the HREP Estate

8.      It is well settled that a receiver only has the authority conferred by the order appointing him.  *WC 4th & Colo. v. Colo. Third St., LLC,* 2025 Tex. App. LEXIS 2857 *7 Tex. App. Houston [14th Dist.] April 29, 2025)(*citing Ex Parte Hodges*, 625 S.W.2d 304, 306 (Tex. 1981).  Choudhri argues to this Court that the Receiver is not entitled to receive the residual proceeds from the HREP estate because the Receiver only has a 'charging order" against the interest owned by Choudhri in HREP and HREP is not making a distribution to Choudhri.[10]  This argument fails in light of the Western District Standing Orders and *WC 4th & Colo*.

9.      Judge Wilson – also the Judge who signed the Receivership Orders - in *WC 4th & Colo*. acknowledged that, as a general rule, the charging order procedure is the exclusive remedy afforded a judgment creditor.  *WC 4th & Colo. v. Colo. Third St., LLC* 2025 LEXIS 2857 *9 Tex. App. Houston [14th Dist.] April 29, 2025)(internal citations omitted).   However, Judge Wilson went on to recognize that "the charging order procedure was developed to prevent a judgment creditor's disruption of an entity's business by forcing an execution sale of the partner's or member's entity interest to satisfy a debt of the individual partner or member." *Id.* (*citing Gillet v. ZUPT, LLC*, 523 S.W.3d 749, 757 (Tex. App. Houston [14th Dist.] 2017 no pet.).   Judge Wilson further

---

[9]     See Exhibit 3, pg. 7, Exhibit 2, pg. 7, and Exhibit 1, pg. 6.
[10]    See Choudhri Objection Para. 11

Case No. 22-32998
In re: Houston Real Estate Properties, LLC
Receiver's Response and Opposition to Objection
Of Ali Choudhri to Trustee's Motion to Compromise                              Page **6** of **11**

acknowledged that where "the company was not operating any business and no party's interest would have been disrupted granting turnover relief is [appropriate]". *Id.* at *11(*citing Heckert v. Heckert*, 2017 LEXIS 10570 (Tex. App. – Fort Worth Nov. 9, 2017). There can be no argument that HREP is **_not_** operating.  The Trustee has liquidated all of the assets and is now attempting to close the case.  There also can be no doubt that if the Trustee were to remit the residual estate proceeds (the "**Cash**") in care of Choudhri that he would hide, secret, dissipate, or otherwise transfer the Cash in violation of the Receivership Orders.   Additionally, there can be no valid argument that upon the dismissal of the HREP case, the Receivership Orders apply directly to the Cash and that the Receiver  is entitled to collect the Cash.

### C. The settlement between the Trustee, the Receiver and Abdullatif is fair, reasonable, made in good faith through arm's length negotiations

10.     Rule 9019(a) states that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement ... ."  Fed. R. Bankr. P. 9019(a).  "Bankruptcy Rule 9019, unique in that it does not have a parallel section in the Code, has a 'clear purpose…to prevent the making of concealed agreements which are unknown to the creditors and unevaluated by the court.'"  *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 461 (5th Cir. 2007)(quoting *In re Masters, Inc.*, 141 Bankr. E.D.N.Y. 1992)).

11.     "Courts have developed standards to evaluate if a settlement is fair and equitable, and, to that end, courts in [the Fifth] Circuit have set forth factors for approval of settlements based on the original framework announced in *TMT Trailer Ferry Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*…"  *Id*. at 462.  Those factors are:

Case No. 22-32998
In re: Houston Real Estate Properties, LLC
Receiver's Response and Opposition to Objection
Of Ali Choudhri to Trustee's Motion to Compromise                                    Page **7** of **11**

a. The balance between the litigation's possibility of success and the settlement's future benefits;

b. The likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment;

c. The paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;

d. Whether other parties in interest support the settlement;

e. The competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy judge reviewing, the settlement;

f. The nature and breadth of releases to be obtained by [the settling party]; and

g. The extent to which the settlement is the product of arm's length bargaining.

*See Iridium*, 478 F.3d at 462 (citing *TMT Trailer Ferry*, 390 U.S. at 424; *In re WorldCom, Inc.*, 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992)).

12.   The Receiver adopts the arguments of the Trustee as set forth in the Trustee's Motion and confirms to the Court that the resolution evidenced by the settlement agreement  is the product of arm's length negotiations between himself, Abdullatif (as the judgment creditor), and the Trustee.

## V.
## CONCLUSION

13.   Choudhri does not have standing to object to the settlement achieved between the Trustee, the Receiver and Mr. Abdullatif.   To the extent that the Court concludes that Choudhri does have standing to object, his objection should be overruled and the Trustee's Motion should be granted in all things.

WHEREFORE, the Receiver respectfully requests that the Court enter its order (a) dismissing this chapter 7 case pursuant to 11 U.S.C. § 707(a) as set forth above; (b)

Case No. 22-32998
In re: Houston Real Estate Properties, LLC
Receiver's Response and Opposition to Objection
Of Ali Choudhri to Trustee's Motion to Compromise                    Page **8** of **11**

authorizing and directing the Trustee to pay the administrative claims listed in paragraph 10 of the Trustee's Motion; (c) authorizing and directing the Trustee, after payment of all such claims to distribute the Cash to the Receiver; (d) confirming that Abdullatif and the Receiver shall indemnify and hold harmless the Trustee, the estate, and the Trustee's professionals related to any and all claims related to disbursement of the funds paid to the Receiver; (e) retain Adversary No. 23-3141; and (f) granting such other and further relief, at law or in equity, to which the Receiver may be justly entitled.

Respectfully submitted,

LUTTRELL + CARMODY LAW GROUP
One International Centre
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216
Tel.   210.426.3600
Email: luttrell@lclawgroup.net

By: /s/ Leslie M. Luttrell
     Leslie M. Luttrell
     State Bar No. 12708650
     SD Bar No. 24152

**ATTORNEYS FOR TRAVIS B. VARGO,
COURT-APPOINTED RECEIVER**

Case No. 22-32998
In re: Houston Real Estate Properties, LLC
Receiver's Response and Opposition to Objection
Of Ali Choudhri to Trustee's Motion to Compromise                    Page **9** of 11

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on the 12th day of June 2026 I caused a copy of the foregoing instrument to be served to the Debtor, Debtor's Counsel, Trustee, and all parties listed on the attached service list either through the Court's ECF System or via U.S. First Class Mail, postage prepaid.

**Debtor**
Houston Real Estate Properties LLC
1001 West Loop
Ste 700
Houston, TX 77027

**Attorneys for Debtor**
Melissa S Hayward
Hayward PLLC
10501 N. Central Expwy.
Suite 106
Dallas, TX 75231

Ron Satija
Hayward PLLC
7600 Burnet Road
Ste 530
Austin, TX 78757

Ruth A Van Meter
Ruth A. Van Meter, P.C.
9322 Shady Lane Circle
Houston, TX 77063

**Chapter 7 Trustee**
Randy W Williams
Byman & Associates PLLC
7924 Broadway
Suite 104
Pearland, TX 77581

**Attorney for the Chapter 7Trustee**
Timothy L. Wentworth
Okin Adams, LLP
1113 Vine St., Suite 240
Houston, TX 77002

**US Trustee**
US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002

**Attorney for the US Trustee**
Jana Smith Whitworth
Office of United States Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002

**Attorney for Abdullatif & Company, LLC**
Joshua Cottle
Fridge & Resendez
425 Soledad
Suite 600
San Antonio, TX 78205

---

Case No. 22-32998
In re: Houston Real Estate Properties, LLC
Receiver's Response and Opposition to Objection
Of Ali Choudhri to Trustee's Motion to Compromise

Page **10** of **11**

**Attorney for Jon Quinlan**
Thomas Michael Ballases
Angeline Vachris Kell
Steven A. Leyh
Hoover Slovacek LLP
5051 Westheimer
Ste 1200
Houston, TX 77056

**Attorney for Ali Choudhri**
Lori Ann Hood
Shackelford, McKinley & Norton, LLP
717 Texas Avenue, 27th Floor
Ste 27th Floor
77002
Houston, TX 77002

Ali Choudhri
4521 San Felipe
Houston, Texas 7027

*/s/ Leslie M. Luttrell*
Leslie M. Luttrell

Case No. 22-32998
In re: Houston Real Estate Properties, LLC
Receiver's Response and Opposition to Objection
Of Ali Choudhri to Trustee's Motion to Compromise                    Page **11** of 11