**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 22-32998** |
| | § | |
| **HOUSTON REAL ESTATE** | § | |
| **PROPERTIES LLC** | § | **(CHAPTER 7)** |
| | § | |
| **DEBTOR.** | § | |

**TRUSTEE'S BRIEF ON STANDING IN SUPPORT OF**
**TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY**

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

Randy W. Williams, Chapter 7 Trustee (the **"Trustee"**) of the estate of Houston Real Estate Properties, LLC (**"HREP"** or the **"Debtor"**), files this Brief on Standing in Support of Trustee's Motion to Compromise Controversy [DKT # 246] (the **"Motion"**) and in response to the objections filed at ECF Nos. 251, 252, and 255.

## I.    INTRODUCTION

1.      This case presents a straightforward Chapter 7 liquidation in which the Trustee has administered the estate to completion, all creditor claims have been disallowed, withdrawn, or satisfied, and the only remaining task is to pay administrative expenses and distribute the residual funds. The Motion seeks approval of a compromise, payment of administrative expenses, distribution of the remaining estate balance to the Receiver for the benefit of the equity owner, and dismissal of the case. Three objections have been filed. None should prevent this Court from granting the Motion.

2.      First, the Choudhri Entities at DKT # 251 and Ali Choudhri at DKT # 255 lack standing to object. They are neither creditors nor the Debtor. They have no direct pecuniary interest in how estate funds are distributed. Their objections rest on a preference for state-court litigation

over federal court—a forum grievance, not a wallet injury. Under the Fifth Circuit's exacting person-aggrieved standard, they cannot satisfy the threshold for bankruptcy standing.

3.      Second, HREP's purported objection at DKT # 252 raises the question of whether, under 11 U.S.C. § 726(a)(6), the surplus should be paid directly to the Debtor rather than to the Receiver. The Trustee acknowledges that § 726(a)(6) ordinarily directs surplus distribution "to the debtor" and that a solvent Chapter 7 debtor may have a cognizable pecuniary interest in estate surplus. But HREP's objection was not authorized by the sole party with management authority over the Debtor, the Receiver, and hence should be stricken.

## II.  RELEVANT BACKGROUND

4.      HREP filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 7, 2022. The case was converted to Chapter 7 on March 8, 2023, and the Trustee was appointed. The Trustee liquidated the Debtor's tangible assets, including the sale of real property at 801 Malone Street, Houston, Texas, for $580,000 free and clear of liens.

5.      Through the administration of the estate, all competing secured and unsecured claims—including those of Skaneateles rDX, LLC, Ali Choudhri, and Jetall Investment & Realty, Inc.—were disallowed by separate orders of this Court. Ad valorem and governmental claims were withdrawn or satisfied. Abdullatif agreed to withdraw his remaining allowed claims (Claims 4 and 5), as reflected at ECF # 243 and 244. No allowed creditor claims remain against the estate. The only unpaid obligations are administrative expenses.

6.      The estate is solvent. The Trustee holds approximately $447,924.57. After payment of approximately $55,843.40 in administrative expenses, the remaining balance of approximately $392,081 constitutes surplus available for distribution to the equity.

7.     Ali Choudhri is the owner of 80% of the member interest in HREP[1]. On April 8 and April 9, 2025, the 164th and 133rd District Courts of Harris County, Texas, entered orders appointing Travis B. Vargo as Receiver for Choudhri (the **"Receiver"**). The Motion proposes that upon withdrawal of Abdullatif's claims, the Trustee will pay administrative expenses and distribute the remaining estate balance to the Receiver as the settlement payee.

8.     The Motion contemplates dismissal of this Chapter 7 case upon completion of the proposed distribution. The compromise, payment of administrative expenses, distribution of the residual to the Receiver, and dismissal of the main case are all components of the requested relief.

### III.  GOVERNING STANDING STANDARD

9.     Bankruptcy standing is "an even more exacting standard than traditional constitutional standing." *Dean v. Seidel (In re Dean)*, 18 F.4th 842, 846 (5th Cir. 2021). Under the "person aggrieved" test applied in the Fifth Circuit, "[o]nly those directly, adversely, and financially impacted by a bankruptcy order may appeal it." *Furlough v. Cage (In re Technicool Sys.)*, 896 F.3d 382, 385 (5th Cir. 2018). The order at issue "must directly and adversely affect the appellant pecuniarily." *In re Dean*, 18 F.4th at 846.

10.     The same pecuniary-interest requirement applies to objections to a motion under Bankruptcy Rule 9019. *See In re Woodberry*, 629 B.R. 239, 245 (Bankr. E.D. Mich. 2021) ("To have standing to object to a settlement agreement … the challenging party must have a pecuniary interest in the settlement."); *Cult Awareness Network, Inc. v. Martino (In re Cult Awareness Network, Inc.)*, 151 F.3d 605, 607 (7th Cir. 1998).

11.     Standing must be connected to the *exact order* at issue, not to the proceedings generally. *In re Dean*, 18 F.4th at 846. Receipt of notice under Rule 9019(a) does not confer

---

[1] As per Choudhri's sworn Statement of Financial Affairs filed in this case. But see the Receiver's response at DKT # 261 that transfer of a 20% interest in HREP to Abdullatif may have never been consummated.

standing; notice is a procedural entitlement, not a substantive pecuniary interest in the disposition of estate funds.

12. Where the estate is solvent and a surplus exists after satisfaction of all claims, a Chapter 7 debtor may have a cognizable pecuniary interest because 11 U.S.C. § 726(a)(6) directs remaining property "to the debtor." *See In re Cult Awareness Network*, 151 F.3d at 607 ("if [the debtor] can show a reasonable possibility of a surplus after the satisfaction of all its debts, it does have a pecuniary interest and hence standing"); *Belew v. Rucker (In re Belew)*, 608 B.R. 206, 213 (8th Cir. BAP 2019) (same). However, non-debtor parties—including individual equity holders, members, or managers—do not independently qualify for such standing because § 726(a)(6) distributes surplus "to the debtor," not to its shareholders or members. *See The Holders of Class C Common Stock of Rimsat, Ltd. v. Kauthar Sdn Bhd (In re Rimsat, Ltd.)*, 229 B.R. 910, 916 (Bankr. N.D. Ind. 1998) ("Section 726(a)(6) distributes estate surplus to the debtor and not to its shareholders.").

## IV.  ARGUMENT

**A.      The Choudhri Entities (DKT # 251) Lack Standing Because They Have No Pecuniary Interest in the Distribution of Estate Funds.**

13. The Choudhri Entities—Otisco RDX LLC, MCITBE, LLC, Jetall/Croix Properties LP, Jetall/Croix GP, LLC, 2727 Kirby 26L LLC, 9201 Memorial Dr. LLC, Arabella PH 3201 LLC, Galleria Loop Note Holder LLC, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, and Shahnaz Choudhri—are non-debtor defendants in Adversary No. 23-3141. They are not creditors of the estate. They are not equity holders of HREP. They hold no allowed claims, no proofs of interest, and no entitlement to any distribution from the estate.

14. The Choudhri Entities' sole asserted injury is that the proposed compromise would retain the adversary proceeding in federal court, subjecting them to continued federal-forum

4923-7186-5525, v. 3

litigation after dismissal of the main case. [DKT # 251 at 2-3.] But a preference for state court is not a direct, adverse, financial impact from the Rule 9019 order. *In re Technicool Sys.*, 896 F.3d at 385. The compromise does not order the Choudhri Entities to pay money from or to the estate; it does not alter any claim against them; it does not change any distribution to them because they are entitled to none. The order simply "does not reach [their] wallet." *Id.* at 386.

15.     The Choudhri Entities may raise their forum arguments—including any motion to dismiss, remand, or abstain—in the adversary proceeding itself. What they may not do is commandeer the Trustee's Rule 9019 process to override estate administration based on a procedural forum grievance. *See In re Dean*, 18 F.4th at 846 (standing must derive from the specific order, not the proceedings generally). Their objection should be overruled for lack of standing.

**B.      Ali Choudhri (DKT # 255) Lacks Standing Because He Is Not the Debtor and Section 726(a)(6) Does Not Distribute Surplus to Individual Members.**

16.     Ali Choudhri appears pro se and individually—not on behalf of HREP. [DKT # 255.] He asserts standing as a named adversary defendant and as an alleged member/manager/equity holder of HREP. Neither basis satisfies the person-aggrieved standard.

17.     First, § 726(a)(6) directs surplus distribution "to the debtor"—here, HREP. It does not direct surplus to the debtor's individual members, managers, or shareholders. *In re Rimsat, Ltd.*, 229 B.R. at 916 ("Section 726(a)(6) distributes estate surplus to the debtor and not to its shareholders."). Whatever downstream interest Choudhri may hold as a member of HREP, that interest is indirect: any surplus would first flow to HREP as an entity, and Choudhri would receive value only through HREP's own governance and distribution mechanisms. An indirect interest in estate property, mediated through an entity, does not satisfy the Fifth Circuit's exacting standard.

*See In re Technicool Sys.*, 896 F.3d at 386 (owner's indirect interest insufficient because "the order does not reach his wallet").

18.     Second, Choudhri is not the Debtor and he does not represent HREP. An individual may not appear pro se on behalf of a corporate or LLC entity. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) ("a corporation or other business entity can only appear in court through an attorney"). To the extent Choudhri purports to assert HREP's rights to estate surplus, he lacks capacity to do so.

19.     Third, Choudhri's assertion of injury from continued federal-forum litigation is identical in substance to the Co-Defendants' forum objection and fails for the same reason: a preference for state court rather than federal court is not a direct pecuniary injury from the proposed distribution of estate funds. *In re Technicool Sys.*, 896 F.3d at 385-86; *In re Dean*, 18 F.4th at 846.

20.     Choudhri's objection should be overruled for lack of standing.

**C.     HREP's Objection (DKT # 252) Was Filed Without Authority and Should Be Stricken.**

21.     HREP contends that because no creditors remain and the estate is solvent, the surplus must be distributed directly to HREP under § 726(a)(6).[2] The Trustee acknowledges that § 726(a)(6) provides for distribution of remaining estate property "to the debtor" after satisfaction of all prior distribution categories. 11 U.S.C. § 726(a)(6). In a solvent Chapter 7 estate, this provision gives the debtor a cognizable interest in surplus funds. *See In re Cult Awareness Network*, 151 F.3d at 607; *In re Belew*, 608 B.R. at 213.

22.     The Trustee does not dispute that HREP has a pecuniary interest in the surplus sufficient to assert an objection. However, the Debtor's objection should be stricken because it

---

[2] 2To the extent the Debtor relies on 11 U.S.C. § 1109(b) or *In re Kaiser Gypsum Co.*, 144 S. Ct. 1022 (2024), such reliance is misplaced. Section 1109(b) by its terms applies in Chapter 11. This case is under Chapter 7.

was not authorized by the person with authority to act for HREP. The second receivership order (the "D-Case Receivership Order" as per Receiver's Response at DKT # 261) provides that "[a]ll authority and power of Debtors to manage and operate the business of Debtors is vested in the Receiver and no decision may be made or carried out without the express approval of the Receiver," and that "[t]his order supersedes the authority of any officers, directors or managers of Debtors."[3] Accordingly, any decision by HREP to object to the Trustee's Motion required the Receiver's approval. See *In re Statepark Bldg. Grp., Inc.*, 316 B.R. 466, 472 (Bankr. N.D. Tex. 2004); *In re Franchise Servs. of N. Am., Inc.*, 891 F.3d 198, 207 (5th Cir. 2018). No such approval appears in the record.[4]

23.    That matters for both standing and authority. If HREP is entitled to receive any residual distribution, the distribution would be made to HREP through the person vested with authority to manage HREP—i.e., the Receiver. HREP cannot simultaneously claim that the estate surplus must be paid to HREP while allowing counsel retained by displaced management to object to the very distribution mechanism approved by the fiduciary vested with HREP's management authority. Because the objection was filed without the Receiver's authorization, it is not the act of HREP and should be stricken. See 11 U.S.C. § 105(a); *In re Franchise Servs. of N. Am., Inc.*, 891 F.3d 198, 207 (5th Cir. 2018).

24.    The failure of the attorney purporting to appear for HREP to obtain proper authority is reinforced in this case by two facts. First, counsel has not properly substituted into this bankruptcy case or otherwise appeared as HREP's authorized counsel in the manner required by

---

[3] The order carves out only Choudhri's ability to manage and operate Texas REIT, LLC. HREP is not included in that carveout.

[4] Note also that a change in a corporation's officers, directors, or managers after a chapter 7 bankruptcy filing does not violate the stay where the change does not purport to control estate property or interfere with the trustee's administration. *In re Marvel Entm't Grp.*, 209 B.R. 832, 840 (D. Del. 1997).

the applicable rules. See Fed. R. Bankr. P. 9010(b); *In re Stomberg*, 487 B.R. 775, 801 (Bankr. S.D. Tex. 2013). Until counsel has formally appeared or substituted as counsel of record, counsel does not formally represent HREP in this case and may not file papers on HREP's behalf. The Court should therefore strike the objection, or at minimum disregard it unless and until HREP appears through duly authorized counsel. Second, HREP's purported counsel has not filed the required disclosure of compensation. A debtor's attorney must disclose "the compensation paid or agreed to be paid" in connection with the bankruptcy case. 11 U.S.C. § 329(a); see also Fed. R. Bankr. P. 2016(b). The failure to comply with the compensation-disclosure requirements provides an independent basis to strike or disregard the objection and to deny any relief requested by HREP through unauthorized counsel. *In re Jones*, 617 B.R. 77 (Bankr. N.D. Miss. 2020).

### V. PRAYER

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

1.  Overruling the objections at DKT # 251 and 255 for lack of standing;

2.  Striking the objection at DKT # 252 as unauthorized and/or for failure to comply with substitution and disclosure requirements;

3.  Granting the Trustee's Motion to Compromise Controversy [DKT # 246], including authorization of payment of administrative expenses, distribution of the remaining estate balance to the Receiver, and dismissal of the case;

4.  Granting such other and further relief as the Court deems just and proper.

4923-7186-5525, v. 3

Respectfully submitted,

**OKIN ADAMS BARTLETT CURRY LLP**

By: */s/ Timothy L. Wentworth*
Timothy L. Wentworth
Texas Bar No. 21179000
Email: twentworth@okinadams.com
1113 Vine St., Suite 240
Houston, Texas  77002
Tel: 713.228.4100
**ATTORNEYS FOR RANDY W. WILLIAMS,
TRUSTEE**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing Brief has been served via the Court's ECF system on all parties registered to receive electronic notice in this case on this 18th day of June, 2026.

*/s/ Timothy L. Wentworth*
_____
Timothy L. Wentworth

4923-7186-5525, v. 3