United States Bankruptcy Court
Southern District of Texas

**ENTERED**
June 26, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 22-32998** |
| **HOUSTON REAL ESTATE PROPERTIES** | § | |
| **LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | **CHAPTER 7** |

## MEMORANDUM OPINION

This opinion arises from the Trustee's Motion to Compromise Controversy (the "Motion") (ECF No. 246). Three objections were filed in opposition to the Motion. The Court held a status conference to schedule an evidentiary hearing on the Motion. The Trustee requested a separate date for this Court to determine the standing of the objecting parties. The Court set June 18, 2026, as the deadline for all parties to file briefs on standing issues. The briefs before the Court are the Trustee's Brief on Standing in Support of Trustee's Motion to Compromise Controversy (ECF No. 262), Co-Defendants' Reply to Trustee's Standing Brief (ECF No. 264), Debtor's Reply in Support of Its Objection (DKT # 252) and in Response to the Trustee's Response (DKT # 254) and Brief on Standing (DKT #262) (ECF No. 265), and Ali Choudhri's Brief, In his Individual Capacity, in Support of His Standing to Object to the Trustee's Motion to Compromise Controversy (ECF No. 269).

## FACTUAL BACKGROUND

This case was filed on November 7, 2022, under Chapter 11 of the bankruptcy code. The case was converted to Chapter 7 on March 8, 2023. Since then, Randy Williams, the Chapter 7 Trustee ("Trustee"), has liquidated the estate and resolved all claims except for Claim No. 4 and 5 held by Osama Abdullatif and Abdullatif & Company, LLC (Claim No. 4-1 and 5-1). The remaining claims are approximately $2,216,212.41. The estate holds approximately $447,924.57 after liquidation of the estate assets. There is approximately $55,843.40 in unpaid administrative expenses, leaving $329,081.00 for distribution.

On May 12, 2026, the Chapter 7 Trustee filed the Motion, in which the Trustee proposes the release of Claims Nos. 4-1 and 5-1, eliminating all claims against the estate, pay the remaining surplus to the state court appointed receiver, Travis Vargos ("Receiver"), and this Court retain jurisdiction over the adversary styled *John Quinlan, Omar Khawaja, and Osama Abdullatif v. Houston Real Estate Properties, LLC, et al.*.[1] ultimately, dismissing and closing the case.

After filing the Motion, three objections were filed in response. The Objecting parties were Otisco RDX LLC, MCITBE, LLC, Jetall/Croix Properties LP, Jetall/Croix GP, LLC, 2727 Kirby

---

[1] Case No. 23-3141.

26L LLC, 9201 Memorial Dr. LLC, Arabella PH 3201 LLC, Galleria Loop Note Holder LLC, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, Shahnaz Choudhri[2], the Debtor, Houston Real Estate Properties, LLC[3], and Ali Choudhri individually.[4] The Court held a status conference on June 5, 2026, to schedule an evidentiary hearing on the Motion. At the conference, the Trustee raised the issue of the objecting parties standing and requested resolution of the standing issues prior to the start of discovery and the final hearing.  The Court granted the request and required briefs to be filed by June 18, 2026, on the issue of the objecting parties standing.  These are the briefs currently before the Court. The Court will only address the issue of standing for each of the objecting party and will rule on the merits at the evidentiary hearing on August 7, 2026.

## JURISDICTION

This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(a)(2)(B). Venue is proper in this District consistent with 28 U.S.C. §§ 1408 and 1409.

## LEGAL ANALYSIS

Generally "to determine whether a party has standing in bankruptcy court, courts use the 'person aggrieved' test."[5] The Objecting parties "must show that [they are] directly and adversely affected pecuniarily by the order of the bankruptcy court."[6] The Trustee argues none of the objecting parties have standing. This Court evaluates each group's standing individually based on the "person aggrieved" test.

First, Otisco RDX LLC, MCITBE, LLC, Jetall/Croix Properties LP, Jetall/Croix GP, LLC, 2727 Kirby 26L LLC, 9201 Memorial Dr. LLC, Arabella PH 3201 LLC, Galleria Loop Note Holder LLC, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, Shahnaz Choudhri ("Co-Defendants") do not have standing to object. None of these parties are directly and adversely affected pecuniarily by the Motion. Co-defendants argue their injury is being bound to continue through the litigation in Bankruptcy Court for the pending adversary proceeding.[7]  However, this leaves Co-Defendants in the same position they would otherwise be in. Continued litigation costs in the adversary proceeding are too remote to directly affect Co-Defendants and give them standing to object to the instant Motion. The Trustee's requested relief does not preclude Co-Defendants from filing a motion to remand to remove the adversary case from this Court's jurisdiction. Thus, the Court finds that Co-Defendants do not have standing to object.

Second, Ali Choudhri ("Choudhri"), individually does not have standing. The Motion does not directly affect Mr. Choudhri's wallet, individually.  Even though Choudhri is the majority or, alternatively, the sole shareholder of the Debtor, he is not automatically entitled to direct payment

---

[2] ECF No. 251.
[3] ECF No. 252.
[4] ECF No. 255.
[5] *In re Coho Energy, Inc.*, 395 F. 3d 198, 202 (5th Cir. 2004).
[6] *Id.* at 203.
[7] Case No. 23-3141.

2 / 3

of the surplus.[8] The decision lies with the Debtor as to how the potential surplus is distributed and whether the distribution will affect Choudhri's wallet. In the proceedings current state, Choudhri, individually, is not directly and adversely affected pecuniarily by the Trustee's requested relief.

Finally, contrary to the first two objections, the Debtor has standing to object. The distribution of funds from liquidating a bankruptcy estate is governed by 11 U.S.C. § 726. This section provides for a descending order of creditor priority in the disbursement of estate proceeds, ending with "the debtor."[9] Generally, Chapter 7 debtors do not have standing if there is no reasonable likelihood of a surplus.[10] Here, it is uncontested that Trustee has generated enough funds for surplus. Thus, the Debtor is directly and adversely affected pecuniarily by the Trustee's requested relief and entitled to be heard on the objection.

**THEREFORE, IT IS ORDERED** that the Co-Defendants' Objection to Trustee's Motion to Compromise Controversy (ECF No. 251) and Ali Choudhri's Verified Objection Trustee's Motion to Compromise Controversy (ECF No. 255) are overruled for lack of standing.

SIGNED 06/26/2026

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[8] *See The Holders of Class C Common Stock of Rimsat, Ltd. v. Kauthar Sdn Bhd (In re Rimsat, Ltd.)*, 229 B.R. 910, 916 (Bankr. N.D. Ind. 1998) ("[A]ny property of the bankruptcy estate remaining after all creditors have been paid in full is to be distributed to the debtor—not to its shareholders.").

[9] 11 U.S.C. § 726(a)(6).

[10]